IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>    Defendants. | No. 4:24-cv-00227<br><br>**AMENDED MOTION FOR PRELIMINARY INJUNCTION**<br><br>**EXPEDITED RELIEF REQUESTED**<br><br>ORAL HEARING REQUESTED |

Plaintiff, Drake University ("Drake") moves pursuant to Fed. R. Civ. P. 65 and 15 U.S.C. § 1116(a) for entry of a preliminary injunction requiring Defendants Des Moines Area Community College Foundation and Des Moines Area Community College ("DMACC") to immediately cease use of all devices, names, and symbols that are likely to cause confusion with the Drake Brand or any of its constituent elements (defined with particularity in the related Brief) in whole or in part. In support thereof, Drake states:

1. Drake brought this action for trademark infringement and unfair competition on July 8, 2024, seeking injunctive relief and damages arising from DMACC's recent rebrand that incorporates several elements of Drake's established brand identity, including, *inter alia*, a prominent standalone "D" in block-style collegiate font presented in what is essentially Drake's color scheme, in connection with post-secondary educational services, athletics, and ancillary goods and services. Trial in this case has not yet been set.

2. The Lanham Act authorizes issuance of a preliminary injunction in favor of a trademark owner. *See* 15 U.S.C. § 1116(a).

3. Courts considering whether to grant a preliminary injunction under the Lanham Act apply the *Dataphase* factors: (1) the threat of irreparable harm to the movant; (2) the balance between

such irreparable harm and the potential injury to other parties by granting the injunction; (3) the probability that the movant will succeed on the merits; and (4) the public interest in granting the injunction. *Dataphas Sys., Inc. v. C L Sys. Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

4. "The ultimate inquiry in a trademark infringement claim always is whether, considering all the circumstances, a likelihood exists that consumers will be confused about the source of the allegedly infringing product." *Hubbard Feeds, Inc. v. Animal Feed Supp., Inc.*, 182 F.3d 598, 602 (8th Cir. 1999). Consideration of the relevant factors in this case shows a strong likelihood of success on the merits of Drake's infringement and unfair competition claims. *See SquirtCo. v. Seven-Up Co.*, 628 F.2d 1086, 1091 (8th Cir. 1980) (considering the following factors: "(1) the strength of the owner's mark; (2) the similarity of the owner's mark and the alleged infringer's mark; (3) the degree of competition between the products; (4) the alleged infringer's intent to 'pass off' its goods as the trademark owner's; (5) incidents of actual confusion; and, (6) the type of product, its cost, and conditions of purchase").

5. Upon information and belief, DMACC's rapid and widespread rollout of its new brand is causing confusion in Drake's market area and diluting the distinctiveness of its brand, resulting in imminent and ongoing irreparable harm to Drake absent a preliminary injunction.

6. For the reasons stated in the accompanying Brief, Drake is entitled to preliminary injunctive relief.

7. Local Rule 7(k) requires that Drake confer with counsel for DMACC. However, given that the present Motion is filed contemporaneously with Drake's Complaint, and because Drake for good cause has requested that Defendant DMACC's counsel withdraw due to an incurable conflict of interest, it is not practicable for Drake to confer with counsel for DMACC prior to filing the present Motion. Moreover, Drake has sought to remediate the present suit without judicial

intervention to no avail; hence, it is apparent that DMACC does not and will not consent to this motion.

8.     With regard to scheduling, Drake's counsel has prior-existing obligations from August 1 through August 14, 2024, and respectfully requests that the oral argument requested herein be scheduled prior to August 1 to the extent possible or as immediately possible after August 14, 2024.

**WHEREFORE**, Drake respectfully requests the Court enter a preliminary injunction requiring DMACC to immediately cease use of (1) a standalone "D" and (2) a color scheme comprised only of blues and whites to denote the source of its educational services, athletics, and ancillary goods and services.

Respectfully submitted,

Dated: July 16, 2024                    **ZARLEYCONLEY PLC**

By:    /s/Joshua J. Conley
       /s/John D. Gilbertson
       Joshua J. Conley, AT0011828
       John D. Gilbertson, AT0014515
       580 Market Street, Suite 101
       West Des Moines, IA 50266
       Telephone:  (515) 558-0200
       Facsimile:  (515) 558-7790
       jconley@zarleyconley.com
       jgilbertson@zarleyconley.com
       **ATTORNEYS FOR PLAINTIFF**