THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>   Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>   Defendants. | Case No. 4:24-cv-00227-SMR-SBJ<br><br>**DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S MOTION TO DISMISS DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION** |

Defendant Des Moines Area Community College Foundation ("DMACCF") by and through its undersigned counsel hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Defendant DMACCF from Plaintiff Drake University's First Amended Complaint. In support of the Motion, Defendant DMACCF states as follows:

1. On July 8, 2024, Plaintiff initiated this action by filing a Complaint in the District Court for Southern District of Iowa, Central Division.

2. Plaintiff's First Complaint named Des Moines Area Community College Foundation ("DMACCF"), a nonprofit corporation, as the sole Defendant in this matter.

3. DMACCF acts as a fundraising arm to DMACC and does not provide any educational services or sell any of DMACC's promotional products.

4. On July 12, 2024, the undersigned sent a letter to Drake's counsel, Josh Connoly and John Gilbertson, informing them they erroneously named DMACCF in the original complaint.

5. On Monday, July 15, 2024, the undersigned participated in a meet and confer with Drake's counsel, Josh Connoly and John Gilbertson, to discuss a variety of topics, including the

identification of the correct party. The meet and confer did not resolve the issue presented in this Motion.

6. On July 17, 2024, Plaintiff filed a First Amended Complaint, adding Defendant Des Moines Area Community College ("DMACC") as a Defendant in this case.

7. The Amended Complaint intentionally blurs and makes no distinction between DMACCF and DMACC, which are distinct and separate entities.

8. In Plaintiff's Amended Complaint, the Plaintiff made no effort to differentiate between the actions of DMACCF and DMACC, which each have distinct functions.

9. DMACCF is only mentioned in the Complaint once, where Plaintiff defines the parties in the lawsuit. Otherwise, Plaintiffs failed to distinguish between DMACC—the educational institution—and DMACCF—the charitable foundation—at any other point in its Amended Complaint.

10. DMACC is a Community College organized under Iowa Code Chapter 260C. Iowa Code § 260C.16 states Community Colleges "formed under the provisions of this chapter shall be a body politic as a school corporation for the purpose of exercising powers granted under this chapter, and as such may sue and be sued, hold property, and exercise all the powers granted by law and such other powers as are incident to public corporations of like character and are not inconsistent with the laws of the state." Iowa Code § 260C.16 (2024).

11. In the Amended Complaint, Plaintiff alleges DMACC owns the allegedly infringing mark that is the subject of this lawsuit.

12. DMACCF does not own or exercise control over the allegedly infringing mark, does not provide the accused services or goods under the allegedly infringing mark, and is believed to be mistakenly named because Plaintiff's attorneys failed to inquire about or understand the

nature of DMACC's formation and instead looked up entities with DMACC in their name on the Iowa Secretary of State's website.

13. Because DMACCF is not the true party in interest, Plaintiff cannot obtain the relief it seeks against DMACCF.

14. Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. . . . Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *United States ex rel. Raynor v. Nat'l Rural Utils. Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

15. Fed. R. Civ. P. 8(a)(2) requires the Plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

16. In its Amended Complaint, the Plaintiff accuses both Defendants of the exact same conduct, even though they are distinct and separate legal entities.

17. DMACCF cannot tell from any of the allegations in the Amended Complaint which activity it performs that is of concern.

18. For example, DMACC is accused of operating an on-line bookstore, which DMACCF does not do. *See* ECF 117, para. 173. Drake accuses DMACCF of offering two-year associate degrees, which DMACCF does not do. *See* ECF 117, para. 200. Drake accuses DMACC's website of highlighting things, such as DMACC's Drake Admission Partnership Program, which DMACCF does not do. *See* ECF 117, para. 209. Drake then proceeds to compare

its goods and services to DMACC's which do not separate out any activity attributable to the Foundation. *See* ECF 117, paras. 211-230.

19. DMACCF simply has no connection to any of the facts alleged in the Petition. There is no legal theory under which under which DMACCF could be held liable for the claims alleged in the Petition.

20. Plaintiff has a failed a state a claim upon which relief may be granted against Defendant DMACCF.

21. Therefore, Plaintiff's First Amended Complaint must be dismissed with respect to DMACCF.

22. A brief in support of this motion is submitted herewith.

WHEREFORE, for the reasons stated, Defendant DMACCF respectfully request that the Court:

1. Dismiss the Complaint without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and

2. Grant such further and other relief as the Court deems just and proper.

                                      Respectfully submitted,

Date: July 31, 2024                        */s/ R. Scott Johnson*

                                      R. Scott Johnson (#AT0004007)
FREDRIKSON & BYRON, P.A.
111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1977
Telephone: (515) 242-8900
E-mail: RSJohnson@fredlaw.com

Laura L. Myers (Minn. #0387116)
(*Pro Hac Vice* forthcoming)
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN 55402-4400
Telephone: (612) 492-7000
E-mail: LMyers@fredlaw.com

***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2024, I electronically filed the **DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S MOTION TO DISMISS DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION OR FOR A MORE DEFINITE STATEMENT AS TO THE CLAIMS AGAINST DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION** with the Clerk of the Court using the ECF, who in turn sent notice to the following:

> Joshua J. Conley, Esq.
>   jconley@zarleyconley.com
> John D. Gilbertson, Esq.
>   jgilbertson@zarleyconley.com
> ZARLEYCONLEY PLC
> 580 Market Street, Suite 101
> West Des Moines, IA  50266
>
> *Attorneys for Plaintiff*

                                                   */s/ Erica Palmer*
                                                 Erica Palmer

#83115969