IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>    Defendants. | Case No. 4:24-cv-00227-SMR-SBJ<br><br>**DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION** |

Defendant Des Moines Area Community College Foundation ("DMACCF") by and through its undersigned counsel hereby moves, pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Defendant DMACCF from Plaintiff Drake University's First Amended Complaint.

## INTRODUCTION

Plaintiff's Petition alleges several claims based on underlying accusations of trademark infringement between two schools. Plaintiff originally named Des Moines Area Community College Foundation ("DMACCF"), an Iowa nonprofit corporation, as the sole Defendant in this matter. After an initial letter on July 12 pointing out what was believed to be the erroneous naming of DMACCF, it was revealed during a follow-up email that counsel for Drake chose to sue the foundation because "there is no Des Moines Area Community College or DMACC registered with the Iowa Secretary of State. If Des Moines Area Community College is the proper party, what kind of entity is it?" Johnson Dec., Ex. 1 (July 12, 2024 email from John Gilbertson to Scott Johnson et al.). After a July 15 meet and confer where Drake's counsel was informed DMACC is

a statutorily created school corporation[1], Defendants' counsel requested the parties be substituted and requested additional time to respond to the allegations and motion. Instead of responding to Defendants' counsel as requested, Drake's counsel filed a motion to add DMACC as a party *in addition* to the Foundation on July 17. Drake's Amended Complaint added DMACC and then immediately defined DMACC as *both* DMACC and its Foundation. ECF 17.

The Amended Complaint is a shotgun style complaint, intentionally blurring the defendants and making virtually no distinction between DMACCF or Des Moines Area Community College ("DMACC"), which are distinct and separate entities. Drake failed to specify what separate acts each of the Defendants is accused of doing that are of concern. Specificity is required so that DMACCF can properly defend itself.

Drake has accused both DMACC and DMACCF of "offering post-secondary educational services, athletics, and ancillary goods and services (the '**Infringing Goods and Services**')" under the Infringing Marks[2]. ECF 17, para. 216. Because DMACCF does not sell any of the goods or

---

[1] DMACCF is a wholly separate entity from DMACC, a school corporation organized under Iowa Code Chapter 260C. Iowa Code § 260C.16 states Community Colleges "formed under the provisions of this chapter shall be a body politic as a school corporation for the purpose of exercising powers granted under this chapter, and as such may sue and be sued, hold property, and exercise all the powers granted by law and such other powers as are incident to public corporations of like character and not inconsistent with the laws of the state." Iowa Code § 260C.16 (2024). Pursuant to Iowa Rule of Civil Procedure 1.305(10), personal service can be effectuated "[u]pon any . . . school corporation by serving its president or secretary." Iowa R. Civ. Pro. 1.305(10). Drake's counsel was informed that the Foundation performed none of the educational or athletic services and sold none the goods at issue in the original Complaint.

[2] Drake appears to define the accused Infringing Marks as the DMACC "D" and the New DMACC Colors without including the entirety of DMACC's or DMACCF's logos, each of which includes either the DMACC or DMACC FOUNDATION verbiage respectively as shown below as compared to Drake's only actual stand alone "D" mark:

provide any of the educational or athletic services at issue in the Amended Complaint and the Amended Complaint fails to set forth any action DMACCF has taken which is at issue, Drake cannot obtain the relief sought in the Complaint from DMACCF. DMACCF must be dismissed from Plaintiff's First Amended Complaint for Drake's failure to state a claim against it pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

The Amended Complaint should be dismissed for its failure to state a claim against DMACCF.

### I. DRAKE'S "SHOTGUN" STYLE AMENDED COMPLAINT AGAINST DMACCF SHOULD BE DISMISSED

| Drake's Logo | DMACC's Logo | DMACCF's Logo |
|---|---|---|
| (ECF 17, para. 62)<br>(notably registered as a design mark registered as:<br>"AN ILLUSTRATION DRAWING WITH WORD(S)/LETTER(S)/NUMBER(S) IN STYLIZED FORM")<br>(Johnson Dec, Ex. 2). | (ECF 17, para 159) | Not shown in ECF 17 |
| [Drake "D" logo] | [DMACC "D" logo] | [DMACC Foundation "D" logo] |

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. . . . Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *United States ex rel. Raynor v. Nat'l Rural Utils. Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, in the 61 page, over 273 paragraph longy, Amended Complaint, DMACCF is mentioned specifically **once**. ECF 17, para. 4.

The reason is simple—Drake's counsel misidentified their target. It is proper for a Plaintiff to dismiss a mistaken defendant and substitute them with the correct defendant once the correct defendant's identity is discovered. *See Krupski v. Costa Crociere S.P.A.*, 560 U.S. 538 (2010) (allowing plaintiff to amend her complaint to include Costa Crociere—the proper defendant—and dismissing the action against Costa Cruise Lines—the mistaken defendant). Unlike the facts in *Krupski*, where Defendant appears to have waited and informed the Plaintiff that they sued the wrong entity only after the statute of limitations had run, Defense counsel in this case was transparent with Plaintiff's counsel that they sued the wrong person from the outset.

DMACCF is merely the fundraising arm of DMACC whose sole purpose is to raise money. DMACCF and DMACC are wholly separate entities. Plaintiff has failed to identify the correct party in their Complaint who can provide the relief sought because Plaintiff's counsel failed to inquire about or understand the nature of DMACC's formation. Thus, Drake's Amended Complaint contains no legal theory under which under which DMACCF could be held liable for the claims alleged in the Petition. Plaintiff has a failed a state a claim upon which relief may be granted and its petition must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DRAKE TO SPECIFY WHAT ACTS DMACCF HAS COMMITTED THAT ARE AT ISSUE IN EACH CLAIM.

