**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

|  |  |
|---|---|
| DRAKE UNIVERSITY,<br><br>       Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>       Defendants. | Case No. 4:24-CV-00227-SMR-SBJ<br><br><br><br>**DECLARATION OF R. SCOTT JOHNSON IN SUPPORT OF DEFENDANTS' RESISTANCE TO PLAINTIFF'S MOTION TO SEAL DOCKET ENTRIES 20, 21, AND 23** |
| DES MOINES AREA COMMUNITY COLLEGE,<br><br>       Counterclaim Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br><br>       Counterclaim Defendant. | **EXPEDITED RELIEF REQUESTED** |

I, R. SCOTT JOHNSON, declare as follows:

1.      I am a shareholder at Fredrikson & Byron, P.A. and am one of the attorneys representing Defendant Des Moines Area Community College Foundation ("DMACCF") and Defendant and Counterclaim Plaintiff Des Moines Area Community College ("DMACC") (collectively referred to herein as "Defendants") in this case.  I make this declaration based on personal knowledge.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of my July 8, 2024, letter to Drake's counsel explaining why there is no basis to disqualify myself or my current law firm, Fredrikson & Byron.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of my July 15, 2024, letter to Drake's counsel further explaining why there is no basis to disqualify myself or my current law firm, Fredrikson & Byron.

4.      I have been a lawyer at Fredrikson & Byron since January 2020, following my departure from McKee, Voorhees, & Sease ("McKee") where I primarily worked on patent preparation and intellectual property litigation, not trademark preparation or maintenance.

5.      Contrary to Drake's implication to the contrary in its motion, I do not currently represent Drake before the United States Patent and Trademark Office ("USPTO") or in any other capacity.

6.      Before Drake raised it, I never knew that I had been listed on any trademark paper for Drake filed at the USPTO.  I subsequently determined that that it appears to have been standard practice with McKee's trademark lawyers to list all lawyers at the firm as "other appointed attorneys" in trademark filings at the USPTO regardless of those lawyers' personal involvement on the trademark application or with the client itself.  I made this determination because the lawyers listed as "other appointed attorneys" included all lawyers employed at McKee at the time of filing.

7.      Attached hereto as **Exhibit 3** is a true and correct copy of my July 19, 2024, email to Drake's counsel seeking permission to obtain my billing information from McKee.  Despite the passing of almost two weeks, Drake has not substantively responded to my request.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this  1st  day of August, 2024.

> */s/ R. Scott Johnson*
> R. Scott Johnson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2024, I electronically filed the **DECLARATION OF R. SCOTT JOHNSON IN SUPPORT OF DEFENDANTS' RESISTANCE TO PLAINTIFF'S MOTION TO SEAL DOCKET ENTRIES 20, 21, AND 23** with the Clerk of the Court using the ECF, who in turn sent notice to the following:

Joshua J. Conley, Esq.
  jconley@zarleyconley.com
John D. Gilbertson, Esq.
  jgilbertson@zarleyconley.com
ZARLEYCONLEY PLC
580 Market Street, Suite 101
West Des Moines, IA  50266

*Attorneys for Plaintiff and*
*Counterclaim Defendant*


                                      */s/ Erica Palmer*
                                        Erica Palmer

#83296343