# **EXHIBIT 2**



**Fredrikson & Byron, P.A.**
Attorneys and Advisors

111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1884
Main: 515.242.8900
fredlaw.com

July 15, 2024

**VIA EMAIL ONLY**

Josh Conley
Zarley Conley
580 Market Street, Suite 101
West Des Moines, IA 50266

Re:   Drake University v. DMACC – L00194

Dear Mr. Conley:

I am writing in response to your letter dated July 10, 2024, to correct what appears to be your mistaken view of the legal standard for disqualification of counsel based on my prior firm's representation of Drake. Both of the cases cited in your letter were decided decades ago when the Canons of the Code of Professional Responsibility (the "Canons") governed the standard for disqualification of counsel based upon a conflict of interest. The Iowa Rules of Professional Conduct (the "Rules") were adopted in 2005. The amendments to Rule 32:1.9 along with case law developments have changed both the procedures and the substantive criteria for analyzing former client conflicts. In particular, I would direct you to Rule 32:1.9(b) and comment 5. Comment 5 states:

> Paragraph (b) operates to disqualify the lawyer ***only when the lawyer involved has actual knowledge of information protected by rules 32:1.6 and 32:1.9(c)***. Thus, if a lawyer while with one firm acquired no knowledge or information relating to a particular client of the firm, and that lawyer later joined another firm, neither the lawyer individually nor the second firm is disqualified from representing another client in the same or a related matter even though the interests of the two clients conflict.

(emphasis added). The Court in *Deere & Co. v. Kinze Manufacturing*, No. 4:20-cv-00389-RGE-SHK, 2021 WL 5334212 (S.D. Iowa October 1, 2021) summarized the standard under Rule 32:1.9(b): "Thus, to warrant disqualification: 1) the matters at issue must be the same or substantially related; and 2) the individual lawyer must have 'actual knowledge' of protected information 'material to the matter' in the present litigation." 2021 WL 5334212, *8 (citations omitted). "Knowledge" is a defined term under the ethics rules and "denotes actual knowledge of the fact in question." See Rule 32:1.0(f). In *Deere*, the lawyer originally appearing for Deere did not have actual knowledge of any relevant confidential information that may have been possessed by other lawyers at his former firm; as a result, the Court held that disqualification was not warranted on that basis. *Id.*, *8-9.

#83088043v1



July 15, 2024
Page 2

Even if caselaw under the Canons could be read to provide an "irrebuttable presumption" that a lawyer has knowledge of all confidential communications between his or her former firm's lawyers and clients, that is emphatically not the case under the Rules. Under the Rules, the party seeking to disqualify counsel under Rule 32:1.9(b) bears the burden to provide that the lawyer involved has actual knowledge of protected information.

As noted in my prior correspondence, I do not possess any of Drake's confidential information. I strongly encourage you to review comment 5 to Rule 32:1.9 and the *Deere* case before asserting a meritless disqualification motion with the Court. I also request you immediately withdraw Docket No. 3 from Case No. 4:24-cv-00227-SMR-SBJ.

Sincerely,

R. Scott Johnson
**Direct Dial:** 515.242.8930
**Email:** rsjohnson@fredlaw.com

#83088043v1