IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| DRAKE UNIVERSITY, | ) | Case No. 4:24-cv-00227-SMR-SBJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DES MOINES AREA COMMUNITY | ) | |
| COLLEGE FOUNDATION and DES | ) | |
| MOINES AREA COMMUNITY | ) | |
| COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| DES MOINES AREA COMMUNITY | ) | |
| COLLEGE, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DRAKE UNIVERSITY, | ) | |
| | ) | |
| Counterdefendant. | ) | |

On July 8, 2024, Plaintiff Drake University ("Drake") filed this case against Defendant Des Moines Area Community College Foundation alleging trademark infringement. [ECF No. 1]. Drake filed a motion for preliminary injunction on the same day. [ECF No. 4]. Shortly thereafter, Drake filed an amended complaint and amended motion for preliminary injunction, adding Defendant Des Moines Area Community College ("DMACC") as a party.[1] [ECF Nos. 17, 18].

---

[1] On July 11, 2024, Drake filed an amended brief in support of its motion for preliminary injunction with leave of the Court. [ECF No. 12]. The amended brief included a television news report about this case after Drake had filed its initial complaint.

1

These are the operative pleading and the current pending motion.  Drake has requested expedited relief and a hearing on the motion for preliminary injunction.  [ECF No. 18-1]; *see also* LR 7(c), (i) (setting forth the procedure for oral argument and expedited relief under the Local Rules).

United States Magistrate Chief Judge Stephen B. Jackson granted Drake's request for leave to amend its complaint and motion for preliminary injunction.  [ECF No. 16].  Chief Judge Jackson also extended the deadline for DMACC to file an answer to the amended complaint and a response to the motion for preliminary injunction until July 31, 2024.

On the same day that Drake filed its initial complaint and motion for preliminary injunction, it also filed on the docket a notice of its request for withdrawal of opposing counsel and his firm from representation of DMACC.  [ECF No. 3].  This notice included a letter sent to Attorney R. Scott Johnson on July 3, 2024, wherein Drake's counsel described its position regarding Johnson's representation of DMACC.  [ECF No. 3-1].

On July 31, 2024, DMACC filed its answer and counterclaims along with its response to the amended motion for preliminary injunction.  [ECF Nos. 21, 23].  DMACC also filed a motion to dismiss Des Moines Area Community College Foundation as an improper defendant.  [ECF No. 20] (sealed).  Because its response brief was 43-pages in length, exceeding the 20-page limit set by the Local Rules, DMACC sought leave of the Court to file an overlength brief.  [ECF No. 23] (sealed).

Drake filed a rare resistance to the motion for overlength brief on the same day, arguing that 43 pages was longer than necessary to respond to its motion for preliminary injunction.  [ECF No. 25].  Drake did note that it consented to a 40-page brief, only three pages shorter than DMACC's actual brief, on the condition that DMACC agree to filing its response and answer

under seal pending a motion to disqualify counsel.[2]  At the same time, Drake filed a motion to seal specified docket entries filed by Attorney Johnson.  [ECF No. 24] (citing ECF 20, 21, and 23).  In its motion to seal, Drake represented that it was going to file a motion to disqualify shortly and urged that the filings should be sealed from public view pending resolution of the disqualification issue.  It also provided a "summary of impending motion to disqualify."  *Id*. at 1.  DMACC filed a response to the motion to seal which emphatically rejected the contention that Attorney Johnson was conflicted out of the case.  [ECF No. 27].

Chief Judge Jackson properly granted the motion for overlength brief and motion to seal, explaining that the filings would be sealed temporarily and provisionally until a final determination is made on the matters raised.  [ECF Nos. 28, 29].  DMACC soon complied with the order and refiled its documents under seal.  [ECF No. 30] (sealed).  DMACC's answer and counterclaims, and its motion to dismiss were also sealed.  [ECF Nos. 20, 21] (sealed).

Despite seeking expedited relief on its underlying claims, Drake has not filed a motion to disqualify.  The already-lengthy record before the Court indicates that Drake raised its concerns about Attorney Johnson's involvement a month ago, filing notice of its request on July 8, 2024, the same day its initial complaint and motion for preliminary injunction were filed.  [ECF No. 3].  One week ago, Drake provided a "summary" of its "impending" motion to disqualify.  [ECF No. 24].  Despite obtaining relief on this brief synopsis and representation about a soon-to-be filed motion, no such motion has been filed.  This lack of action has left the case in stasis, although Drake has sought expedited relief and represented that "immense harm" is "presently being

---

[2] The Local Rules provide that a party may seek leave to file a brief exceeding the page limit "by filing a motion containing a statement demonstrating good cause."  LR 7(h).  It is not obvious that consent by the opposing party conditioned on a distinct legal issue would satisfy this standard.

inflicted" on the school.  [ECF No. 18-1 at 35].  Specifically, they allege that DMACC's rollout is causing "confusion in Drake's market area and diluting the distinctiveness of its brand," such that a preliminary injunction is necessary to stop the "imminent and ongoing irreparable harm."  [ECF No. 18 ¶ 5].  Accordingly, Drake shall file any motion to disqualify by **August 13, 2024**.  If no such motion is filed by that date, the Clerk of Court will be directed to unseal the filings at ECF 20, 21, and 30.

IT IS SO ORDERED.

Dated this 6th day of August, 2024.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT