PTO Form 2196 (Rev 9/2005)
OMB No. 0651-0056 (Exp 09/30/2011)

# Revocation of Attorney/Domestic Representative and/or Appointment of Attorney/Domestic Representative

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 72417395 |
| **REGISTRATION NUMBER** | 964061 |
| **ATTORNEY DOCKET NUMBER** | T56245US00 |
| **MARK SECTION** | |
| **MARK** | SUPER TRICK |
| **ATTORNEY SECTION** | |
| **ORIGINAL ADDRESS** | David E. Rogers<br>Squire, Sanders & Dempsey L.L.P.<br>Two Renaissance Square, 40 North Central<br>Phoenix AZ 85004-4498<br>(602) 253-8129<br>(602) 528-4122 |
| **CORRESPONDENCE SECTION** | |
| **ORIGINAL ADDRESS** | David E. Rogers<br>Squire, Sanders & Dempsey L.L.P.<br>Two Renaissance Square, 40 North Central<br>Phoenix AZ 85004-4498<br>(602) 253-8129<br>(602) 528-4122 |
| **NEW OTHER APPOINTED ATTORNEYS** | Bruce W. McKee, Michael G. Voorhees, Edmund J. Sease, Mark D. Hansing, Kirk M. Hartung, Heidi Sease Nebel, Jeffrey D. Harty, Christine Lebrón Dykeman, John D. Goodhue, Steven P. Smith, Robert A. Hodgson, Janae Lehman Bell, Kurt R. Van Thomme, Janet E. Phipps Burkhead, Kyle S. Coleman, Jill N. Link, Fred J. Sharp, and Michael C. Gilchrist |
| **NEW ATTORNEY ADDRESS** | |
| **STATEMENT TEXT** | By submission of this request, the undersigned REVOKES the power of attorney currently of record, as listed above, and hereby APPOINTS the following new attorney. |
| **NAME** | R. Scott Johnson |
| **FIRM NAME** | McKee Voorhees & Sease, PLC |
| **STREET** | 801 Grand Avenue, Suite 3200 |
| **CITY** | Des Moines |
| **STATE** | Iowa |
| **COUNTRY** | United States |
| **POSTAL/ZIP CODE** | 50309-2721 |
| **PHONE** | 515-288-3667 |
| **FAX** | 515-288-1338 |

**EXHIBIT**

**15**

001

| | |
|---|---|
| **EMAIL** | patatty@ipmvs.com |
| **ATTORNEY AUTHORIZED TO COMMUNICATE VIA E-MAIL** | YES |
| **ATTORNEY DOCKET NUMBER** | T56245US00 |
| **NEW CORRESPONDENCE ADDRESS** | |
| **NAME** | R. Scott Johnson |
| **FIRM NAME** | McKee Voorhees & Sease, PLC |
| **STREET** | 801 Grand Avenue, Suite 3200 |
| **CITY** | Des Moines |
| **STATE** | Iowa |
| **COUNTRY** | United States |
| **POSTAL/ZIP CODE** | 50309-2721 |
| **PHONE** | 515-288-3667 |
| **FAX** | 515-288-1338 |
| **EMAIL** | patatty@ipmvs.com |
| **AUTHORIZED TO COMMUNICATE VIA E-MAIL** | YES |
| **SIGNATURE SECTION** | |
| **SIGNATURE** | /R. Scott Johnson/ |
| **SIGNATORY NAME** | R. Scott Johnson |
| **SIGNATORY DATE** | 03/20/2009 |
| **SIGNATORY POSITION** | Attorney of record, Iowa bar member. |
| **FILING INFORMATION SECTION** | |
| **SUBMIT DATE** | Fri Mar 20 16:19:47 EDT 2009 |
| **TEAS STAMP** | USPTO/RAA-XXX.XXX.XXX.XXX -20090320161947884934-724 17395-400e15b560626e3dd98 52b793f7c4ff4ee-N/A-N/A-2 0090320161111786825 |

**002**

PTO Form 2196 (Rev 9/2005)
OMB No. 0651-0056 (Exp 09/30/2011)

# Revocation of Attorney/Domestic Representative and/or Appointment of Attorney/Domestic Representative

To the Commissioner for Trademarks:
**MARK:** SUPER TRICK
**SERIAL NUMBER:** 72417395
**REGISTRATION NUMBER:** 964061
**ATTORNEY DOCKET NUMBER** T56245US00

**The original attorney**
David E. Rogers
Squire, Sanders & Dempsey L.L.P.
Two Renaissance Square, 40 North Central
Phoenix AZ 85004-4498
(602) 253-8129
(602) 528-4122

**Original Correspondence Address :**
David E. Rogers
Squire, Sanders & Dempsey L.L.P.
Two Renaissance Square, 40 North Central
Phoenix AZ 85004-4498
(602) 253-8129
(602) 528-4122

By submission of this request, the undersigned REVOKES the power of attorney currently of record, as listed above, and hereby APPOINTS the following new attorney. In addition, any additional previously-appointed attorneys that are currently listed in the application are replaced with the new "Other Appointed Attorneys" listed below.

