PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/30/2011)

# Response to Office Action

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77782310 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 114 |
| **MARK SECTION (current)** | |
| **STANDARD CHARACTERS** | NO |
| **USPTO-GENERATED IMAGE** | NO |
| **LITERAL ELEMENT** | BE |
| **COLOR(S) CLAIMED**<br>(If applicable) | The color(s) purple and yellow is/are claimed as a feature of the mark. |
| **DESCRIPTION OF THE MARK**<br>(and Color Location, if applicable) | The mark consists of purple letters "b" and "e" entertwined with a "bee-like" design of yellow and purple in the middle and a yellow dot after the letter "e". |
| **MARK SECTION (proposed)** | |
| **MARK FILE NAME** | \\TICRS\EXPORT10\IMAGEOUT 10\777\823\77782310\xml1\ ROA0002.JPG |
| **STANDARD CHARACTERS** | NO |
| **USPTO-GENERATED IMAGE** | NO |
| **LITERAL ELEMENT** | BE |
| **COLOR MARK** | NO |
| **DESCRIPTION OF THE MARK**<br>(and Color Location, if applicable) | The mark consists of black and white letters "be" and "e" intertwined with a bee-like "design" in the middle and a dot after the letter "e" . |
| **PIXEL COUNT ACCEPTABLE** | YES |
| **PIXEL COUNT** | 696 x 900 |
| **ARGUMENT(S)** | |

With respect to the identification of services we are adopting the suggestion of the Examiner for social networking services, namely, helping to bring women together to connect, share, and support one another, in International Class 45.
Per counsel for applicant's discussion with the Trademark Examiner, the likelihood of confusion objection is moot in light of the services specification adopted.
The applicant makes no claim of color.  Consequently, applicant herein submits a substitute .pdf drawing of the mark.
The applicant submits the following description: the mark consists of the letters b and e intertwined with a bee-like "design" in the middle, and a dot after the letter e.

| | |
|---|---|
| **GOODS AND/OR SERVICES SECTION (class deleted)** | |
| **INTERNATIONAL CLASS** | 035 |
| **DESCRIPTION** | |
| Business services, namely helping to bring women together to connect, share, and support one another | |
| **FILING BASIS** | Section 1(a) |
|    **FIRST USE ANYWHERE DATE** | At least as early as 06/00/2009 |
|    **FIRST USE IN COMMERCE DATE** | |

EXHIBIT

**17**

**001**

| FIRST USE IN COMMERCE DATE | At least as early as 06/00/2009 |
|---|---|
| **GOODS AND/OR SERVICES SECTION (class added) Original Class (035)** | |
| INTERNATIONAL CLASS | 045 |
| DESCRIPTION | |
| Social networking services, namely helping to bring women together to connect, share, and support one another | |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/00/2009 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/00/2009 |
| **SIGNATURE SECTION** | |
| RESPONSE SIGNATURE | /Christine Lebron-Dykeman/ |
| SIGNATORY'S NAME | Christine Lebron-Dykeman |
| SIGNATORY'S POSITION | Attorney of record, Iowa bar member |
| DATE SIGNED | 04/20/2010 |
| AUTHORIZED SIGNATORY | YES |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Tue Apr 20 16:11:01 EDT 2010 |
| TEAS STAMP | USPTO/ROA-XXX.XXX.XXX.XXX -20100420161101372812-777 82310-460f92a35d1ffd6d33b 748effea30ff17-N/A-N/A-20 100420155558002423 |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/30/2011)

## Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **77782310** has been amended as follows:

**MARK**
**Applicant proposes to amend the mark as follows:**
**Current:** BE (Stylized and/or with Design)
The color(s) purple and yellow is/are claimed as a feature of the mark.
The mark consists of purple letters "b" and "e" entertwined with a "bee-like" design of yellow and purple in the middle and a yellow dot after the letter "e".

**Proposed:** BE (Stylized and/or with Design, see mark)

The applicant is not claiming color as a feature of the mark.
The mark consists of black and white letters "be" and "e" intertwined with a bee-like "design" in the middle and a dot after the letter "e" .

**ARGUMENT(S)**
**In response to the substantive refusal(s), please note the following:**

With respect to the identification of services we are adopting the suggestion of the Examiner for social networking services, namely, helping to bring women together to connect, share, and support one another, in International Class 45.

Per counsel for applicant's discussion with the Trademark Examiner, the likelihood of confusion objection is moot in light of the services specification adopted.

The applicant makes no claim of color.  Consequently, applicant herein submits a substitute .pdf drawing of the mark.

The applicant submits the following description: the mark consists of the letters b and e intertwined with a bee-like "design" in the middle, and a dot after the letter e.

## CLASSIFICATION AND LISTING OF GOODS/SERVICES

**Applicant hereby deletes the following class of goods/services from the application.**

Class 035 for Business services, namely helping to bring women together to connect, share, and support one another

**Applicant hereby adds the following class of goods/services to the application:**

**New:** Class 045 (Original Class: 035 ) for Social networking services, namely helping to bring women together to connect, share, and support one another

**Filing Basis: Section 1(a), Use in Commerce:** The mark was first used at least as early as 06/00/2009 and first used in commerce at least as early as 06/00/2009, and is now in use in such commerce.

## SIGNATURE(S)

**Response Signature**

Signature: /Christine Lebron-Dykeman/    Date: 04/20/2010

Signatory's Name: Christine Lebron-Dykeman

Signatory's Position: Attorney of record, Iowa bar member

The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the applicant's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the applicant in this matter: (1) the applicant has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the applicant has filed a power of attorney appointing him/her in this matter; or (4) the applicant's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.

