VIA EMAIL
rsjohnson@fredlaw.com
lmyers@fredlaw.com

R. Scott Johnson
Laura Myers
Shareholders
Fredrikson & Byron P.A.
111 E. Grand Avenue
Suite 301
Des Moines, Iowa 50309

| Title | Re: |
|---|---|
| Drake Univ. v. Des Moines Area Cmty. Coll. Found. | Withdrawal of Representation |

| Case No. | Our Docket | Attorney Contact | Date |
|---|---|---|---|
| N/A | L00194 | jconley@zarleyconley.com | July 3, 2024 |

Dear Mr. Johnson and Ms. Myers:

We are writing on behalf of Drake University ("Drake") to insist that Fredrikson & Byron P.A. ("Fredrikson") immediately withdraw from representing Des Moines Area Community College ("DMACC") with respect to its ongoing dispute with Drake.

**Applicable Rules and Precedent**

Iowa Rule of Professional Conduct ("IRPC") 32:1.9(b) requires in pertinent part that a lawyer shall not knowingly represent an entity in the same or a substantially related matter in which a firm with which the lawyer was formerly associated had previously represented a client whose interests are materially adverse to that entity unless the former client gives informed consent, confirmed in writing. *See also* Minnesota Rules of Professional Conduct ("MRPC") 1.9(b).

The determination of whether a matter is substantially related is based on (1) the nature and scope of the former client's representation, (2) the nature of representation against the former client, and (3) whether the client might have disclosed a confidence during the prior representation that could be relevant to the current representation. *Hoffman v. Internal Med., P.C. of Ottumwa*, 533 N.W.2d 834, 836–37 (Iowa App. 1995). Comment [6] to IRPC 32:1.9 highlights that a lawyer who has general access to files of all clients of a law firm and may regularly participate in discussion of their affairs is considered privy to all information about all the firm's clients. *See also* MRPC 1.9, Cmt. [6]. Moreover, Canon 4 of the ABA Code of Professional Responsibility states that the existence of an attorney-client relationship raises an **irrefutable** presumption that confidences were disclosed. *See State of Ark. V. Dean Foods Prods. Co., Inc*, 605 F.2d 380, 384–85 (8th Cir. 1979). Therefore, it

**EXHIBIT 20**



is not necessary to identify actual confidential communications to establish a substantial relation; it is sufficient to establish only the scope of representation. *Hoffman*, 533 N.W.2d at 836–37.

IRPC 32:1.10 requires in pertinent part that while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so under 32:1.9 unless (1) it is based on a personal interest, or (2) the prohibition is based on IRCP 32:1.9(b) and (i) the lawyer has been timely screened from participating, (ii) written notice is promptly given to the former client with (a) a description of the screening measures undertaken, (b) a statement of the compliance with the applicable rules, (c) a statement that may be available for review before a tribunal, and (d) an agreement by the firm to respond promptly to any written inquiries or objections to the screening process raised by the former client. *See also* MRPC 1.10. Confidences imputed to one attorney are presumed to have been shared among the partners and employees associated with the attorney. *Engineered Prods. Co. v. Donaldson, Co., Inc.*, 290 F. Supp.2d 974, 980–81 (N.D. Iowa 2003). Succinctly stated, "[w]hen one lawyer is involved the entire firm is involved." *Hoffman*, 533 N.W.2d at 836.

In sum, confidential disclosures, actual or presumed, **necessitate** disqualification when the lawyer represents an adverse interest in a related matter. *Engineered Prods.*, 290 F. Supp.2d at 980. The "liability to disqualification" extends to partners and employees in the lawyer's firm and cannot be remediated through dissolution of or departure from the firm. *See Dean Foods Prods.*, 605 F.2d at 384–85. When disqualification is required and the lawyer insists on "litigating the question rather than bowing out gracefully," it can be proper to find that decision to be in bad faith, warranting reimbursement to the former client for the expenses and fees incurred in obtaining an order to disqualify. *Analytica, Inc. v. NPD Research, Inc.* 708 F.2d 1263, 1269–70 (7th Cir. 1983).

The implications of these rules are demonstrated in *Engineered Products*. In that case, a lawyer working at a first firm represented a client and thereafter left that firm to join a different firm. That lawyer was presumed to have knowledge concerning the former client in his subsequent representation of an adversary in a substantially related matter. Based on those facts, the Northern District of Iowa determined that the presumptions requiring disqualification were present and not rebuttable. *See also Iowa S. Ct. Atty Bd. v. Leitner*, 998 N.W.2d 627, 640–41 (Iowa 2023) (finding a violation of IRPC 32:1.9(b) in a disciplinary hearing).

## Fredrikson's Disqualification

Drake has entrusted its confidences in McKee, Voorhees & Sease ("MVS") for decades regarding its intellectual property matters. These confidences include MVS's representation of Drake with respect to U.S. Trademark Registration Nos. 1,567,283; 3,498,202; and 4,625,043 (the '283, '202, and '043 Registrations, respectively). *See* Attachments 1–3.

Mr. Johnson was an attorney at MVS for over 20 years. During a portion of his tenure, Mr. Johnson served on a management committee. Tina Yin Sowatzke, formerly Fredrikson counsel at Fredrikson's Des



Moines and Minneapolis offices, was also employed at MVS for a period of three years.  From our investigation, it is our understanding that during the time that Mr. Johnson and Ms. Yin Sowatzke were attorneys at MVS, general access to client files was the standard rather than the exception, including general access to Drake's client files.

Mr. Johnson is identified as an appointed counsel on each of the Registrations.  *See* Attachments 2–4.  On the '202 and '043 Registrations, Mr. Johnson was identified as an appointed attorney at the time each of the respective applications were filed.  *See* Attachments 2–3.  Moreover, Ms. Yin Sowatzke is identified as an appointed counsel on the '283 Registration.  *See* Attachment 4.

It is unquestionable that within the scope of providing counsel to Drake, confidences were relayed to MVS that pertain to the strength of Drake's various trademarks, services marks, and brand generally.  It is axiomatic that Mr. Johnson and Ms. Yin Sowatzke were privy to these confidences as well as those related to tactics, strategies, and concerns related to securing, commercializing, and enforcing Drake's intellectual property portfolio.  Even if not expressly identified as they are, their mere employ at MVS is sufficient to presume confidences were shared with each of them.

