IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>        Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE<br>        Defendants. | No. 4:24-cv-00227<br><br>**DECLARATION OF EARL F. MARTIN** |
| DES MOINES AREA COMMUNITY COLLEGE,<br>        Counterclaim Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br>        Counterclaim Defendant. | |

I, Earl F. Martin, declare under penalty of perjury that the following is true and correct:

1.   I am the President of Drake University ("Drake") and am competent to make this declaration based on my personal knowledge.

2.   I received my bachelor's degree (1984) and J.D. (1987) from the University of Kentucky. I earned an LLM degree from Yale Law School in 1996.

3.   After earning my J.D., I spent eight years on active duty in the U.S. Air Force Judge Advocate General Corp ("JAG"). I spent an additional 12 years in the Air Force Reserves as a JAG officer, retiring as a lieutenant colonel in 2007.

4.   From 1996 to 1997, I served as a visiting assistant professor of law at the University of Illinois College of Law.

**EXHIBIT 21**

5. From 1997 to 2005, I served as an associate and then full professor of law at Texas Wesleyan University School of Law. From 2003 to 2005, I also served as the Associate Dean for the law school.

6. From 2005 to 2010, I served as Dean of the Gonzaga University School of Law.

7. From 2010 to 2015, I served as Executive Vice President of Gonzaga University.

8. I joined Drake University as President in July of 2015.

9. My current role involves oversight of Drake's brand and public image, including its intellectual property.

10. For as long as I have been at Drake, we have utilized the law firm of McKee, Voorhees & Sease, PLC ("MVS") exclusively to secure and protect Drake's intellectual property. It is my understanding that Drake has utilized MVS and its predecessor(s) as its sole advisor and administrator of Drake's intellectual property for at least the last 40 years.

11. To the best of my knowledge, MVS either exclusively handled or assisted Drake in handling the drafting, prosecution, and maintenance of all of Drake's trademarks, including U.S. Registration Nos. 1,567,283 ("Marching Spike"), 3,498,202 (the "Academic 'D'"), and 4,625,043 (the "Athletic D").

12. Drake has regularly worked closely with MVS in the prosecution and maintenance of, as well as general advice and counsel regarding, all of Drake's intellectual property.

13. During Drake's relationship with MVS, we have freely shared confidential business information with MVS.

14. MVS was our trusted legal advisor and in this capacity provided legal opinions and guidance regarding various intellectual property matters, including due diligence, procurement,

maintenance, commercialization (e.g., licensing), litigation assessments, and coordinating prospective litigations, among a variety of other legal tasks.

15. As a small boutique law firm practicing only in intellectual property law, our understanding was that we were retaining MVS as a whole—not any one attorney—to handle all of Drake's intellectual property.

16. MVS knows Drake's intellectual property matters inside and out, including those trademarks we are presently seeking to enforce against Des Moines Area Community College ("DMACC") in Civil Case No. 4:24-cv-227 in United States District Court for the Southern District of Iowa (the "Litigation").

17. Drake trusted MVS with this information because of the duties of confidentiality and undivided loyalty it owed us as our lawyers.

18. While I understand trademark registrations and their file histories are public records on the United States Patent and Trademark Office ("USPTO") website, MVS was privy to confidential information regarding how Drake's trademarks were being used that would not appear in the public record; for example, whether marks should be abandoned or modified based on their use in commerce. While MVS counseled Drake on what to file with the USPTO, MVS also counseled Drake on what *not* to file; for example, if a mark was too weak to support federal registration or if some other limitation was present that could negatively affect Drake's ability to enforce its intellectual property rights.

19. In late 2023, DMACC unveiled a new overhaul of its branding, which included changing its logo and school colors (the "Rebrand").

20.     Shortly after the Rebrand was announced, Drake began discussions with DMACC over concerns that several aspects of DMACC's new branding were too similar to Drake's long-established brand identity.

21.     Discussions took place between Drake and DMACC at several levels, including informal discussions between individuals from the respective schools, meetings between the schools' marketing teams, and conversations between myself and DMACC's President, Rob Denson.

22.     Our discussions eventually reached an impasse, at which point Mr. Denson referred all further communications to DMACC's attorney, R. Scott Johnson at Fredrikson & Byron, P.A ("Fredrikson").

23.     My understanding is that Mr. Johnson joined Fredrikson & Byron in 2020. Prior to that, he worked as an attorney at MVS for over twenty years, during which time MVS was Drake's exclusive intellectual property counsel.

