IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>      Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>      Defendants.<br><br>DES MOINES AREA COMMUNITY COLLEGE,<br><br>      Counterclaim Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br><br>      Counterclaim Defendant. | Case No. 4:24-CV-00227-SMR-SBJ<br><br>**DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION** |

## I.    INTRODUCTION

Rather than acknowledge its mistake, Drake, *again*, doubled down on its shotgun-style pleadings. Simply put, Drake sued the wrong party in their original Complaint. Upon learning of its error, Drake had two options: 1) dismiss the incorrect party and amend the Complaint to name the correct party; or 2) rewrite the Complaint so that it complied with Rule 8(a)(2) by identifying how the pleader is entitled to relief from *each* defendant. Instead, Drake amended their complaint by adding one new paragraph identifying the correct party (DMACC—the academic institution—who Drake thought they were originally suing), and then collectively defined both DMACC and the Foundation as "DMACC"—alleging under Rule 11 that each of the paragraphs that followed

applied equally to both entities. Drake did not make any other noticeable changes in their Amended Complaint.

Because Drake failed to state a claim upon which relief can be granted against the Foundation, the Foundation must be dismissed.

## II. ARGUMENT

### A. Drake's Opposition Does Not Change that Drake Failed to Adequately Allege Which Entity Did What Under Rule 8.

Rule 8 is not a hard hurdle to clear. It simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Drake mistakenly named DMACCF rather than DMACC in its original Complaint. Rather than fixing its mistake, Drake has decided to continue to conflate the two entities. Because Drake chose not to dismiss and rename, Drake needs to clearly articulate in its Amended Complaint what allegations relate to DMACC and what allegations relate to DMACCF. *See Doe v. Univ. of Iowa,* No. 3:22-cv-00001, 2022 WL 4182196, at *1 (Sep. 2, 2022 S.D. Iowa). Drake has failed to recognize that the Foundation and DMACC are two separate entities with distinct functions. As such, Drake must state a claim upon which relief can be granted against *each* defendant. Drake did not do this in its Amended Complaint, forcing the Foundation to guess as to which allegations in the Amended Complaint are aimed at them (if any). Thus, the Foundation must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

In Drake's Resistance to the Foundation's Motion to Dismiss, counsel cited a variety of paragraphs that (they believe) are allegations against both DMACC and the Foundation. Notably, these paragraphs are identical to the original Complaint filed with this Court—filed when Drake believed it was suing DMACC, and Drake's counsel did not understand the difference between DMACC and the Foundation. *See* ECF 20 (Johnson Decl., Ex. 1, "With regard to entity, there is

2

no Des Moines Area Community College or DMACC registered with the Iowa Secretary of State. If Des Moines Area Community College is the proper party, what kind of entity is it?"). In the original Complaint, Drake was clearly attempting to assert its claims against DMACC, the academic institution. For example, paragraphs 122-124 of the original Complaint discuss DMACC's six academic campuses and seven learning centers across central Iowa. (Dkt. 17 at 32, ¶¶ 122–24). The Foundation is not an academic institution and does not own these centers. The Foundation also does not have more than 72,000 students across various levels of education (*Id.* at ¶ 131). The Foundation did not invest $100,000,000 in new and renovated facilities (*Id.* at ¶ 132). Nor did the Foundation announce its first rebranding initiative in 35 years (*Id.* at 36, ¶ 144). The list could go on and on. These are all things DMACC did—and that Drake's counsel wrote when it believed it was suing DMACC. ECF 20 (Johnson Decl., Ex. 1).

Drake's position that it has met its Rule 8 obligations because its complaint has allegations against "DMACC," which Drake defined to include both the Foundation and DMACC, rings hollow in light of the full context of Drake's mistaken beliefs, outlined in Exhibit 1 to the Johnson Declaration. It also runs afoul of well-settled caselaw: the Complaint fails to identify which entity is alleged to have done what.[1] Drake's Amended Complaint did not rise to the standard set forth in *Engle*. *Engel v. Buchan*, 710 F.3d 698 (7th Cir. 2013). The Plaintiff in *Engle* was able to successfully navigate asserting claims against multiple defendants because the complaint was written such that it was obvious to the Court which allegations were asserted against each

---

[1] Drake's additional allegations in its briefing that the Foundation infringes does not change the contents of the Amended Complaint. Notably, the allegations Drake's counsel provides in Drake's opposition briefing are missing from the Amended Complaint. Drake's counsel tries to argue the Foundation's use of its DMACC FOUNDATION & D mark to raise money, provide scholarships, and support giving to DMACC and its students is at issue. Yet, none of these activities are mentioned in the Amended Complaint, and should be disregarded.

defendant. Instead, Drake's Amended Complaint more closely resembles the complaint in *Grieveson*. *Grieveson v. Anderson*, 538 F.3d 763 (7th Cir. 2008). Here, as in *Grieveson*, it is impossible for the Court to determine which allegations were tied to each defendant. In *Grieveson*, the court held that the plaintiff failed to raise a genuine issue of material fact with respect to those defendants, and the complaint was dismissed. *Id.* at 777–78.

