IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE<br>    Defendants. | No. 4:24-cv-00227<br><br>**MOTION TO STRIKE** |
| DES MOINES AREA COMMUNITY COLLEGE,<br>    Counterclaim Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br>    Counterclaim Defendant. | |

The relief requested in this Motion to Strike may be provided by the Court *sua sponte* pursuant to Fed. R. Civ. P. 12(f)(1), including without the need for briefing.

Drake University ("Drake"), by and through counsel, hereby moves pursuant to Rule 12(f) to strike redundant, immaterial, impertinent, or scandalous content presently found in portions of Des Moines Area Community College ("DMACC")'s Answer, Affirmative Defenses, and Counterclaims. In support, Drake states as follows:

1.    On July 31, 2024, DMACC filed its Answer, Affirmative Defenses, and Counterclaims ("Answer") to Drake's First Amended Complaint. Dkt. 21

2.    DMACC's counterclaims are introduced by a recitation of facts which includes irrelevant material, presented for no discernible reason other than to disparage these proceedings and Drake.

3. Pursuant to Local Rule 7(k), on August 21, 2024, the undersigned contacted Defendants' counsel via email regarding the present motion, including the following portions of Dkt. 21:

   a. DMACC's Third Affirmative Defense, subpart (c). Dkt. 21, at 33.

   b. Paragraphs 66–67 and Exhibit S. Dkt. 21, at 50–51.

   c. Paragraph 69 and Exhibit T, or at least the three lines of text at the bottom of the screenshot. Dkt. 21, at 52–53.

   d. Paragraph 71 in full and Exhibit U, or at least those comments which are found not to be redundant, immaterial, impertinent, or intended solely for their scandalous nature. Dkt. 53–57.

4. Opposing counsel replied that DMACC's Third Affirmative Defense contained a typographical error that would be corrected and would agree to correct other issues if Drake's concerns were "legitimate."

5. On August 22, 2024, counsel for the parties conferred on the issue via telephone. Having resolved the issue outlined in item 3(a) above, Drake articulated its concerns that the public commentary in the remaining paragraphs and their associated exhibits serve no legitimate purpose, thus falling within the scope of Fed. R. Civ. P. 12(f). Opposing counsel stated that Defendants intended to file an amended Answer sometime before its deadline of September 10, 2024. The purpose of the amendment, however, would be to modify the allegations supporting its claims that are the subject of Drake's Motion to Dismiss (Dkt. 46); counsel stated DMACC does **not** plan to remove the material in the paragraphs cited above and did not consent to the present motion. Thus, it is Drake's understanding that the present motion will not be resolved by any forthcoming amended pleading.

6. Drake has and will continue to be unjustifiably prejudiced from the inclusion of the above-referenced content (and its equivalents in any amended pleading). This is not speculative; during the two-and-a-half days that Docket 21 was available on the public docket before being sealed, the Des Moines Register published an article referring to above-referenced content as "mocking" Drake. Exhibit 1, at 2.

7. **The purpose of this motion is not to suppress legitimate public criticism**. Rather, this motion addresses the misuse of these proceedings by DMACC to introduce content which has no tendency to prove or disprove any fact relevant to the merits of this case and is included simply to inflame. If this commentary was material, it would have been included in DMACC's 43-page resistance to the preliminary injunction motion in which it argued invalidity and a lack of infringement. *See* Dkt. 21, at 57 (counterclaims for non-infringement and invalidity). It was not.

8. "Trial courts have **traditionally granted** such motions [to strike] where the allegations have no possible relation to the controversy, may cause prejudice to one of the parties, or confuses the issues." *Hammond v. Arch Ins. Solutions*, No. 3:17-cv-19, 2017 WL 11297279, at *3–4 (S.D. Iowa Sept. 6, 2017) (emphasis added) (cleaned up).

9. For reasons more fully set forth in Drake's accompanying brief, Drake requests the following portions be stricken from Docket 21, **and** any amended pleading Defendants file which fails to remove or exclude them:

   a. Paragraphs 66–67 and Exhibit S. Dkt. 21, at 50–51.

   b. Paragraph 69 and Exhibit T, or at least the three lines of text at the bottom of the screenshot. Dkt. 21, at 52–53.

c.  Paragraph 71 in full and Exhibit U, or at least require revision to the same that includes only those comments which are found not to be redundant, immaterial, impertinent, or intended solely for their scandalous nature. Dkt. 53–57.

**WHEREFORE,** for the reasons set forth herein and in the attached Brief, Drake moves the Court (or the Court may act *sua sponte*) to enter an Order (1) striking the portions of Docket 21 articulated at paragraph 9 *supra*, (2) ordering DMACC not to include the above-referenced portions in any amended pleadings, and (3) granting such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 23, 2024   **ZARLEYCONLEY PLC**

By:  /s/Joshua J. Conley
/s/John D. Gilbertson
Joshua J. Conley, AT0011828
John D. Gilbertson, AT0014515
580 Market Street, Suite 101
West Des Moines, IA 50266
Telephone: (515) 558-0200
Facsimile: (515) 558-7790
jgilbertson@zarleyconley.com
jconley@zarleyconley.com
**ATTORNEYS FOR PLAINTIFF**