IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>      Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE<br>      Defendants. | No. 4:24-cv-00227<br><br>**BRIEF IN SUPPORT OF MOTION TO STRIKE** |
| DES MOINES AREA COMMUNITY COLLEGE,<br>      Counterclaim Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br>      Counterclaim Defendant. | |

Joshua J. Conley
John D. Gilbertson
ZARLEYCONLEY PLC
West Des Moines, Iowa
for DRAKE UNIVERSITY

Counterclaim Defendant, Drake University ("Drake"), hereby moves or requests the Court act *sua sponte* pursuant to Fed. R. Civ. P. 12(f) to strike portions of Des Moines Area Community College ("DMACC")'s Answer, Affirmative Defenses, and Counterclaims (Dkt. 21) ("Answer").

## I. INTRODUCTION

DMACC's counterclaims are introduced by a recitation of facts which includes irrelevant material, presented for no discernible reason other than to disparage these proceedings and Drake. Drake therefore requests those statements be stricken from Docket 21, as well as any amended Answer filed by Defendants.

## II. LEGAL STANDARD

On motion or *sua sponte*, the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f)(1). Chief Judge Jarvey in *Hammond v. Arch Ins. Solutions* set forth the relevant considerations for a motion to strike:

> Rule 12(f) permits a trial court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12. "Under Rule 12(f), redundant refers to a statement of facts that are wholly foreign to the issue or that are needlessly repetitive of immaterial allegations. Immaterial claims are claims that have no essential or important relationship to the claim for relief. And impertinent matters consist of statements that do not pertain to the issues in question." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994).
>
> Trial courts have **traditionally granted** such motions where "the allegations have no possible relation to the controversy, may cause prejudice to one of the parties, or confuses the issues." *Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 98 (M.D. Pa. 2016) (citations omitted).

No. 3:17-cv-19, 2017 WL 11297279, at *3–4 (S.D. Iowa Sept. 6, 2017) (emphasis added).

## III. ARGUMENT

In its countercomplaint, DMACC includes a section entitled "Public Reaction to the Present Matter." Dkt. 21 at 50. This "public reaction" by and large does not address any relevant aspect to the present dispute, but rather is comprised primarily of opinions from laypersons about

2

Drake's decision to file suit. One of the articles cited is not even a "present" reaction as it was published in 2010. From the following, it may be inferred that DMACC tailored this section of its counterclaims for the primary purpose of presenting immaterial, redundant, impertinent, and/or scandalous material. As such, it should be stricken.

### A. Daniel P. Finney Article

At paragraphs 66 and 67, DMACC quotes excerpts from an article by Daniel P. Finney. Dkt. 21, p. 50–51. Mr. Finney is an English teacher with Des Moines Public Schools. Dkt. 21-19, at 5. The allegations are limited to Mr. Finney's personal, negative opinion of the present litigation. *Id.* at 51, ¶ 66–67. Mr. Finney describes the proceedings as "petty" and "dumb." *Id.* at 50, ¶ 66. This commentary is immaterial to any claim or defense. It is also scandalous,[1] as Mr. Finney goes on to mock the size of Drake's academic programs, its finances, and a prior advertising campaign. *Id*, at ¶ 67. The ellipses indicate that DMACC selectively and intentionally edited Mr. Finney's article to include only this denigrating material. *Id.*

Mr. Finney's article is purely a layperson's musings, which lack any material pertinence to the underlying merits of this controversy. As such, the only plausible explanation for their inclusion is to provide an inflammatory soundbite; indeed, in reporting on DMACC's Answer, the Des Moines Register refers to Mr. Finney's article as "mocking" Drake. Ex. 1, at 2. This is prejudicial. *See, e.g., Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152–53 (C.D. Cal. 2003) (granting a motion to strike inflammatory and immaterial portions within pleading). Drake requests the Court strike paragraphs 66–67 and Exhibit S from DMACC's countercomplaint as being immaterial, impertinent, needlessly prejudicial, or scandalous.

