## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

DRAKE UNIVERSITY,

      Plaintiff,

vs.

DES MOINES AREA COMMUNITY
COLLEGE FOUNDATION and DES
MOINES AREA COMMUNITY
COLLEGE,

      Defendants.

Case No. 4:24-CV-00227-SMR-SBJ

DES MOINES AREA COMMUNITY
COLLEGE,

      Counterclaim Plaintiff,

vs.

DRAKE UNIVERSITY,

      Counterclaim Defendant.

## DEFENDANT DES MOINES AREA COMMUNITY COLLEGE'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

Page

DEFENDANT DES MOINES AREA COMMUNITY COLLEGE'S ANSWER
AND AFFIRMATIVE DEFENSES.................................................................................... 1

PRELIMINARY STATEMENT ....................................................................................... 1

PARTIES .......................................................................................................................... 1

JURISDICTION AND VENUE ....................................................................................... 1

FACTS .............................................................................................................................. 2

    DRAKE UNIVERSITY .............................................................................................. 2

        Drake's Standalone "D" ...................................................................................... 3

            The Vintage Drake "D" ................................................................................ 3

            The Modern Drake "D" ................................................................................ 5

        The Drake Seal .................................................................................................... 7

        Drake's Registered Marks ................................................................................... 8

            Marching Spike ............................................................................................. 8

            The Academic "D" ........................................................................................ 8

            The Athletic "D" ........................................................................................... 9

        Drake's Live Mascot--Griff ............................................................................. 10

            "Bring Drake to Drake" .............................................................................. 12

            Paul Morrison—"Mr. Drake" .................................................................... 13

            Michael Admire—"Face of Drake Athletics"........................................... 14

        The Drake Colors .............................................................................................. 15

        Drake's Brand Standards & Style Guide .......................................................... 16

        Drake's Brand ................................................................................................... 17

    DES MOINES AREA COMMUNITY COLLEGE (DMACC) ...................................... 17

        DMACC's Former Brand ................................................................................. 18

        DMACC's Rebrand .......................................................................................... 19

        DMACC's Pending Trademark Applications .................................................. 20

        Launch of DMACC's New Brand .................................................................... 20

Institutional and Marketing Launch ........................................................ 20

Merchandise Launch .............................................................................. 20

Pre-launch Investigation ........................................................................ 21

Public Reaction ...................................................................................... 21

The Rotary Club Incident ....................................................................... 21

Proximity between Drake and DMACC ................................................. 22

Geographic Proximity ............................................................................ 22

Competitive Proximity ........................................................................... 23

EXEMPLARY COMPARISONS ............................................................. 24

DMACC'S UNLAWFUL ACTIVITIES .................................................. 24

ATTEMPTS TO RECONCILE ................................................................ 24

COUNTS .......................................................................................................... 26

COUNT 1:  FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114) ........... 26

COUNT 2:  FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(A)) ................... 26

COUNT 3:  COMMON LAW TRADEMARK INFRINGEMENT ............................... 27

COUNT 4:  COMMON LAW UNFAIR COMPETITION ............................................ 27

COUNT 5:  INJURY TO BUSINESS REPUTATION – DILUTION (IOWA CODE § 548.113) ............................................................................. 27

COUNT 6:  UNJUST ENRICHMENT ......................................................................... 28

RESPONSES TO REQUESTED RELIEF ........................................................ 28

AFFIRMATIVE DEFENSES ........................................................................... 28

FIRST AFFIRMATIVE DEFENSE ........................................................ 28

SECOND AFFIRMATIVE DEFENSE ................................................... 28

THIRD AFFIRMATIVE DEFENSE ....................................................... 29

FOURTH AFFIRMATIVE DEFENSE ................................................... 29

FIFTH AFFIRMATIVE DEFENSE ........................................................ 29

SIXTH AFFIRMATIVE DEFENSE ....................................................... 29

RIGHT TO AMEND DEFENSES .................................................................... 29

**DEFENDANT DES MOINES AREA COMMUNITY COLLEGE'S
COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** ...................... 30

THE PARTIES ............................................................................................................... 30

JURISDICTION AND VENUE ..................................................................................... 30

FACTUAL ALLEGATIONS ......................................................................................... 31

    DMACC's History ............................................................................................... 31

    Drake's Rebranding and Communications ......................................................... 36

    Third Party Prior Use ......................................................................................... 43

    Public Reaction to the Present Matter ................................................................ 48

FIRST CLAIM FOR RELIEF –  DECLARATORY JUDGMENT OF NON-
INFRINGEMENT OF DRAKE'S TRADEMARKS .................................................... 53

SECOND CLAIM FOR RELIEF –  DECLARATORY JUDGMENT OF INVALIDITY
OF DRAKE'S TRADEMARKS .................................................................................... 53

THIRD CLAIM FOR RELIEF –  DEFAMATION ....................................................... 54

EXCEPTIONAL CASE ................................................................................................. 55

PRAYER FOR RELIEF ................................................................................................ 55

DEMAND FOR JURY TRIAL ..................................................................................... 55

CERTIFICATE OF SERVICE ...................................................................................... 57

## DEFENDANT DES MOINES AREA COMMUNITY COLLEGE'S ANSWER
## AND AFFIRMATIVE DEFENSES

Defendant/Counterclaim Plaintiff Des Moines Area Community College ("DMACC") by and through its undersigned counsel, submits the following Answer, Affirmative Defenses, and Counterclaims to the Complaint and Jury Demand by Plaintiff Drake University ("Drake") below:

## PRELIMINARY STATEMENT[1]

1.      DMACC admits Drake purported to file the present action under Section 32(1) of the Lanham Act, 15 U.S.C. 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a) and trademark infringement and unfair competition under the statutory and common laws of the State of Iowa.  DMACC denies the claims have any merit and denies the remainder of the paragraph.

2.      DMACC admits there were discussions with Drake and denies the remainder of the paragraph.

## PARTIES

3.      Admitted.

4.      Admitted.

5.      DMACC admits it is an educational institution with a principal place of business at 2006 S. Ankeny Boulevard, Ankeny, Iowa 50023 and denies the remainder of the paragraph.

## JURISDICTION AND VENUE

6.      Admitted.

7.      Admitted.

---

[1]To the extent Drake's opening epigraph requires a response, DMACC admits the epigraph is an excerpt from the Drake fight song and denies the remainder of the epigraph.

