IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>      Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>      Defendants.<br><br>DES MOINES AREA COMMUNITY COLLEGE,<br><br>      Counterclaim Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br><br>      Counterclaim Defendant. | Case No. 4:24-CV-00227-SMR-SBJ<br><br>**DEFENDANTS'/COUNTERCLAIM PLAINTIFF'S RESISTANCE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S THIRD AND FOURTH CLAIMS** |

**I.     INTRODUCTION**

Defendant Des Moines Area Community College Foundation ("DMACCF") and Defendant and Counterclaim Plaintiff Des Moines Area Community College ("DMACC") (collectively referred to herein as "DMACC" and "Defendants") respectfully submits this response to Plaintiff and Counterclaim Defendant Drake University's ("Drake" and "Plaintiff") Motion to Dismiss DMACC's Counterclaims Three and Four. (ECF Dkt. 46). Drake's motion has been mooted.  DMACC has filed a new Answer and Counterclaims contemporaneously that is responsive to Drake's motion to dismiss and alters or removes the counterclaims that Drake has sought dismissal of. Thus, Drake's motion to dismiss should be denied as moot.

II.     **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff can amend its complaint once as a matter of course within . . . 21 days after the service of a responsive pleading or a motion under Rule 12(b), (e), or (f). F.R.C.P. 15(a)(1). The filing of the amended complaint or amended counterclaims that address the issues raised in a motion to dismiss moots the motion to dismiss filed under Rule 12(b). *Shipp v. Oskaloosa Com'y Sch. Dist.*, No. 4:18-cv-00087-RGE-SBJ, 2018 WL 8665815, at *5 (S.D. Iowa May 8, 2018) ("Court determines the defendants' motion to dismiss for failure to state a claim has been mooted by amendments to the plaintiff's complaint."). *See also Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952 (8th Cir. 2002) ("Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint.") (citing *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F.Supp. 232, 239–40 (D. Del.1992) (holding that the plaintiff's filing of an amended complaint rendered the defendants' motion to dismiss the original complaint moot)).

III.    **ARGUMENT**

DMACC is concurrently filing an Amended Answer and Counterclaims with this response. This will be DMACC's operative pleading responsive to Drake's operative pleading (the Amended Complaint). Importantly, in its new Answer and Counterclaims, DMACC has amended counterclaim three and removed counterclaim four to directly address the arguments raised in Drake's Motion to Dismiss. These changes provide additional reasons for the Court to deny Drake's motion to dismiss—specifically, Drake is seeking dismissal of counterclaims that are no longer in the case as pled when Drake filed its motion to dismiss.

    A.     **Defamation**

In its Amended Answer and Counterclaims, DMACC has alleged one claim of defamation. "The gist of a defamation action is publication of written or oral statements which tend to injure a

person's reputation and good name." *Lara v. Thomas*, 512 N.W.2d 777, 785 (Iowa 1994). To plead defamation, the plaintiff must demonstrate the defendant (1) published a statement that was (2) defamatory (3) of and concerning the plaintiff. *Taggert v. Drake Univ.*, 549 N.W.2d 796, 802 (Iowa 1996).

Defamation claims come in two types: *per quod* and *per se*. *Hoffmann v. Clark*, 975 N.W.2d 656, 664 (Iowa 2022). Defamation *per quod* requires an audience to "refer to facts or circumstances beyond the words actually used to establish the defamation." *Id.* (quoting *Johnson v. Nickerson*, 542 N.W.2d 506, 510 (Iowa 1996)). Defamation *per se* refers to statements "of such a nature, whether true or not, that the court can presume as a matter of law that their publication will have libelous effect." *Id.* (quoting *Vinson v. Linn-Mar Cmty. Sch. Dist.*, 360 N.W.2d 108, 116 (Iowa 1984)). Plaintiffs in a defamation *per quod* action bears the burden to prove that they suffered some sort of reputational damage from the statement. *Id.* (citing *Bierman v. Weier*, 826 N.W.2d 436, 444 (Iowa 2013)). Plaintiffs are not required to prove damages for defamation *per se*. *Id.* (citing *Rees v. O'Malley*, 461 N.W.2d 833, 839 (Iowa 1990)). "Slanderous imputations affecting a person in his or her business, trade, profession, or office are also actionable without proof of actual harm" and thus satisfy the standard for defamation *per se*. *Lara*, 512 N.W.2d at 785.

DMACC has included allegations regarding each element which show Drake's actions were intended to and did cause DMACC reputational harm. *See Counterclaims* ¶ 85 (elements 1 and 3), ¶¶ 86–88 (element 2). DMACC also included allegations that satisfy defamation *per se* (*Counterclaims* ¶¶ 83, 90) and *per quod* (*Counterclaims* ¶¶ 89–91). Therefore, Drake's Motion to Dismiss DMACC's third counterclaim should be denied.

### B. Unfair Competition

In its Amended Answer and Counterclaims, DMACC has removed counterclaim four for unfair competition. Based on Drake's current representations—which have not yet been explored in fact discovery—DMACC is removing its unfair competition counterclaim, but DMACC reserves the right to raise this claim upon further discovery into Drake's conduct. Therefore, Drake's Motion to Dismiss DMACC's fourth counterclaim should be denied.

### IV. CONCLUSION

For the foregoing reasons, DMACC requests the Court deny Drake's motion to dismiss as moot.

Respectfully submitted,

Date: September 3, 2024

*/s/ R. Scott Johnson*

R. Scott Johnson (#AT0004007)
Cara S. Donels (#AT0014198)
Erin M. Boggess (#AT0015950)
**FREDRIKSON & BYRON, P.A.**
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone:  (515) 242-8900
E-Mail: rsjohnson@Fredlaw.Com
         cdonels@Fredlaw.Com
         eboggess@Fredlaw.Com

Laura L. Myers (Minn. #0387116)
(admitted *Pro Hac Vice*)
**FREDRIKSON & BYRON, P.A.**
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  (612) 492-7000
E-mail:  LMyers@fredlaw.com

***Attorneys for Defendants and Counterclaim Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2024, I electronically filed the *Defendants'/Counterclaim Plaintiff's Resistance to Plaintiff's Motion to Dismiss Counterclaim Plaintiff's Third and Fourth Claims* with the Clerk of the Court using the ECF, who in turn sent notice to the following:

    Joshua J. Conley, Esq.
     jconley@zarleyconley.com
    John D. Gilbertson, Esq.
     jgilbertson@zarleyconley.com
    ZARLEYCONLEY PLC
    580 Market Street, Suite 101
    West Des Moines, IA  50266

    *Attorneys for Plaintiff and*
    *Counterclaim Defendant*

                                                */s/ Erica Palmer*
                                                Erica Palmer