IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION AND DES MOINES AREA COMMUNITY COLLEGE<br>    Defendants. | No. 4:24-cv-00227<br><br>**MOTION TO SEAL DOCKET ENTRY 52 AND ITS SUBPARTS**<br><br>**EXPEDITED RELIEF REQUESTED** |

Plaintiff Drake University ("Drake") hereby moves the Court for an Order to seal Docket entry 52 and all subparts filed by the law firm Fredrikson & Byron, P.A. on behalf of Defendants ("DMACC") in the above-captioned matter pending a decision on Drake's pending Motion to Disqualify defense counsel. Dkt. 41. In support, Drake states as follows:

I.  **RELEVANT BACKGROUND**

Docket entry 21 is DMACC's original Answer, Affirmative Defenses, and Counterclaims ("Answer"). On July 31, 2024, Drake filed a Motion to Seal DMACC's Answer, among other filings, pending the disposition of a Motion to Disqualify Drake was preparing to file. Dkt. 24. The Court granted the Motion to Seal provisionally and temporarily. Dkt. 28. Drake subsequently filed its Motion to Disqualify on August 13, 2024. Dkt. 41. DMACC timely resisted. Dkt. 49. A hearing on the Motion to Disqualify was held before Chief Judge Rose on September 3, 2024. *See* Dkt. 51. A ruling on the Motion to Disqualify has not yet been issued.

DMACC filed its Amended Answer, Affirmative Defenses, and Counterclaims on September 3, 2024 (DMACC's "Amended Answer"). Dkt. 52 and subparts. Except for the removal of DMACC's Fourth Counterclaim, the Amended Answer is essentially identical in substance to its Answer. As such, the same concerns Drake raised with respect to DMACC's

original Answer are still present in its Amended Answer, in part because DMACC filed the latter on the public docket.

## II.     CORRESPONDENCE

On September 4, 2024, the undersigned raised this issue with DMACC's counsel via email, noting that Drake would not oppose a motion to seal. DMACC's counsel responded that the unsealed filing was made in error, and that counsel had sought direction from the clerk's office regarding sealing. DMACC's counsel replied later in the day that the Court indicated that a motion would be required for the Amended Answer to be sealed, but that DMACC would oppose one for the reasons set forth in Docket entry 27. Thus, per Local Rule 7(k), the parties have conferred and DMACC does not consent to the present motion.

## III.    SUMMARY OF DRAKE'S PENDING MOTION TO DISQUALIFY

DMACC is represented by R. Scott Johnson of Fredrikson & Byron P.A. ("Fredrikson"). Mr. Johnson was a shareholder and Executive Committee member at McKee, Voorhees & Sease ("MVS"). Mr. Johnson worked at MVS for over 20 years. MVS has been Drake's exclusive intellectual property counsel for at least the last 40 years. MVS has represented Drake with respect to virtually all intellectual property matters, including trademarks. Mr. Johnson is currently an appointed attorney on eight (8) of Drake's trademarks, including two (1,567,283 and 3,498,202) that Drake asserts against DMACC in the present litigation.

As set forth more fully in Drake's briefing in support of its Motion to Disqualify (Dkt. 41, 50) Mr. Johnson's representation of DMACC in this matter—which include allegations undermining the strength of Drake's trademarks—is an incurable conflict of interest, which is imputed to Fredrikson as a whole. Fredrikson's attacks on the validity of Drake's trademark rights are a breach of duties of confidence and loyalty to Drake. Such statements and allegations will cause irreparable harm to Drake's rights that will be amplified on the public docket.

## IV. LEGAL STANDARD

A party seeking to seal information must show "that it is likely that public disclosure of the information will harm the party." *Healy v. I-Flow, LLC*, 282 F.R.D. 211, 215 (D. Minn. 2012). To evaluate this, federal courts in this Circuit consider six factors: (1) the need for the public to access the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property or privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Security Nat'l Bank of Sioux City, IA v. Abbot Labs.*, No. Civ. 11-4017, 2014 WL 12603512, at *1 (N.D. Iowa, March 3, 2014) (citations omitted). Here, all factors favor granting this motion.

