IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY, ) | Case No. 4:24-cv-00227-SMR-SBJ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER ON DEFENDANTS' MOTION |
| DES MOINES AREA COMMUNITY ) | TO DISMISS |
| COLLEGE FOUNDATION and DES ) | |
| MOINES AREA COMMUNITY ) | |
| COLLEGE, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| DES MOINES AREA COMMUNITY ) | |
| COLLEGE, ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| DRAKE UNIVERSITY, ) | |
| ) | |
| Counterdefendant. ) | |

Before the Court is a Motion to Dismiss filed by Defendant Des Moines Area Community College Foundation (the "Foundation"). [ECF No. 20]. The Foundation is named as a Defendant alongside Des Moines Area Community College ("DMACC") (collectively, "Defendants") in this lawsuit filed by Plaintiff Drake University ("Drake"). The Foundation moves to dismiss the claims brought against it on the basis that it does not engage in any conduct related to the mark at issue in the case.

I. BACKGROUND

In this case, Drake alleges trademark infringement and unfair competition against Defendants arising from DMACC's rebranding campaign beginning last year. Specifically, Drake

claims that DMACC's new school logo and colors violate its intellectual property rights. Defendants deny the substance of the allegations. The Foundation contends that it is not a proper party in this lawsuit because it does not own or exercise control over the allegedly infringing mark, nor does it provide any of the services or goods identified by Drake in the pleadings. The Foundation maintains that Drake does not understand the distinction between the entities, leading Drake to improperly name the Foundation as a party in this case.[1]

The Foundation seeks dismissal from the case on this basis. It also maintains that the Amended Complaint constitutes a "shotgun" pleading that does not allow it to properly respond to the allegations. Drake resists the Motion to Dismiss, arguing that the Amended Complaint sufficiently states a claim against the Foundation and it is not an impermissible shotgun pleading. Drake also insists that the Foundation is a required party under Federal Rule of Civil Procedure 19(a). [ECF No. 44 at 4–5].

## II.   DISCUSSION

### A. Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true all facts pled and grant all reasonable inferences drawn from the pleadings in favor of the nonmovant. *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711,

---

[1] DMACC is a community college organized under Iowa law. *See* Iowa Code § 260C.16 (providing that community colleges "formed under the provisions of this chapter shall be a body politic as a school corporation for the purpose of exercising powers granted under the chapter[.]"). According to the Motion to Dismiss, the Foundation is an Iowa nonprofit corporation. [ECF No. 20-1 at 1].

721 (8th Cir. 2014) (citation omitted). A complaint is not adequately pled if it contains "'naked assertions devoid of further factual enhancement." *Christopher v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678).

### B. Analysis

The Foundation argues that Drake "misidentified" its target because the Foundation is not a proper party. It maintains that the Foundation is "merely the fundraising arm of DMACC whose sole purpose is to raise money." [ECF No. 20-1 at 4]. Therefore, Drake cannot obtain relief from the Foundation because it does not engage in the conduct alleged in the pleadings. By making no effort to differentiate between its conduct and the conduct of DMACC, the Foundation claims that Drake has no legal theory under which the Foundation can be held liable for the claims brought in the Amended Complaint.

The Foundation also contends that the Amended Complaint violates Rule 8 because it constitutes an impermissible "shotgun" pleading. It argues that Drake does not sufficiently allege which entity is responsible for the specified conduct, leaving the Foundation "to guess as to which allegations in the Amended Complaint" pertain to it. [ECF No. 47 at 2].

### 1. "Shotgun" Pleading

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Each allegation set forth in a pleading must also be "simple, concise, and direct." Fed. R. Civ. P. 8(d). The purpose of Rule 8 is to "give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (describing these elements as the "essential function of a complaint under the Federal Rules of Civil Procedure") (citation

omitted). A "shotgun" pleading does not satisfy this standard. A pleading is considered "shotgun" if it is overly verbose or if it does not "allow a defendant to discern who, specifically, did what and when." *Doe v. Univ. of Iowa*, No. 3:22-cv-00001, 2022 WL 4182196, at *1 (S.D. Iowa Sept. 2, 2022).

Rule 12(e) allows a party to "move for a more definite statement of a pleading" when the subject pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "'[A] motion for more definite statement is only proper when a party is unable to determine the issues he must meet.'" *Moore v. M.H. Logistics Corp.*, No. 3:23-cv-00056-RGE-SBJ, 2024 WL 3463850, at *2 (S.D. Iowa Apr. 10, 2024) (quoting *Innovative Dig. Equip., Inc. v. Quantum Tech., Inc.*, 597 F. Supp. 983, 988 (N.D. Ohio 1984)). The general rule is that a party seeking more clarity in a pleading should seek relief through a motion under Rule 12(e), not Rule 12(b)(6). *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1356 (4th ed. June 2024) ("Wright & Miller") (explaining that a motion under Rule 12(e) for a more definite statement is the procedural vehicle to correct inartful or confusing pleadings).[2]

