IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE<br>    Defendants. | No. 4:24-cv-00227<br><br>**PLAINTIFF'S PARTIAL RESISTANCE TO DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY (DKT. 64)** |
| DES MOINES AREA COMMUNITY COLLEGE,<br>    Counterclaim Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br>    Counterclaim Defendant. | |

## I.    LEGAL STANDARD

"[S]urreplies are generally disfavored" and the court has discretion whether to allow a surreply. *Fleshner v. Tiedt,* No. 15-cv-2033-CJW, 2019 WL 271619, *2 (N.D. Iowa January 18, 2019) (citing *Banner Health v. Sebelius,* 905 F.Supp.2d 174, 187 (D.D.C. 2012). In particular, when an opponents' reply brief responds to arguments in the resistance and does not raise new arguments, a surreply is unwarranted. *Id.* (citing *Sec. & Exch. Comm'n v. Watkins,* 317 F.Supp.3d 1244, 1249 (N.D. Ga., 2018). Allowing a surreply as a matter of course "would put the court in the position of refereeing an endless volley of briefs." *Id.* (citations omitted).

DMACC has requested permission to file an open-ended surreply that vaguely defines its scope to be "new arguments and § 1927 motion." Dkt. 64, at 2 ¶ 9.

## II.   ARGUMENT

### A. Drake <u>Does Not Oppose</u> a Limited Surreply to Address Drake's Request for Relief Under 28 U.S.C. § 1927

Drake does not oppose DMACC's motion in full, despite its suggestion to the contrary. In email correspondence between counsel for the parties which took place on September 13, 2024, the undersigned indicated a willingness to consent to a two-page surreply on the issue of Drake's request for sanctions under 28 U.S.C. § 1927, which was made in its Reply in support of its Motion to Dismiss DMACC's Third and Fourth Counterclaims (Dkt. 62, at 8). *See* Exhibit 1. DMACC refused.

DMACC argues Drake's request for sanction under § 1927 was "inappropriately" made, but a separate motion is not necessarily required to request relief under § 1927. *See Meathe v. Ret*, 547 Fed.Appx. 683, 691 (6th Cir. 2013) (distinguishing filing requirements under Rule 11). Accordingly, while Drake does not oppose a limited surreply on this issue, the lack of a motion does not in and of itself warrant a surreply.

### B. No Surreply is Warranted on the Defamation Issue

DMACC has already had two opportunities to address the deficiencies in its defamation claim, i.e., its Amended Answer and Counterclaims (Dkt. 52) and its Resistance to Drake's Motion to Dismiss DMACC's Third and Fourth Counterclaims (Dkt. 53). DMACC elected to present only a single paragraph of substance in its Resistance concerning its defamation claim. Dkt. 53, at 3.

Drake did not raise "new arguments" in its Reply. The public figure argument raised in Drake's Reply (Dkt. 62, at 2–3) is in response to DMACC's misleading characterization of *Bierman v. Weier*, 826 N.W.2d 436 (Iowa 2013). Specifically, DMACC cited *Bierman* for two propositions relating to the availability of defamation claims, but neglected to mention the case also states defamation *per se* is only available in disputes that involve a "private plaintiff [and]

private concern." Dkt. 62, at 2–3. Drake did not rely on *Bierman* in its Motion or principal brief. *See generally* Dkt. 46, 46-1. Local Rule 7(g) allows a movant to reply to new and unanticipated arguments raised in a resistance. LR 7(g). DMACC's mischaracterization of a case, which is cited for the first time in its Resistance, certainly qualifies as a "new and unanticipated argument" to which a reply is permitted, and to which no surreply is allowed.

Moreover, DMACC's original counterclaim for defamation, to which the present motion was directed, did not state that it was for *per se*, and was presented as if it were for defamation *per quod*. *See* Dkt. 21, at 58 ¶¶ 78–83 (original counterclaim); Dkt. 46-1, at 4 (Drake's principal brief) ("At best, an inference may be gleaned that the intention is to claim defamation *per quod* based on the general allegation of 'malice' and 'intent to disparage and harm'").

### III. CONCLUSION

For at least the foregoing reasons, Drake respectfully requests the Court **deny** DMACC's request to present additional arguments directed to its defamation claim. Drake **does not otherwise oppose** DMACC submitting a surreply that is limited in scope and length on the issue of § 1927.

Respectfully submitted,

Dated: September 13, 2024              **ZARLEYCONLEY PLC**

By:   /s/John D. Gilbertson
      John D. Gilbertson, AT0014515
      Joshua J. Conley, AT0011828
      580 Market Street, Suite 101
      West Des Moines, IA 50266
      Telephone:  (515) 558-0200
      Facsimile:   (515) 558-7790
      jgilbertson@zarleyconley.com
      jconley@zarleyconley.com
      **ATTORNEYS FOR PLAINTIFF &
      COUNTERCLAIM DEFENDANT**