## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>      Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>      Defendants. | Case No. 4:24-CV-00227-SMR-SBJ<br><br><br>**DEFENDANT'S/COUNTERCLAIM PLAINTIFF'S SUR-REPLY TO PLAINTIFF'S/ COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S THIRD AND FOURTH CLAIMS** |
| DES MOINES AREA COMMUNITY COLLEGE,<br><br>      Counterclaim Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br><br>      Counterclaim Defendant. | |

Defendant and Counterclaim Plaintiff Des Moines Area Community College ("DMACC") hereby files this sur-reply to address issues and arguments newly raised by Plaintiff and Counterclaim Defendant Drake University ("Drake" and "Plaintiff") in its reply briefing.

Drake's request for sanctions under 28 U.S.C. § 1927, raised for the first time in reply, is procedurally improper and meritless. Section 1927 allows the Court to require a party's counsel to personally satisfy costs if costs were unreasonably incurred. This type of sanction is awarded when an attorney's conduct "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *See Clark v. United Parcel Serv., Inc*., 460 F.3d 1004, 1011 (8th Cir. 2006).  Not only has Drake failed to even argue this, but here, there can be no objective finding

that any DMACC attorney has either intentionally or recklessly disregarded their duties to the Court. Just the opposite. DMACC's lawyers take their obligations to the Court and to the truth extremely seriously. DMACC has attempted to minimize filings and costs by providing Drake numerous off-roads to decrease the number of filings and issues in this matter.  Yet Drake suggests "DMACC has acted intentionally to needlessly multiply these proceedings and maintain frivolous claims." (Dkt. 62 at 8). Before Drake filed its motions to dismiss and strike, DMACC told Drake it would be amending its Counterclaims, so Drake could wait to review the amendments and then file any motions to dismiss or strike. Drake did not listen. DMACC told Drake the *Deere* opinion showed its motion to disqualify was unsound. (Dkt. 49-7) ("I strongly encourage you to review comment 5 to Rule 32:1.9 and the *Deere* case before asserting a meritless disqualification motion with the Court."). Drake did not listen. Instead, Drake appears to have chosen an angry, scorched-earth pre-discovery motion practice, which suggests it is not DMACC that is culpable of "needlessly multiply[ing] these proceedings." (Dkt. 62 at 8).

Addressing the merits of DMACC's positions to date, DMACC's counterclaims for unfair competition were filed in accordance with *Iowa Health System v. Trinity Health Corp.*, 177 F.Supp.2d 896 (N.D. Iowa 2001). In *Iowa Health System*, Judge Bennet approved a comparable claim for unfair competition in violation of the Lanham Act and state common law based on what was asserted to be an overly broad assertion of trademark scope. *Id.* at 928-33 (approving at motion to dismiss stage unfair competition claim under Lanham Act and state common law where accused conduct involved "misuse" of a trademark). DMACC's unfair competition claims were based on communications Drake sent out to Drake alumni which contained what DMACC believes to be a gross overexaggeration of the scope of Drake's trademark rights. The question is whether these communications were done to influence the marketplace. Thus, in response to concerns raised for

the first time in a motion to dismiss, DMACC decided it was more prudent, at this point in the case before discovery, to wait and obtain discovery on Drake's marketplace communications with third parties (non-alumni) regarding DMACC before reasserting this claim. DMACC's caution, and its attorney's responsiveness to Drake's motion to dismiss (including seeking to find more evidence to support the claim before reasserting it), cannot meet the objective baselessness standard, and no fees should be awarded for DMACC's reasonable inclusion of an unfair competition claim.

Moving to the defamation counterclaims, Drake ironically argues that DMACC had no reasonable basis to allege defamation based on caselaw that *Drake itself did not even raise until its reply motion*—that DMACC is barred from asserting a defamation *per se* claim based on an allegation DMACC is a "public counter-plaintiff." (Dkt. 62 at 3). DMACC evaluated Drake's allegations and determined that DMACC should withdraw its defamation claims based on grounds not raised by Drake—that the First Amendment protects criticism of the state (even including municipal corporations) such that municipal corporations cannot bring defamation claims with very limited exceptions.[1] The same rule does not apply to the privately run Foundation, which is

---

[1] It is DMACC's belief that where the defamation was not a criticism of government functions, but rather that the municipal corporation was acting in the market and the defamatory statements relate to its market conduct, this prohibition should not apply. Further exhaustive research suggests DMACC would need multiple appeals to firmly establish such an exception. *See, e.g.*, *Cap. Dist. Regional Off-Track Betting Corp. v. Northeastern Harness Horsemen's Ass'n*, 399 N.Y.S.2d 597 (NY 1977) (*citing New York Times v. Sullivan*, 376 U.S. 254 (1964)); *but see* Prosser, Handbook of the Law of Torts (2d) Defamation, § 92 at 579 and n. 95 (noting criticism of findings that municipal corporation cannot bring defamation action). DMACC is not interested

not a municipal corporation nor a "public figure." *See, e.g.*, *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342 (1974) ("Those who, by reason of the notoriety of their achievements or the vigor and success with which they seek the public's attention, are properly classed as public figures . . . ."). The Foundation will be asserting the defamation claims in its Answer not yet due.

Finally, Drake's allegation that some alleged failure to follow Local Rule 15 "supports" a Section 1927 award is simply wrong. Local Rule 15 does not require a redline when pleadings are amended as a matter of course. *See* L.R. 15. As for the sealing error, DMACC acknowledges that the Court had conditionally ordered sealing. As soon as the amended pleading was filed and counsel noticed it was on the public docket, counsel's assistant called the clerk to effectuate sealing the filings the morning after the Amended Answer and Counterclaims was filed.[2] Of course, none of that matters as, by the time Drake filed its present motion, the Court had already ordered everything unsealed because the Court had denied Drake's "capacious" motion to disqualify. (*See* Dkt. 57 at 5).

All this to say, there is no *proper* basis to assert Section 1927. If it were the law that amending and refining counterclaims in response to issues raised meant an attorney's conduct was subject to sanctions, most cases would involve sanctions or attorneys would never agree to amend

---

at this time in taking its ability to bring a defamation claim through the appellate process—but that does not mean its assertion of the claim is not supported by a "nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law." Fed. R. Civ. P. 11(b)(2).

[2] DMACC did so despite believing the proper course would have been for Drake to move to seal prior to DMACC filing its Amended Answer and Counterclaims after DMACC advised Drake the same was going to be filed.

anything. Drake has not identified a single instance where Section 1927 was invoked in comparable circumstances. That's because even zealous advocates do not so lightly invoke sanctions. DMACC hopes Drake will be much more cautious about lodging allegations that 28 U.S.C. § 1927 applies in the future.  DMACC respectfully requests the Court decline Drake's bare-bones invocation of § 1927.

Respectfully submitted,

Date: September 18, 2024

*/s/ R. Scott Johnson*

R. Scott Johnson (#AT0004007)
Cara S. Donels (#AT0014198)
Erin M. Boggess (#AT0015950)
FREDRIKSON & BYRON, P.A.
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone:  (515) 242-8900
E-mail:  RSJohnson@fredlaw.com
        CDonels@fredlaw.com
        EBoggess@fredlaw.com

Laura L. Myers (Minn. #0387116)
(admitted *Pro Hac Vice*)
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  (612) 492-7000
E-mail:  LMyers@fredlaw.com

***Attorneys for Defendants and
Counterclaim Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, I electronically filed the

*Defendants'/Counterclaim Plaintiff's Sur-reply to Plaintiff's Motion to Dismiss Counterclaim*

*Plaintiff's Third and Fourth Claims* with the Clerk of the Court using the CM/ECF system, who

in turn sent notice to the following:

>Joshua J. Conley, Esq.
>  jconley@zarleyconley.com
>John D. Gilbertson, Esq.
>  jgilbertson@zarleyconley.com
>ZARLEYCONLEY PLC
>580 Market Street, Suite 101
>West Des Moines, IA  50266
>
>*Attorneys for Plaintiff and*
>*Counterclaim Defendant*


*/s/ Erica Palmer*
Erica Palmer