**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>      Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>      Defendants. | Case No. 4:24-CV-00227-SMR-SBJ |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>      Counterclaim Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br><br>      Counterclaim Defendant. | |

**<u>DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S
AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

**DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S
AMENDED ANSWER AND AFFIRMATIVE DEFENSES** ...................................................... 1

PRELIMINARY STATEMENT ........................................................................................... 1

PARTIES ............................................................................................................................... 1

JURISDICTION AND VENUE ........................................................................................... 2

FACTS ................................................................................................................................... 2

    DRAKE UNIVERSITY ...................................................................................................... 2

        Drake's Standalone "D" .......................................................................................... 3

            The Vintage Drake "D" ...................................................................................... 3

            The Modern Drake "D" ...................................................................................... 6

        The Drake Seal ........................................................................................................ 7

        Drake's Registered Marks ...................................................................................... 8

            Marching Spike .................................................................................................. 8

            The Academic "D" ............................................................................................. 9

            The Athletic "D" ................................................................................................ 9

        Drake's Live Mascot--Griff .................................................................................. 10

            "Bring Drake to Drake" .................................................................................... 12

            Paul Morrison—"Mr. Drake" ......................................................................... 14

            Michael Admire—"Face of Drake Athletics".................................................. 14

        The Drake Colors .................................................................................................. 15

        Drake's Brand Standards & Style Guide ............................................................. 17

        Drake's Brand ....................................................................................................... 17

    DES MOINES AREA COMMUNITY COLLEGE (DMACC) ....................................... 18

        DMACC's Former Brand ..................................................................................... 18

        DMACC's Rebrand .............................................................................................. 19

        DMACC's Pending Trademark Applications ...................................................... 20

        Launch of DMACC's New Brand ....................................................................... 21

i

Institutional and Marketing Launch ........................................................... 21

Merchandise Launch ................................................................................ 21

Pre-launch Investigation .......................................................................... 21

Public Reaction ........................................................................................ 22

The Rotary Club Incident ......................................................................... 22

Proximity between Drake and DMACC .............................................................. 23

Geographic Proximity .............................................................................. 23

Competitive Proximity .............................................................................. 23

EXEMPLARY COMPARISONS ........................................................................ 24

DMACC'S UNLAWFUL ACTIVITIES ............................................................. 24

ATTEMPTS TO RECONCILE ......................................................................... 25

COUNTS ..................................................................................................................... 27

COUNT 1:  FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114) ........... 27

COUNT 2:  FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(A)) ................... 27

COUNT 3:  COMMON LAW TRADEMARK INFRINGEMENT ............................... 28

COUNT 4:  COMMON LAW UNFAIR COMPETITION ........................................... 28

COUNT 5:  INJURY TO BUSINESS REPUTATION – DILUTION (IOWA
CODE § 548.113) ......................................................................................... 28

COUNT 6:  UNJUST ENRICHMENT .................................................................... 29

RESPONSES TO REQUESTED RELIEF ................................................................ 29

AFFIRMATIVE DEFENSES ................................................................................... 29

FIRST AFFIRMATIVE DEFENSE ...................................................................... 29

SECOND AFFIRMATIVE DEFENSE ................................................................. 29

THIRD AFFIRMATIVE DEFENSE ..................................................................... 29

FOURTH AFFIRMATIVE DEFENSE ................................................................. 30

FIFTH AFFIRMATIVE DEFENSE ...................................................................... 30

SIXTH AFFIRMATIVE DEFENSE ..................................................................... 30

RIGHT TO AMEND DEFENSES ............................................................................ 30

**DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S AMENDED COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** ........................................................................................................ **31**

THE PARTIES ................................................................................................ 31

JURISDICTION AND VENUE ..................................................................... 31

FACTUAL ALLEGATIONS .......................................................................... 32

    DMACCF's and DMACC's History ............................................. 32

    Drake's Rebranding and Communications ................................... 38

    Third Party Prior Use .................................................................... 46

    Public Reaction to the Present Matter .......................................... 51

FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF DRAKE'S TRADEMARKS .................................. 56

SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT OF INVALIDITY OF DRAKE'S TRADEMARKS .................................. 56

THIRD CLAIM FOR RELIEF – DEFAMATION ......................................... 57

EXCEPTIONAL CASE .................................................................................. 59

PRAYER FOR RELIEF ................................................................................. 59

DEMAND FOR JURY TRIAL ...................................................................... 60

CERTIFICATE OF SERVICE ....................................................................... 61

## **DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant/Counterclaim Plaintiff Des Moines Area Community College Foundation ("DMACCF" of "Foundation") by and through its undersigned counsel, submits the following Amended Answer, Affirmative Defenses, and Counterclaims to the Amended Complaint and Jury Demand by Plaintiff Drake University ("Drake") below:[1]

## **PRELIMINARY STATEMENT[2]**

1.      DMACCF admits Drake purported to file the present action under Section 32(1) of the Lanham Act, 15 U.S.C. 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a) and trademark infringement and unfair competition under the statutory and common laws of the State of Iowa.  DMACCF denies the claims have any merit and denies the remainder of the paragraph.

2.      DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint, and on that basis, denies such allegations.

## **PARTIES**

3.      Admitted.

4.      Admitted.

---

[1] Drake University has consented to the filing of this Amended Answer, including in its consent that the existing deadline to respond to the Foundation's Answer is sustained. The parties have agreed to the filing of this Amendment to obviate the Errata previously filed.

[2] To the extent Drake's opening epigraph requires a response, DMACCF admits the epigraph is an excerpt from the Drake fight song and denies the remainder of the epigraph.

5.     DMACCF admits DMACC is an educational institution with a principal place of business at 2006 S. Ankeny Boulevard, Ankeny, Iowa 50023 and denies the remainder of the paragraph.

## JURISDICTION AND VENUE

6.     Admitted.

7.     Admitted.

## FACTS

### DRAKE UNIVERSITY

8.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint, and on that basis, denies such allegations.

9.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint, and on that basis, denies such allegations.

10.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint, and on that basis, denies such allegations.

11.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint, and on that basis, denies such allegations.

12.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint, and on that basis, denies such allegations.

13. DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint, and on that basis, denies such allegations.

14. DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint, and on that basis, denies such allegations.

15. DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint, and on that basis, denies such allegations.

**Drake's Standalone "D"**

16. Denied.

17. DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint, and on that basis, denies such allegations.

18. DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint, and on that basis, denies such allegations.

*The Vintage Drake "D"*

19. DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint, and on that basis, denies such allegations.

20. DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint, and on that basis, denies such allegations.

21.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint, and on that basis, denies such allegations.

22.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint, and on that basis, denies such allegations.

23.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint, and on that basis, denies such allegations.

24.     To the extent Paragraph 24 contains legal conclusions, no response is required. DMACCF denies any remaining allegations in Paragraph 24.

25.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint, and on that basis, denies such allegations.

26.     DMACCF admits Exhibit 18 appears to be a photograph, but DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Amended Complaint, and on that basis, denies such allegations.

27.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint, and on that basis, denies such allegations.

28.     DMACCF admits the floor of the Knapp Center is the home of Drake's basketball teams, notes that the floor marking shown in Paragraph 28 exists and that such marking is covered

up during public basketball games by the bleachers.  DMACCF denies any remaining allegations in Paragraph 28.

29.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint, and on that basis, denies such allegations.

30.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint, and on that basis, denies such allegations.

31.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint, and on that basis, denies such allegations.

32.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint, and on that basis, denies such allegations.

33.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint, and on that basis, denies such allegations.

34.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint, and on that basis, denies such allegations.

35.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint, and on that basis, denies such allegations.

*The Modern Drake "D"*

36.     To the extent Paragraph 36 contains legal conclusions, no response is required. DMACCF denies Drake uses multiple "D"s as source identifiers and denies the remaining allegations of Paragraph 36.

37.     To the extent Paragraph 37 contains legal conclusions, no response is required. DMACCF admits the remaining allegations in Paragraph 37 but denies that the description of the "D" is complete.

38.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint, and on that basis, denies such allegations.

39.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint, and on that basis, denies such allegations.

40.     Denied as the modern "D" forms only a portion of the mark referenced in the Amended Complaint as the "Athletic 'D'" which is also accompanied by a bulldog as shown in Exhibit 23.

41.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint, and on that basis, denies such allegations.

42.     To the extent Paragraph 42 contains legal conclusions, no response is required. DMACCF admits the remaining allegations in Paragraph 42 but denies that the description of the Athletic "D" is complete unless the bulldog is included as shown in Exhibit 24.

43.     DMACCF denies the allegations in Paragraph 43 as Drake appears to define its Athletic "D" in multiple ways and with and without a bulldog.

44.     DMACCF denies the allegations in Paragraph 44 as Drake appears to define its Athletic "D" in multiple ways and with and without a bulldog.

45.     DMACCF denies the allegations in Paragraph 45 as Drake appears to define its Athletic "D" in multiple ways and with and without a bulldog.

46.     DMACCF denies the allegations in Paragraph 46 as Drake appears to define its Athletic "D" in multiple ways and with and without a bulldog.

47.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint, and on that basis, denies such allegations.

48.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint, and on that basis, denies such allegations.  DMACCF further denies the allegations in Paragraph 48 as Drake appears to define its Athletic "D" in multiple ways and with and without a bulldog.

49.     Denied.

### The Drake Seal

50.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint, and on that basis, denies such allegations.

51.     DMACCF admits the seal picture shown as Exhibit 31 includes a lamp and an open book.  With regard to the remaining allegations in Paragraph 51, DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint, and on that basis, denies such allegations.

52.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Amended Complaint, and on that basis, denies such allegations.

53.     DMACCF admits that the image shown in Exhibit 31 "was" apparently at one point a registered trademark and that past tense is used in this red herring paragraph to denote the fact that any such prior registration has been cancelled by the United States Patent and Trademark Office.  DMACCF denies any remaining allegations in Paragraph 53.

### Drake's Registered Marks

*Marching Spike*

54.     To the extent Paragraph 54 contains legal conclusions, no response is required. DMACCF admits based on the face of United States Trademark Registration No. 1,567,283 that Drake is the purported owner of the logo registered on the Principal Register in the United States Patent and Trademark Office.

55.     To the extent Paragraph 54 contains legal conclusions, no response is required. DMACCF admits based on the face of United States Trademark Registration No. 1,567,283 that it issued on November 21, 1989.

56.     Exhibit 32 appears to be an uncertified copy of a registration, but DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 and therefore denies the same.

57.     DMACCF admits United States Trademark Registration No. 1,567,283 is registered for the goods and services listed on its registration and denies the remainder of Paragraph 57.

58.     To the extent Paragraph 58 contains legal conclusions, no response is required. DMACCF denies the remaining allegations in Paragraph 58.

59.     To the extent Paragraph 59 contains legal conclusions, no response is required. DMACCF admits the logo design was registered as a whole and no portion was disclaimed. DMACCF denies any remaining allegations or implications in Paragraph 59.

*The Academic "D"*

60.     To the extent Paragraph 60 contains legal conclusions, no response is required. DMACCF admits based on the face of United States Trademark Registration No. 3,498,202 that Drake is the purported owner of the logo registered on the Principal Register in the United States Patent and Trademark Office.

61.     Exhibit 33 appears to be an uncertified copy of a registration, but DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 and therefore denies the same.

62.     DMACCF admits United States Trademark Registration No. 1,567,283 is registered for the goods and services listed on its registration and denies the remainder of Paragraph 62.

63.     To the extent Paragraph 63 contains legal conclusions, no response is required. DMACCF admits the logo design was registered as a whole and no portion was disclaimed. DMACCF denies any remaining allegations or implications in Paragraph 63.

*The Athletic "D"*

64.     To the extent Paragraph 64 contains legal conclusions, no response is required. DMACCF admits based on the face of United States Trademark Registration No. 4,625,043 that Drake is the purported owner of the logo registered on the Principal Register in the United States Patent and Trademark Office.

65.     Exhibit 34 appears to be an uncertified copy of a registration, but DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65 and therefore denies the same.

66.     DMACCF admits United States Trademark Registration No. 4,625,043 is registered for the goods and services listed on its registration and denies the remainder of Paragraph 66.

67.     DMACCF admits the Athletic "D" as defined by Drake consists of a bulldog next to the stylized Drake D logo. DMACCF denies any remaining allegations or implications in Paragraph 67.

68.     To the extent Paragraph 68 contains legal conclusions, no response is required. DMACCF admits the logo design was registered as a whole and no portion was disclaimed. DMACCF denies any remaining allegations or implications in Paragraph 68.

### Drake's Live Mascot--Griff

69.     DMACCF admits Drake's mascot is a bulldog.  DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69 of the Amended Complaint, and on that basis, denies such allegations.

70.     DMACCF admits Drake uses live bulldogs as Drake's mascot.  DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the Amended Complaint, and on that basis, denies such allegations.

71.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Amended Complaint, and on that basis, denies such allegations.

72.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Amended Complaint, and on that basis, denies such allegations.

73.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Amended Complaint, and on that basis, denies such allegations.

74.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Amended Complaint, and on that basis, denies such allegations.

75.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Amended Complaint, and on that basis, denies such allegations.

76.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Amended Complaint, and on that basis, denies such allegations.

77.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Amended Complaint, and on that basis, denies such allegations.

78.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Amended Complaint, and on that basis, denies such allegations.

79.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Amended Complaint, and on that basis, denies such allegations.

80.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Amended Complaint, and on that basis, denies such allegations.

81.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Amended Complaint, and on that basis, denies such allegations.

82.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Amended Complaint, and on that basis, denies such allegations.

83.     To the extent Paragraph 83 contains legal conclusions, no response is necessary. DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 of the Amended Complaint, and on that basis, denies such allegations.

84.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Amended Complaint, and on that basis, denies such allegations.

*"Bring Drake to Drake"*

85.     To the extent Paragraph 85 contains only irrelevant statements or legal conclusions, no response is necessary.  DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Amended Complaint, and on that basis, denies such allegations.

86.     To the extent Paragraph 86 contains only irrelevant statements or legal conclusions, no response is necessary.  DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the Amended Complaint, and on that basis, denies such allegations.

87.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Amended Complaint, and on that basis, denies such allegations.

88.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Amended Complaint, and on that basis, denies such allegations.

89.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Amended Complaint, and on that basis, denies such allegations.

90.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Amended Complaint, and on that basis, denies such allegations.

91.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Amended Complaint, and on that basis, denies such allegations.

92.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Amended Complaint, and on that basis, denies such allegations.

93.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Amended Complaint, and on that basis, denies such allegations.

*Paul Morrison—"Mr. Drake"*

94.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Amended Complaint, and on that basis, denies such allegations.

95.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Amended Complaint, and on that basis, denies such allegations.

96.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Amended Complaint, and on that basis, denies such allegations.

97.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Amended Complaint, and on that basis, denies such allegations.

*Michael Admire—"Face of Drake Athletics"*

98.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Amended Complaint, and on that basis, denies such allegations.

99.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Amended Complaint, and on that basis, denies such allegations.

100.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Amended Complaint, and on that basis, denies such allegations.

101.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Amended Complaint, and on that basis, denies such allegations.

102.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Amended Complaint, and on that basis, denies such allegations.

103.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Amended Complaint, and on that basis, denies such allegations.

104.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Amended Complaint, and on that basis, denies such allegations.

**The Drake Colors**

105.    DMACCF admits Drake has used several colors as part of its branding guide, including two shades of blue, a yellow, orange, red, and black.  With regard to any remaining allegations in Paragraph 105, DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 of the Amended Complaint, and on that basis, denies such allegations.

106.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Amended Complaint, and on that basis, denies such allegations.

107.     DMACCF admits Drake has used a variety of shades of blue on Drake's website. With regard to any remaining allegations in Paragraph 107, DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 107 of the Amended Complaint, and on that basis, denies such allegations.

108.     DMACCF admits Drake has used a variety of shades of blue on Drake materials. With regard to any remaining allegations in Paragraph 108, DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 108 of the Amended Complaint, and on that basis, denies such allegations.

109.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Amended Complaint, and on that basis, denies such allegations.

110.     To the extent Paragraph 110 contains only irrelevant statements or legal conclusions, no response is necessary.  DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 of the Amended Complaint, and on that basis, denies such allegations.

111.     DMACCF admits the Drake Relays take place on a blue oval.  DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111 of the Amended Complaint, and on that basis, denies such allegations.

112.     To the extent Paragraph 112 contains only irrelevant statements or legal conclusions, no response is necessary.  DMACCF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 112 of the Amended Complaint, and on that basis, denies such allegations.

113.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Amended Complaint, and on that basis, denies such allegations.

### Drake's Brand Standards & Style Guide

114.    To the extent Paragraph 114 contains only legal conclusions, no response is necessary.  DMACCF admits the remainder of Paragraph 114.

115.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Amended Complaint, and on that basis, denies such allegations.

116.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Amended Complaint, and on that basis, denies such allegations.

117.    To the extent Paragraph 117 contains only legal conclusions, no response is necessary.  DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Amended Complaint, and on that basis, denies such allegations.

### Drake's Brand

118.    To the extent Paragraph 118 contains only legal conclusions, no response is necessary.  DMACCF denies the remainder of Paragraph 118.

119.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Amended Complaint, and on that basis, denies such allegations.

120.    Denied.

17

121.    To the extent Paragraph 121 contains only legal conclusions, no response is necessary.  DMACCF denies the remainder of Paragraph 121.

<u>DES MOINES AREA COMMUNITY COLLEGE (DMACC)</u>

122.    Denied as to DMACCF.

123.    Denied as to DMACCF.

124.    Denied as to DMACCF.

125.    Denied as to DMACCF.

126.    Denied as to DMACCF.

127.    Denied as to DMACCF.

128.    Denied as to DMACCF.

129.    Denied as to DMACCF.

130.    Denied as to DMACCF.

131.    Denied as to DMACCF.

132.    Denied as to DMACCF.

<strong>DMACC's Former Brand</strong>

133.    Denied as to DMACCF.

134.    Denied as to DMACCF.

135.    Denied as to DMACCF.

136.    Denied as to DMACCF.

137.    Denied as to DMACCF.

138.    Denied as to DMACCF.

139.    Denied as to DMACCF.

140.    Denied as to DMACCF.

141.    Denied as to DMACCF.

142.    Denied as to DMACCF.

143.    Admitted as to DMACCF.

**DMACC's Rebrand**

144.    DMACCF admits that DMACC announced its new logo and DMACCF began using its new logo in October, 2023.  The remaining allegations in Paragraph 144 are denied.

145.    DMACCF objects to the misrepresentations in Paragraph 145 that the DMACC or DMACCF logo is just as depicted in Exhibits 78 and 79.  The DMACC/DMACCF logo included in the "Rebrand" includes the logo as shown in Paragraph 159.  Without waiving this objection, DMACCF denies the remaining allegations in Paragraph 145.

146.    As to DMACC's conduct, DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Amended Complaint, and on that basis, denies such allegations.  DMACCF denies the remainder of the allegations in Paragraph 146.

147.    Paragraph 147 contains nothing but legal conclusions to which no response is necessary.   To the extent any response is required, DMACCF denies any allegations or implications in Paragraph 147.

148.    Denied.

149.    Admitted.

150.    DMACCF admits DMACC's seal contains a lamp and a book elements below the large DMACC font and with other elements as shown in Exhibit 80 to the Amended Complaint. DMACCF denies any remaining allegations or implications from Paragraph 150.

151.    Denied.

152.    DMACCF admits the seal prominently displays the DMACC five-letter acronym for the institution in an arc in the upper portion.  DMACCF denies any remaining allegations or implications in Paragraph 152.

153.    Admitted.

154.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the Amended Complaint, and on that basis, denies such allegations.

155.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Amended Complaint, and on that basis, denies such allegations.

156.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the Amended Complaint, and on that basis, denies such allegations.

157.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Amended Complaint, and on that basis, denies such allegations.

158.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Amended Complaint, and on that basis, denies such allegations.

### DMACC's Pending Trademark Applications

159.    Denied as to DMACCF.

160.    Admitted.

161.    Denied as to DMACCF because DMACCF was not involved in the '324 application.

162.     Denied as to DMACCF.

163.     Admitted.

164.     Denied as to DMACCF because DMACCF was not involved in the '535 application.

165.     DMACCF admits that at the time of filing of the original Complaint the '324 Application had not been examined.  DMACCF denies the remainder of Paragraph 165.

**Launch of DMACC's New Brand**

166.     Denied as to DMACCF.

167.     Denied as to DMACCF.

*Institutional and Marketing Launch*

168.     Denied as to DMACCF.

169.     Denied as to DMACCF.

170.     Denied as to DMACCF.

*Merchandise Launch*

171.     Denied as to DMACCF.

172.     Denied as to DMACCF.

173.     Denied as to DMACCF.

*Pre-launch Investigation*

174.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the Amended Complaint, and on that basis, denies such allegations.

175.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Amended Complaint, and on that basis, denies such allegations.

176.   DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Amended Complaint, and on that basis, denies such allegations.

177.   DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Amended Complaint, and on that basis, denies such allegations.

*Public Reaction*

178.   Denied as to DMACCF.

179.   Denied as to DMACCF.

*The Rotary Club Incident*[3]

180.   Admitted.

181.   Denied.

182.   Admitted.

183.   Admitted.

184.   DMACCF admits the screen shot is from the meeting, but otherwise denies the allegations in Paragraph 184.

185.   DMACCF denies that any factual allegations are stated in Paragraph 185.

186.   Admitted.

187.   Admitted.

---

[3] Drake's inclusion of this incident is not relevant to the present dispute as parody is never evidence of actual confusion. *See MasterCard Int'l Inc. v. Nader 2000 Primary Comm., Inc.*, 2004 WL 434404, at *3 (S.D.N.Y. Mar. 8, 2004) (finding that a senator's joke on CNN's Late Edition that he "thought the Nader Advertisement was a credit card ad" constituted "little or no evidence of actual confusion"). Drake's counsel had been previously informed of this case and clearly included this section solely to humiliate and harm the reputation of DMACCF and DMACC's Marketing Director.

188.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Amended Complaint, and on that basis, denies such allegations.

**Proximity between Drake and DMACC**

*Geographic Proximity*

189.    Denied as to DMACCF.

190.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Amended Complaint, and on that basis, denies such allegations.

191.    Denied as to DMACCF.

192.    Denied as to DMACCF.

193.    Denied as to DMACCF.

194.    Denied as to DMACCF.

195.    Denied as to DMACCF.

196.    Denied as to DMACCF.

197.    Denied as to DMACCF.

198.    Denied as to DMACCF.

*Competitive Proximity*

199.    Denied.

200.    Denied as to DMACCF.

201.    Denied as to DMACCF.

202.    Admitted.

203.    Denied as to DMACCF.

204.    Denied as to DMACCF.

205.     Denied as to DMACCF.

206.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 of the Amended Complaint, and on that basis, denies such allegations.

207.     Denied as to DMACCF.

208.     Denied as to DMACCF.

209.     Denied as to DMACCF.

210.     Denied as to DMACCF.

EXEMPLARY COMPARISONS

211.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the Amended Complaint, and on that basis, denies such allegations.

212.     Denied as to DMACCF.

213.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 of the Amended Complaint, and on that basis, denies such allegations.

214.     DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214 of the Amended Complaint, and on that basis, denies such allegations.

DMACC'S UNLAWFUL ACTIVITIES

215.     Denied.

216.     Denied as to DMACCF.

217.     Denied as to DMACCF.

218.     Denied.

219.    Denied.

## ATTEMPTS TO RECONCILE

220.    Denied.

221.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 of the Amended Complaint, and on that basis, denies such allegations.

222.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 of the Amended Complaint, and on that basis, denies such allegations.

223.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223 of the Amended Complaint, and on that basis, denies such allegations.

224.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224 of the Amended Complaint, and on that basis, denies such allegations.

225.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 225 of the Amended Complaint, and on that basis, denies such allegations.

226.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 226 of the Amended Complaint, and on that basis, denies such allegations.

227.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 227 of the Amended Complaint, and on that basis, denies such allegations.

228.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 228 of the Amended Complaint, and on that basis, denies such allegations.

229.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 229 of the Amended Complaint, and on that basis, denies such allegations.

230.    Denied as to DMACCF.

231.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231 of the Amended Complaint, and on that basis, denies such allegations.

232.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232 of the Amended Complaint, and on that basis, denies such allegations.

233.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 of the Amended Complaint, and on that basis, denies such allegations.

234.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234 of the Amended Complaint, and on that basis, denies such allegations.

235.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 235 of the Amended Complaint, and on that basis, denies such allegations.

236.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236 of the Amended Complaint, and on that basis, denies such allegations.

237.    DMACCF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 237 of the Amended Complaint, and on that basis, denies such allegations.

238.    Denied.

**COUNTS**

COUNT 1:  FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

239.    Paragraph 239 of the Amended Complaint does not require a response.  DMACCF reincorporates its responses to all preceding paragraphs as if fully set forth herein.

240.    Denied.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

COUNT 2:  FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(A))

246.    Paragraph 246 of the Amended Complaint does not require a response.  DMACCF reincorporates its responses to all preceding paragraphs as if fully set forth herein.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Denied.

### COUNT 3:  COMMON LAW TRADEMARK INFRINGEMENT

254.    Paragraph 254 of the Amended Complaint does not require a response.  DMACCF reincorporates its responses to all preceding paragraphs as if fully set forth herein.

255.    Denied.

256.    Denied.

257.    Denied.

258.    Denied.

259.    Denied.

### COUNT 4:  COMMON LAW UNFAIR COMPETITION

260.    Paragraph 260 of the Amended Complaint does not require a response.  DMACCF reincorporates its responses to all preceding paragraphs as if fully set forth herein.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

### COUNT 5:  INJURY TO BUSINESS REPUTATION – DILUTION (IOWA CODE § 548.113)

266.    Paragraph 266 of the Amended Complaint does not require a response.  DMACCF reincorporates its responses to all preceding paragraphs as if fully set forth herein.

267.    Denied.

268.    Denied.

269.    Denied.

COUNT 6:  UNJUST ENRICHMENT

270.    Paragraph 270 of the Amended Complaint does not require a response.  DMACCF reincorporates its responses to all preceding paragraphs as if fully set forth herein.

271.    Denied.

272.    Denied.

273.    Denied.

**RESPONSES TO REQUESTED RELIEF**

Pursuant to Federal Rule of Civil Procedure 8, DMACCF is not required to respond to Plaintiff's Requested Relief.  However, to the extent that any of the statements or assertions in Plaintiff's Requested Relief may be construed to contain any factual allegations, DMACCF denies every such allegation.  DMACCF further denies that Plaintiff is entitled to any relief requested by Drake.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof which would otherwise reside with Drake, DMACCF asserts the following affirmative and other defenses, reserving the right to modify, amend, and/or expand upon these defenses as discovery proceeds.

FIRST AFFIRMATIVE DEFENSE

Drake failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

DMACCF has not infringed any valid trademark rights of Drake.

THIRD AFFIRMATIVE DEFENSE

Drake has failed to attain requisite distinctiveness in its alleged trademarks or the entirety of the Drake Brand because (a) Drake is not the exclusive user of any such trademark(s), (b) such

trademark(s) are generic, and/or (c) the relevant class of the consuming public does not recognize such trademark(s)as an identifier of goods emanating from Drake.

## FOURTH AFFIRMATIVE DEFENSE

Drake's claims against DMACCF are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, or acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

Drake has abandoned one or more of the trademarks Drake now asserts as part of the Drake Brand.

## SIXTH AFFIRMATIVE DEFENSE

Drake has unclean hands in its efforts to try and enforce trademarks, including cancelled trademark registrations, as part of the Drake Brand.

## **RIGHT TO AMEND DEFENSES**

DMACCF expressly reserves the right to amend its Answer and assert further defenses based on facts and information revealed in the future through discovery or otherwise learned by DMACCF following the filing of this Amended Answer.

## DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S AMENDED COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Des Moines Area Community College Foundation ("DMACCF") asserts the following counterclaims.

## THE PARTIES

1.      Counterclaim Plaintiff Des Moines Area Community College ("DMACC") is an educational institution with a principal place of business at 2006 S. Ankeny Boulevard, Ankeny, Iowa 50023.

2.      Counterclaim Plaintiff Des Moines Area Community College Foundation ("DMACCF") is an Iowa nonprofit corporation with a principal place of business at 2006 S. Ankeny Boulevard, Ankeny, Iowa 50023.

3.      Counterclaim Defendant Drake University ("Drake") is a nonprofit corporation organized under the laws of the State of Iowa, with its principal office at 2507 University Avenue, Des Moines, Iowa 50311.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2), in that both Counterclaim Plaintiffs and Counterclaim Defendant resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      This is an action for declaratory judgment of non-infringement of Drake's trademarks and invalidity of Drake's asserted trademarks arising under the Lanham Act, 15 U.S.C.

31

§ 1114 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  The Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7.      The Court has supplemental jurisdiction over the Defamation Counterclaim pursuant to 28 U.S.C. § 1367 proper for the Court to exercise that supplemental jurisdiction pursuant to the factors listed in 28 U.S.C. § 1367(c).  Additionally, this Court has supplemental jurisdiction over DMACCF's state-law counterclaim pursuant to 28 U.S.C. § 1367 because those counterclaims are substantially related to DMACCF's federal counterclaims under the Lanham Act.

8.      Jurisdiction is also proper under 28 U.S.C. § 1332 because the defamatory statements were made by and directed towards individuals located in the Southern District of Iowa.

9.      The Court also has personal jurisdiction over Drake because Drake submitted itself to the jurisdiction of this Court when it filed its Original Complaint and because Drake is located within this District.

10.     An actual controversy exists between DMACCF and Drake regarding the infringement and validity of Drake's trademarks.

## FACTUAL ALLEGATIONS

### DMACCF's and DMACC's History

11.     DMACCF is an Iowa nonprofit corporation with an effective date of incorporation of January 21, 1972.

12.     DMACCF's primary function is to operate as a fundraising arm to DMACC, the educational institution.

13.     DMACCF is led by a 26-member Board of Directors, comprised of volunteers.

14.     DMACCF works cooperatively with individual donors, local businesses, and support organizations to ensure funding is available for scholarships and other DMACC priorities.

15.     Donating to DMACCF is the preferred giving channel for all DMACC initiatives.

16.     DMACC was founded on March 18, 1966, as a vocational and technical learning center in metro Des Moines.

17.     Since 1966, DMACC has focused on providing an affordable alternative to the four-year college degree, saving students thousands of dollars in tuition costs every year.

18.     DMACC also partners with dozens of four-year universities so DMACC students can articulate their credits and seamlessly complete four-year degrees. Drake is one of those Universities.

19.     DMACC has Campuses in Ankeny, Urban Des Moines, West Des Moines, Newton, Boone, and Carroll and Centers in Southeast Des Moines, Ames, Perry, Templeton, South Ankeny, and East Des Moines.

20.     Today, DMACC is Iowa's largest and most diverse community college, serving a district that included 6,560 miles and home to 20 percent of Iowa's population.

21.     Until recently, DMACC was the only provider of associate degrees in Central Iowa.

22.     DMACC also offers one of the largest nursing programs in Central Iowa.

23.     DMACC did not object when Drake recently entered the associate degree market or started a nursing program in Central Iowa.

24.     DMACC has always used blue and white colors as part of its school colors.

25.     Since 1972, DMACC has referred to itself and offered its goods and services under the abbreviation "DMACC."

26.     "DMACC" is a federally registered trademark, U.S. Registration No. 4,300,418, which is owned by DMACC.  (Ex. A).

27.     The "DMACC" trademark very clearly starts with the letter "D."  (*See id.*).

28.     U.S. Registration No. 4,300,418 is not limited to any particular font, style, size, or color.  (*See id.*).

29.     DMACC has long used a stand-alone block D as a school brand.

30.     DMACC has owned a federal registration, U.S. Registration No. 4,621,044, for the trademark below, which has been used by DMACC since at least 2000.  (Ex. B).



31.     DMACC often used the "D" in the registered mark above by itself, in blue and white, as a trademark—even marking it with the trademark symbol.  (*See* Ex. C).



32.     U.S. Registration No. 4,621,044 is not limited to any particular font, style, size, or color.  (*See* Ex. B).

33.     As shown in the examples below, the "D" in the registered trademark above clearly refers to DMACC and has been used by DMACC for years, including in the colors blue and white. (*See* Ex. C).







34.      In addition to the registered mark above, DMACC also used the "D" alone as a trademark—in blue and white—even marking it with the trademark symbol to indicate its use as a source identifier.  (*See* Ex. C).



















35. Drake has never complained about DMACC's use of the "D" shown above despite its use in commerce since at least 2014.

36. In October 2023, DMACC began using the trademark below, which incorporates a "D" in the same font as the "D" in DMACC's trademarks shown above. (Ex. D).



37.     In conjunction with DMACC's usage of this trademark, DMACCF began using the trademark below, which incorporates a "D" in the same font as the "D" in DMACC's trademarks shown above. (Ex. E).



38.     DMACCF has locked its logo such that the "D" does not appear without the DMACC FOUNDATION.[4]

39.     You cannot say DMACCF without the "D."

<u>Drake's Rebranding and Communications</u>

40.     Drake adopted a new logo in August, 2005.

41.     In doing so, Drake's then Athletic Director Dave Blank noted: "Our new logo is a product of much feedback from various constituents on and off the Drake University campus[.] . . . Our top priorities included creating a new and distinctive 'D' along with an exciting version of Spike on the move. I am very comfortable that our result accomplished both goals in a classy manner."  (Ex. F).

---

[4] As of the date of this Amended Answer and Counterclaims being filed, DMACCF is not aware of any goods or services being offered with just a "D" and without the "DMACC" nearby. DMACC understands there was an issue with a third-party vendor who failed to include the "DMACC" on some items for a brief period of time. This is (and has been since at least the filing of the Complaint) resolved.

42.    Drake adopted a series of highly stylized DRAKE logos (collectively referred to herein as the "New Logo"), as shown below.  (*See* Ex. G):





43.    Drake intended the New Logo to replace Drake's old logos.

44.    Indeed, Drake put a block-style D on its basketball court within the Drake University stadium as shown below.  (*See* Ex. H).



45.    Drake failed to mention that it covers up the block-style D in favor of its new logo during basketball games as shown below.  (*See* Ex. I).



46.    Next, in 2010, Drake launched a "D+" campaign.

47.     Drake's D+ campaign was previously discussed by Brett Michael Dykes, a National Affairs Reporter.   Brett Michael Dykes, Great moments in collegiate marketing: Drake University's         'D+'         campaign,         (September         3,         2010), https://news.yahoo.com/news/blogs/upshot/great-moments-collegiate-marketing-drake-university-d-campaign.html?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce_referrer_sig=AQAAAIQ9i1sTmaFxGoBauYqmTqIP2Cl2QxzPHPNBrbvRIGOCeoeyxfo2bpQp6CjNHB5WsYQT7tvKzE6V1kvZ5LJNh3DxFyJGSltzvcU1AfQycTSzaAD2jlHR06U4nIMSooF_5pEvWc9UY8EBSq3vcB-nJ0GLR0rqxL_9NhWlRZW4CrtV. (*See* Ex. J).

48.     Mr. Dykes' article includes the starting image and paragraphs shown below.  (*See id.*).



49.   Notably, Drake's D+ campaign in 2010 did not use a block-style "D." (*See id.*).

50.   Drake's own 2020.1 Brand Standards & Style Guide never mentions the use of a block style "D" standing alone as a Drake trademark. (Ex. K)

51.   The Drake "D" is described in the 2020.1 Brand Standards & Style Guide as shown below. (*See id.*)



52.    The only block-style "D" appearing in the 2020.1 Brand Standards & Style Guide is never separate from Drake's bulldog mascot as shown below. (*See id.*)

53.     Drake has never owned a federal trademark registration for the block-style 'D' alone, but Drake has misrepresented that it did by using the registered trademark symbol with a block-style 'D' alone as shown in the example in Exhibit 16 to Drake's First Amended Complaint.

54.     During a meeting on March 6, 2024, Drake's Executive Director for University Communications and Marketing, Leslie Maynes, informed DMACC personnel that "Drake is not comfortable with DMACC using any D in any font."

55.     "We are not willing to acquiesce to DMACC's use of the very prominent 'D'," Drake President Marty Martin wrote to DMACC President Rob Densen. "'D' for us is Drake, and has been for the totality of our existence. 'D' for you is 'Des,' and thus, does not have the same

essentiality for you as it does for us. The 'D' is our identity."  (Ex. 97 of Plaintiff's First Amended

Complaint).

56.     Drake believes and asserts it owns the "D".

57.     Drake sent the following comparison to its alumni.  (*See* Ex. L)



58.     Drake intentionally misrepresented the DMACC and DMACCF logos in its

message to alumni and others.

59.     Drake intentionally cropped the image of the DMACC and DMACCF logos in its

communications with its alumni to alter the DMACC and DMACCF logos to appear more similar

to Drake's.

60.     Drake intentionally misrepresented the scope of its own brand to imply it owns the

letter "D" and harm the public perception of the DMACC and DMACCF.

61.     Because of the misrepresentations Drake made in this email to its alumni,

DMACCF lost and will continue to lose future donations and has suffered reputational harm.

62.     In one email to Tara Connolly, the Executive Director of DMACCF, a DMACCF

donor stated, "While I am happy to support this worthy cause I am deeply troubled as a Drake

graduate (and Iowa native) with the current trademark issues which I find to be at best tone deaf

on the part of DMACC.  So very sad on many levels.  Had I not made a previous commitment . . .

I would not be making this donation and ask that it be shared with leadership at DMACC.  I can't

imagine this unresolved and now public dispute will be good for DMACC/Drake and for that

matter all of high education in Iowa.  Frankly it's embarrassing!" (Ex. M).

63.     Another donor responded, questioning DMACC's due diligence and giving

credence to Drake's position based on the false information they received in the email from Drake.

(*Id.*).

64.     DMACC explained to Drake the reasons why its claims were baseless before Drake

filed suit, but Drake proceeded anyway.  (Ex. N)

<u>Third Party Prior Use</u>

65.     Many other educational institutions use a "D" as part of their identity.

66.     There are over 1,000 schools that start with the letter "D."

67.     There are at least 34 federally registered or pending trademarks for the letter "D"

owned by third-party universities, colleges, and schools.

68.     Examples of third-party schools' "D" trademarks are shown below.  (*See* Ex. O):



69.     Dordt University, located in Sioux Center, Iowa, owns U.S. Federal Registration

No. 5,972,248 for the "D" shown below.  (Ex. P).



70.     At least one school in the Des Moines metro uses a block-style "D" logo as shown

below.  (Ex. Q).  (*See also* https://www.youtube.com/watch?v=ymvMkqWnDkU (video showing

images of Dowling Catholic Football Field)).

 

71.     Multiple schools use a bulldog as their mascot and adorn that bulldog with the first

letter of the school's name and the school colors—including the letter "D" and the color blue.  (*See*

Ex. R).

  

*Butler University*              *Dean College*              *University of Georgia*
*U.S. Reg. No. 5,874,791*    *U.S. Reg. No. 5,807,359*    *U.S. Reg. 3,105,938*

72.     Dartmouth College and Duke University—two schools older, and arguably more

well known, than Drake—use a standalone "D" trademark as a source identifier (as shown in the

examples below).  (*See* Ex. S).



73.     Many schools, such as Duke University, also use a blue and white color scheme. (*See* Ex. T).

74.     Many schools have school seals that include features like books and lamps.  (*See* Ex. U).

75.     The St. Alexius College seal is shown below.  (*See id.*).



76.     The Haverford Township High School seal is shown below.  (*See id.*).



77.     The Boston College seal is shown below.  (*See id.*).



78.     The Oklahoma State University seal is shown below.  (*See id.*).



79.     The Dickinson College seal is shown below.  (*See id.*).



80.     The Howard University seal is shown below.  (*See id.*).



81.    The Ohio State University Seal is shown below.  (*See id.*).



82.    The Northeastern University seals are shown below.  (*See id.*).

 

83.    The University of Michigan seal is shown below.  (*See id.*).



84.    The book and lamp symbols are not source identifiers when used on a seal.

<u>Public Reaction to the Present Matter</u>

85.    The public has responded to this litigation with overwhelming support for DMACC's position: it, too, believes that there is no likelihood of confusion, that Drake does not *own* the letter "D," and that its assertion here is baseless.

86.    For example, one journalist (with more than 20 years of experience as a journalist) noted: "Brands are important to schools and businesses, but there's no way Drake avoids looking petty here." Daniel P. Finney, The 'D' stands for 'dumb' in Drake battle with DMACC (July 10, 2024, 9:54 am), https://iowacapitaldispatch.com/2024/07/10/the-d-stands-for-dumb-in-drake-battle-with-dmacc/. (Ex. V). (notably, Mr. Finney is a Drake alum who also reported on the launch of Drake's New Logo on July 26, 2005. Daniel P. Finney, Drake Announces Exciting New Look for Bulldog Athletics, Drake University News Releases, (July 26, 2005), found at Archive.org, https://web.archive.org/web/20060517130912/http://www.drake.edu/newsevents/releases/july05/072605logo.html; http://www.drake.edu/newsevents/releases/july05/072605logo.html). (*See* Ex. F).

87.    Mr. Finney further noted:

"DMACC's lawyers have responded to Drake's "D"-dilution claim with a snappy comeback: "Drake simply does not own the letter 'D.'"

Obviously.

If it did, the administration wouldn't have had to cut three academic programs (albeit tiny ones) to balance its budget. Imagine the royalties Drake would see from "The Simpsons" every time Homer drooled over donuts.

. . .

It feels dogmatic. It's not as if Drake has always kept a bright shine on its "D." In 2010, Drake rolled out a recruiting campaign called "D+." The

> campaign was so poorly thought out that it appears in marketing textbooks under "what not to do."
>
> Ad Week mocked the campaign, saying it "seems to position Drake as a school whose standards barely exceed total failure." Drake responded with a not-at-all defensive statement to alumni and donors saying officials believed future Drake students would understand the irony of the campaign.
>
> Maybe, but "D+" soon quietly disappeared. One hopes the same of this lawsuit.

Daniel P. Finney, The 'D' stands for 'dumb' in Drake battle with DMACC (July 10, 2024, 9:54 am), https://iowacapitaldispatch.com/2024/07/10/the-d-stands-for-dumb-in-drake-battle-with-dmacc/ . (*See* Ex. V).

88.    Public commentators on Facebook have further noted the baselessness of Drake's complaint, as seen below.  (*See* Ex. W).



**Dennis Dyer**
I was president of the student senate in 1969 when we adopted the genie lamp logo and the color blue, you should have kept it then you wouldn't be in this mess. We also petitioned Ankeny for a stoplight out front on Ankeny Blvd and that turned out marvelously, it was a free for all before that.

17h  Like  Reply                                                     5

**Mick Syverson**
Does Drake own the letter D?

20h  Like  Reply        26

> **Kathy Ericson**
> Mick Syverson lol
>
> 18h  Like  Reply

> **Mira Simpson**
> Mick Syverson they think so
>
> 12h  Like  Reply        2

> Reply to Mick Syverson...

⬥ Top fan
**Carol Kirk Crandall**
Really? Get a grip, Drake. This is ridiculous!

18h  Like  Reply        9

> ⬥ Top fan
> **Jacqueline Thompson**
> Carol Kirk Crandall Branding is serious business.
>
> 7h  Like  Reply

> Reply to Carol Kirk Crandall...

**Meredith Davies-Vogt**
There are only so many ways to make the letter D

20h  Like  Reply        29

**Bob Swyter**
Ridiculous Suit. Throw it out.

20h  Like  Reply        33



**Walter Githens III**
Hey Drake... Duke wants their D back..

4h   Like   Reply                         5 😂 👍

**Lois Barakat Ichelson**
Yes, they are too close. DMACC should have 2 letters. Plus black is all wrong.
Maybe use "DM"

13h   Like   Reply

🏆 Top fan
**Steve Holliday**
Good forbid a little local community College trirs to make a logo of a big local
school

20h   Like   Reply                                                              👍

**Geoff Perkins**
Somewhere, at this very second, a child is taking their last breath, and this is what
somebody deems truly important.

6h   Like   Reply                                                            2 👍

🏆 Top fan
**Jen Baker-Rubenking**
Come on Drake......you can do better. The only difference between the two is the
color. Just drop the lawsuit and move on. Nobody owns the letter D anyway.

9h   Like   Reply                                                              👍

**Neil Erickson**
Do they even use the "block" D?

20h   Like   Reply

  **Fallon Darrell**
  **Neil Erickson** Only on a couple things, and even then they don't look the
  same.

  19h   Like   Reply

     **Neil Erickson**
     **Fallon Darrell** just a ridiculous waste of time and money over a letter in
     the alphabet. Do better Drake.

     18h   Like   Reply                                                    2 👍

**Michael Ewing**
Pretty sure no one is going to mistake the tuition of one for the other.   ...
Also, looking forward to seeing if Dartmouth wants to weigh in on this?

19h   Like   Reply                                                    12 👍😂

> **Michael Ewing**
> For reference. I guess it's only 2 dimensional. My mistake.   ...
>
> 
>
> 19h   Like   Reply   👍

> **Terry Capman**
> Found a few Hiigh Schools out there Drake is going to want to talk to also.   ...
>
> 18h   Like   Reply                                                    😋

> 🖊 Reply to Michael Ewing...                          😊 ☺ 📷 GIF 🎁

**Jamie Anderson**   ...
Throw some d's on it!

18h   Like   Reply   👍

**Zach Thompson**
Drake is grasping here, trying to beef with DMACC after getting murdered by   ...
Kendrick....

18h   Like   Reply                                                    😋

**George Gates**   ...
Stand your ground "D"

9h   Like   Reply   👍

**Jasper Martin**   ...
Anything for money

9h   Like   Reply

55



## FIRST CLAIM FOR RELIEF –
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF DRAKE'S TRADEMARKS

89.     DMACCF re-alleges and incorporates by reference the allegations contained in the

preceding paragraphs of its Amended Answer and Counterclaims as if stated herein.

90.     DMACCF has not infringed and is not infringing any of Drake's trademarks.

91.     DMACCF is entitled to a declaratory judgment of non-infringement of Drake's

trademarks.

## SECOND CLAIM FOR RELIEF –
## DECLARATORY JUDGMENT OF INVALIDITY
## OF DRAKE'S TRADEMARKS

92.     DMACCF re-alleges and incorporates by reference the allegations contained in the

preceding paragraphs of its Amended Answer and Counterclaims as if stated herein.

93.     One or more of Drake's purported trademarks, including its assertions of common-

law trademark rights in the letter "D", a block style letter "D", and any particular colors, are invalid

for at least the reason that they are not distinctive, not exclusively used by Drake, and/or do not serve a source-identifying function.

94.     DMACCF is entitled to a declaratory judgment of invalidity of Drake's asserted common-law trademark rights.

**THIRD CLAIM FOR RELIEF –
DEFAMATION**

95.     DMACCF re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of its Amended Answer and Counterclaims as if stated herein.

96.     DMACCF is a Iowa nonprofit corporation which engages in the business of fundraising on behalf of DMACC.

97.     DMACCF is a private figure.  It has not thrust itself into the public eye—rather, it is only involved in this dispute because of Drake's actions, including Drake's defamatory statements to the public.

98.     On July 11, 2024, Drake falsely wrote of and concerning DMACC and, by extension, DMACCF, stating to Drake's alumni (Ex. L) and the press that DMACC and DMACCF's logo was a stand alone "D" and that Drake owned trademark rights in a block style "D" separate from any use on a bulldog.

99.     Drake's communication states "The complaint centers on new branding that was unveiled by DMACC in October 2023, which incorporates several elements that closely resemble our established brand identity, including our standalone "D" in block-style collegiate font, which has been used by Drake for well over a century, and reflects the legacy, excellence, and identity of our institution."  (Ex. L).

100.    DMACC and DMACCF do not use the alleged Drake "D."

57

101. Drake's communication also wrongfully misrepresented the DMACC and DMACCF logo. Drake cropped the DMACC and DMACCF logo to eliminate the word "DMACC" or "DMACC FOUNDATION" underneath the standalone "D."

102. To make its claim for trademark infringement and unfair competition appear valid, Drake stated they have used the standalone block style letter "D" "for well over a century" even though Drake abandoned the standalone block style "D" in 2005 in its rebrand.

103. Drake stated DMACC and DMACCF's use of the logo "causes confusion in the marketplace" which is untrue.

104. Drake's communications included false and defamatory statements, as identified above.

105. Drake falsely represented DMACCF's logo *and* the scope of Drake's trademark rights in an attempt to harm DMACCF's reputation.

106. Drake's knowing alteration of the DMACC and DMACCF's logo leads to the only conclusion: that Drake has acted with ill will, hatred, the desire to do another harm, and/or wrongful motive.

107. Accordingly, Drake has misrepresented the Drake brand, the DMACCF brand, the and/or DMACCF's activities to alumni and consumers.

108. Drake made such false statements with malice with an intent to disparage and harm DMACCF.

109. Drake sent the email to alumni either knowingly or with a reckless disregard for the truth that the email contained a modified image of the DMACC and/or DMACCF logo, that Drake had not been using the standalone block style version of the "D" for over a century and in fact abandoned it in 2005, and that the two logos were causing actual confusion in the marketplace.

110.    DMACCF was defamed and damaged in name, reputation, and business.

111.    DMACCF has lost donors and good will as a result of the defamatory statements.

112.    Specifically, one donor has stated he would not have donated to DMACCF had he received the alumni email (Ex. L) earlier and believes the dispute is "embarrassing." (Ex. M).

113.    Another donor doubts DMACC's and DMACCF's due diligence and believes the public "gives more credence to Drake's position especially after nearly a Century of 'use' precedence."

114.    This statement comes directly from Drake's alumni email, which is a false statement about Drake's use of the standalone block letter style "D."

115.    This is a private dispute between Drake and DMACCF.  Any publicity regarding this suit is a result of *Drake*'s conduct, and which does not deprive DMACCF of its ability to seek redress for the harm DMACCF has suffered.

116.    DMACCF has suffered actual damages through loss of donations and reputational harm due to Drake's false and defamatory statements.

## EXCEPTIONAL CASE

117.    This is an exceptional case entitling DMACCF to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

WHEREFORE, DMACCF requests judgment against Drake as follows:

1.    A judgment in favor of DMACCF denying all relief requested by Drake in this action and dismissing Drake's Amended Complaint with prejudice;

2.    A judgment declaring that DMACCF has not infringed and is not infringing Drake's trademarks.

3.    A judgment declaring that Drake's common law trademarks are invalid.

4.      A judgment that DMACCF has not competed unfairly with Drake.

5.      Award DMACCF damages for its loss of business and reputational harm.

6.      A judgment declaring this to be an exceptional case under 15 U.S.C. § 1117(a) and

awarding DMACCF its attorneys' fees incurred in this action.

7.      An award of DMACCF's costs incurred in this action.

8.      An award of such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, DMACC demands trial by jury on all issues so triable.


Date: September 27, 2024                    */s/ R. Scott Johnson*

R. Scott Johnson (#AT0004007)
Cara S. Donels (#AT0014198)
Erin M. Boggess (#AT0015950)
**FREDRIKSON & BYRON, P.A.**
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone:  (515) 242-8900
E-mail:  RSJohnson@fredlaw.com
         CDonels@fredlaw.com
         EBoggess@fredlaw.com

Laura L. Myers (Minn. #0387116)
(admitted *Pro Hac Vice*)
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  (612) 492-7000
E-mail:  LMyers@fredlaw.com

***Attorneys for Defendant DMACCF and
Counterclaim Plaintiff DMACCF***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 27, 2024, I electronically filed the **DEFENDANT DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, who in turn sent notice to the following:

> Joshua J. Conley, Esq.
>   jconley@zarleyconley.com
> John D. Gilbertson, Esq.
>   jgilbertson@zarleyconley.com
> ZARLEYCONLEY PLC
> 580 Market Street, Suite 101
> West Des Moines, IA  50266
>
> *Attorneys for Plaintiff and*
> *Counterclaim Defendant*

_/s/ Erica Palmer_
Erica Palmer

#83992009