**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>      Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>      Defendants. | Case No. 4:24-CV-00227-SMR-SBJ<br><br>**STIPULATED PROTECTIVE ORDER** |
| DES MOINES AREA COMMUNITY COLLEGE,<br><br>      Counterclaim Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br><br>      Counterclaim Defendant. | |

Based on the stipulation of the parties, the Court enters the following protective order pursuant to Fed. R. Civ. P. 26(c).

**1.    Definitions.** As used in this protective order:

    (a)    "attorney" means an attorney who has appeared in this action;

    (b)    "confidential document" means a document designated as confidential under this protective order;

    (c)    "confidential information" refers to any information obtained from a confidential document or disclosed during a confidential deposition;

    (d)    the terms "confidential document" and "confidential information" are used interchangeably for the purposes of this stipulated protective order;

    (e)    to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (f)    "document" means information disclosed or produced in discovery, including at a deposition;

    (g)    "notice" or "notify" means written notice;

    (h)    "party" means a party to this action; and

    (i)    "source party" means the party that produces documents or information.

**2.** **Designating a Document or Deposition as Confidential.**

    (a)    A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information qualifying for protection under Fed. R. Civ. P. 26(c)(1).

    (b)    A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

    (c)    Discoverable materials that are not conducive to page marking (e.g. Microsoft Excel files or videos) may be designated as "confidential" by modifying the electronic file name, utilizing a placeholder page, or other written record reasonably calculated to communicate the confidential nature of the material.

    (d)    Deposition testimony may be designated as confidential:

        (1)    on the record at the deposition; or

  (2) after the deposition, by giving written notice to all counsel of record within fourteen (14) days of receipt of the transcript.

  (3) Unless otherwise agreed, depositions shall be treated as "attorney's eyes only" during the 14-day period following receipt of the transcript.

 (e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3.** **Who May Receive a Confidential Document.**

 (a) A confidential document may be used only in this action.

 (b) No person receiving a confidential document may reveal it, except to:

  (1) the court and its staff;

  (2) attorneys and their law firms;

  (3) outside vendors retained by a party to assist with this action where the services provided require limited access and review, e.g., copying or electronic discovery;

  (4) a person shown on the face of the confidential document to have authored or received it;

  (5) a court reporter or videographer retained in connection with this action;

  (6) a party (subject to paragraph 3(c));

  (7) a witness in a deposition or at trial in this action, during the course of examination, where such witness:

  (A) is a Rule 30(b)(6) witness for the source party in this action;

    (B) is a current or former employee, director, officer, consultant, investigator, or adviser of the source party, and it could be reasonably concluded that the current or former employee, director, officer, consultant, investigator, or adviser of the source party had prior lawful knowledge of or access to the confidential information; and

(8) any person who:

  (A) is retained by a party to assist with this action where services provided require a substantive access and review, e.g. a mock juror or focus group member or the like, to furnish technical or expert services, and/or to give testimony; and

  (B) signs the declaration attached at Exhibit A.

  (C) Opposing counsel shall be notified at least 7 days prior to disclosure to any person who is retained to furnish technical or expert services and/or to provide testimony designated under paragraph 3(b)(8). Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 7 days after receipt of notice, no disclosure shall be made until the dispute is resolved. The objecting party shall arrange a meet and confer within 14 days after receipt of notice. If the parties are not able to resolve the dispute, the party objecting to the disclosure shall bring a motion for a protective order within 21 days after receipt of notice. The

                        declaration signed by a person retained to furnish technical or expert services and/or to provide testimony also covers that person's assistants and staff.

        (D)      The notice provision of paragraph 3(b)(8)(C) is not applicable to mock jurors or focus group members.  Mock jurors or focus group members must sign the declaration attached as Exhibit A, and the retaining party or attorneys must maintain a copy of signed declarations.

    (c)      A party may supplement the "confidential" designation (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.  The "attorney's eyes only" designation shall be used only for documents and information that reflect trade secrets, confidential business plans or strategy, confidential company financial information, confidential technical information, and/or confidential competitive information that is of such a sensitive and proprietary nature that it cannot be revealed to the other party.

    (d)      If confidential information is revealed to someone not entitled to receive it, the parties must notify opposing counsel within 7 days after discovering the revelation and make reasonable efforts to retrieve it.

**5.  Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

**6.  Correcting an Error in Designation.**  A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the

error, provide notice of the error and produce a copy of the document designated as confidential (including the optional supplement of "attorney's eyes only.")

7. **Use of a Confidential Document in Court.**

   (a) Filing. This protective order does not authorize the filing of any document under seal. The filing party must move for permission to file under seal as required by the local rules.

   (b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must notify the other party or the non-party prior to public presentation if there is a risk that a non-authorized person may see or hear confidential information so that the other party or the non-party may seek relief from the court.

8. **Changing a Confidential Document's Designation.**

   (a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise after providing an opportunity for the party to be heard.

   (b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

   (c) Changing a designation by court order. A party that cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the

motion, that non-party is entitled to the same notice and opportunity to be heard as a party.  The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c) and if applicable, paragraph 3(c).

9. **Handling a Confidential Document after Termination of Litigation.**

   (a) Within 60 days after the termination of this action (including any appeals), each party must:

   (1) return or destroy all confidential documents; and

   (2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

   (b) Notwithstanding paragraph 8(a), each attorney shall be entitled to retain a file set of all documents exchanged in discovery and filed with the Court and all correspondence and attorneys' notes generated in connection with the action, so long as such materials are marked with an appropriate designation. Materials described in this paragraph contained in the files shall continue to be governed by this stipulated protective order.

10. **Inadvertent Disclosure or Production to a Party of Privileged Material.**  This paragraph is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned.  The receiving party shall return such inadvertently produced documents, including all copies, within fourteen (14) days of receiving such a written request and must comply with Fed. R. Civ. P. 26(b)(5)(B).  Return

of the document by the receiving party shall not constitute an admission or concession, or permit an inference, that the returned document is, in fact, properly subject to a claim of privilege or immunity from discovery, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated or should be produced for other reasons than a waiver caused by the inadvertent production. The producing party shall retain copies of all returned documents and tangible things, and if a motion challenging the designation of the returned documents is filed by the receiving party, shall upon request provide copies to the Court of said materials. The inadvertent production shall not be deemed a waiver of the privilege or other immunity.

**11.** **Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**12.** **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

Dated: December ____, 2024      _____
    Stephen B. Jackson, Jr.
    United States Chief Magistrate Judge

**EXHIBIT A**
**WRITTEN ASSURANCE**

My name is _____ and I declare that:

I currently reside at the following address:

_____.

My current employer is _____.

My current title is _____.

I have read, and agree to be bound by, the protective order in the case captioned *Drake University v. Des Moines Area Community College Foundation*, 4:24-cv-00227-SMR-SBJ in the United States District Court for the Southern District of Iowa.  As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains or was derived from information from a confidential document.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on   _____    _____
                    Date                                             Signature

Respectfully submitted,

Dated:  December 4, 2024     By:   */s/John D. Gilbertson*
John D. Gilbertson (#AT0014515)
Joshua J. Conley (#AT0011828)
**ZARLEYCONLEY PLC**
580 Market Street, Suite 101
West Des Moines, IA 50266
Telephone:  (515) 558-0200
Facsimile:  (515) 558-7790

jgilbertson@zarleyconley.com
jconley@zarleyconley.com

*Attorneys for Plaintiff and Counterclaim Defendant*

Dated: December 4, 2024     By:   */s/ Cara S. Donels*

R. Scott Johnson (#AT0004007)
Cara S. Donels (#AT0014198)
Erin M. Boggess (#AT0015950)
FREDRIKSON & BYRON, P.A.
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone:  (515) 242-8900
E-mail:  RSJohnson@fredlaw.com
            CDonels@fredlaw.com
            EBoggess@fredlaw.com

Laura L. Myers (Minn. #0387116)
(admitted *Pro Hac Vice*)
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  (612) 492-7000
E-mail:  LMyers@fredlaw.com

*Attorneys for Defendants and Counterclaim Plaintiff*