Fed. R. Civ. P. 8(a)(2) requires the Plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In violation of this simple edict, Plaintiff accused both Defendants of the exact same conduct by essentially defining both defendants as the same entity. Such "shotgun" pleadings are heavily disfavored. *See Doe v. Univ. of Iowa*, No. 3:22-cv-00001, 2022 WL 4182196, at *1 (Sept. 2, 2022 S.D. Iowa) (where multiple defendants were sued, noting "'shotgun pleadings' that do not allow a defendant to discern who, specifically, did what and when are subject to dismissal.") (internal citations omitted). "These requirements are designed to 'give the opposing party "fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved."'" *Id.* (citing *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)) (quoting *Redland Ins. Co. v. Shelter Gen. Ins. Cos.*, 121 F.3d 443, 446 (8th Cir. 1997)).

The who, what, and when requirements of Rule 8's pleading standard are the basic factual components of any complaint. For this reason, courts have held that a complaint "may not rely on vague references to a group of defendants." *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013) (quoting *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir.2008) ("Vague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants.")).

Allegations levied against multiple defendants satisfy Rule 8 when "there is no genuine uncertainty regarding who is responsible for what," such as when multiple defendants "are accused of acting jointly." *Engel*, 710 F.3d at 710. In *Engle*, the court concluded that the complaint had adequately alleged various acts of investigative and prosecutorial misconduct against multiple

defendants "without differentiating between them." *Id.* In *Engle*, Plaintiff was convicted of a drug-related kidnapping. *Id.* at 699. 19 years after his conviction, the Supreme Court of Missouri vacated his conviction based on the State's failure to disclose exculpatory evidence. *Id.* Engel then brought a lawsuit alleging a variety of state and federal claims against the officers involved in his case, the local police department that oversaw the investigation, and the United States. *Id.* One officer, Buchan, moved to dismiss the Complaint, arguing in part the complaint lacked specificity. The Court denied the motion to dismiss holding that, when the Complaint was read "sensibly and as a whole," there was no genuine uncertainty regarding which defendant was responsible for what. *Id.* at 710. ("Wherever the complaint mentions specific misconduct in Engel's investigation and prosecution . . . there can be no doubt that it refers to . . . the two law-enforcement officers involved in the case. And they are accused of acting jointly. . . . The only other parties named as defendants—the Village of Buffalo Grove and the United States—are nonpersonal entities, so it would make no sense to think the complaint was referring to them when describing these specific, personal actions.")

*Engel* contrasts another 7th Circuit case, where a prisoner asserted § 1983 claims against seven different officers arising from seven different attacks without tying any particular officer to any particular injury. *Grieveson*, F.3d 736 at 777–78 ("Also problematic for Grieveson is his failure to tie actions of the named defendants to the injuries he allegedly suffered. Throughout his affidavits and briefs, Grieveson refers to 'the defendants,' claiming that 'the defendants' failed to protect him. . . . Thus, for six of the seven assaults, Grieveson has not demonstrated a genuine issue of material fact. . . .").

DMACCF cannot tell from any of the allegations with the Amended Complaint which activity it performs that is of concern. Drake simply lumps the two defendants together in

6

paragraph 5 of the Amended Complaint and never mentions the Foundation separately again, despite DMACC, Drake's designation for both Defendants, appearing another 194 times in the Amended Complaint.

For example, DMACC is accused of operating an on-line bookstore, which DMACCF does not do. *See* ECF 17, para. 173. Drake accuses DMACCF of offering two year associate degrees, which DMACCF does not do. *See* ECF 17, para. 200. Drake accuses DMACC's website of highlighting things, such as DMACC's Drake Admission Partnership Program, which DMACCF does not do. *See* ECF 17, para. 209. Drake then proceeds to compare its goods and services to DMACC's which do not separate out any activity attributable to the Foundation. *See* ECF 17, paras. 211-230.

Drake's allegations continue to incorporate intentional vagueness between Defendants by relying on Drake's previous conflations. Notably, Count 1 begins by reincorporating all preceding paragraphs as if fully set forth herein. *See* ECF 17, para. 239. It then goes on to broadly claim "DMACC's unauthorized use in commerce of the Infringing Marks *as alleged herein*. . ." *See* ECF 17, para. 240. Counts 2 and 3 contains the same language. *See* ECF 17, paras. 247 and 257. The remaining counts all incorporate the previous vagueness and continue to allege DMACC as a group has committed various acts.

Put simply, DMACCF should not be forced to guess why it is being sued. Drake sued the wrong party, failed to correct its mistake, and instead, simply added DMACC without explaining which party performs which acts that are of concern.

## CONCLUSION

For the reasons stated above, Defendant respectfully request that the Court dismiss the Complaint for failure to state a claim upon which relief may be granted.

Respectfully submitted,

Date: July 30, 2024

/s/ *R. Scott Johnson*

R. Scott Johnson (#AT0004007)
FREDRIKSON & BYRON, P.A.
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone:  (515) 242-8900
E-mail:  RSJohnson@fredlaw.com

Laura L. Myers (Minn. #0387116)
(*Pro Hac Vice* forthcoming)
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  (612) 492-7000
E-mail:  LMyers@fredlaw.com

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2024, I electronically filed the **DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION OR FOR A MORE DEFINITE STATEMENT AS TO THE CLAIMS AGAINST DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION** with the Clerk of the Court using the ECF, who in turn sent notice to the following:

    Joshua J. Conley, Esq.
     jconley@zarleyconley.com
    John D. Gilbertson, Esq.
     jgilbertson@zarleyconley.com
    ZARLEYCONLEY PLC
    580 Market Street, Suite 101
    West Des Moines, IA 50266

    *Attorneys for Plaintiff*

                                        */s/ Erica Palmer*
                                        Erica Palmer

#83112513