**Newly Appointed Attorney:**
R. Scott Johnson
McKee Voorhees & Sease, PLC
801 Grand Avenue, Suite 3200
Des Moines, Iowa 50309-2721
United States
515-288-3667
515-288-1338

**Other Appointed Attorneys:**

Bruce W. McKee, Michael G. Voorhees, Edmund J. Sease, Mark D. Hansing, Kirk M. Hartung, Heidi Sease Nebel, Jeffrey D. Harty, Christine Lebrón Dykeman, John D. Goodhue, Steven P. Smith, Robert A. Hodgson, Janae Lehman Bell, Kurt R. Van Thomme, Janet E. Phipps Burkhead, Kyle S. Coleman, Jill N. Link, Fred J. Sharp, and Michael C. Gilchrist

**The following is to be used as the correspondence address:**
R. Scott Johnson
McKee Voorhees & Sease, PLC
801 Grand Avenue, Suite 3200
Des Moines, Iowa 50309-2721
United States

515-288-3667
515-288-1338
patatty@ipmvs.com

**003**

Signature: /R. Scott Johnson/      Date: 03/20/2009
Signatory's Name: R. Scott Johnson
Signatory's Position: Attorney of record, Iowa bar member.

Serial Number: 72417395
Internet Transmission Date: Fri Mar 20 16:19:47 EDT 2009
TEAS Stamp: USPTO/RAA-XXX.XXX.XXX.XXX-20090320161947
884934-72417395-400e15b560626e3dd9852b79
3f7c4ff4ee-N/A-N/A-20090320161111786825

**004**

*TRADEMARK*
*Attorney Docket: T54207US00*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | | |
|---|---|---|---|---|
| APPLICANT: | Michael Couch, Inc. | | CLASS: | 014 |
| SERIAL NO: | 78/287,845 | | EXAMINER: | J. Beverly |
| FILED: | August 15, 2003 | | LAW OFFICE: | 112 |
| MARK: | rsj and Design | | | |

## AMENDMENT

Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA   22202-3514

Dear Commissioner :

This communication is being filed in response to Office Action No. 1, dated January 26, 2004.

**I.     THERE IS NO LIKELIHOOD OF CONFUSION BETWEEN THE APPLICANT'S RSJ JEWELRY MARK AND THE CITED JEWELRY MARK FOR SIMPLY DIAMONDS**

The Examining Attorney has refused registration of Applicant's design mark including the rsj on the ground that she believes it is likely to be confused with the mark in Registration 2,805,618 for RSJ.  Applicant respectfully disagrees with the Examining Attorney's conclusion.

------------------------------------------------------------------------
**Certificate of Mailing by Express Mail**

I hereby certify that this document and the documents referred to as enclosed therein are being deposited with the U.S. Postal Service in an envelope as "Express Mail Post Office to Addressee" addressed to: Commissioner for Trademarks, 2900 Crystal Drive, Arlington, VA 22202-3514, prior to 5:00 p.m. on the 26th day of July, 2004.

Chantel L. Karns
Express Mail Label # EV 382680022 US

07-28-2004
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #66

**005**

A comparison of the marks supports the finding that consumers are not likely to be confused, particularly given the sophisticated nature of consumers and perspective consumers of Applicant's and Registrant's goods and because the marks are distinct in appearance and commercial impression.

It is well established that marks must be compared in their entirety, and the finding that one portion of the two marks is similar does not outweigh the differences in the overall commercial impression of the marks. *Massey Junior College, Inc. v. Fashion Institute of Tech.* 492 F.2d 1399, 1402 (C.C.P.A. 1974); *In re Lamson Oil Co.*, 6 U.S.P.Q.2d (BNA) 1041, 1042 n.4 (T.T.A.B. 1987) (similarity as to one aspect of the mark does not automatically result in a likelihood of confusion). Two marks are not confusingly similar if the marks are dissimilar "in their entireties as to appearance, sound and meaning." *In re Bed and Breakfast Registry*, 791 F.2d 157, 159 (Fed. Cir. 1986) (Bed and Breakfast Registry mark not confusingly similar with Bed and Breakfast Int. mark when marks are considered in their entireties). Indeed, in *Information Resources v. X\*Press Information Services*, 6 U.S.P.Q. 2d (BNA) 1034 (T.T.A.B. 1988), the Board found that the marks EXPRESS for software and X\*PRESS for computer services were not confusingly similar because of the differences in appearance and commercial impression of the respective marks. Likewise, here, when taken as a whole, the overall appearance and commercial impression of Applicant's rsj and design mark are sufficiently dissimilar from the cited RSJ mark as to prevent any possible confusion.

Applicant's mark differs from the cited mark sufficiently such that it is not likely to cause confusion with the cited mark. First, Applicant's mark is made up of lower case letters arranged in a fanciful and arbitrary design. To the contrary, the cited RSJ reference contains no design element and consists only of uppercase letters. Applicant respectfully directs the Examining

2

Attorney to *Hewlett Packard Co. v. Human Performance Measurement, Inc.*, 23 U.S.P.Q. 2d 1390 (T.T.A.B. 1991), in which the Board stated:

> **There is no general rule as to whether letters or design will dominate in composite marks:** nor is the dominance of letters or design despositive of the issue. No element is ignored simply because it is less dominant, or would not have trademark significance if used alone. *See Spice Islands, Inc. v. Frank T. and Spice Co.*, 505 F.2d 1293 (C.C.P.A. 1974) (improper to ignore a portion of a composite mark)(emphasis added).

Because the distinctive design of Registrant's mark weighs heavily in the overall impression of the mark, Applicant's and Registrant's mark are dissimilar.

The Federal Circuit considered a case similar to the case at hand in *In re Electrolyte Lab, Inc.*, 929 F.2d 645 (Fed. Cir. 1990). The Court considered whether there was a likelihood of confusion between the mark K+ & Design and the mark K+EFF. The Court found that there was no likelihood of conclusion, despite the fact that the marks were used on the same products (dietary potassium supplements), both incorporated the term "K+" and were sold in the same channels of trade. In reversing the Trademark Trial and Appeal Board's and the Trademark Office's refusal to register Applicant's mark, the *Electrolyte Lab* court stated, "the nature of stylized letter marks is that they partake of both visual and/or indicia, and both must be weighed in the context in which they occur." *Id.* at 647. The court held that the Applicant's mark, viewed as a whole, was capable of distinguishing Applicant's goods from those of the Registrant. Likewise, here, Applicant's rsj and design mark is visually different from Registrant's RSJ mark and thus will serve to distinguish Applicant's services from those of Registrant.

Finally, Applicant respectfully points out that the sophisticated nature of the purchasers of goods offered under Registrant's and Applicant's mark will prevent confusion. The products offered under Registrant's and Applicant's mark are not "impulse" purchases, but are highly specialized products that are the subject of careful, sophisticated purchasing decisions. Where,

3

007

as here, consumers of customized/specialized products are well-informed about the products they purchase, the likelihood of confusion is substantially less than for products directed towards a general market. *See, e.g., Electronic Design & Sales, Inc. v. Electronic Data Sys. Corp.*, 954 F.2d 713 (Fed. Cir.1992) (no confusion between computer service mark EDS and Power Supply mark EDS sold to knowledgeable customers despite overlap of institutional buyer).

Applicant sells specialized jewelry including rainbow sapphire jewelry and the individuals purchasing these items have one-on-one contact with Applicant and thus will not be confused as to the source of goods sought.

Similarly, Registrant's goods are also not offered as "impulse" purchases. Presumably, Registrant's customers also have one-on-one contact with Registrant and thus will not be confused as to the source of goods sought. Consequently, they will not confuse Applicant's specialized jewelry with Registrant's goods. *See Aries Sys. Corp. v. World Book, Inc.*, 26 U.S.P.Q. 2d (BNA) 1926, 1932-33 (T.T.A.B. 1993) (no confusion between software marked INFORMATION FINDER and software marked KNOWLEDGE FINDER when consumers of at least one of the products was likely to have sophisticated knowledge).

In conclusion, Applicant respectfully submits that there is no likelihood of confusion between the cited RSJ registration and Applicant's rsj and design mark based on the sophistication of the consumers and differences in the appearance and commercial impressions of the marks themselves. For all of these reasons, the cited RSJ Registration should not preclude Applicant's rsj and design mark from proceeding to publication.

## II.    CONCLUSION

It is believed that Applicant has responded to all of the Examining Attorney's questions and objections and that the Application is now in condition to go forward to publication. If the

4

Examining Attorney has any questions or wishes to discuss any of the information contained herein, so as to expedite matters, the Examining Attorney is requested to telephone the undersigned at 515-288-3667.

Respectfully submitted,

R. SCOTT JOHNSON, Reg. No. 45,792
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, Iowa   50309-2721
Phone No. (515) 288-3667
Fax No.  (515) 288-1338
**CUSTOMER NO: 22885**
Attorneys of Record

- clk -

5

**009**