Serial Number: 77782310

Internet Transmission Date: Tue Apr 20 16:11:01 EDT 2010

TEAS Stamp: USPTO/ROA-XXX.XXX.XXX.XXX-20100420161101

372812-77782310-460f92a35d1ffd6d33b748ef

fea30ff17-N/A-N/A-20100420155558002423

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/30/2011)

# Response to Office Action

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77782350 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 114 |
| **MARK SECTION (current)** | |
| **STANDARD CHARACTERS** | NO |
| **USPTO-GENERATED IMAGE** | NO |
| **LITERAL ELEMENT** | BE EMPOWERING ME TO BE A STRONGER WE |
| **COLOR(S) CLAIMED**<br>(If applicable) | The color(s) purple and yellow is/are claimed as a feature of the mark. |
| **DESCRIPTION OF THE MARK**<br>(and Color Location, if applicable) | The mark consists of purple colored letters "b" and "e" entertwined with a "bee-like" design of yellow and purple between the letters "b" and "e" and a yellow dot after the letter "e" with the words in purple "empowering me to be a stronger we". |
| **MARK SECTION (proposed)** | |
| **MARK FILE NAME** | \\TICRS\EXPORT10\IMAGEOUT 10\777\823\77782350\xml1\ ROA0002.JPG |
| **STANDARD CHARACTERS** | NO |
| **USPTO-GENERATED IMAGE** | NO |
| **LITERAL ELEMENT** | BE EMPOWERING ME TO BE A STRONGER WE |
| **COLOR MARK** | NO |
| **DESCRIPTION OF THE MARK**<br>(and Color Location, if applicable) | The mark consists of black and white letters "b" and "e" entertwined with a "bee-like" design between the letters "b" and "e" and after the letter "e" with the words "empowering me to be a stronger we". |
| **PIXEL COUNT ACCEPTABLE** | YES |
| **PIXEL COUNT** | 696 x 900 |
| **GOODS AND/OR SERVICES SECTION (class deleted)** | |
| **INTERNATIONAL CLASS** | 035 |
| **DESCRIPTION** | |
| Business services, namely helping to bring women together to connect, share and support one another | |
| **FILING BASIS** | Section 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 06/00/2009 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 06/00/2009 |
| **GOODS AND/OR SERVICES SECTION (class added) Original Class (035)** | |
| **INTERNATIONAL CLASS** | 045 |
| **DESCRIPTION** | |
| Social networking services, namely helping to bring women together to connect, share and support one another | |
| **FILING BASIS** | Section 1(a) |

| | |
|---|---|
| **FIRST USE ANYWHERE DATE** | At least as early as 06/00/2009 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 06/00/2009 |
| **SIGNATURE SECTION** | |
| **RESPONSE SIGNATURE** | /Christine Lebron-Dykeman/ |
| **SIGNATORY'S NAME** | Christine Lebron-Dykeman |
| **SIGNATORY'S POSITION** | Attorney of record, Iowa bar member |
| **DATE SIGNED** | 04/20/2010 |
| **AUTHORIZED SIGNATORY** | YES |
| **FILING INFORMATION SECTION** | |
| **SUBMIT DATE** | Tue Apr 20 17:59:54 EDT 2010 |
| **TEAS STAMP** | USPTO/ROA-XXX.XXX.XXX.XXX -20100420175954588992-777 82350-460971af290a85221cb 108dbf53ee26ced-N/A-N/A-2 0100420175327898130 |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/30/2011)

# Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **77782350** has been amended as follows:

**MARK**
**Applicant proposes to amend the mark as follows:**
**Current:** BE EMPOWERING ME TO BE A STRONGER WE (Stylized and/or with Design)
The color(s) purple and yellow is/are claimed as a feature of the mark.
The mark consists of purple colored letters "b" and "e" entertwined with a "bee-like" design of yellow and purple between the letters "b" and "e" and a yellow dot after the letter "e" with the words in purple "empowering me to be a stronger we".

**Proposed:** BE EMPOWERING ME TO BE A STRONGER WE (Stylized and/or with Design, see mark)

The applicant is not claiming color as a feature of the mark.
The mark consists of black and white letters "b" and "e" entertwined with a "bee-like" design between the letters "b" and "e" and after the letter "e" with the words "empowering me to be a stronger we".

**CLASSIFICATION AND LISTING OF GOODS/SERVICES**
**Applicant hereby deletes the following class of goods/services from the application.**
Class 035 for Business services, namely helping to bring women together to connect, share and support one another

**Applicant hereby adds the following class of goods/services to the application:**
**New:** Class 045 (Original Class: 035 ) for Social networking services, namely helping to bring women together to connect, share and support one another
**Filing Basis: Section 1(a), Use in Commerce:** The mark was first used at least as early as 06/00/2009 and first used in commerce at least as early as 06/00/2009, and is now in use in such commerce.

**SIGNATURE(S)**
**Response Signature**
Signature: /Christine Lebron-Dykeman/     Date: 04/20/2010

Signatory's Name: Christine Lebron-Dykeman
Signatory's Position: Attorney of record, Iowa bar member

The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the applicant's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the applicant in this matter: (1) the applicant has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the applicant has filed a power of attorney appointing him/her in this matter; or (4) the applicant's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.


Serial Number: 77782350
Internet Transmission Date: Tue Apr 20 17:59:54 EDT 2010
TEAS Stamp: USPTO/ROA-XXX.XXX.XXX.XXX-20100420175954
588992-77782350-460971af290a85221cb108db
f53ee26ced-N/A-N/A-20100420175327898130

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/30/2011)

# Response to Office Action

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77787330 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 114 |
| **MARK SECTION (no change)** | |
| **ARGUMENT(S)** | |

Applicant notes that the Examiner has objected to the wording "helping to bring women together" in the identification of the services as indefinite.  The Examiner has suggested amending the goods and services to "business networking services for women" in Class 35.  Applicant requests that instead it be allowed to amend the services as follows, "Social networking services, namely helping to bring women together to connect, share, and support one another" in Class 45.

To this end, applicant notes that it has two co-pending applications at the United States Patent and Trademark Office, specifically application serial numbers 77/782,310 (for the mark BE & Design) and 77/782,350 (for the mark BE EMPOWERING ME TO BE A STRONGER WE).  In each of these applications applicant initially identified the services in the same way that they were identified in the current application and the Examiner reviewing those applications suggested the terminology "social networking services namely helping to bring women together to connect, share, and support one another".  Applicant notes that this is a more accurate description of the services provided by applicant.  Therefore applicant requests that the Examining Attorney in the current case allow the same.

The applicant further notes that the Examiner has objected to the specimen finding that it does not show the applied-for mark as used in connection with the services specified in the application.  Applicant believes that the specimen does in fact show the mark as used in connection with the amended social networking services.  Therefore, applicant submits that the specimen as initially filed is appropriate and requests that the objection to the specimen in the Office Action dated October 23, 2009 be withdrawn.

It is believed that applicant has responded to all of the Examining Attorney's questions and objections.  If the Examining Attorney has any further questions or wishes to discuss any of the information contained herein, so as to expedite matters, the Examining Attorney is requested to telephone the undersigned at 515-288-3667.

| | |
|---|---|
| **GOODS AND/OR SERVICES SECTION (class deleted)** | |
| **INTERNATIONAL CLASS** | 035 |
| **DESCRIPTION** | |
| Business services, namely helping bring women together to connect, share, and support one another | |
| **FILING BASIS** | Section 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 06/00/2009 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 06/00/2009 |
| **GOODS AND/OR SERVICES SECTION (class added) Original Class (035)** | |
| **INTERNATIONAL CLASS** | 045 |
| **DESCRIPTION** | |
| Social networking services, namely helping to bring women together to connect, share, and support one another | |
| **FILING BASIS** | Section 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 06/00/2009 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 06/00/2009 |

**007**

| SIGNATURE SECTION | |
|---|---|
| RESPONSE SIGNATURE | /Christine Lebron-Dykeman/ |
| SIGNATORY'S NAME | Christine Lebron-Dykeman |
| SIGNATORY'S POSITION | Attorney of record, Iowa bar member |
| DATE SIGNED | 04/22/2010 |
| AUTHORIZED SIGNATORY | YES |
| FILING INFORMATION SECTION | |
| SUBMIT DATE | Thu Apr 22 10:31:41 EDT 2010 |
| TEAS STAMP | USPTO/ROA-XXX.XXX.XXX.XXX -20100422103141826266-777 87330-46084ce242f6c3078c4 5d6e2f731b7be1f-N/A-N/A-2 0100422100847535922 |

PTO Form 1957 (Rev 9/2005)
OMB No. 0651-0050 (Exp. 04/30/2011)

## Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **77787330** has been amended as follows:

**ARGUMENT(S)**
**In response to the substantive refusal(s), please note the following:**

Applicant notes that the Examiner has objected to the wording "helping to bring women together" in the identification of the services as indefinite. The Examiner has suggested amending the goods and services to "business networking services for women" in Class 35. Applicant requests that instead it be allowed to amend the services as follows, "Social networking services, namely helping to bring women together to connect, share, and support one another" in Class 45.

To this end, applicant notes that it has two co-pending applications at the United States Patent and Trademark Office, specifically application serial numbers 77/782,310 (for the mark BE & Design) and 77/782,350 (for the mark BE EMPOWERING ME TO BE A STRONGER WE). In each of these applications applicant initially identified the services in the same way that they were identified in the current application and the Examiner reviewing those applications suggested the terminology "social networking services namely helping to bring women together to connect, share, and support one another". Applicant notes that this is a more accurate description of the services provided by applicant. Therefore applicant requests that the Examining Attorney in the current case allow the same.

The applicant further notes that the Examiner has objected to the specimen finding that it does not show the applied-for mark as used in connection with the services specified in the application. Applicant believes that the specimen does in fact show the mark as used in connection with the amended social networking services. Therefore, applicant submits that the specimen as initially filed is appropriate and requests that the objection to the specimen in the Office Action dated October 23, 2009 be withdrawn.

It is believed that applicant has responded to all of the Examining Attorney's questions and objections. If the Examining Attorney has any further questions or wishes to discuss any of the information contained herein, so as to expedite matters, the Examining Attorney is requested to telephone the undersigned at 515-288-3667.

**CLASSIFICATION AND LISTING OF GOODS/SERVICES**
**Applicant hereby deletes the following class of goods/services from the application.**
Class 035 for Business services, namely helping bring women together to connect, share, and support one another

**Applicant hereby adds the following class of goods/services to the application:**
**New:** Class 045 (Original Class: 035 ) for Social networking services, namely helping to bring women together to connect, share, and support one another
**Filing Basis: Section 1(a), Use in Commerce:** The mark was first used at least as early as 06/00/2009 and first used in commerce at least as early as 06/00/2009, and is now in use in such commerce.


**SIGNATURE(S)**
**Response Signature**
Signature: /Christine Lebron-Dykeman/     Date: 04/22/2010
Signatory's Name: Christine Lebron-Dykeman
Signatory's Position: Attorney of record, Iowa bar member


The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the applicant's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the applicant in this matter: (1) the applicant has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the applicant has filed a power of attorney appointing him/her in this matter; or (4) the applicant's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.


Serial Number: 77787330
Internet Transmission Date: Thu Apr 22 10:31:41 EDT 2010
TEAS Stamp: USPTO/ROA-XXX.XXX.XXX.XXX-20100422103141
826266-77787330-46084ce242f6c3078c45d6e2
f731b7be1f-N/A-N/A-20100422100847535922

PTO Form 1957 (Rev 8/2005)
OMB Control #0651-0050 (Exp. 04/30/2006)

# Response to Office Action

---

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 78374743 |
| **MARK SECTION (no change)** | |
| **GOODS AND/OR SERVICES SECTION (class deleted)** | |
| INTERNATIONAL CLASS | 007 |
| DESCRIPTION | Devices to straighten damaged walls |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | 04/24/2000 |
| FIRST USE IN COMMERCE DATE | 04/24/2000 |
| **GOODS AND/OR SERVICES SECTION (class added)** | |
| INTERNATIONAL CLASS | 006 |
| DESCRIPTION | Construction elements made of metal, namely, braces |
| FILING BASIS | Section 1(a) |
| FIRST USE ANYWHERE DATE | 04/24/2000 |
| FIRST USE IN COMMERCE DATE | 04/24/2000 |
| **SIGNATURE SECTION** | |
| RESPONSE SIGNATURE | /wendy k. marsh/ |
| SIGNATORY NAME | Wendy K. Marsh |
| SIGNATORY POSITION | Attorney |
| SIGNATURE DATE | 03/15/2005 |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Tue Mar 15 11:21:46 EST 2005 |
| TEAS STAMP | USPTO/OA-XXXXXXXXXX-2005 0315112146929117-78374743 -2001b15a68e79796c97bfbe6 ce35bf99c3d-N-N-200503151 12112567716 |

---

PTO Form 1957 (Rev 8/2005)
OMB Control #0651-0050 (Exp. 04/30/2006)

## Response to Office Action

**To the Commissioner for Trademarks:**

Application serial no. **78374743** is amended as follows:

**Classification and Listing of Goods/Services**

**Applicant hereby deletes the following class of goods/services from the application.**

Class 007 for Devices to straighten damaged walls

**Applicant hereby adds the following class of goods/services to the application:**

New:

Class 006 for Construction elements made of metal, namely, braces

**Section 1(a),** Use in Commerce: Use in Commerce: The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used on 04/24/2000 and first used in commerce on 04/24/2000, and is now in use in such commerce.

**Response Signature**

Signature: /wendy k. marsh/     Date: 03/15/2005

Signatory's Name: Wendy K. Marsh

Signatory's Position: Attorney

Serial Number: 78374743

Internet Transmission Date: Tue Mar 15 11:21:46 EST 2005

TEAS Stamp: USPTO/OA-XXXXXXXXXXX-2005031511214692911
7-78374743-2001b15a68e79796c97bfbe6ce35b
f99c3d-N-N-20050315112112567716

PTO Form 1957 (Rev 5/2006)
OMB No. 0651-0050 (Exp. 04/2009)

# Response to Office Action

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 78510418 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 106 |
| **MARK SECTION (no change)** | |
| **GOODS AND/OR SERVICES SECTION (current)** | |
| INTERNATIONAL CLASS | 019 |
| DESCRIPTION | Concrete crack control device |
| FILING BASIS | Section 1(a) |
|     FIRST USE ANYWHERE DATE | At least as early as 07/00/2004 |
|     FIRST USE IN COMMERCE DATE | At least as early as 07/00/2004 |
| **GOODS AND/OR SERVICES SECTION (proposed)** | |
| INTERNATIONAL CLASS | 019 |
| DESCRIPTION | |
| Concrete crack control device comprised of recycled or reused solid poly vinyl chloride plastic in 8 to 9 foot strips; applied on inside wall panels prior to concrete placement using spring steel clips | |
| FILING BASIS | Section 1(b) |
| **SIGNATURE SECTION** | |
| SIGNATORY FILE | [Signature](#) |
| SIGNATORY NAME | Ferrall Burgett |
| SIGNATORY POSITION | Owner |
| RESPONSE SIGNATURE | /Edmund J. Sease/ |
| SIGNATORY NAME | Edmund J. Sease |
| SIGNATORY POSITION | Attorney |
| SIGNATURE DATE | 12/15/2005 |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Thu Dec 15 15:18:07 EST 2005 |
| TEAS STAMP | USPTO/ROA-XXX.XX.XXX.XXX-20051215151807647910-7851 0418-3208462728301afbf7f8 8a576a4a108de3-N/A-N/A-20 051215151540259666 |

OMB No. 0651-0050 (Exp. 04/2009)

## Response to Office Action

## To the Commissioner for Trademarks:


Application serial no. **78510418** has been amended as follows:
**Classification and Listing of Goods/Services**

**Applicant hereby amends the following class of goods/services in the application as follows:**
Current: Class 019 for Concrete crack control device
Original Filing Basis: 1(a).
Proposed: Class 019 for Concrete crack control device comprised of recycled or reused solid poly vinyl chloride plastic in 8 to 9 foot strips; applied on inside wall panels prior to concrete placement using spring steel clips
Deleted Filing Basis: 1(a)
New/Additional Basis:

**Section 1(b),** The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services as of the filing date of the application. (15 U.S.C. Section 1051(b)).


**Declaration Signature**



Signatory's Name: Ferrall Burgett
Signatory's Position: Owner
Signature
**Response Signature**

Signature: /Edmund J. Sease/     Date: 12/15/2005
Signatory's Name: Edmund J. Sease
Signatory's Position: Attorney

Serial Number: 78510418
Internet Transmission Date: Thu Dec 15 15:18:07 EST 2005
TEAS Stamp: USPTO/ROA-XXX.XX.XXX.XXX-200512151518076
47910-78510418-3208462728301afbf7f88a576
a4a108de3-N/A-N/A-20051215151540259666

## Declaration Signature

If the applicant is seeking registration under Section 1(b) and/or Section 44 of the Trademark Act, the applicant had a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services as of the filing date of the application. 37 C.F.R. Secs. 2.34(a)(2)(i); 2.34(a)(3)(i); and 2.34(a)(4)(ii).  If the applicant is seeking registration under Section 1(a) of the Trademark Act, the mark was in use in commerce on or in connection with the goods or services listed in the application as of the application filing date. 37 C.F.R. Secs. 2.34 (a)(1)(i).  The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statement may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. §1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; that if the original application was submitted unsigned, that all statements in the original application and this submission made of the declaration signer's knowledge are true; and all statement in the original application and this submission made on information and belief are believed to be true.

Signature: _____

Date: _12/12/05_____

Signatory's Name: _Ferrall Burgett_____

Signatory's Position: _owner_____

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 2194 (Rev 03/2012)
OMB No. 0651-0054 (Exp 10/31/2017)

# Petition To Revive Abandoned Application - Failure To Respond Timely To Office Action

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 86625214 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 115 |
| **DATE OF NOTICE OF ABANDONMENT** | 04/06/2016 |
| **PETITION** | |
| **PETITION STATEMENT** | Applicant has firsthand knowledge that the failure to respond to the Office Action by the specified deadline was unintentional, and requests the USPTO to revive the abandoned application. |
| **RESPONSE TO OFFICE ACTION** | |
| **MARK SECTION** | |
| **MARK** | http://tmng-al.uspto.gov/resting2/api/img/86625214/large |
| **LITERAL ELEMENT** | VERTECRA |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **GOODS AND/OR SERVICES SECTION (current)** | |
| **INTERNATIONAL CLASS** | 011 |
| **DESCRIPTION** | LED lighting systems |
| **FILING BASIS** | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (proposed)** | |
| **INTERNATIONAL CLASS** | 011 |
| **TRACKED TEXT DESCRIPTION** | |
| ~~LED lighting systems~~; LED lighting systems, namely, LED modules, fixtures, controls, and power management and distribution equipment | |
| **FINAL DESCRIPTION** | |
| LED lighting systems, namely, LED modules, fixtures, controls, and power management and distribution equipment | |
| **FILING BASIS** | Section 1(b) |
| **PAYMENT SECTION** | |
| **TOTAL AMOUNT** | 100 |
| **TOTAL FEES DUE** | 100 |
| **SIGNATURE SECTION** | |
| **PETITION SIGNATURE** | /Brandon W. Clark/ |
| **SIGNATORY'S NAME** | Brandon W. Clark |

**015**

| SIGNATORY'S POSITION | Associate Attorney, McKee, Voorhees & Sease, PLC, Iowa bar member |
|---|---|
| SIGNATORY'S PHONE NUMBER | 515-288-3667 |
| DATE SIGNED | 05/11/2016 |
| RESPONSE SIGNATURE | /Brandon W. Clark/ |
| SIGNATORY'S NAME | Brandon W. Clark |
| SIGNATORY'S POSITION | Associate Attorney, McKee, Voorhees & Sease, PLC, Iowa bar member |
| SIGNATORY'S PHONE NUMBER | 515-288-3667 |
| DATE SIGNED | 05/12/2016 |
| AUTHORIZED SIGNATORY | YES |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Thu May 12 15:54:00 EDT 2016 |
| TEAS STAMP | USPTO/POA-XX.XXX.XXX.X-20 160512155400890681-866252 14-550ca8cab13c63c3ffa7ad 8bd7debe068cff7e28f651ada 7b18939390dd656feb-DA-239 5-20160512154905734858 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 2194 (Rev 03/2012)
OMB No. 0651-0054 (Exp 10/31/2017)

## Petition To Revive Abandoned Application - Failure To Respond Timely To Office Action

## To the Commissioner for Trademarks:

Application serial no. **86625214** VERTECRA(Standard Characters, see http://tmng-al.uspto.gov/resting2/api/img/86625214/large) has been amended as follows:

### PETITION

**Petition Statement**

Applicant has firsthand knowledge that the failure to respond to the Office Action by the specified deadline was unintentional, and requests the USPTO to revive the abandoned application.

### RESPONSE TO OFFICE ACTION

### CLASSIFICATION AND LISTING OF GOODS/SERVICES

**Applicant proposes to amend the following class of goods/services in the application:**
**Current:** Class 011 for LED lighting systems
Original Filing Basis:
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

**016**

**Proposed:**
**Tracked Text Description:** ~~LED lighting systems~~; <u>LED lighting systems, namely, LED modules, fixtures, controls, and power management and distribution equipment</u>

Class 011 for LED lighting systems, namely, LED modules, fixtures, controls, and power management and distribution equipment
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

**FEE(S)**
Fee(s) in the amount of $100 is being submitted.

**SIGNATURE(S)**

Signature: /Brandon W. Clark/     Date: 05/11/2016
Signatory's Name: Brandon W. Clark
Signatory's Position: Associate Attorney, McKee, Voorhees & Sease, PLC, Iowa bar member
Signatory's Phone Number: 515-288-3667


**Response Signature**
Signature: /Brandon W. Clark/     Date: 05/12/2016
Signatory's Name: Brandon W. Clark
Signatory's Position: Associate Attorney, McKee, Voorhees & Sease, PLC, Iowa bar member

Signatory's Phone Number: 515-288-3667


The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the owner/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the applicant in this matter: (1) the owner/holder has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the owner/holder has filed a power of attorney appointing him/her in this matter; or (4) the owner/holder's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.


RAM Sale Number: 86625214
RAM Accounting Date: 05/13/2016

Serial Number: 86625214
Internet Transmission Date: Thu May 12 15:54:00 EDT 2016
TEAS Stamp: USPTO/POA-XX.XXX.XXX.X-20160512155400890
681-86625214-550ca8cab13c63c3ffa7ad8bd7d
ebe068cff7e28f651ada7b18939390dd656feb-D
A-2395-20160512154905734858

017

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 07/31/2017)

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 86792910 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 108 |
| **MARK SECTION** | |
| MARK | http://tmng-al.uspto.gov/resting2/api/img/86792910/large |
| LITERAL ELEMENT | FARMS AMERICA |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **GOODS AND/OR SERVICES SECTION (035)(current)** | |
| INTERNATIONAL CLASS | 035 |
| DESCRIPTION | Land sales and land auction services |
| FILING BASIS | Section 1(a) |
|    FIRST USE ANYWHERE DATE | At least as early as 11/00/2013 |
|    FIRST USE IN COMMERCE DATE | At least as early as 11/00/2013 |
| **GOODS AND/OR SERVICES SECTION (035)(proposed)** | |
| INTERNATIONAL CLASS | 035 |
| TRACKED TEXT DESCRIPTION | |
| ~~Land sales and land auction services~~; Land auction services | |
| FINAL DESCRIPTION | Land auction services |
| FILING BASIS | Section 1(a) |
|    FIRST USE ANYWHERE DATE | At least as early as 11/00/2013 |
|    FIRST USE IN COMMERCE DATE | At least as early as 11/00/2013 |
| **GOODS AND/OR SERVICES SECTION (036)(class added)** | |
| INTERNATIONAL CLASS | 036 |
| DESCRIPTION | Real estate land brokerage and listing services |
| FILING BASIS | Section 1(a) |
|    FIRST USE ANYWHERE DATE | At least as early as 11/00/2013 |
|    FIRST USE IN COMMERCE DATE | At least as early as 11/00/2013 |
| **ADDITIONAL STATEMENTS SECTION** | |
| SUPPLEMENTAL REGISTER | The applicant seeks registration of the mark on the Supplemental Register (i.e., a change of the words 'Principal Register' to 'Supplemental Register'). |

| | |
|---|---|
| **MISCELLANEOUS STATEMENT** | Consistent with the Examiner's statement that the current specimen is acceptable for classes 35 and 36, Applicant believes there is no need to file an additional specimen. |
| **PAYMENT SECTION** | |
| **NUMBER OF CLASSES** | 1 |
| **APPLICATION FOR REGISTRATION PER CLASS** | 275 |
| **TOTAL FEES DUE** | 275 |
| **SIGNATURE SECTION** | |
| **DECLARATION SIGNATURE** | /Christine Lebron-Dykeman/ |
| **SIGNATORY'S NAME** | Christine Lebron-Dykeman |
| **SIGNATORY'S POSITION** | "Attorney of record, Iowa bar member" |
| **SIGNATORY'S PHONE NUMBER** | 515-288-3667 |
| **DATE SIGNED** | 08/11/2016 |
| **RESPONSE SIGNATURE** | /Christine Lebron-Dykeman/ |
| **SIGNATORY'S NAME** | Christine Lebron-Dykeman |
| **SIGNATORY'S POSITION** | "Attorney of record, Iowa bar member" |
| **SIGNATORY'S PHONE NUMBER** | 515-288-3667 |
| **DATE SIGNED** | 08/11/2016 |
| **AUTHORIZED SIGNATORY** | YES |
| **FILING INFORMATION SECTION** | |
| **SUBMIT DATE** | Thu Aug 11 10:55:11 EDT 2016 |
| **TEAS STAMP** | USPTO/ROA-XXX.XX.XXX.XX-2 0160811105511162817-86792 910-550fdd3f1534f90773642 71eb2f96bb36bf8496d2941c2 a5c93d963a675325d073-DA-1 0972-20160811104816528194 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 07/31/2017)

## Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **86792910** FARMS AMERICA(Standard Characters, see http://tmng-al.uspto.gov/resting2/api/img/86792910/large) has been amended as follows:

**CLASSIFICATION AND LISTING OF GOODS/SERVICES**
**Applicant proposes to amend the following class of goods/services in the application:**
**Current:** Class 035 for Land sales and land auction services
Original Filing Basis:
**Filing Basis: Section 1(a), Use in Commerce:** *For all applications:* The mark is in use in commerce and was in use in commerce as of the application filing date. The provided specimen shows the mark in use in commerce (see specimen statement below). *For a collective trademark, collective service mark, collective membership mark, or certification mark application:* The applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the application filing date. *For a*

*certification mark application:* The applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. The mark was first used at least as early as 11/00/2013 and first used in commerce at least as early as 11/00/2013 , and is now in use in such commerce.

**Proposed:**
**Tracked Text Description:** ~~Land sales and land auction services~~; Land auction services

Class 035 for Land auction services
**Filing Basis: Section 1(a), Use in Commerce:***For all applications:* The mark is in use in commerce and was in use in commerce as of the application filing date. The provided specimen shows the mark in use in commerce (see specimen statement below). *For a collective trademark, collective service mark, collective membership mark, or certification mark application:* The applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the application filing date. *For a certification mark application:* The applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. The mark was first used at least as early as 11/00/2013 and first used in commerce at least as early as 11/00/2013 , and is now in use in such commerce.
**Applicant hereby adds the following class of goods/services to the application:**
New: Class 036 for Real estate land brokerage and listing services
**Filing Basis: Section 1(a), Use in Commerce:** *For all applications:* The mark is in use in commerce and was in use in commerce as of the application filing date. The provided specimen shows the mark in use in commerce (see specimen statement below). *For a collective trademark, collective service mark, collective membership mark, or certification mark application:* The applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the application filing date. *For a certification mark application:* The applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. The mark was first used at least as early as 11/00/2013 and first used in commerce at least as early as 11/00/2013 , and is now in use in such commerce.

**ADDITIONAL STATEMENTS**
**Supplemental Register**
The applicant seeks registration of the mark on the Supplemental Register (i.e., a change of the words 'Principal Register' to 'Supplemental Register').

**Miscellaneous Statement**
Consistent with the Examiner's statement that the current specimen is acceptable for classes 35 and 36, Applicant believes there is no need to file an additional specimen.

**FEE(S)**
Fee(s) in the amount of $275 is being submitted.

**SIGNATURE(S)**
**Declaration Signature**

**DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.**

**STATEMENTS FOR UNSIGNED SECTION 1(a) APPLICATION/AOU**: If the applicant filed an unsigned application under 15 U.S.C. §1051(a) or AOU under 15 U.S.C. §1051(c), the signatory additionally believes that: the applicant is the owner of the mark sought to be registered; the mark is in use in commerce and was in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; the original specimen(s), if applicable, shows the mark in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; *for a collective trademark, collective service mark, collective membership mark application, or certification mark application,* the applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the filing date of the application or AOU; *for a certification mark application,* the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification

program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

**STATEMENTS FOR UNSIGNED SECTION 1(b)/SECTION 44 APPLICATION AND FOR SECTION 66(a) COLLECTIVE/CERTIFICATION MARK APPLICATION:** If the applicant filed an unsigned application under 15 U.S.C. §§ 1051(b), 1126(d), and/or 1126(e), or filed a collective/certification mark application under 15 U.S.C. §1141f(a), the signatory additionally believes that: *for a trademark or service mark application,* the applicant is entitled to use the mark in commerce on or in connection with the goods/services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a certification mark application,* the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

Signature: /Christine Lebron-Dykeman/    Date: 08/11/2016
Signatory's Name: Christine Lebron-Dykeman
Signatory's Position: "Attorney of record, Iowa bar member"
Signatory's Phone Number: 515-288-3667

**Response Signature**
Signature: /Christine Lebron-Dykeman/    Date: 08/11/2016
Signatory's Name: Christine Lebron-Dykeman
Signatory's Position: "Attorney of record, Iowa bar member"

Signatory's Phone Number: 515-288-3667

The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the owner/holder in this matter: (1) the owner/holder has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the owner/holder has filed a power of attorney appointing him/her in this matter; or (4) the owner's/holder's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.

RAM Sale Number: 86792910
RAM Accounting Date: 08/11/2016

Serial Number: 86792910
Internet Transmission Date: Thu Aug 11 10:55:11 EDT 2016
TEAS Stamp: USPTO/ROA-XXX.XX.XXX.XX-2016081110551116
2817-86792910-550fdd3f1534f9077364271eb2
f96bb36bf8496d2941c2a5c93d963a675325d073
-DA-10972-20160811104816528194

021

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 09/20/2020)

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 87835749 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 120 |
| **MARK SECTION** | |
| MARK | https://tmng-al.uspto.gov/resting2/api/img/87835749/large |
| LITERAL ELEMENT | BLUEPRINT |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **EVIDENCE SECTION** | |
| EVIDENCE FILE NAME(S) | |
| ORIGINAL PDF FILE | evi_2168117552-20190102124419830795_._Homesteaders_Office_Action_Response_1-2-2019.pdf |
| CONVERTED PDF FILE(S) (3 pages) | \\TICRS\EXPORT17\IMAGEOUT17\878\357\87835749\xml4\ROA0002.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\878\357\87835749\xml4\ROA0003.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\878\357\87835749\xml4\ROA0004.JPG |
| **SIGNATURE SECTION** | |
| RESPONSE SIGNATURE | /Nicholas J. Krob/ |
| SIGNATORY'S NAME | Nicholas J. Krob |
| SIGNATORY'S POSITION | Attorney of record, Iowa bar member |
| SIGNATORY'S PHONE NUMBER | 515-288-3667 |
| DATE SIGNED | 01/02/2019 |
| AUTHORIZED SIGNATORY | YES |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Wed Jan 02 14:14:33 EST 2019 |
| TEAS STAMP | USPTO/ROA-XXX.XX.XXX.XX-2 0190102141433749645-87835 749-620664bef305d1b311230 2f4ba8ea6c79f05e7b98403d9 a75b6675f9498cde2e8-N/A-N /A-20190102124419830795 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 09/20/2020)

**Response to Office Action**

**To the Commissioner for Trademarks:**

Application serial no. **87835749** BLUEPRINT(Standard Characters, see https://tmng-al.uspto.gov/resting2/api/img/87835749/large) has been amended as follows:

**EVIDENCE**

**Original PDF file:**
evi_2168117552-20190102124419830795_._Homesteaders_Office_Action_Response_1-2-2019.pdf
**Converted PDF file(s)** ( 3 pages)
Evidence-1
Evidence-2
Evidence-3

**SIGNATURE(S)**
**Response Signature**
Signature: /Nicholas J. Krob/      Date: 01/02/2019
Signatory's Name: Nicholas J. Krob
Signatory's Position: Attorney of record, Iowa bar member

Signatory's Phone Number: 515-288-3667

The signatory has confirmed that he/she is an attorney who is a member in good standing of the bar of the highest court of a U.S. state, which includes the District of Columbia, Puerto Rico, and other federal territories and possessions; and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S. attorney or a Canadian attorney/agent not currently associated with his/her company/firm previously represented the owner/holder in this matter: (1) the owner/holder has filed or is concurrently filing a signed revocation of or substitute power of attorney with the USPTO; (2) the USPTO has granted the request of the prior representative to withdraw; (3) the owner/holder has filed a power of attorney appointing him/her in this matter; or (4) the owner's/holder's appointed U.S. attorney or Canadian attorney/agent has filed a power of attorney appointing him/her as an associate attorney in this matter.

Serial Number: 87835749
Internet Transmission Date: Wed Jan 02 14:14:33 EST 2019
TEAS Stamp: USPTO/ROA-XXX.XX.XXX.XX-2019010214143374
9645-87835749-620664bef305d1b3112302f4ba
8ea6c79f05e7b98403d9a75b6675f9498cde2e8-
N/A-N/A-20190102124419830795

**Goods and Services Identification Amendment**

Amend goods and services as follows:

"Downloadable electronic newsletters provided via email in the field of funeral and funeral preparation services" in International Class 9.

"Providing online newsletters via email in the field of funeral and funeral preparation services" in International Class 41.

**Argument Against Likelihood of Confusion**

The Examining Attorney has refused registration of Applicant's mark on the Principal Register on the basis of alleged likelihood of confusion under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).  Applicant respectfully contests this refusal of registration, requests that the Examining Attorney reconsider the refusal to register, and offers the following remarks in support of registration of Applicant's mark on the Principal Register.

The Examining Attorney has alleged that Applicant's mark BLUEPRINT, when used on or in connection with "downloadable electronic newsletters provided via email in the field of funeral and related end-of-life services and marketing related thereto" in International Class 9 and "providing online newsletters via email in the field of funeral and related end-of-life services and marketing related thereto" in International Class 41, is likely to be confused with U.S. Registration No. 1,925,446 for the mark BLUE PRINT as used on or in connection with "educational newsletter[s], in the field of health and insurance" in International Class 16.  Applicant submits that the Examining Attorney's rejection based on Section 2(d) of the Lanham Act is in error because the goods and services offered under the respective marks are distinct.

As recognized by the Court of Customs and Patent Appeals in the well-known *duPont* case, a significant factor in evaluating the likelihood of confusion between marks is "[t]he similarity or dissimilarity and nature of the goods or services as described in an application or registration or in connection with which a prior mark is in use."  *In re E.I. duPont de Nemours & Co.*, 117 U.S.P.Q. 563, 567 (C.C.P.A. 1973).  Assessing the similarity of goods and services requires an analysis of "whether 'the consuming public may perceive [the respective goods and services of the parties] as related enough to cause confusion about the source or origin of the goods and services.'"  *In re St. Helena Hosp.*, 774 F.3d 747, 752 (Fed. Cir. 2014) (quoting *Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1267 (Fed. Cir. 2002)).  To refuse an application on such grounds, the examining attorney must provide evidence showing that the goods and services are related.  *See, e.g., In re White Rock Distilleries Inc.*, 92 U.S.P.Q. 2d 1282, 1285 (T.T.A.B. 2009); TMEP 1207.01(a)(vi).

Here, the Examining Attorney alleges "information relating to the subject matters featured [in Applicant's and Registrant's newsletters] commonly emanate from the same commercial entity" and provides Internet evidence in furtherance thereof.  However, this evidence does not suggest that the referenced subject matter commonly emanates from the same commercial entity and does not support the conclusion that the goods and services at issue are related so as to cause a likelihood of consumer confusion.

1

024

The subject matter of Applicant's newsletters is identified, as amended, as "funeral and funeral preparation services."  The subject matter of Registrant's newsletters is identified as "health and insurance."  These are distinct industries with little to no relation, and the Examining Attorney's Internet evidence does little to indicate otherwise.

For instance, the Examining Attorney includes images of a hospice organization's webpage, which offers "End-of-Life Support and Resources."  Notably, this webpage does not make any direct reference to funeral or funeral preparation services.  Similarly, the included Pro-life Healthcare Alliance webpage lists various health-related newsletters, but none pertaining to funeral or funeral preparation services.  These webpages merely show that health organizations provide information and resources for matters pertaining to health—a fact already established by Registrant's trademark registration.

The only reference the remaining Internet evidence makes to funeral or funeral preparation services is in the context of life insurance.  For instance, the webpages for Carpenter Insurance Inc., New Life Agency, and Cloverleaf Insurance each make reference to and provide information regarding life insurance policies they offer.  However, it is unclear how a consumer may perceive life insurance and funeral or funeral preparation services as related.

There can be little argument that life insurance and funeral services are related industries.  Furthermore, while funeral *preparation* services may more closely align with life insurance, they are nevertheless distinct services.  Whereas the latter is an insurance policy a consumer obtains to pay out a sum of money, usually upon death, the former are services catering to funeral planning.  That each may be defined broadly such that there is some overlap between the two is immaterial.  *See, e.g.*, *Electronic Data Systems Corp. v. EDSA Micro Corp.*, 23 U.S.P.Q. 2d 1460 (T.T.A.B. 1992) (noting that "the issue of whether or not two products are related does not revolve around the question of whether a term can be used that describes them both, or whether both can be classified under the same general category.").  *See also Mejia and Assoc., Inc. v. International Business Mach. Corp.*, 920 F. Supp. 540, 548 (S.D.N.Y. 1996) (stating that "[b]y increasing the level of generality, any products can be made to appear in the same class.  Aspirin and easy chairs can be characterized as 'comfort products.'  Jet planes and rollerblades could be characterized as 'transportation products.'").

Life insurance policies may be used for many different things, only one of which is the payment of funeral expenses.  As the cited New Life Agency webpage states, life insurance may be purchased to "[r]eplace income for dependents," "[p]ay final expenses," "[c]reate an inheritance for your heirs," "[p]ay Federal death taxes & state death taxes," "[m]ake significant charitable contributions, and "[c]reate a source of savings."  With this in mind, life insurance is no more similar to funeral preparation than playing the lottery is to retirement planning.

Equating life insurance with funeral preparation based merely on the fact that both may involve the payment of funeral expenses is improper.  Life insurance policies may pay out a sum of money as designated by the terms of the policy.  There is no connection to funeral services or funeral preparation services beyond it providing a possible means by which to fund

025

such services.  Simply put, a consumer would not confuse the source of funeral or funeral preparation services with a life insurance company.

Beyond references to life insurance, the only identifiable bases for the Examining Attorney's inclusion of the remaining webpages in the Internet evidence is that the Carpenter Insurance Inc. webpage offers a funeral home-specific insurance policy and Folks Insurance Group webpage lists "Funeral" under the heading "Newsletter Categories."  However, neither is material here.  The Carpenter Insurance Inc. webpage merely shows that an insurance company may offer business insurance to funeral homes—distinct from funeral-related services themselves.  Furthermore, there does not appear to be any funeral-related content included under the "Funeral" heading of the Folks Insurance Group webpage.  Based on the evidence provided, there is no way to ascertain if, and in what context, Folks Insurance Group provides services relating to funerals or funeral preparation.

The webpages provided by the Examining Attorney fail to provide any evidence showing funeral or funeral preparation services being offered by a company providing health and insurance services, or vice versa.  This is likely because the two industries, despite some nominal overlap, are distinct.  Insurance and health care companies are not in the business of providing, or planning, funerals.  They do not assist in the selection of funeral directors, planning of memorial services, or any of the many other aspects of funeral preparation.  While the financing of a funeral provided by a life insurance policy offered by an insurance company may be considered one aspect of "funeral preparation," it is but a mere portion of the broad category of funeral preparation services.

Given the distinction between the goods and services associated with the two marks, Applicant submits that no likelihood of confusion exists between Applicant's and Registrant's marks.  Favorable consideration and approval for publication is respectfully requested.

3