Fredrikson's representation of DMACC in its dispute with Drake involves the very intellectual property in which MVS holds confidences from Drake.  Undoubtedly, the confidences entrusted to MVS by Drake during Mr. Johnson's and Ms. Yin Sowatzke's employ are relevant to Fredrikson's present representation of DMACC.

The conflict is present throughout Mr. Johnson's letter dated May 8, 2024.  Most prominently, on pages 3 and 4, Mr. Johnson calls into question each of the Registrations discussed.  This is exceedingly problematic and may well constitute a violation of Mr. Johnson's ethical obligations, a matter we assume Mr. Johnson finds equally concerning.  Moreover, the collaboration with Ms. Myers, located at Fredrikson's Minneapolis office–– where Ms. Yin Sowatzke was also based––readily demonstrates that Mr. Johnson's conflicts have spread between counsel at Fredrikson and among Fredrikson's offices.

The conflict that exists with respect to Mr. Johnson and Ms. Yin Sowatzke cannot be remediated.  Drake has not, nor will it, consent to a waiver permitting Fredrikson's representation of DMACC in this matter.  Furthermore, for Fredrikson to avoid imputation of Mr. Johnson's and Ms. Yin Sowatzke's conflict, Mr. Johnson would have had to have been timely screened, which he clearly was not given his letter regarding the underlying dispute.  Furthermore, the notice required under the IRPC and MRPC has not been provided.

The conflict that Fredrikson has with this dispute cannot be rebutted.  Disqualification is mandatory.

**Expectation**

Drake insists that written confirmation be provided immediately that Fredrikson has withdrawn its representation of DMACC with respect to its dispute with Drake.  Such confirmation must indicate that (1) Fredrikson has not provided counsel to DMACC in violation of the Professional Rules to ensure that Drake's

003



confidences have not been violated, and (2) Fredrikson will not aid or assist substitute counsel for DMACC as it relates to the present dispute.  If confirmation of the foregoing is not received by **Monday, July 8, 2024**, we will take appropriate steps to protect our client's confidences.

Should Drake be required to seek disqualification, it will be compelled to also seek its fees and expenses.  Moreover, upon disqualification, a violation of the Professional Rules will have occurred without question, which triggers the reporting obligations under IRCP 32:8.2.  *See* IRPC 32:5.1 (discussing the extension of responsibility of a lawyer's violation to other lawyers within an organization); MRPC 5.1 (same).

If you do not intend to comply, I am available in the morning on July 8, 2024 to have a meet-and-confer.

Best Regards,

Josh Conley

JJC/JDG

cc:    Melodie R. Rose
       Attachments

**004**

# ATTACHMENT A

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1963 (Rev 05/2006)
OMB No. 0651-0055 (Exp 10/31/2011)

# Combined Declaration of Use and/or Excusable Nonuse/Application for Renewal of Registration of a Mark under Sections 8 & 9

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **REGISTRATION NUMBER** | 1567283 |
| **REGISTRATION DATE** | 11/21/1989 |
| **SERIAL NUMBER** | 73790196 |
| **MARK SECTION** | |
| **MARK** | D (stylized and/or with design, see https://tmng-al.uspto.gov/resting2/api/img/73790196/large) |
| **ATTORNEY SECTION (no change)** | |
| **NAME** | Christine Lebron-Dykeman |
| **ATTORNEY BAR MEMBERSHIP NUMBER** | NOT SPECIFIED |
| **YEAR OF ADMISSION** | NOT SPECIFIED |
| **U.S. STATE/ COMMONWEALTH/ TERRITORY** | NOT SPECIFIED |
| **FIRM NAME** | McKee, Voorhees & Sease, PLC |
| **STREET** | 801 Grand Avenue, Suite 3200 |
| **CITY** | Des Moines |
| **STATE** | Iowa |
| **POSTAL CODE** | 50309-2721 |
| **COUNTRY** | United States |
| **PHONE** | 515-288-3667 |
| **FAX** | 515-288-1338 |
| **EMAIL** | patatty@ipmvs.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **DOCKET/REFERENCE NUMBER** | T01136US0 |
| **ATTORNEY SECTION (proposed)** | |
| **NAME** | Christine Lebron-Dykeman |
| **ATTORNEY BAR MEMBERSHIP NUMBER** | XXX |
| **YEAR OF ADMISSION** | XXXX |
| **U.S. STATE/ COMMONWEALTH/ TERRITORY** | XX |
| **FIRM NAME** | McKee, Voorhees & Sease, PLC |
| **STREET** | 801 Grand Avenue, Suite 3200 |

| | |
|---|---|
| **CITY** | Des Moines |
| **STATE** | Iowa |
| **POSTAL CODE** | 50309-2721 |
| **COUNTRY** | United States |
| **PHONE** | 515-288-3667 |
| **FAX** | 515-288-1338 |
| **EMAIL** | patatty@ipmvs.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **DOCKET/REFERENCE NUMBER** | T01136US0 |
| **OTHER APPOINTED ATTORNEY** | Bruce W. McKee, Edmund J. Sease, Mark D. Hansing, Kirk M. Hartung, Patricia A. Sweeney, Heidi S. Nebel, Michael C. Gilchrist, R. Scott Johnson, Cassandra J. Edgar, Jill N. Link, Luke T. Mohrhauser, Jonathan L. Kennedy, Brandon W. Clark, Nicholas J. Krob, Sarah M. Dickhut, Gregory Gunnerson, Oliver P. Couture, Tina G. Yin Sowatzke, Julie L. Spieker |

| **CORRESPONDENCE SECTION (no change)** | |
|---|---|
| **NAME** | Christine Lebron-Dykeman |
| **FIRM NAME** | McKee, Voorhees & Sease, PLC |
| **STREET** | 801 Grand Avenue, Suite 3200 |
| **CITY** | Des Moines |
| **STATE** | Iowa |
| **POSTAL CODE** | 50309-2721 |
| **COUNTRY** | United States |
| **PHONE** | 515-288-3667 |
| **FAX** | 515-288-1338 |
| **EMAIL** | patatty@ipmvs.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **DOCKET/REFERENCE NUMBER** | T01136US0 |

| **GOODS AND/OR SERVICES SECTION** | |
|---|---|
| **INTERNATIONAL CLASS** | 025 |
| **GOODS OR SERVICES TO BE DELETED** | VISORS AND HATS |
| **GOODS OR SERVICES IN USE IN COMMERCE OR FOR WHICH OWNER CLAIMS EXCUSABLE NONUSE** | SWEATSHIRTS, JACKETS, AND T-SHIRTS |
| **SPECIMEN FILE NAME(S)** | \\TICRS\EXPORT17\IMAGEOUT 17\737\901\73790196\xml2\ S890002.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\737\901\73790196\xml2\ S890003.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\737\901\73790196\xml2\ S890004.JPG |
| **SPECIMEN DESCRIPTION** | photos of shirts showing the mark, screenshot of website showing shirts showing the mark |
| **INTERNATIONAL CLASS** | 041 |

| GOODS OR SERVICES | ENTERTAINMENT AND CONDUCTING COLLEGIATE SPORTING EVENTS, NAMELY, FOOTBALL, BASKETBALL, WRESTLING AND TRACK EVENTS |
|---|---|
| SPECIMEN FILE NAME(S) | |
| JPG FILE(S) | \\TICRS\EXPORT17\IMAGEOUT 17\737\901\73790196\xml2\ S890005.JPG |
| ORIGINAL PDF FILE | SPN1-661295197-20191104151217010482 . SAA_Scavenger_Hunt_19_Flyers.pdf |
| CONVERTED PDF FILE(S) (7 pages) | \\TICRS\EXPORT17\IMAGEOUT17\737\901\73790196\xml2\S890006.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\737\901\73790196\xml2\S890007.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\737\901\73790196\xml2\S890008.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\737\901\73790196\xml2\S890009.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\737\901\73790196\xml2\S890010.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\737\901\73790196\xml2\S890011.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\737\901\73790196\xml2\S890012.JPG |
| SPECIMEN DESCRIPTION | social media screenshot showing mark used for Instagram home page; signs used for activities on campus showing the mark |

## OWNER SECTION (current)

| NAME | DRAKE UNIVERSITY |
|---|---|
| STREET | 2507 University Avenue |
| CITY | DES MOINES |
| STATE | Iowa |
| ZIP/POSTAL CODE | 50311 |
| COUNTRY | United States |

## LEGAL ENTITY SECTION (current)

| TYPE | corporation |
|---|---|
| STATE/COUNTRY OF INCORPORATION | Iowa |

## PAYMENT SECTION

| NUMBER OF CLASSES | 2 |
|---|---|
| NUMBER OF CLASSES PAID | 2 |
| COMBINED §§ 8 & 9 DECLARATION/APPLICATION FILING FEE | 850 |
| TOTAL FEE PAID | 850 |

## SIGNATURE SECTION

| ORIGINAL PDF FILE | hw_661295197-132653080 . Renewal_Signed_Dec.pdf |
|---|---|
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT17\IMAGEOUT17\737\901\73790196\xml2\S890013.JPG |
| SIGNATORY'S NAME | David Remund |
| SIGNATORY'S POSITION | Executive Director, University Communications and Marketing |
| PAYMENT METHOD | DA |

## FILING INFORMATION

| SUBMIT DATE | |
|---|---|

| **SUBMIT DATE** | Fri Nov 08 13:35:31 EST 2019 |
|---|---|
| **TEAS STAMP** | USPTO/S08N09-XX.XXX.XX.XX -20191108133531972628-156 7283-700435fcbf267b0d8663 4d3131474108abcc2161777dc eb713a8fd86bd4719bcb-DA-3 5311317-20191108132653080 182 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1963 (Rev 05/2006)
OMB No. 0651-0055 (Exp 10/31/2021)

## Combined Declaration of Use and/or Excusable Nonuse/Application for Renewal of Registration of a Mark under Sections 8 & 9

### To the Commissioner for Trademarks:

**REGISTRATION NUMBER:** 1567283
**REGISTRATION DATE:** 11/21/1989

**MARK:** (Stylized and/or with Design, D (see, mark))

The owner, DRAKE UNIVERSITY, a corporation of Iowa, having an address of
   2507 University Avenue
   DES MOINES, Iowa 50311
   United States
is filing a Combined Declaration of Use and/or Excusable Nonuse/Application for Renewal of Registration of a Mark under Sections 8 & 9.

For International Class 025, this filing does **NOT** cover the following goods or services for this specific class listed in the registration, and these goods or services are to be permanently **deleted** from the registration: VISORS AND HATS

The mark is in use in commerce on or in connection with the following goods or services listed in the existing registration for this specific class; or, the owner is making the listed excusable nonuse claim: SWEATSHIRTS, JACKETS, AND T-SHIRTS

The owner is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in this class, consisting of a(n) photos of shirts showing the mark, screenshot of website showing shirts showing the mark.
Specimen File1
Specimen File2
Specimen File3

For International Class 041, the mark is in use in commerce on or in connection with **all** goods/services, or to indicate membership in the collective membership organization, listed in the existing registration for this specific class: ENTERTAINMENT AND CONDUCTING COLLEGIATE SPORTING EVENTS, NAMELY, FOOTBALL, BASKETBALL, WRESTLING AND TRACK EVENTS ; or, the owner is making the listed excusable nonuse claim.

The owner is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in this class, consisting of a(n) social media screenshot showing mark used for Instagram home page; signs used for activities on campus showing the mark.
**JPG file(s):**
Specimen File1
**Original PDF file:**
SPN1-661295197-20191104151217010482_._SAA_Scavenger_Hunt_19_Flyers.pdf
**Converted PDF file(s)** (7 pages)
Specimen File1
Specimen File2
Specimen File3
Specimen File4
Specimen File5
Specimen File6
Specimen File7

The applicant's current attorney information: Christine Lebron-Dykeman. Christine Lebron-Dykeman of McKee, Voorhees & Sease, PLC, is located at

   801 Grand Avenue, Suite 3200
   Des Moines, Iowa 50309-2721
   United States
The docket/reference number is T01136US0.

**010**

The phone number is 515-288-3667.

The fax number is 515-288-1338.

The email address is patatty@ipmvs.com

The applicants proposed attorney information: Christine Lebron-Dykeman. Other appointed attorneys are Bruce W. McKee, Edmund J. Sease, Mark D. Hansing, Kirk M. Hartung, Patricia A. Sweeney, Heidi S. Nebel, Michael C. Gilchrist, R. Scott Johnson, Cassandra J. Edgar, Jill N. Link, Luke T. Mohrhauser, Jonathan L. Kennedy, Brandon W. Clark, Nicholas J. Krob, Sarah M. Dickhut, Gregory Gunnerson, Oliver P. Couture, Tina G. Yin Sowatzke, Julie L. Spieker. Christine Lebron-Dykeman of McKee, Voorhees & Sease, PLC, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, and the attorney(s) is located at

> 801 Grand Avenue, Suite 3200
> Des Moines, Iowa 50309-2721
> United States
The docket/reference number is T01136US0.

The phone number is 515-288-3667.

The fax number is 515-288-1338.

The email address is patatty@ipmvs.com

Christine Lebron-Dykeman submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.

The applicant's current correspondence information: Christine Lebron-Dykeman. Christine Lebron-Dykeman of McKee, Voorhees & Sease, PLC, is located at

> 801 Grand Avenue, Suite 3200
> Des Moines, Iowa 50309-2721
> United States
The docket/reference number is T01136US0.

The phone number is 515-288-3667.

The fax number is 515-288-1338.

The email address is patatty@ipmvs.com

A fee payment in the amount of $850 will be submitted with the form, representing payment for 2 class(es), plus any additional grace period fee, if necessary.

### Declaration

**Original PDF file:**
hw_661295197-132653080_._Renewal_Signed_Dec.pdf
**Converted PDF file(s)** (1 page)
Signature File1
Signatory's Name: David Remund
Signatory's Position: Executive Director, University Communications and Marketing

Mailing Address **(current):**
  McKee, Voorhees & Sease, PLC
  801 Grand Avenue, Suite 3200
  Des Moines, Iowa 50309-2721

Mailing Address **(proposed):**
  McKee, Voorhees & Sease, PLC

011

801 Grand Avenue, Suite 3200
Des Moines, Iowa 50309-2721

Serial Number: 73790196
Internet Transmission Date: Fri Nov 08 13:35:31 EST 2019
TEAS Stamp: USPTO/S08N09-XX.XXX.XX.XX-20191108133531
972628-1567283-700435fcbf267b0d86634d313
1474108abcc2161777dceb713a8fd86bd4719bcb
-DA-35311317-20191108132653080182



013





**Marching Spike Drake Hoodie**

$65.00

Spike the Bulldog has been Drake's mascot since the 1930s and now you can carry on his legacy with this super soft triblend hoodie.



# TRADITION

# HUBBELLING
## QUAD CREEK



**STUDENT ALUMNI ASSOCIATION**

# TRADITION

# KISSING ROCK

## DRAKE'S SMOOCHING STONE



**STUDENT ALUMNI ASSOCIATION**

# TRADITION

## MADDIE'S CIRCLE

### CATCH THE PHILANTHROPY BUG



**STUDENT ALUMNI ASSOCIATION**

# TRADITION

## RETAKE DRAKE

DRAKE **AT** DRAKE



**STUDENT ALUMNI ASSOCIATION**

020

# TRADITION

## DRAKE RELAYS
### PAINTED STREET



**STUDENT ALUMNI ASSOCIATION**

021

# TRADITION

# GRIFF
## LIVE MASCOT



**STUDENT ALUMNI ASSOCIATION**

# TRADITION

# DON ADAMS
## 50 YEARS AT DRAKE



**STUDENT ALUMNI ASSOCIATION**

**Declaration**

Read the following statements before signing. Acknowledge the statements by signing below.

- Unless the owner has specifically claimed excusable nonuse, the mark is in use in commerce on or in connection with the goods/services or to indicate membership in the collective membership organization identified above, as evidenced by the attached specimen(s).

- Unless the owner has specifically claimed excusable nonuse, the specimen(s) shows the mark as currently used in commerce on or in connection with the goods/services/collective membership organization.

- The registrant requests that the registration be renewed for the goods/services/collective organization identified above.

- To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

- The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of this submission and the registration, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Signature Section**

Signature: _____

Date: 11-5-2019

Signatory's Name: David Remund

Signatory's Position: Executive Director, University Communications and Marketing

**NOTE TO APPLICANT:** When filed as part of the electronic form (i.e., scanned and attached as an image file), the signature page **must** include both the signature information and the declaration language. Do **not** include the entire application, but do ensure that the declaration language actually appears; *a signature by itself will not be acceptable.* If, due to browser limitations, the declaration language appears on a previous page when printed, you must "merge" the declaration and signature block onto a single page prior to signing, so that the *one complete page* can be scanned to create an acceptable image file. It is recommended that you copy-and-paste the entire text form into another document, manipulate the spacing there to move the declaration and signature section to a separate page, and then print this new version of the text form to send to the signatory.

024

**ROUTING SHEET TO POST REGISTRATION (PRU)**   **Registration Number:**   1567283



**Serial Number:**   73790196

**RAM Sale Number:  1567283**

**RAM Accounting Date:  20191108**   **Total Fees:**   $850

Note:  Process in accordance with Post Registration Standard Operating Procedure (SOP)

| Transaction | Fee Code | Transaction Date | Fee per Class | Number of Classes | Number of Classes Paid | Total Fee |
|---|---|---|---|---|---|---|
| §8 affidavit | 7205 | 20191108 | $125 | 2 | 2 | $250 |
| Application for Renewal (§9) | 7201 | 20191108 | $300 | 2 | 2 | $600 |

Physical Location: 900  - NO PHYSICAL FILE

Lost Case Flag: False

In TICRS (AM-FLG-IN-TICRS): True

**Transaction Date:**   20191108



# ATTACHMENT B

PTO- 1478
Approved for use through 10/31/2024  OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# Trademark/Service Mark Application, Principal Register

**Serial Number: 98277324**
**Filing Date: 11/19/2023**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 98277324 |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT18\IMAGEOUT 18\982\773\98277324\xml1 \ APP0002.JPG |
| SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | D DMACC |
| COLOR MARK | NO |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of A stylized letter "D" and literal element "DMACC". |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 944 x 908 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Des Moines Area Community College |
| *MAILING ADDRESS | 2006 South Ankeny Blvd. |
| *CITY | Ankeny |
| *STATE (Required for U.S. applicants) | Iowa |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 50023 |
| *EMAIL ADDRESS | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | non-profit corporation |
| STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY WHERE LEGALLY ORGANIZED | Iowa |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 041 |
| *IDENTIFICATION | Educating at university or colleges; Educational services, namely, conducting distance learning instruction at the community college level; Educational services, namely, providing courses of instruction at the community college level |

027

| | |
|---|---|
| | and distribution of course material in connection therewith |
| **FILING BASIS** | SECTION 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 10/23/2023 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 10/23/2023 |
| **SPECIMEN FILE NAME(S)** | |
| **ORIGINAL PDF FILE** | SPE0-6515813726-202311192 30949498670 . DMACCLogoSp ecimen.pdf |
| **CONVERTED PDF FILE(S)** (4 pages) | \\TICRS\EXPORT18\IMAGEOUT 18\982\773\98277324\xml1\ APP0003.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\982\773\98277324\xml1\ APP0004.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\982\773\98277324\xml1\ APP0005.JPG |
| | \\TICRS\EXPORT18\IMAGEOUT 18\982\773\98277324\xml1\ APP0006.JPG |
| **SPECIMEN DESCRIPTION** | Screenshot of Applicant's webpage, describing services |
| **WEBPAGE URL** | None Provided |
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **ATTORNEY INFORMATION** | |
| **NAME** | Matthew Coryell |
| **ATTORNEY BAR MEMBERSHIP NUMBER** | XXX |
| **YEAR OF ADMISSION** | XXXX |
| **U.S. STATE/ COMMONWEALTH/ TERRITORY** | XX |
| **FIRM NAME** | Dentons Davis Brown |
| **STREET** | 215 10th Street, Ste. 1300 |
| **CITY** | Des Moines |
| **STATE** | Iowa |
| **COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **ZIP/POSTAL CODE** | 50309 |
| **PHONE** | 515-288-2500 |
| **EMAIL ADDRESS** | matt.coryell@dentons.com |
| **OTHER APPOINTED ATTORNEY** | Matthew Warner-Blankenship; Kassandra Ricklefs; Joseph Schneiders |
| **CORRESPONDENCE INFORMATION** | |
| **NAME** | Matthew Coryell |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | matt.coryell@dentons.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | angie.kenin@dentons.com |
| **FEE INFORMATION** | |
| **APPLICATION FILING OPTION** | TEAS Standard |
| **NUMBER OF CLASSES** | 1 |

| APPLICATION FOR REGISTRATION PER CLASS | 350 |
|---|---|
| *TOTAL FEES DUE | 350 |
| *TOTAL FEES PAID | 350 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /MWC/ |
| SIGNATORY'S NAME | Coryell, Matthew, W |
| SIGNATORY'S POSITION | Attorney of record, Iowa bar member |
| SIGNATORY'S PHONE NUMBER | 515-288-2500 |
| DATE SIGNED | 11/19/2023 |
| SIGNATURE METHOD | Signed directly within the form |

PTO- 1478
Approved for use through 10.01.2024  OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Trademark/Service Mark Application, Principal Register

**Serial Number: 98277324**
**Filing Date: 11/19/2023**

### To the Commissioner for Trademarks:

**MARK:** D DMACC (stylized and/or with design, see mark)

The literal element of the mark consists of D DMACC. The mark consists of A stylized letter "D" and literal element "DMACC".

The applicant, Des Moines Area Community College, a non-profit corporation legally organized under the laws of Iowa, having an address of
2006 South Ankeny Blvd.
Ankeny, Iowa 50023
United States
XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

International Class 041:  Educating at university or colleges; Educational services, namely, conducting distance learning instruction at the community college level; Educational services, namely, providing courses of instruction at the community college level and distribution of course material in connection therewith

In International Class 041, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 10/23/2023, and first used in commerce at least as early as 10/23/2023, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Screenshot of Applicant's webpage, describing services.

**Original PDF file:**
SPE0-6515813726-202311192 30949498670 . DMACCLogoSp ecimen.pdf
**Converted PDF file(s)** (4 pages)
Specimen File1
Specimen File2
Specimen File3
Specimen File4
Webpage URL: None Provided
Webpage Date of Access: None Provided

The owner's/holder's proposed attorney information: Matthew Coryell. Other appointed attorneys are Matthew Warner-Blankenship; Kassandra Ricklefs; Joseph Schneiders. Matthew Coryell of Dentons Davis Brown, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, and the attorney(s) is located at
215 10th Street, Ste. 1300
Des Moines, Iowa 50309
United States
515-288-2500(phone)
matt.coryell@dentons.com

Matthew Coryell submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.

The applicant's current Correspondence Information:
Matthew Coryell
PRIMARY EMAIL FOR CORRESPONDENCE: matt.coryell@dentons.com

**030**

SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): angie.kenin@dentons.com

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

A fee payment in the amount of $350 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

☑ **Basis:**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /MWC/   Date: 11/19/2023
Signatory's Name: Coryell, Matthew, W
Signatory's Position: Attorney of record, Iowa bar member
Signatory's Phone Number: 515-288-2500
Signature method: Signed directly within the form
Payment Sale Number: 98277324
Payment Accounting Date: 11/20/2023

Serial Number: 98277324
Internet Transmission Date: Sun Nov 19 23:40:56 ET 2023
TEAS Stamp: USPTO/BAS-XX.XXX.XXX.XX-2023111923405807
2165-98277324-8604479c94c21af6669bf9d956
f2a7d74879245a92662a23174fc88b98156cacf-
CC-40568102-20231119230949498670



Welcome to DMACC



DMACC / ABOUT DMACC

### About DMACC

Navigate this section:

Your browser can't play this video.
Learn more

# Thank you for your interest in DMACC.

On behalf of the Board of Trustees and all of us at DMACC, I'd like to introduce you to one of the finest educational institutions in America that was once again voted Best Community College by CityView readers. The more you learn about DMACC, the more you will experience our truly unique approach to education, student support and engagement. Our

Central Iowa locations are an advantage for students too. See all the reasons why Des
Moines is a great place to live, study and work. I hope you click on my intro to DMACC video.
I hope to see you on one of our 12 Central Iowa locations soon!

**Robert J. Denson**
President
Des Moines Area Community College

» View Presidential Bio

## Contact Us

515-964-6200

infodesk@dmacc.edu



Welcome to DMACC



© 5585   Data Privacy Policy   Nondiscrimination Statement   Website Accessibility Statement

https://internal.dmacc.edu/about/Pages/welcome.aspx[11/19/2023 4:33:05 PM]

Welcome to DMACC

Web Updates

036



**Fredrikson & Byron, P.A.**
Attorneys and Advisors

111 E. Grand Avenue, Suite 301
Des Moines, IA 50309-1884
Main: 515.242.8900
fredlaw.com

July 8, 2024

**VIA EMAIL ONLY**

Josh Conley
Zarley Conley
580 Market Street, Suite 101
West Des Moines, IA 50266

Re:     Drake University v. DMACC – L00194

Dear Mr. Conley:

There is no basis for Fredrikson & Byron, PA ("Fredrikson") to withdraw from representing its client Des Moines Area Community College ("DMACC") with respect to Drake University's recent allegations of trademark infringement or unfair competition based on the DMACC logo launched last October.

Disqualification of a party's counsel is an "extreme measure" that should be imposed by a court only when "absolutely necessary." *Macheca Transp. Co. v. Phila. Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006). The reason for this is simple: "A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." *Id.* "Because of the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly strict judicial scrutiny." *Harker v. Comm'r of Internal Revenue*, 82 F.3d 806, 808 (8th Cir. 1996) (internal quotation marks and citations omitted); *accord Macheca.*, 463 F.3d at 833 (quoting *Harker*, 82 F.3d at 808). Courts must be "vigilant to thwart any misuse of a motion to disqualify for strategic reasons." *Bottoms v. Stapleton*, 706 N.W.2d 411, 415 (Iowa 2005); *Hoffmann v. Internal Med., P.C. of Ottumwa*, 533 N.W.2d 834, 836 (Iowa Ct. App. 1995).

The Iowa Rules of Professional Responsibility provide the basis for evaluating whether disqualification is warranted. *See Bottoms*, 706 N.W.2d at 415; *accord Urbandale Best, LLC v. R & R Real Est. Invs., LLC*, No. 4:17-cv-00264-JAJ-SBJ, 2018 WL 10345479, at *3 (S.D. Iowa June 12, 2018). Moreover, "the mere assertion that there is a conflict is insufficient to support a claim for disqualification." *Autoscribe Corp. v. Wells Fargo Bank, N.A.*, No. 4:10-cv-00202-JEG-TJS, 2010 WL 11564962, at *3 (S.D. Iowa Nov. 3, 2010). In your July 3 letter, you allege that a former client conflict involving me is imputed to Fredrikson and disqualifies Fredrikson from representing DMACC in the current matter.

Iowa Rule of Professional Conduct 32:1.9 states:

July 8, 2024
Page 2



> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Iowa R. Prof'l Conduct 32:1.9(a). The comments to Rule 32:1.9 provide that matters are "substantially related" if they involve "the same transaction or legal dispute" or if there is otherwise "a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Iowa R. Prof'l Conduct 32:1.9 cmt. 3. Information from a prior representation may be rendered obsolete over time. *Id.*

I joined Fredrikson in January 2020 after spending almost 22 years with McKee, Voorhees, & Sease ("McKee"), where I practiced in IP litigation and licensing. I have no recollection of representing Drake in any proceeding while at McKee; in fact, I have no recollection of ever working on *any* matters for Drake. I did not participate in any trademark prosecution for Drake. I am not aware of any facts gained through my prior firm's representation of Drake during renewal of Drake's trademarks. I do not recall being exposed to any Drake confidential information. Notably, your letter provides no insight into *what* confidential information you believe Drake ever disclosed.

As you know, all trademark applications are filed, examined, and registered publicly and documents related to these public filings are available for anyone to review. The substantive prosecution on the trademark at issue in your cease and desist letter (the '283 Registration) actually closed before I attended law school. The '283 Registration issued on November 21, 1989, which was even before I graduated from high school (class of 1992). The last affidavits submitted for that mark (to verify continued use and request renewal) were filed November 8, 2019 (Attachment A). I did not participate in the creation, communication, or filing of these affidavits. The affidavits for use and renewal (known as the Section 8 & 9 Declarations) were filed by Christine Lebron-Dykeman, who I recall handled most of the McKee firm's trademark prosecution. I was listed along with every other attorney at McKee as "Other Appointed Counsel" as part of what I believe was standard practice at the firm.

Furthermore, your July 3, 2024, letter alleging the ethical concerns mentions for the first time two other federal trademark registrations which may be at issue. Both marks were registered long ago. Substantive prosecution on the '202 Registration closed when it issued on September 9, 2008, and the '043 Registration issued on October 21, 2014. I was not involved in any of the relevant trademark prosecutions. I was not involved in any client communications about these trademarks, nor was I involved in any of the renewals or affidavits of use submitted to maintain these registrations. I do not possess any "confidential factual information" that would materially advance DMACC's position in the current matter.

July 8, 2024
Page 3



Your letter also raises the fact that Tina Yin Sowatzke, who was formerly employed by Fredrikson, was also employed by McKee for a period of three years and was listed as counsel of record on the '283 Registration. I never spoke to Ms. Yin Sowatzke about the present matter or about any work or information she might have learned at McKee while she was employed there. She has confirmed she did not work on DMACC matters at Fredrikson. Ms. Yin Sowatzke also confirmed that she did not work or consult on the '283 Registration, and, in fact, she was not even aware she was identified as an appointed counsel as it relates to that mark. She further confirmed that she did not discuss this mark with anyone while at Fredrikson.

Additionally, as you have noted, Ms. Yin Sowatzke has left her employment with Fredrikson, which further reduces the alleged risk of Fredrikson having access to any confidential information. After a lawyer leaves employment with a law firm, Rule 1.10(b) allows the firm to represent a client with interests adverse to a former client of the departed attorney so long as the matter is not substantially related to the other matter in which the departed lawyer represented the former client and no remaining lawyer has (either in memory or in accessible client files) any confidential information. Iowa R. Prof'l Conduct 32:1.10(b). Neither of those is the case here.

In any event, this current trademark issue did not exist when either Ms. Yin Sowatzke or I were at McKee, as DMACC did not adopt its new logo until late 2023. (See Attachment B.) The alleged infringement issue regarding DMACC's logo is neither the same as, nor substantially related to, any work McKee did for Drake while I was a member of that firm. While DMACC asserts that the scope of the asserted protection is not so broad as to encompass DMACC's new logo, this does not make the present dispute "the same or a substantially related matter" to the trademark registration work.

Far from being "axiomatic" or "unquestionable" that Ms. Yin Sowatzke or I "were privy to any confidences related to securing, commercializing, and enforcing Drake's intellectual property," there is, in fact, no evidence of this at all. Because no conflict of interest restricts me with respect to representing DMACC in this matter, there is no conflict that can be imputed to Fredrikson. Given the timing of your letter (sent the afternoon before the July 4 holiday weekend and demanding a response the following Monday), your inclusion of my managing shareholder, and your failure to reference any confidential factual information actually in my possession, I am concerned you sent your letter in an attempt to gain competitive advantage for your client. Regardless, any attempt by Drake to disqualify DMACC's chosen counsel will fail and, in the process, waste the parties' time and resources in a frivolous side show.

**Fredrikson**

July 8, 2024
Page 4

Sincerely,

R. Scott Johnson
**Direct Dial:** 515.242.8930
**Email:** rsjohnson@fredlaw.com

RSJ

VIA EMAIL
rsjohnson@fredlaw.com
lmyers@fredlaw.com

R. Scott Johnson
Laura Myers
Shareholders
Fredrikson & Byron P.A.
111 E. Grand Avenue
Suite 301
Des Moines, Iowa 50309

| Title | Re: |
| --- | --- |
| Drake Univ. v. Des Moines Area Cmty. Coll. Found. | Withdrawal of Representation |

| Case No. | Our Docket | Attorney Contact | Date |
| --- | --- | --- | --- |
| 4:24-cv-227 (S.D. Iowa) | L00194 | jconley@zarleyconley.com | July 10, 2024 |

Dear Scott:

We are writing in response to your letter dated July 8, 2024. We urge you to reconsider your position.

To reiterate, confidences are **presumed** to have been shared between Drake and McKee, Voorhees & Sease ("MVS") by virtue of its attorney-client relationship involving Drake's intellectual property, including both registered and unregistered trademarks. *State of Ark. V. Dean Foods Prods. Co., Inc.*, 605 F.2d 380, 384–85 (8th Cir. 1979). Those confidences, in turn, are **presumed** to have been shared among the firm's partners and employees, including you. *Engineered Prods. Co. v. Donaldson, Co., Inc.*, 290 F. Supp.2d 974, 980–81 (N.D. Iowa 2003). Confidential disclosures, **actual or presumed**, necessitate disqualification when the lawyer represents an adverse interest in a related matter. *Id.* at 980. While lawyers are associated in a firm, **none shall** represent a client when any one of them practicing alone would be prohibited from doing so. IRPC 32:1:10.

The confidences imputed to you are surely related to the present dispute. Part and parcel of maintaining trademarks for a client is advisement on, *inter alia*, the marks' use in commerce, strength, scope, and potential infringement on an ongoing basis lasting well beyond the registration date. It cannot be seriously argued that these confidences which relate to the procurement, maintenance, and enforcement of Drake's brand are unrelated to its dispute with DMACC.

Your July 8 response ignores the foregoing, and merely argues you have no **actual** knowledge of any Drake matters. This is irrelevant. *See Engineered Prods.*, 290 F. Supp.2d at 980 (above). Your mere employ at MVS **necessitates** disqualification even if you weren't specifically named as an appointed attorney on Drake's asserted registrations––which you are. You are plainly prohibited from representing DMACC in this dispute, which means Fredrikson & Byron is as well.



July 10, 2024
Page 2

Under the circumstances, your dismissive characterization of our contentions as a "frivolous side show" is concerning as it fails to comport with reality.  This is not litigation gamesmanship; Drake is, understandably, deeply troubled by you and your firm's involvement.   Further, Ms. Rose is included on these communications because we expect Fredrikson & Byron as a whole to stay out of this dispute, the refusal of which implicates all attorneys under her oversight.

Should Fredrikson & Byron refuse to bow out, let us know the earliest possible time to meet and confer.

Best Regards,

Josh Conley

JJC/JDG

cc:      Melodie R. Rose

**042**



Fredrikson & Byron, P.A.
Attorneys and Advisors

111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1884
Main: 515.242.8900
fredlaw.com

July 15, 2024


**VIA EMAIL ONLY**

Josh Conley
Zarley Conley
580 Market Street, Suite 101
West Des Moines, IA 50266

Re:     Drake University v. DMACC – L00194

Dear Mr. Conley:

I am writing in response to your letter dated July 10, 2024, to correct what appears to be your mistaken view of the legal standard for disqualification of counsel based on my prior firm's representation of Drake.  Both of the cases cited in your letter were decided decades ago when the Canons of the Code of Professional Responsibility (the "Canons") governed the standard for disqualification of counsel based upon a conflict of interest.  The Iowa Rules of Professional Conduct (the "Rules") were adopted in 2005. The amendments to Rule 32:1.9 along with case law developments have changed both the procedures and the substantive criteria for analyzing former client conflicts.  In particular, I would direct you to Rule 32:1.9(b) and comment 5.  Comment 5 states:

> Paragraph (b) operates to disqualify the lawyer *only when the lawyer involved has actual knowledge of information protected by rules 32:1.6 and 32:1.9(c)*.  Thus, if a lawyer while with one firm acquired no knowledge or information relating to a particular client of the firm, and that lawyer later joined another firm, neither the lawyer individually nor the second firm is disqualified from representing another client in the same or a related matter even though the interests of the two clients conflict.

(emphasis added). The Court in *Deere & Co. v. Kinze Manufacturing*, No. 4:20-cv-00389-RGE-SHK, 2021 WL 5334212 (S.D. Iowa October 1, 2021) summarized the standard under Rule 32:1.9(b): "Thus, to warrant disqualification: 1) the matters at issue must be the same or substantially related; and 2) the individual lawyer must have 'actual knowledge' of protected information 'material to the matter' in the present litigation."  2021 WL 5334212, *8 (citations omitted). "Knowledge" is a defined term under the ethics rules and "denotes actual knowledge of the fact in question." See Rule 32:1.0(f).  In *Deere*, the lawyer originally appearing for Deere did not have actual knowledge of any relevant confidential information that may have been possessed by other lawyers at his former firm; as a result, the Court held that disqualification was not warranted on that basis. *Id.*, *8-9.

July 15, 2024
Page 2



Even if caselaw under the Canons could be read to provide an "irrebuttable presumption" that a lawyer has knowledge of all confidential communications between his or her former firm's lawyers and clients, that is emphatically not the case under the Rules. Under the Rules, the party seeking to disqualify counsel under Rule 32:1.9(b) bears the burden to provide that the lawyer involved has actual knowledge of protected information.

As noted in my prior correspondence, I do not possess any of Drake's confidential information. I strongly encourage you to review comment 5 to Rule 32:1.9 and the *Deere* case before asserting a meritless disqualification motion with the Court.  I also request you immediately withdraw Docket No. 3 from Case No. 4:24-cv-00227-SMR-SBJ.


Sincerely,

R. Scott Johnson
**Direct Dial:**  515.242.8930
**Email:**  rsjohnson@fredlaw.com

VIA EMAIL
rsjohnson@fredlaw.com
lmyers@fredlaw.com

R. Scott Johnson
Laura Myers
Shareholders
Fredrikson & Byron P.A.
111 E. Grand Avenue
Suite 301
Des Moines, Iowa 50309

| Title | | Re: | |
|-------|--|-----|--|
| Drake v. DMACC | | Meet & Confer Recap | |

| Case No. | Our Docket | Attorney Contact | Date |
|----------|-----------|------------------|------|
| 4:24-cv-227 (S.D. Iowa) | L00194 | jconley@zarleyconley.com | July 17, 2024 |

Dear Scott:

We are writing to follow up on our call on Monday.  During the call we discussed the proper parties to this dispute (i.e., DMACC or DMACC Foundation [the "Foundation"]), brief length, deadlines, and disqualification.

DMACC is a required party per Fed. R. Civ. P. 19(a).  Your position was that you would consent to a motion to add DMACC and agree not to move for dismissal on the condition that we (1) agree to extend the deadlines to (a) resist our preliminary injunction motion, and (b) file an Answer, **and** (2) agree to provide you with up to 50 pages for a preliminary injunction resistance brief.  We stated we could not agree to an extension of deadlines given the irreparable harm that is presently occurring.  You disputed that on the basis that we waited nine months to bring suit, but as you are aware, settlement discussions between our clients were ongoing for the vast majority of that time.

On Tuesday, we sought to add DMACC in addition to the Foundation.  In doing so, we requested that the current deadlines remain in place, but also apprised the Court of your request to have deadlines set on July 31.  Yesterday afternoon, the Court granted our motion in part and set all of Defendants' deadlines for July 31.  A copy of that order accompanies this letter.  Please note the amended documents, which have just been filed, are identical but for the addition of DMACC, i.e., the institution created by statute.  Once a summons issues, we will undertake efforts to effect service.

Regarding your proposed motion to dismiss the Foundation on the basis that they do not make or sell anything, we find that rationale lacking.  First, if that is your contention, it is better suited for a summary judgment motion rather than a motion to dismiss.  Second, the Foundation holds itself out to the public as being intrinsically involved in DMACC's operations, including facility and program enhancements.  This of



course provides more than an adequate basis to allege that the complaint of infringement is, at least, partially attributable to the Foundation.  Accordingly, it is our belief that your suggestion that you'll seek dismissal is not based on law or fact but rather a dilatory tactic to allow further harm to come to our client. This is readily apparent given you used the motion to dismiss as leverage to get additional time and pages.  I believe you stated during our call that either we allow you until July 31st to respond to the initial filings or you would file your motion to dismiss.

Regarding brief length, we stated that while we would be willing to consider a reasonable number of additional pages, a "blank check" for 50 was a nonstarter.  The substance of our brief is 34 pages (excluding caption, table of contents and signature block), half of which are background facts and legal standards the majority of which do not need to be restated in a resistance.  As for the number of exhibits, they are mostly single-page pictures.  Our offer remains open to reconsider consent to additional pages if a more precise request can be made.

On disqualification, you are unwilling to seal your filings pending the outcome of any motions to disqualify, even though we stated the purpose of any such motion would be to protect Drake from the inherent harm of any representations you would make on the record as an attorney that had representative capacity with Drake.  Additionally, you flatly refused the possibility of withdrawing yourself while allowing Fredrikson to remain.

You were adamant that we lacked a basis for seeking withdrawal because we have not identified specific privileged information you obtained.  Your position is based on the findings in *Deere v. Kinze*, and Comment 5 of Rule 32:1.9(b).  Our position is that this stance is too narrow and our prior letters outline the information of concern with sufficient detail to meet our burden.

We will be moving forward with seeking disqualification even in the face of your assertion that you will seek sanctions with the ethics board if we do.  Before you take such drastic and ill-conceived measures, we ask that you review the applicable rules and comments, which extend beyond a single rule and a single comment.  Further, we believe on review of the federal precedent, including the full *Deere* decision, you will find that our basis for requesting your withdrawal is well-founded and not a tactic to obtain a competitive advantage.

Finally, you requested that we rescind Docket No. 3––a Notice to the Court of our request for Fredrikson's withdrawal––which we denied.  Although you characterized this as a publicity stunt intended to embarrass you, we assure you this is inaccurate; the notice solely apprises the Court of a legitimate concern our client has, and in furtherance of which we will pursue the course of conduct outlined therein.

This is likely not the last time we will be on opposing sides of a dispute.  While we understand you believe our actions are malicious, they are not.  Our conduct is driven by advocacy for our client and is in no way meant as a personal affront or other questioning of your professionalism.  We would expect you to



understand this as you were counsel in the *Deere* case in which you facilitated the disqualification of your former colleague Jeff Harty.

   If you believe any of this is a mischaracterization or if anything is omitted, please let us know as soon as possible so we are of the same understanding.

                                        Best Regards,

                                        Josh Conley

JJC/JDG/eam

Attachment