24.     Below is an excerpt from a Combined Declaration of Use/Application for Renewal filed by MVS for Drake's Marching Spike trademark registration, showing R. Scott Johnson and Tina Yin Sowatzke as "Other Appointed Attorney[s]":

| FIRM NAME | McKee, Voorhees & Sease, PLC |
|---|---|
| STREET | 801 Grand Avenue, Suite 3200 |
| CITY | Des Moines |
| STATE | Iowa |
| POSTAL CODE | 50309-2721 |
| COUNTRY | United States |
| PHONE | 515-288-3667 |
| FAX | 515-288-1338 |
| EMAIL | patatty@ipmvs.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| DOCKET/REFERENCE NUMBER | T01136US0 |
| OTHER APPOINTED ATTORNEY | Bruce W. McKee, Edmund J. Sease, Mark D. Hansing, Kirk M. Hartung, Patricia A. Sweeney, Heidi S. Nebel, Michael C. Gilchrist, R. Scott Johnson, Cassandra J. Edgar, Jill N. Link, Luke T. Mohrhauser, Jonathan L. Kennedy, Brandon W. Clark, Nicholas J. Krob, Sarah M. Dickhut, Gregory Gunnerson, Oliver P. Couture, Tina G. Yin Sowatzke, Julie L. Spieker |

See Exhibit 11, at 2 filed in support of Drake's Motion to Disqualify Counsel.

25.  Below is an excerpt from a Combined Declaration of Use/Application for Renewal filed by MVS for Drake's Academic D trademark registration, showing R. Scott Johnson as an "Other Appointed Attorney":

| FIRM NAME | MCKEE, VOORHEES & SEASE, PLC |
|---|---|
| INTERNAL ADDRESS | STE 32300 |
| STREET | 801 GRAND AVE |
| CITY | DES MOINES |
| STATE | Iowa |
| POSTAL CODE | 50309-2721 |
| COUNTRY | United States |
| PHONE | 515-288-3667 |
| FAX | 515-288-1338 |
| EMAIL | patatty@ipmvs.com |
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |
| DOCKET/REFERENCE NUMBER | T55463US00 |
| OTHER APPOINTED ATTORNEY | Bruce W. McKee, Edmund J. Sease, Mark D. Hansing, Kirk M. Hartung, Patricia A. Sweeney, Heidi S. Nebel, Michael C. Gilchrist, R. Scott Johnson, Cassandra J. Edgar, Jill N. Link, Luke T. Mohrhauser, Brandon W. Clark, Jonathan L. Kennedy, Xiaohong Liu, Nicholas J. Krob, Sarah M. Dickhut, Gregory Gunnerson, Oliver P. Couture |

*See* Exhibit 13, at 2 filed in support of Drake's Motion to Disqualify Counsel.

26.  Drake does not have any record of receiving notice of the withdrawal of Mr. Johnson or Ms. Yin Sowatzke from representing Drake.

27.  In DMACC's Answer and Resistance to Drake's Motion for Preliminary Injunction, Mr. Johnson, on behalf of DMACC, assails the strength of Drake's trademarks, alleging they are legally weak, invalid, and/or entitled only to a limited scope of protection.

28.  My understanding is that Mr. Johnson was asked by Drake's Litigation counsel to seal the above-referenced documents to avoid any potential harm to our University. He elected not to. As a result, in the short time between the documents being filed and subsequently sealed, multiple publications and/or news outlets reached out to Drake based on his representations.

29.  Drake must justifiably presume that Mr. Johnson, who was counsel at MVS for 20 years and is identified as a representative on trademarks before the USPTO, was privy to Drake confidences.

30. Drake has never received communication from Fredrikson directly, including any request for Drake's consent to represent the Defendants.

31. Drake does not and will not consent to Fredrikson's representations of Defendants.

32. It is shocking that an attorney formerly in a leadership position with Drake's exclusive intellectual property law firm is publicly attacking and undermining the assets we engaged his firm to secure and protect, which include both registered and unregistered trademarks.

33. I am extremely concerned that Mr. Johnson is using information he learned during his time at MVS to the disadvantage of Drake University. This inexplicable behavior is a betrayal and injustice to a former client which deserves much better from him.

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 13, 2024

*Earl F. Martin*
Earl F. Martin