Drake has not made it obvious to the Foundation which allegations in the Amended Complaint are tied to them. Instead, Drake's Amended Complaint makes vague references and fails to tie specific allegations to specific defendants. This makes it impossible for the Foundation to properly respond to Drake's Amended Complaint. The Foundation asks that the Court grant its motion to dismiss in light of Drake's failure to articulate what (if any) allegations relate to the Foundation.[2]

**B.    The Foundation is Not a Required Party and Any Injunction Against DMACC Would Likely be Enforceable Against the Foundation.**

To attempt to sidestep the failures of the Amended Complaint, Drake has now asserted that the Court should not dismiss the Foundation because the Foundation is a required party. Even if that were true, it would not cure Drake's need to amend the Amended Complaint, which still fails Rule 8 as discussed above. The Foundation is not a necessary party for the court to provide complete relief in this matter. Federal Rule of Civil Procedure 19(a)(1)(A) states, "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties . . . ." There is no dispute that the Foundation is subject to service of process and personal jurisdiction in this District. However, the Court could award complete relief

---

[2] Alternatively, the Foundation respectfully requests the Court require Drake to clearly identify what allegations and claims, if any, are asserted against the Foundation.

without the Foundation as a named party in the lawsuit because it can grant an injunction against a defendant and their "agents, employees, servants, and all other persons acting in concert with any of them." *Western Heritage Ins. Co. v. RDS Grp., Inc.*, No. 4:10–cv–00262–JAJ–TJS, 2010 WL 11565287 (S.D. Iowa June 22, 2010). This language protects plaintiffs from defendants utilizing related entities (such as a nonprofit foundation) from getting around the injunction.

Drake's request for relief in their Amended Complaint asks for "an injunction temporarily, preliminarily and permanently enjoining DMACC, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation" with the named Defendants. (Dkt. 17 at 57, ¶ 1). The Foundation does not need to be a party to the lawsuit for Drake to obtain its requested relief. Drake can obtain its relief sought by dismissing the Foundation, suing DMACC the educational institution, and successfully obtaining an injunction that enjoins DMACC and parties acting in concert with DMACC, which includes the Foundation. Thus, the Foundation is not a required party.

## III.  CONCLUSION

Drake made a mistake in believing that the Foundation was DMACC.  The Foundation had no problem with a simple amendment to clean up that mistake.  But Drake chose not to do that, and instead chose to slap the proper party onto its pre-written Complaint and call it an Amended Complaint. Drake can obtain its relief sought by suing DMACC the educational institution alone. Conflating the Foundation and DMACC in the Amended Complaint is a violation of the pleading standard set forth in the Federal Rules of Civil Procedure. And arguing that the Foundation is a required party under the Federal Rules of Civil Procedure is meritless, because Drake's request for injunctive relief would encompass and be asserted against the Foundation if granted.  The Court should dismiss Defendant DMACCF.

                                        Respectfully submitted,

Date: August 21, 2024                        */s/ R. Scott Johnson*

                                        R. Scott Johnson (#AT0004007)
                                        Cara S. Donels (#AT0014198)
                                        Erin M. Boggess (#AT0015950)
                                        FREDRIKSON & BYRON, P.A.
                                        111 East Grand Avenue, Suite 301
                                        Des Moines, IA  50309-1977
                                        Telephone:  (515) 242-8900
                                        E-mail:  RSJohnson@fredlaw.com
                                                       CDonels@fredlaw.com
                                                       EBoggess@fredlaw.com

                                        Laura L. Myers (Minn. #0387116)
                                        (admitted *Pro Hac Vice*)
                                        FREDRIKSON & BYRON, P.A.
                                        60 South 6th Street, Suite 1500
                                        Minneapolis, MN  55402-4400
                                        Telephone:  (612) 492-7000
                                        E-mail:  LMyers@fredlaw.com

                                        ***Attorneys for Defendants and Counterclaim Plaintiff***

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 21, 2024, I electronically filed the Defendant Des Moines Area Community College Foundation's Reply Brief in Support of Motion to Dismiss Defendant Des Moines Area Community College Foundation with the Clerk of the Court using the ECF, who in turn sent notice to the following:

    Joshua J. Conley, Esq.
     jconley@zarleyconley.com
    John D. Gilbertson, Esq.
     jgilbertson@zarleyconley.com
    ZARLEYCONLEY PLC
    580 Market Street, Suite 101
    West Des Moines, IA  50266

    *Attorneys for Plaintiff and*
    *Counterclaim Defendant*

                  */s/ Cassie D. Buresh*
                  Cassie D. Buresh
                  Legal Administrative Assistant
                  cburesh@fredlaw.com