---

[1] "An assertion or allegation that is improper in a court paper because it is both disgraceful (or defamatory) and irrelevant to an action or defense." *Scandalous matter*, Black's Law Dictionary (12th ed. 2024)

### B. Brett Michael Dykes Article

DMACC next cites a Yahoo News article from almost 15 years ago written by Brett Michael Dykes relating to a prior marketing campaign by Drake and includes a screenshot of a website. Dkt. 21 at 52–53, ¶ 69. Drake does not contest that the image from the article is relevant to show the extent to which Drake is known for using a standalone "D" to signify the source of its post-secondary educational services and related goods and services. However, DMACC selectively cropped the article to include the opening sentence but exclude the remainder to mock in the same way as Mr. Finney's article. Dkt. 21 at 53, ¶ 69. Mr. Dykes' personal opinion of a marketing campaign that ended more than a decade ago is not probative of any issue before the Court. Drake thus requests the Court strike paragraph 69 and Exhibit T of DMACC's countercomplaint, or in the alternative the three lines of text at the bottom of the screenshot.

### C. Facebook Commentary

In its original and First Amended Complaint, Drake included comments on Facebook pertaining to the announcement of DMACC's Rebrand. Dkt. 17 at 43–44, ¶ 178–79. This was included because it is probative of the degree and swiftness to which the public associates the Drake Brand and its constituent elements (i.e., a standalone "D" and the Drake Colors) with Drake. This is highly relevant to claims for trademark infringement. *See, e.g.,* Dkt. 18-1, at 16 (establishing the Drake Brand as identifying Drake as provider of goods and services).

DMACC also includes Facebook commentary in its countercomplaint. Dkt. 21, at 54–57 ¶ 71. The purpose, however, is very different. Whereas Drake's inclusion of public comments speaks to a material issue (i.e., public recognition of the Drake Brand **before** any legal action commenced), the majority of comments offered by DMACC merely weigh in on *this litigation*. *Id*. Moreover, many of the comments confuse the issues by erroneously assuming that Drake is attempting to lay claim to the letter "D" to the exclusion of all others. *See generally*, Dkt. 21 at

54–56; *Cf.* Dkt. 40, at 6 (clarifying the proper scope of trademark disputes as plaintiff v. defendant, not plaintiff v. the world). Public opinion on a legal theory Drake is not asserting is irrelevant and confuses the issues. Other comments self-evidently add zero value to these proceedings. *See, e.g., id.* at 56 ("Throw some d's on it!"). DMACC fails to provide a reasonable explanation as to why the comments were included; paragraph 71 merely states "Public commentators on Facebook have noted as seen below." Dkt. 21 at 53, ¶ 71.

The only plausible reason for inclusion of these comments, again, is to disparage Drake and the judicial process. Such material is collectively redundant, immaterial, impertinent, and scandalous. These are grounds to strike. Fed. R. Civ. P. 12(f). Drake requests the Court strike the allegations in paragraph 71 in full and Exhibit U of DMACC's countercomplaint, or at least require revision to the same that includes only those comments which are found to not be redundant, immaterial, impertinent, or intended solely for their scandalous nature.

## IV.  CONCLUSION

It must be emphasized that Drake does not seek to suppress legitimate public criticism. Instead, this motion addresses the misuse of these proceedings by DMACC to introduce content which has no tendency to prove or disprove any fact relevant to the merits of this case and is included merely to mock, disparage, and inflame. If this commentary was material, it would have been included in DMACC's 43-page resistance to the preliminary injunction motion in which it argued invalidity and a lack of infringement. *See* Dkt. 21, at 57 (counterclaims for non-infringement and invalidity).

Drake respectfully requests that the Court enter an Order:

1. Striking the following portions of Docket 21:

    a. Paragraphs 66–67 and Exhibit S. Dkt. 21, at 50–51.

    b. Paragraph 69 and Exhibit T, or at least the three lines of text at the bottom of the screenshot.  Dkt. 21, at 52–53.

    c. Paragraph 71 in full and Exhibit U, or at least require revision to the same that includes only those comments which are found not to be redundant, immaterial, impertinent, or intended solely for their scandalous nature.  Dkt. 21, at 53–57.

2. Ordering Defendants not to include (or striking *sua sponte*) the above-referenced portions in any amended pleadings, and

3. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 23, 2024

**ZARLEYCONLEY PLC**

By: /s/Joshua J. Conley
/s/John D. Gilbertson
Joshua J. Conley, AT0011828
John D. Gilbertson, AT0014515
580 Market Street, Suite 101
West Des Moines, IA 50266
Telephone:  (515) 558-0200
Facsimile:  (515) 558-7790
jconley@zarleyconley.com
jgilbertson@zarleyconley.com
**ATTORNEYS FOR PLAINTIFF & COUNTERCLAIM DEFENDANT**