## **FACTS**

### DRAKE UNIVERSITY

8.      DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint, and on that basis, denies such allegations.

9.      DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint, and on that basis, denies such allegations.

10.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint, and on that basis, denies such allegations.

11.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint, and on that basis, denies such allegations.

12.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint, and on that basis, denies such allegations.

13.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint, and on that basis, denies such allegations.

14.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint, and on that basis, denies such allegations.

15.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint, and on that basis, denies such allegations.

**Drake's Standalone "D"**

16.    Denied.

17.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint, and on that basis, denies such allegations.

18.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint, and on that basis, denies such allegations.

*The Vintage Drake "D"*

19.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint, and on that basis, denies such allegations.

20.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint, and on that basis, denies such allegations.

21.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint, and on that basis, denies such allegations.

22.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint, and on that basis, denies such allegations.

23.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint, and on that basis, denies such allegations.

24.     To the extent Paragraph 24 contains legal conclusions, no response is required. DMACC denies any remaining allegations in Paragraph 24.

25.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint, and on that basis, denies such allegations.

26.     DMACC admits Exhibit 18 appears to be a photograph, but DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Amended Complaint, and on that basis, denies such allegations.

27.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint, and on that basis, denies such allegations.

28.     DMACC admits the floor of the Knapp Center is the home of Drake's basketball teams, notes that the floor marking shown in Paragraph 28 exists and that such marking is covered up during public basketball games by the bleachers.  DMACC denies any remaining allegations in Paragraph 28.

29.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint, and on that basis, denies such allegations.

30.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint, and on that basis, denies such allegations.

31.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint, and on that basis, denies such allegations.

32.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint, and on that basis, denies such allegations.

33.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint, and on that basis, denies such allegations.

34.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint, and on that basis, denies such allegations.

35.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint, and on that basis, denies such allegations.

*The Modern Drake "D"*

36.    To the extent Paragraph 36 contains legal conclusions, no response is required. DMACC denies Drake uses multiple "D"s as source identifiers and denies the remaining allegations of Paragraph 36.

37.    To the extent Paragraph 37 contains legal conclusions, no response is required. DMACC admits the remaining allegations in Paragraph 37 but denies that the description of the "D" is complete.

38.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint, and on that basis, denies such allegations.

39.    Admitted.

40.    Denied as the modern "D" forms only a portion of the mark referenced in the Amended Complaint as the "Athletic 'D'" which is also accompanied by a bulldog as shown in Exhibit 23.

41.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint, and on that basis, denies such allegations.

42.    To the extent Paragraph 42 contains legal conclusions, no response is required. DMACC admits the remaining allegations in Paragraph 42 but denies that the description of the Athletic "D" is complete unless the bulldog is included as shown in Exhibit 24.

43.    DMACC denies the allegations in Paragraph 43 as Drake appears to define its Athletic "D" in multiple ways and with and without a bulldog.

44.    DMACC denies the allegations in Paragraph 44 as Drake appears to define its Athletic "D" in multiple ways and with and without a bulldog.

45.    DMACC denies the allegations in Paragraph 45 as Drake appears to define its Athletic "D" in multiple ways and with and without a bulldog.

46.     DMACC denies the allegations in Paragraph 46 as Drake appears to define its Athletic "D" in multiple ways and with and without a bulldog.

47.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint, and on that basis, denies such allegations.

48.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint, and on that basis, denies such allegations.  DMACC further denies the allegations in Paragraph 48 as Drake appears to define its Athletic "D" in multiple ways and with and without a bulldog.

49.     Denied.

**The Drake Seal**

50.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint, and on that basis, denies such allegations.

51.     DMACC admits the seal picture shown as Exhibit 31 includes a lamp and an open book.  With regard to the remaining allegations in Paragraph 51, DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint, and on that basis, denies such allegations.

52.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Amended Complaint, and on that basis, denies such allegations.

53.     DMACC admits that the image shown in Exhibit 31 "was" apparently at one point a registered trademark and that past tense is used in this red herring paragraph to denote the fact

that any such prior registration has been cancelled by the United States Patent and Trademark Office.  DMACC denies any remaining allegations in Paragraph 53.

**Drake's Registered Marks**

*Marching Spike*

54.     To the extent Paragraph 54 contains legal conclusions, no response is required. DMACC admits based on the face of United States Trademark Registration No. 1,567,283 that Drake is the purported owner of the logo registered on the Principal Register in the United States Patent and Trademark Office.

55.     To the extent Paragraph 54 contains legal conclusions, no response is required. DMACC admits based on the face of United States Trademark Registration No. 1,567,283 that it issued on November 21, 1989.

56.     Exhibit 32 appears to be an uncertified copy of a registration, but DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and therefore denies the same.

57.     DMACC admits United States Trademark Registration No. 1,567,283 is registered for the goods and services listed on its registration and denies the remainder of Paragraph 57.

58.     To the extent Paragraph 58 contains legal conclusions, no response is required. DMACC denies the remaining allegations in Paragraph 58.

59.     To the extent Paragraph 59 contains legal conclusions, no response is required. DMACC admits the logo design was registered as a whole and no portion was disclaimed. DMACC denies any remaining allegations or implications in Paragraph 59.

*The Academic "D"*

60.     To the extent Paragraph 60 contains legal conclusions, no response is required. DMACC admits based on the face of United States Trademark Registration No. 3,498,202 that

Drake is the purported owner of the logo registered on the Principal Register in the United States Patent and Trademark Office.

61.     Exhibit 33 appears to be an uncertified copy of a registration, but DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 and therefore denies the same.

62.     DMACC admits United States Trademark Registration No. 1,567,283 is registered for the goods and services listed on its registration and denies the remainder of Paragraph 62.

63.     To the extent Paragraph 63 contains legal conclusions, no response is required. DMACC admits the logo design was registered as a whole and no portion was disclaimed. DMACC denies any remaining allegations or implications in Paragraph 63.

*The Athletic "D"*

64.     To the extent Paragraph 64 contains legal conclusions, no response is required. DMACC admits based on the face of United States Trademark Registration No. 4,625,043 that Drake is the purported owner of the logo registered on the Principal Register in the United States Patent and Trademark Office.

65.     Exhibit 34 appears to be an uncertified copy of a registration, but DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65 and therefore denies the same.

66.     DMACC admits United States Trademark Registration No. 4,625,043 is registered for the goods and services listed on its registration and denies the remainder of Paragraph 66.

67.     DMACC admits the Athletic "D" as defined by Drake consists of a bulldog next to the stylized Drake D logo.  DMACC denies any remaining allegations or implications in Paragraph 67.

68.    To the extent Paragraph 68 contains legal conclusions, no response is required. DMACC admits the logo design was registered as a whole and no portion was disclaimed. DMACC denies any remaining allegations or implications in Paragraph 68.

**Drake's Live Mascot--Griff**

69.    DMACC admits Drake's mascot is a bulldog.  DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69 of the Amended Complaint, and on that basis, denies such allegations.

70.    DMACC admits Drake uses live bulldogs as Drake's mascot.  DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the Amended Complaint, and on that basis, denies such allegations.

71.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Amended Complaint, and on that basis, denies such allegations.

72.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Amended Complaint, and on that basis, denies such allegations.

73.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Amended Complaint, and on that basis, denies such allegations.

74.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Amended Complaint, and on that basis, denies such allegations.

75.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Amended Complaint, and on that basis, denies such allegations.

76.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Amended Complaint, and on that basis, denies such allegations.

77.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Amended Complaint, and on that basis, denies such allegations.

78.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Amended Complaint, and on that basis, denies such allegations.

79.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Amended Complaint, and on that basis, denies such allegations.

80.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Amended Complaint, and on that basis, denies such allegations.

81.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Amended Complaint, and on that basis, denies such allegations.

82.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Amended Complaint, and on that basis, denies such allegations.

83.    To the extent Paragraph 83 contains legal conclusions, no response is necessary. DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 of the Amended Complaint, and on that basis, denies such allegations.

84.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Amended Complaint, and on that basis, denies such allegations.

*"Bring Drake to Drake"*

85.    To the extent Paragraph 85 contains only irrelevant statements or legal conclusions, no response is necessary. DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Amended Complaint, and on that basis, denies such allegations.

86.    To the extent Paragraph 86 contains only irrelevant statements or legal conclusions, no response is necessary. DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the Amended Complaint, and on that basis, denies such allegations.

87.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Amended Complaint, and on that basis, denies such allegations.

88.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Amended Complaint, and on that basis, denies such allegations.

89.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Amended Complaint, and on that basis, denies such allegations.

90.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Amended Complaint, and on that basis, denies such allegations.

91.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Amended Complaint, and on that basis, denies such allegations.

92.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Amended Complaint, and on that basis, denies such allegations.

93.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Amended Complaint, and on that basis, denies such allegations.

*Paul Morrison—"Mr. Drake"*

94.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Amended Complaint, and on that basis, denies such allegations.

95.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Amended Complaint, and on that basis, denies such allegations.

96.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Amended Complaint, and on that basis, denies such allegations.

97.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Amended Complaint, and on that basis, denies such allegations.

*Michael Admire—"Face of Drake Athletics"*

98.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Amended Complaint, and on that basis, denies such allegations.

99.     DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Amended Complaint, and on that basis, denies such allegations.

100.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Amended Complaint, and on that basis, denies such allegations.

101.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Amended Complaint, and on that basis, denies such allegations.

102.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Amended Complaint, and on that basis, denies such allegations.

103.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Amended Complaint, and on that basis, denies such allegations.

104.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Amended Complaint, and on that basis, denies such allegations.

<strong>The Drake Colors</strong>

105.    DMACC admits Drake has used several colors as part of its branding guide, including two shades of blue, a yellow, orange, red, and black.  With regard to any remaining allegations in Paragraph 105, DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 of the Amended Complaint, and on that basis, denies such allegations.

106.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Amended Complaint, and on that basis, denies such allegations.

107.    DMACC admits Drake has used a variety of shades of blue on Drake's website. With regard to any remaining allegations in Paragraph 107, DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 107 of the Amended Complaint, and on that basis, denies such allegations.

108.    DMACC admits Drake has used a variety of shades of blue on Drake materials. With regard to any remaining allegations in Paragraph 108, DMACC is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 108 of the Amended Complaint, and on that basis, denies such allegations.

109.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Amended Complaint, and on that basis, denies such allegations.

110.    To the extent Paragraph 110 contains only irrelevant statements or legal conclusions, no response is necessary.  DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 of the Amended Complaint, and on that basis, denies such allegations.

111.    DMACC admits the Drake Relays take place on a blue oval.  DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111 of the Amended Complaint, and on that basis, denies such allegations.

112.    To the extent Paragraph 112 contains only irrelevant statements or legal conclusions, no response is necessary.  DMACC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 112 of the Amended Complaint, and on that basis, denies such allegations.

113.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Amended Complaint, and on that basis, denies such allegations.

### Drake's Brand Standards & Style Guide

114.    To the extent Paragraph 114 contains only legal conclusions, no response is necessary.  DMACC admits the remainder of Paragraph 114.

115.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Amended Complaint, and on that basis, denies such allegations.

116.    Admitted.

117.    To the extent Paragraph 117 contains only legal conclusions, no response is necessary.  DMACC admits the remainder of Paragraph 117.

**Drake's Brand**

118.    To the extent Paragraph 118 contains only legal conclusions, no response is necessary.  DMACC denies the remainder of Paragraph 118.

119.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Amended Complaint, and on that basis, denies such allegations.

120.    Denied.

121.    To the extent Paragraph 121 contains only legal conclusions, no response is necessary.  DMACC denies the remainder of Paragraph 121.

DES MOINES AREA COMMUNITY COLLEGE (DMACC)

122.    Admitted.

123.    Admitted.

124.    Admitted.

125.    Admitted.

126.    Admitted.

127.    Admitted.

128.    Admitted that DMACC partners with other academic institutions and that those institutions offer four year degrees.  DMACC denies the remaining allegations of Paragraph 128.

129.    Admitted.

130.    Admitted.

131.    Admitted.

132.    Admitted.

### DMACC's Former Brand

133.    DMACC admits that it has and continues to use the logo shown in Paragraph 133 and as Drake admits in Paragraph 134.  DMACC denies the remaining allegations of Paragraph 133.

134.    Admitted that DMACC has used variations of a "seal" since 1966.  DMACC denies the remaining allegations in Paragraph 134.

135.    Admitted.

136.    Admitted that the DMACC logo is blue and white.  The remaining allegations in Paragraph 136 are denied.

137.    Admitted that the DMACC logo is used on its website as are the blue and white colors.  The remaining allegations in Paragraph 137 are denied.

138.    Admitted that the DMACC logo is used on its individual program websites as are the blue and white colors.  The remaining allegations in Paragraph 138 are denied.

139.    Admitted that the DMACC logo is used on its campus buildings as are the blue and white colors.  The remaining allegations in Paragraph 139 are denied.

140.    Admitted that the DMACC logo is used on its marketing and recruiting kiosks as are the blue and white colors.  The remaining allegations in Paragraph 140 are denied.

141.    Admitted.

142.    Denied.

143.    Denied.

**DMACC's Rebrand**

144.    Admitted that DMACC announced its new logo and began using it in October, 2023.  The remaining allegations in Paragraph 144 are denied.

145.    DMACC objects to the misrepresentations in Paragraph 145 that the DMACC logo is just as depicted in Exhibits 78 and 79.  The DMACC logo included in the "Rebrand" includes the logo as shown in Paragraph 159.   Without waiving this objection, DMACC denies the remaining allegations in Paragraph 145.

146.    DMACC admits it initially put a TM symbol on the lower right corner of the D portion of its trademark and denies the remainder of the allegations in Paragraph 146.

147.    Paragraph 147 contains nothing but legal conclusions to which no response is necessary.  To the extent any response is required, DMACC denies any allegations or implications in Paragraph 147.

148.    Denied.

149.    Admitted.

150.    DMACC admits its seal contains a lamp and a book elements below the large DMACC font and with other elements as shown in Exhibit 80 to the Amended Complaint. DMACC denies any remaining allegations or implications from Paragraph 150.

151.    Denied.

152.    DMACC admits the seal prominently displays the DMACC five-letter acronym for the institution in an arc in the upper portion.  DMACC denies any remaining allegations or implications in Paragraph 152.

153.    Admitted.

154.    Admitted.

155.    Admitted.

156.    Admitted.

157.    Admitted.

158.    Denied.

## DMACC's Pending Trademark Applications

159.    Admitted.

160.    Admitted.

161.    Admitted.

162.    Admitted.

163.    Admitted.

164.    Admitted.

165.    DMACC admits that at the time of filing of the original Complaint the '324 Application had not been examined.  DMACC denies the remainder of Paragraph 165.

## Launch of DMACC's New Brand

166.    Admitted.

167.    Admitted.

### *Institutional and Marketing Launch*

168.    DMACC admits it has used its new logo as shown in Paragraph 159 on many items. DMACC denies the remainder of Paragraph 168.

169.    Admitted.

170.    Admitted.

### *Merchandise Launch*

171.    Denied.

172.    Denied.

173.    Denied.

*Pre-launch Investigation*

174.    Admitted.

175.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Amended Complaint, and on that basis, denies such allegations.

176.    Admitted.

177.    Admitted.

*Public Reaction*

178.    Admitted that some comments appear on a website.  DMACC denies the remaining allegations of Paragraph 178.

179.    DMACC admits the comment appears on a particular Facebook post as one of several.  Otherwise, DMACC denies the remainder of Paragraph 179.

*The Rotary Club Incident[2]*

180.    Admitted.

181.    Denied.

182.    Admitted.

183.    Admitted.

184.    DMACC admits the screen shot is from the meeting, but otherwise denies the allegations in Paragraph 184.

---

[2] Drake's inclusion of this incident is not relevant to the present dispute as parody is never evidence of actual confusion. *See MasterCard Int'l Inc. v. Nader 2000 Primary Comm., Inc.*, 2004 WL 434404, at *3 (S.D.N.Y. Mar. 8, 2004) (finding that a senator's joke on CNN's Late Edition that he "thought the Nader Advertisement was a credit card ad" constituted "little or no evidence of actual confusion").  Drake's counsel had been previously informed of this case and clearly included this section solely to humiliate and harm the reputation of DMACC and its Marketing Director.

185.    DMACC denies that any factual allegations are stated in Paragraph 185.

186.    Admitted.

187.    Admitted.

188.    Admitted.

## Proximity between Drake and DMACC

### *Geographic Proximity*

189.    Admitted.

190.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Amended Complaint, and on that basis, denies such allegations.

191.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 of the Amended Complaint, and on that basis, denies such allegations.

192.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Amended Complaint, and on that basis, denies such allegations.

193.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Amended Complaint, and on that basis, denies such allegations.

194.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Amended Complaint, and on that basis, denies such allegations.

195.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 of the Amended Complaint, and on that basis, denies such allegations.

196.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 of the Amended Complaint, and on that basis, denies such allegations.

197.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 of the Amended Complaint, and on that basis, denies such allegations.

198.    Admitted.

*Competitive Proximity*

199.    Denied.

200.    Admitted.

201.    Admitted.

202.    Admitted.

203.    DMACC admits that through its UNI@DMACC partnership, DMACC students can earn bachelor's degrees from UNI but otherwise denies any remaining allegations in Paragraph 203.

204.    DMACC denies the implications and allegations in Paragraph 204 as DMACC students become UNI students for purposes earning a bachelor's degree using the UNI@DMACC partnership.  DMACC admits such UNI students do not need to move to Cedar Falls, Iowa (where UNI is located) to attend classes.

205.    Admitted.

206.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 of the Amended Complaint, and on that basis, denies such allegations.

207.    Admitted.

208.    Admitted.

209.    Admitted.

210.    Admitted.

EXEMPLARY COMPARISONS

211.    Denied.

212.    Denied.

213.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 of the Amended Complaint, and on that basis, denies such allegations.

214.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214 of the Amended Complaint, and on that basis, denies such allegations.

DMACC'S UNLAWFUL ACTIVITIES

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

ATTEMPTS TO RECONCILE

220.    Denied.

221.    DMACC admits Mr. Jones had not heard of concerns about the DMACC logo but otherwise DMACC denies the allegations in Paragraph 221.

222.    Admitted.

223.    Admitted.

224.    DMACC admits certain things may have been said during the meeting in response to President Martin's comments, but denies anything further with regard to Paragraph 224.

225.    DMACC admits a meeting took place on February 27, 2024 with members of Drake's Marketing and Communications team and DMACC's Vice President of Student Affairs Erica Spiller and DMACC's Todd Jones.  The remaining allegations of Paragraph 225 are denied.

226.    Admitted that a virtual meeting took place on March 6, 2024.  The remaining allegations of Paragraph 226 are denied.

227.    Admitted that DMACC suggested an easy way to quell any concerns President Martin may have had.  DMACC denies the remainer of Paragraph 227.

228.    Admitted.

229.    DMACC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 229 of the Amended Complaint, and on that basis, denies such allegations.

230.    Denied.

231.    Admitted.

232.    Admitted.

233.    Admitted.

234.    Admitted that Mr. Denson's email concluded by suggesting Drake was welcome to contact DMACC's attorney, R. Scott Johnson, an Iowa attorney working in the Des Moines, Iowa,

office of Fredrikson & Byron, P.A. with offices in Minneapolis, Minnesota.  The remainder of Paragraph 234 is denied.

 235. Admitted.

 236. Admitted.

 237. Admitted.

 238. Denied.

## **COUNTS**

### COUNT 1:  FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

 239. Paragraph 239 of the Amended Complaint does not require a response.  DMACC reincorporates its responses to all preceding paragraphs as if fully set forth herein.

 240. Denied.

 241. Denied.

 242. Denied.

 243. Denied.

 244. Denied.

 245. Denied.

### COUNT 2:  FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(A))

 246. Paragraph 246 of the Amended Complaint does not require a response.  DMACC reincorporates its responses to all preceding paragraphs as if fully set forth herein.

 247. Denied.

 248. Denied.

 249. Denied.

 250. Denied.

 251. Denied.

252.    Denied.

253.    Denied.

## COUNT 3:  COMMON LAW TRADEMARK INFRINGEMENT

254.    Paragraph 254 of the Amended Complaint does not require a response.  DMACC reincorporates its responses to all preceding paragraphs as if fully set forth herein.

255.    Denied.

256.    Denied.

257.    Denied.

258.    Denied.

259.    Denied.

## COUNT 4:  COMMON LAW UNFAIR COMPETITION

260.    Paragraph 260 of the Amended Complaint does not require a response.  DMACC reincorporates its responses to all preceding paragraphs as if fully set forth herein.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

## COUNT 5:  INJURY TO BUSINESS REPUTATION – DILUTION (IOWA CODE § 548.113)

266.    Paragraph 266 of the Amended Complaint does not require a response.  DMACC reincorporates its responses to all preceding paragraphs as if fully set forth herein.

267.    Denied.

268.    Denied.

269.    Denied.

COUNT 6:  UNJUST ENRICHMENT

270.    Paragraph 270 of the Amended Complaint does not require a response.  DMACC reincorporates its responses to all preceding paragraphs as if fully set forth herein.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

**RESPONSES TO REQUESTED RELIEF**

Pursuant to Federal Rule of Civil Procedure 8, DMACC is not required to respond to Plaintiff's Requested Relief.  However, to the extent that any of the statements or assertions in Plaintiff's Requested Relief may be construed to contain any factual allegations, DMACC denies every such allegation.  DMACCF further denies that Plaintiff is entitled to any relief requested by Drake.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof which would otherwise reside with Drake, DMACC asserts the following affirmative and other defenses, reserving the right to modify, amend, and/or expand upon these defenses as discovery proceeds.

FIRST AFFIRMATIVE DEFENSE

Drake failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

DMACC has not infringed any valid trademark rights of Drake.

## THIRD AFFIRMATIVE DEFENSE

Drake has failed to attain requisite distinctiveness in its alleged trademarks or the entirety of the Drake Brand because (a) Drake is not the exclusive user of any such trademark(s), (b) such trademark(s) are generic, and/or (c) the relevant class of the consuming public does not recognize such trademark(s)as an identifier of goods emanating from Drake.

## FOURTH AFFIRMATIVE DEFENSE

Drake's claims against DMACC are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, or acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

Drake has abandoned one or more of the trademarks Drake now asserts as part of the Drake Brand.

## SIXTH AFFIRMATIVE DEFENSE

Drake has unclean hands in its efforts to try and enforce trademarks, including cancelled trademark registrations, as part of the Drake Brand.

## **RIGHT TO AMEND DEFENSES**

DMACC expressly reserves the right to amend its Answer and assert further defenses based on facts and information revealed in the future through discovery or otherwise learned by DMACC following the filing of this Answer.

## DEFENDANT DES MOINES AREA COMMUNITY COLLEGE'S COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Des Moines Area Community College ("DMACC") asserts the following counterclaims.

### THE PARTIES

1.      Counterclaim Plaintiff Des Moines Area Community College ("DMACC") is an educational institution with a principal place of business at 2006 S. Ankeny Boulevard, Ankeny, Iowa 50023.

2.      Counterclaim Defendant Drake University ("Drake") is a nonprofit corporation organized under the laws of the State of Iowa, with its principal office at 2507 University Avenue, Des Moines, Iowa 50311.

### JURISDICTION AND VENUE

3.      This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2), in that both Counterclaim Plaintiff and Counterclaim Defendant resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

5.      This is an action for declaratory judgment of non-infringement of Drake's trademarks and invalidity of Drake's asserted trademarks arising under the Lanham Act, 15 U.S.C. § 1114 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. The Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6.      The Court has supplemental jurisdiction over the Defamation Counterclaim pursuant to 28 U.S.C. § 1367 proper for the Court to exercise that supplemental jurisdiction

pursuant to the factors listed in 28 U.S.C. § 1367(c).  Additionally, this Court has supplemental jurisdiction over DMACC's state-law counterclaim purusuant to 28 U.S.C. § 1367 because those counterclaims are substantially related to DMACC's federal counterclaims under the Lanham Act.

7.    Jurisdiction is also proper under 28 U.S.C. § 1332 because the defamatory statements were made by and directed towards individuals located in the Southern District of Iowa.

8.    The Court also has personal jurisdiction over Drake because Drake submitted itself to the jurisdiction of this Court when it filed its Original Complaint and because Drake is located within this District.

9.    An actual controversy exists between DMACC and Drake regarding the infringement and validity of Drake's trademarks.

## **FACTUAL ALLEGATIONS**

### DMACC's History

10.    DMACC was founded on March 18, 1966, as a vocational and technical learning center in metro Des Moines.

11.    Since 1966, DMACC has focused on providing an affordable alternative to the four-year college degree, saving students thousands of dollars in tuition costs every year.

12.    DMACC also partners with dozens of four-year universities so DMACC students can articulate their credits and seamlessly complete four-year degrees. Drake is one of those Universities.

13.    DMACC has Campuses in Ankeny, Urban Des Moines, West Des Moines, Newton, Boone, and Carroll and Centers in Southeast Des Moines, Ames, Perry, Templeton, South Ankeny, and East Des Moines.

14.    Today, DMACC is Iowa's largest and most diverse community college, serving a district that included 6,560 miles and home to 20 percent of Iowa's population.

15.    Until recently, DMACC was the only provider of associate degrees in Central Iowa.

16.    DMACC also offers one of the largest nursing programs in Central Iowa.

17.    DMACC did not object when Drake recently entered the associate degree market or started a nursing program in Central Iowa.

18.    DMACC has always used blue and white colors as part of its school colors.

19.    Since 1972, DMACC has referred to itself and offered its goods and services under the abbreviation "DMACC."

20.    "DMACC" is a federally registered trademark, U.S. Registration No. 4,300,418, which is owned by DMACC.  (Ex. A).

21.    The "DMACC" trademark very clearly starts with the letter "D."  (*See id.*).

22.    U.S. Registration No. 4,300,418 is not limited to any particular font, style, size, or color.  (*See id.*).

23.    DMACC has long used a stand-alone block D as a school brand.

24.    DMACC has owned a federal registration, U.S. Registration No. 4,621,044, for the trademark below, which has been used by DMACC since at least 2000.  (Ex. B).



25.    DMACC often used the "D" in the registered mark above by itself, in blue and white, as a trademark—even marking it with the trademark symbol.  (*See* Ex. C).



26.    U.S. Registration No. 4,621,044 is not limited to any particular font, style, size, or color.  (*See* Ex. B).

27.    As shown in the examples below, the "D" in the registered trademark above clearly refers to DMACC and has been used by DMACC for years, including in the colors blue and white. (*See* Ex. C).







28.    In addition to the registered mark above, DMACC also used the "D" alone as a trademark—in blue and white—even marking it with the trademark symbol to indicate its use as a source identifier.  (*See* Ex. C).



















29.    Drake has never complained about DMACC's use of the "D" shown above despite its use in commerce since at least 2014.

30.    In October 2023, DMACC began using the trademark below, which incorporates a "D" in the same font as the "D" in DMACC's trademarks shown above.  (Ex. D).



31.    DMACC has locked its logo such that the "D" does not appear without the DMACC.[3]

32.    You cannot say DMACC without the "D."

Drake's Rebranding and Communications

33.    Drake adopted a new logo in August, 2005.

34.    In doing so, Drake's then Athletic Director Dave Blank noted: "Our new logo is a product of much feedback from various constituents on and off the Drake University campus[.] . . . Our top priorities included creating a new and distinctive 'D' along with an exciting version of Spike on the move. I am very comfortable that our result accomplished both goals in a classy manner."  (Ex. E).

35.    Drake adopted a series of highly stylized DRAKE logos (collectively referred to herein as the "New Logo"), as shown below.  (*See* Ex. F):

---

[3] As of the date of this Answer and Counterclaims being filed, DMACC is not aware of any goods or services being offered with just a "D" and without the "DMACC" nearby.  DMACC understands there was an issue with a third-party vendor who used failed to include the "DMACC" on some items for a brief period of time.





36.     Drake intended the New Logo to replace Drake's old logos.

37.     Indeed, Drake put a block-style D on its basketball court within the Drake University stadium as shown below.  (*See* Ex. G).



38.     Drake failed to mention that it covers up the block-style D in favor of its new logo during basketball games as shown below.  (*See* Ex. H).



39.     Next, in 2010, Drake launched a "D+" campaign.

40.     Drake's D+ campaign was previously discussed by Brett Michael Dykes, a National Affairs Reporter.    Brett Michael Dykes, Great moments in collegiate marketing: Drake University's          'D+'          campaign,          (September          3,          2010), https://news.yahoo.com/news/blogs/upshot/great-moments-collegiate-marketing-drake-university-d-campaign.html?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS88&guce_referrer_sig=AQAAAIQ9i1sTmaFxGoBauYqmTqIP2Cl2QxzPHPNBrbvRIGOCeoeyxfo2bpQp6CjNHB5WsYQT7tvKzE6V1kvZ5LJNh3DxFyJGSltzvcU1AfQycTSzaAD2jlHR06U4nIMSooF_5pEvWc9UY8EBSq3vcB-nJ0GLR0rqxL_9NhWlRZW4CrtV. (*See* Ex. I).

41.     Mr. Dykes' article includes the starting image and paragraphs shown below.  (*See id.*).



**Great moments in collegiate marketing: Drake University's 'D+' campaign**

Brett Michael Dykes · National Affairs Reporter
September 3, 2010

If you were going to spend tens of thousands of dollars on a higher education, would you want the end result to be known as a "D+" education?

Probably not.

42.    Notably, Drake's D+ campaign  in 2010 did not use a block-style "D."  (*See id.*).

43.    Drake's own 2020.1 Brand Standards & Style Guide never mentions the use of a block style "D" standing alone as a Drake trademark.  (Exhibit J)

44.    The Drake "D" is described in the 2020.1 Brand Standards & Style Guide as shown below. (*See id.*)



45. The only block-style "D" appearing in the 2020.1 Brand Standards & Style Guide is never separate from Drake's bulldog mascot as shown below. (*See id.*)

GRIFF

Everyone loves Drake's live mascot, Griff. He draws instant attention, both in person and in marketing. That makes it tempting to use Griff's image on everything everywhere. Resist the urge. Limiting Griff's appearances helps present a balanced image of the university and also keeps him special.

Be mindful of the context in which Griff is placed. His classic "resting bulldog face," can sometimes be misinterpreted as sad or grumpy. For this reason, Griff is best used in lighthearted, informal communications.

Griff's image cannot be used on merchandise without permission. See p. 15 for more details. Consider using the bulldog illustration on p. 21 as a way to add a touch of Griff to your designs instead of using a photo.







46.     Drake has never owned a federal trademark registration for the block-style 'D' alone, but Drake has misrepresented that it did by using the registered trademark symbol with a block-style 'D' alone as shown in the example in Exhibit 16 to Drake's First Amended Complaint.

47.     During a meeting on March 6, 2024, Drake's Executive Director for University Communications and Marketing, Leslie Maynes, informed DMACC personnel that "Drake is not comfortable with DMACC using any D in any font."

48.     "We are not willing to acquiesce to DMACC's use of the very prominent 'D'," Drake President Marty Martin wrote to DMACC President Rob Densen. "'D' for us is Drake, and has been for the totality of our existence. 'D' for you is 'Des,' and thus, does not have the same

essentiality for you as it does for us. The 'D' is our identity."  (Ex. 97 of Plaintiff's First Amended Complaint).

49.    Drake believes and asserts it owns the "D".

50.    Drake sent the following comparison to its alumni.  (*See* Ex. K)



51.    Drake intentionally misrepresented the DMACC brand in its message to alumni and others.

52.    Drake intentionally cropped the image of DMACC's logo in its communications with its alumni to alter DMACC's logo to appear more similar to Drake's.

53.    Drake intentionally misrepresented the scope of its own brand to imply it owns the letter "D" and harm the public perception of DMACC.

54.    DMACC explained to Drake the reasons why its claims were baseless before Drake filed suit, but Drake proceeded anyway.  (Ex. L)

Third Party Prior Use

55.    Many other educational institutions use a "D" as part of their identity.

56.    There are over 1,000 schools that start with the letter "D."

57.    There are at least 34 federally registered or pending trademarks for the letter "D" owned by third-party universities, colleges, and schools.

58.    Examples of third-party schools' "D" trademarks are shown below.  (*See* Ex. M):



59.    Dordt University, located in Sioux Center, Iowa, owns U.S. Federal Registration No. 5,972,248 for the "D" shown below.  (Ex. N).



60.    At least one school in the Des Moines metro uses a block-style "D" logo as shown below.  (Ex. O).  (*See also* https://www.youtube.com/watch?v=ymvMkqWnDkU (video showing images of Dowling Catholic Football Field)).



61.    Multiple schools use a bulldog as their mascot and adorn that bulldog with the first letter of the school's name and the school colors—including the letter "D" and the color blue.  (*See* Ex. P).





*Butler University*
*U.S. Reg. No. 5,874,791*

*Dean College*
*U.S. Reg. No. 5,807,359*

*University of Georgia*
*U.S. Reg. 3,105,938*

62.    Dartmouth College and Duke University—two schools older, and arguably more well known, than Drake—use a standalone "D" trademark as a source identifier (as shown in the examples below).  (*See* Ex. Q).



63.    Many schools, such as Duke University, also use a blue and white color scheme. (*See* Ex. R).

64.    Many schools have school seals that include features like books and lamps.  (*See* Ex. S).

65.    The St. Alexius College seal is shown below.  (*See id.*).



66.    The Haverford Township High School seal is shown below.  (*See id.*).



67.    The Boston College seal is shown below.  (*See id.*).



68.    The Oklahoma State University seal is shown below.  (*See id.*).



69.    The Dickinson College seal is shown below.  (*See id.*).



70.    The Howard University seal is shown below.  (*See id.*).



71.    The Ohio State University Seal is shown below.  (*See id.*).



72.    The Northeastern University seals are shown below.  (*See id.*).



73.    The University of Michigan seal is shown below.  (*See id.*).



74.    The book and lamp symbols are not source identifiers when used on a seal.

<u>Public Reaction to the Present Matter</u>

75.    The public has responded to this litigation with overwhelming support for DMACC's position: it, too, believes that there is no likelihood of confusion, that Drake does not *own* the letter "D," and that its assertion here is baseless.

76.    For example, one journalist (with more than 20 years of experience as a journalist) noted: "Brands are important to schools and businesses, but there's no way Drake avoids looking petty here." Daniel P. Finney, The 'D' stands for 'dumb' in Drake battle with DMACC (July 10, 2024, 9:54 am), https://iowacapitaldispatch.com/2024/07/10/the-d-stands-for-dumb-in-drake-battle-with-dmacc/. (Ex. T). (notably, Mr. Finney is a Drake alum who also reported on the launch of Drake's New Logo on July 26, 2005. Daniel P. Finney, Drake Announces Exciting New Look for Bulldog Athletics, Drake University News Releases, (July 26, 2005), found at Archive.org, https://web.archive.org/web/20060517130912/http://www.drake.edu/newsevents/releases/july05/072605logo.html; http://www.drake.edu/newsevents/releases/july05/072605logo.html). (*See* Ex. E).

77.    Mr. Finney further noted:

"DMACC's lawyers have responded to Drake's "D"-dilution claim with a snappy comeback: "Drake simply does not own the letter 'D.'"

Obviously.

If it did, the administration wouldn't have had to cut three academic programs (albeit tiny ones) to balance its budget. Imagine the royalties Drake would see from "The Simpsons" every time Homer drooled over donuts.

. . .

It feels dogmatic. It's not as if Drake has always kept a bright shine on its "D." In 2010, Drake rolled out a recruiting campaign called "D+." The campaign was so poorly thought out that it appears in marketing textbooks under "what not to do."

Ad Week mocked the campaign, saying it "seems to position Drake as a school whose standards barely exceed total failure." Drake responded with a not-at-all defensive statement to alumni and donors saying officials believed future Drake students would understand the irony of the campaign.

Maybe, but "D+" soon quietly disappeared. One hopes the same of this lawsuit.

Daniel P. Finney, The 'D' stands for 'dumb' in Drake battle with DMACC (July 10, 2024, 9:54

am), https://iowacapitaldispatch.com/2024/07/10/the-d-stands-for-dumb-in-drake-battle-with-

dmacc/ . (*See* Ex. T).

      78.    Public commentators on Facebook have further noted the baselessness of Drake's

complaint, as seen below.  (*See* Ex. U).





**Walter Githens III**
Hey Drake... Duke wants their D back..

4h    Like    Reply                               5 😆🅳

**Lois Barakat Ichelson**
Yes, they are too close. DMACC should have 2 letters. Plus black is all wrong.
Maybe use "DM"

13h    Like    Reply

🛡 Top fan
**Steve Holliday**
Good forbid a little local community College trirs to make a logo of a big local
school

20h    Like    Reply                                        👍

**Geoff Perkins**
Somewhere, at this very second, a child is taking their last breath, and this is what
somebody deems truly important.

6h    Like    Reply                                      2 👍

🛡 Top fan
**Jen Baker-Rubenking**
Come on Drake......you can do better. The only difference between the two is the
color. Just drop the lawsuit and move on. Nobody owns the letter D anyway.

9h    Like    Reply                                        👍

**Neil Erickson**
Do they even use the "block" D?

20h    Like    Reply

   **Fallon Darrell**
   **Neil Erickson** Only on a couple things, and even then they don't look the
   same.

   19h    Like    Reply

      **Neil Erickson**
      **Fallon Darrell** just a ridiculous waste of time and money over a letter in
      the alphabet. Do better Drake.

      18h    Like    Reply                              2 👍

**Michael Ewing**
Pretty sure no one is going to mistake the tuition of one for the other.  ...
Also, looking forward to seeing if Dartmouth wants to weigh in on this?

19h   Like   Reply                                                    12

**Michael Ewing**
For reference. I guess it's only 2 dimensional. My mistake.   ...



19h   Like   Reply

**Terry Capman**
Found a few Hiigh Schools out there Drake is going to want to talk to also.   ...

18h   Like   Reply

Reply to Michael Ewing...

**Jamie Anderson**
Throw some d's on it!   ...

18h   Like   Reply

**Zach Thompson**
Drake is grasping here, trying to beef with DMACC after getting murdered by   ...
Kendrick....

18h   Like   Reply

**George Gates**
Stand your ground "D"   ...

9h   Like   Reply

**Jasper Martin**
Anything for money   ...

9h   Like   Reply



### FIRST CLAIM FOR RELIEF –
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF DRAKE'S TRADEMARKS

79.     DMACC re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of its Answer and Counterclaims as if stated herein.

80.     DMACC has not infringed and is not infringing any of Drake's trademarks.

81.     DMACC is entitled to a declaratory judgment of non-infringement of Drake's trademarks.

### SECOND CLAIM FOR RELIEF –
### DECLARATORY JUDGMENT OF INVALIDITY
### OF DRAKE'S TRADEMARKS

82.     DMACC re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of its Answer and Counterclaims as if stated herein.

83.     One or more of Drake's purported trademarks, including its assertions of common-law trademark rights in the letter "D", a block style letter "D", and any particular colors, are invalid

53

for at least the reason that they are not distinctive, not exclusively used by Drake, and/or do not

serve a source-identifying function.

84.    DMACC is entitled to a declaratory judgment of invalidity of Drake's asserted

common-law trademark rights.

**THIRD CLAIM FOR RELIEF –**
**DEFAMATION**

85.    DMACC re-alleges and incorporates by reference the allegations contained in the

preceding paragraphs of its Answer and Counterclaims as if stated herein.

86.    DMACC is an educational institution which engages in the business of providing

educational services to its students.

87.    On July 11, 2024, Drake falsely wrote of and concerning DMACC, stating to

Drake's alumni (Ex. J) and the press that DMACC's logo was a stand alone "D" and that Drake

owned trademark rights in a block style "D" separate from any use on a bulldog.

88.    Drake's communications included false and/or defamatory statements.

89.    As described above, Drake falsely represented DMACC's logo *and* the scope of

Drake's trademark rights in an attempt to harm DMACC's reputation.

90.    Accordingly, Drake has directly or indirectly misrepresented the Drake brand, the

DMACC brand and/or DMACC's activities to alumni, consumers, and the press through one or

more communications or publications.

91.    Drake made such false statements with malice with an intent to disparage and harm

DMACC.

92.    DMACC was defamed and damaged in name, reputation, and business.

93.    DMACC also incurred costs, expenses, counsel fees, loss of time and

inconvenience in bringing this action.

## EXCEPTIONAL CASE

94.    This is an exceptional case entitling DMACC to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

WHEREFORE, DMACC requests judgment against Drake as follows:

1.    A judgment in favor of DMACC denying all relief requested by Drake in this action and dismissing Drake's Amended Complaint with prejudice;

2.    A judgment declaring that DMACC has not infringed and is not infringing Drake's trademarks.

3.    A judgment declaring that Drake's common law trademarks are invalid.

4.    A judgment that DMACC has not competed unfairly with Drake.

5.    Award DMACC damages for its reputational harm.

6.    A judgment declaring this to be an exceptional case under 15 U.S.C. § 1117(a) and awarding DMACC its attorneys' fees incurred in this action.

7.    An award of DMACC's costs incurred in this action.

8.    An award of such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, DMACC demands trial by jury on all issues so triable.

Date: September 3, 2024                    */s/ R. Scott Johnson*

R. Scott Johnson (#AT0004007)
Cara S. Donels (#AT0014198)
Erin M. Boggess (#AT0015950)
**FREDRIKSON & BYRON, P.A.**
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone:  (515) 242-8900
E-mail:  RSJohnson@fredlaw.com
          CDonels@fredlaw.com
          EBoggess@fredlaw.com

Laura L. Myers (Minn. #0387116)
(admitted *Pro Hac Vice*)
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  (612) 492-7000
E-mail:  LMyers@fredlaw.com

***Attorneys for Defendants and
Counterclaim Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 3, 2024, I electronically filed the **DEFENDANT DES MOINES AREA COMMUNITY COLLEGE'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the ECF, who in turn sent notice to the following:

Joshua J. Conley, Esq.
  jconley@zarleyconley.com
John D. Gilbertson, Esq.
  jgilbertson@zarleyconley.com
ZARLEYCONLEY PLC
580 Market Street, Suite 101
West Des Moines, IA  50266

*Attorneys for Plaintiff and*
*Counterclaim Defendant*


                                                        */s/ Erica Palmer*
                                                        Erica Palmer

#83286380

57