## V. ARGUMENT

### A. The Public Has No Need to Access the Information at Issue

The document at issue is DMACC's Amended Answer and Counterclaims attacking the strength and validity of Drake's intellectual property. *See* Dkt. 52 and subparts.

Allegations against the strength and/or validity of a private entity's intellectual property is not a pressing public interest issue, particularly at this early juncture. The public has a far greater interest in attorneys being precluded from making representations to the Court when clear conflicts of interest exist. *See Matter of Guardianship of J.W.*, 991 N.W.2d 143, 152 (Iowa 2023) (noting a key purpose of the Duties to Former Clients is to help "maintain public confidence in the integrity of the bar, and it helps protect a client's right to expect the loyalty of his attorney in the matter for which he is retained") (internal quotes and citations omitted). Public interest cannot override the duties owed to Drake. This factor firmly weighs in Drake's favor.

### B. There has Previously Been No Public Access to the Documents

The subject documents were just recently filed, and Drake is unaware of any confidences relating to its trademark portfolio previously disclosed. Prior allegations made by defense counsel have been shielded from the public in Drake's submissions thus far. *See, e.g.,* Dkts. 3, 3-1. Upon information and belief, there has never been public access to confidences relating to the strength or validity of Drake's trademarks until now.

### C. Drake has Objected to Disclosure of its Confidences

This factor self-evidently weighs in Drake's favor. In fact, since before suit was commenced, Drake has repeatedly objected to the disclosure of information it entrusted to MVS. *See, e.g.,* Dkt. 3-1. Any information disclosed is Drake's and Drake's alone.

### D. The Strength of Drake's Property and Privacy Interests are Immense

Trademarks are a form of property, and the attorney-client relationship is one of the most private relationships that exist. For self-evident reasons, Fredrikson's involvement in attacking the validity of the property Mr. Johnson and his former firm were retained to secure profoundly undermines Drake's interests in both its property and privacy.

### E. DMACC Would Not Be Prejudiced by Granting this Motion

If Fredrikson is permitted to publicly attack the intellectual property Mr. Johnson was involved in securing, those attacks will remain in perpetuity for a future adversary to use against Drake. *See* Iowa Rules of Professional Conduct 32:1.9, Cmt. [24] ("A conflict of interest exists … for example, when a decision favoring one client will create a precedent likely to seriously weaken the position taken on behalf of the other client"). By contrast, DMACC will not be harmed by the relief Drake is requesting, which is only to seal the subject documents pending the outcome of Drake's Motion to Disqualify. Should the Court deem DMACC's counsel fit to continue

representation, Drake will not contest lifting the Order to seal.  DMACC will thus not be unfairly precluded from defending itself.

### F. The Documents Are Intended to Undermine Drake's Rights

The filings in question are in response to Drake's Complaint and Motion for Preliminary Injunction against DMACC.  On their face, the responsive documents are to be anticipated—just not from an attorney who is identified currently or formerly on each of the registrations underlying the suit.  Under these circumstances, the authors of the documents completely undermines whatever purpose they may have.

### VI. CONCLUSION

For the foregoing reasons, Drake respectfully requests that the Court seal Docket 52 and all subparts, along with any supporting or related materials, pending the outcome of Drake's Motion to Disqualify Mr. Johnson and Fredrikson.

Respectfully submitted,

Dated: September 4, 2024                **ZARLEYCONLEY PLC**

By:   /s/John D. Gilbertson
      John D. Gilbertson, AT0014515
      Joshua J. Conley, AT0011828
      580 Market Street, Suite 101
      West Des Moines, IA 50266
      Telephone:  (515) 558-0200
      Facsimile:   (515) 558-7790
      jgilbertson@zarleyconley.com
      jconley@zarleyconley.com
      **ATTORNEYS FOR PLAINTIFF**