However, district courts in the Eighth Circuit have occasionally dismissed claims when they are pled against every defendant where the alleged conduct of the specific defendants is meaningfully distinct. *See Qwest Commc'ns Co., LLC v. Free Conferencing*, 990 F. Supp. 2d 953, 969 (D. Minn. 2014) (noting that claims brought against "all defendants" are dismissed when "those defendants appeared to be responsible for discrete actions alleged in the complaint, but the complaint did not identify which defendant took which action"); *see also Tatone v. SunTrust*

---

[2] The Foundation's reply brief contains a footnote "respectfully request[ing] the Court require Drake to clearly identify what allegations and claims, if any, are asserted against the Foundation." [ECF No. 47 at 4 n.2]. This belated motion for a more definite statement is without merit, as discussed below, and procedurally improper.

*Mortg., Inc.*, 857 F. Supp. 2d 821, 831–40 (D. Minn. 2012) (dismissing complaint where the elements of a cause of action were "cut and paste[d]" and one claim alleged "border[ed] on frivolous" which appeared to be an effort to see which claims "would stick").

The Amended Complaint contains none of these flaws. Although it is lengthy, there is no basis to support the Foundation's contention that it must "guess why it is being sued." [ECF No. 20-1 at 7]. The Foundation relies on case law that does not support its position. Contrary to the Foundation's assertions in the Motion to Dismiss, a complaint does not lack specificity merely because the allegations refer to a group of defendants without differentiating them. *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013). In *Engel*, the United States Court of Appeals for the Seventh Circuit held that factual allegations must be read "sensibly and as a whole" to assess whether there is "genuine uncertainty" about which defendant is responsible for which alleged legal violation. *Id*.

The Federal Rules of Civil Procedure permit a party to seek clarification if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). For its part, the Foundation argues that "Drake has not made it obvious to the Foundation which allegations in the Amended Complaint are tied to them." [ECF No. 47 at 4]. It bemoans that Drake's Amended Complaint fails "to articulate what (if any) allegations relate to" it. *Id*. However, the Amended Complaint clearly identifies that allegations to "DMACC" collectively refer to Des Moines Area Community College and the Foundation. [ECF No. 17 ¶ 5]. The Foundation's issue with the pleading is not that it is unclear, rather, it simply disputes that the allegations apply to both entities. Accordingly, the Amended Complaint is not a shotgun pleading necessitating relief under Rule 12(e), much less dismissal for failure to state a claim.

2.  State a Claim for Relief

The Foundation also faults the Amended Complaint for "contain[ing] no legal theory under which" it could be held liable. [ECF No. 20-1 at 4]. According to the Motion to Dismiss, the Foundation does not own or exercise control over the disputed marks or provide any services or goods which allegedly infringe on the mark. Therefore, the Foundation contends that Drake is not able to state a claim for trademark infringement or any of the other claims pled against it. The Foundation argues that in the original complaint, Drake was "clearly attempting" to bring claims against the College, rather than the Foundation. It insists that Drake had an obligation to fix its "mistake" in the original complaint, which means adopting Defendants' factual assertions that the Foundation is merely conflated with the College. By not substituting parties pursuant to Defendants' demand, they argue that dismissal is required.

However, the Foundation's position runs counter to the standard on a Rule 12(b)(6) motion, which requires a court to take "all facts alleged in the complaint as true, and mak[e] reasonable inferences in favor of the nonmoving party." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (citation omitted); *cf.* Wright & Miller § 1356 ("The purpose of a motion under Federal Rule of Civil Procedure 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."). In addition to the pleadings, a court may consider "materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (cleaned up) (citation omitted). The Foundation asks the Court to accept its representations that it does not engage in the conduct alleged in the Amended Complaint.

However, it does not submit or identify any materials properly considered on a Rule 12(b)(6) motion which support this assertion. Its factual assertions also contradict the pleadings which, at this stage, are entitled to a presumption of veracity. The only additional documentation filed with the Motion to Dismiss is a copy of email communications between counsel for both parties and a record of a Drake trademark filed with the United States Patent and Trademark Office. [ECF No. 20-3]. In the exchange, defense counsel advises that the Foundation "does not sell anything or provide any educational services." *Id*. at 3. Counsel requested that Drake "refile" the complaint against DMACC rather than the Foundation. *Id*. An amended pleading would not be resisted by DMACC, according to the email, if Drake agreed to "reset all currently pending deadlines" and also allow a response of up to 50 pages. *Id*. Counsel's representations in email communications with opposing counsel is not "fairly embraced" by the pleadings, nor do they establish that the Amended Complaint does not state a claim for relief against the Foundation at the pleading stage. Taking the factual allegations set forth therein as true, the Amended Complaint states a claim for relief.

III.   CONCLUSION

Based on the discussion above, the Motion to Dismiss is DENIED. [ECF No. 20].

IT IS SO ORDERED.

Dated this 10th day of September, 2024.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT