## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>   Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>   Defendants.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>   Counterclaim Plaintiffs,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br><br>   Counterclaim Defendant. | Case No. 4:24-CV-00227-SMR-SBJ<br><br><br>**DEFENDANT AND COUNTERCLAIM PLAINTIFFS DES MOINES AREA COMMUNITY COLLEGE AND DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND DEADLINE TO COMPLY WITH PRELIMINARY INJUNCTION ORDER AND TO CLARIFY SCOPE OF PRELIMINARY INJUNCTION**<br><br>**EXPEDITED RELIEF REQUESTED** |

Despite their best efforts, Des Moines Area Community College ("DMACC") and Des Moines Area Community College Foundation ("DMACCF") (together "Defendants") are unable to comply with the 21-day deadline imposed by the Court in its Order granting Plaintiff's Motion for a Preliminary Injunction. Defendants have been using the rebrand "D" with "DMACC" since October 2023 and have a multitude of current uses that require additional time to replace with different branding due to circumstances outside of Defendants' control.  Therefore, for the reasons set forth herein, Defendants respectfully request that the Court extend the deadline for Defendants to comply with the Preliminary Injunction Order until January 31, 2025.

Defendants also respectfully seek clarification regarding the scope of the preliminary injunction pursuant to Federal Rule of Civil Procedure 65(d).  The current Order states that Defendants are "**ENJOINED** from using a block-style 'D' trademark in conjunction with any color combination of white and blue."  (ECF Dkt. 87 at 43).  But, as discussed in DMACC's Resistance (ECF Dkt. 30) and the Court's Order, DMACC has used a block-style "D" in blue and white for many years, including the "blue and white letter D" with a bear paw that the Court found "fundamentally different" from the rebrand "D" and "distinct" from Drake's asserted trademarks. (ECF Dkt. 87 at 40).  Accordingly, Defendants seek clarification that the Court's entered injunction is limited to the October 2023 rebrand "D" that was the subject of Drake's motion as opposed to all of DMACC's prior—and long-standing uses—of a block-style "D" in white and/or blue.

Finally, Defendants respectfully request expedited relief on this Motion.  Expedited relief is appropriate because the current deadline to certify compliance with the Preliminary Injunction Order is set for December 13, 2024, and Defendants seek clarity regarding the compliance deadline and scope of the injunction prior to the expiration of the current deadline.

## I.    Background

Drake filed an Amended Motion for a Preliminary Injunction on July 17, 2024. (ECF Dkt. 18). DMACC filed its Resistance to the motion on July 31, 2024.[1] (ECF Dkts. 23 and 30).  In its Resistance, DMACC repeatedly explained that it "has been using a standalone 'D' in its marketing for years," including in the federally registered trademark on the below and blue and white block-

---

[1] DMACC filed its resistance while DMACCF's Motion to Dismiss was pending. (*See* Dkts. 23-2 and 30 at FN 1). The Court denied DMACCF's Motion to Dismiss. (ECF Dkt. 59). DMACC requested its Resistance apply to DMACCF if the Motion was denied. (*See* Dkts. 23-2 and 30 at FN 1).

style standalone "D" marked with the trademark symbol. (ECF Dkt. 30 at 3-4; *see also, e.g., id.* at 5 (". . . DMACC has historically used a standalone 'D' to refer to DMACC."); at 6-7 (". . . DMACC also used the 'D' alone as a trademark—in blue and white—even marking it with the trademark symbol to indicate its use as source identifier.").

 

DMACC's Resistance was clear that the pictured uses of a block-style "D" were only examples of DMACC's historic use of a standalone "D." (*See, e.g., id.* at 5 ("**For example**, since at least 2000, DMACC has used the trademark below . . . .") (emphasis added)). Indeed, prior to the October 2023 rebrand to the mark at issue in this case, DMACC was using (and is still using) several variations of a standalone block-style "D" in blue and/or white as shown in the examples below.

 

(*See* Declaration of Erica Spiller ("Spiller Decl."), Exhibits 1 and 2).

A hearing was held on Drake's motion on October 15, 2024. On November 22, 2024, the Court granted Drake's motion, enjoining Defendants "from using a block-style 'D' trademark in conjunction with any color combination of white and blue to denote their educational services,

athletics, or ancillary goods and services." (ECF Dkt. 87 at 43). The injunction "includes the use of such a 'D' even when paired with a DMACC house mark or other indicia of the college." (*Id.*). The Court ordered Defendants to cease all such uses within 21 days of the date of the Order, and Defendants must certify compliance with the Order by December 13, 2024. (*Id.*)

However, because Defendants started using the rebrand "D" over a year ago in October 2023 on a wide variety of items—including difficult to rebrand items like cars, signage, billboards, and basketball uniforms that are currently in use, etc.—Defendants cannot meet the Court's 21-day deadline, despite their best efforts. (*See* Spiller Decl. ¶¶ 8-14).  Indeed, many of these items require work by third-party vendors to remove and/or replace, which is further complicated by the current holiday season.  (*Id.* at ¶¶ 8, 11, 13).

## II.    ARGUMENT

### A.    Defendants Respectfully Request a Brief Extension of Their Time to Comply to January 31, 2025.

#### 1.    Legal Standard for Fed. R. Civ. P 6(b)

Pursuant to Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time with [] motion . . . before the original time . . . expires . . ." Fed. R. Civ. P. 6(b)(1). "Rule 6(b) is generally applicable to requests to extend all sorts of deadlines." *Guy v. Nebraska Furniture Mart, Inc.*, No. 4:18-cv-216-JAJ-RAW, 2019 WL 13128600, at *2 (S.D. Iowa Mar. 6, 2019). "Rule 6 applies to 'any time period specified in [the Federal Rules of Civil Procedure], [and] in any local rule or court order. . . .'" *Pocket Plus, L.L.C. v. Runners High, LLC*, No. 21-cv-4-CJW, 2021 WL 6803721, at * 3 (N. D. Iowa July 26, 2021) (quoting *Stanczyk v. Prudential Ins. Co. of Am.*, No. 15-CV0097-LTS, 2017 WL 89571, at *3 (N.D. Iowa Jan. 10, 2017)). A district court has "considerable discretion" to grant or deny a party's motion for an extension of time. *Albright v. Mountain Home*

*Sch. Dist.*, 926 F.3d 942, 950 (8th Cir. 2019) (citation omitted). "To establish good cause, a party must show its diligence in attempting to meet the progression order." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006); *see also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.") (quotations omitted). The court "may also consider the existence or degree of prejudice to the party opposing the modification." *Marmo*, 457 F.3d at 759.

2.    There is Good Cause to Extend the Compliance Deadline.

Upon receipt of the Court's Order enjoining Defendants from using the rebrand block-style "Ds" in a blue and white color scheme, Defendants immediately began taking stock of the changes they had to make to comply with the Court's Order. Since the date of the Order, Defendants have made significant progress to timely comply with the Court's Order, including but not limited to modifying images and logos on their websites to remove the rebrand block-style "Ds," removing and replacing merchandise in their bookstore with the rebrand block-style "Ds," and instructing faculty and staff to not wear clothing or accessories with the rebrand block-style "D". (Spiller Decl. ¶¶ 4-7). However, while working diligently to comply with the Court's Order, Defendants concluded they would be unable to comply with the 21-day deadline imposed by the Court for several of their large-scale rebrand projects. (Spiller Decl. ¶¶ 8, 9, 11, 13, 14). Defendants' efforts are further complicated by the current holiday season, which is delaying third parties over which Defendants have no control.

The following is a non-exhaustive list of changes Defendants cannot make before the

Court's 21-day deadline due to circumstances beyond their control:[2]

- Some fixed external and internal signage, billboards, and banners cannot be replaced within 21-days—all of these items require third-party vendors to replace. (Spiller Decl. ¶ 8)

- The DMACC men's basketball custom uniforms feature the rebrand block-style "D." The new uniforms are ordered from, manufactured by, and delivered by third-party vendors overseas and are not anticipated to arrive until mid-January; the team requires uniforms to play in now. (Spiller Decl. ¶¶ 10-12)

- Vehicle wraps, including on DMACC's tractor trailer and public safety vehicles are also waiting on third-party vendors to replace and are not anticipated to be within 21-days. (Spiller Decl. ¶ 13)

- Student IDs for the spring semester cannot be reprinted until after the students return to campus on January 13, 2025. (Spiller Decl. ¶¶ 14)

Defendants have promptly and diligently attempted to comply with the Court's deadline,

but due to the wide variety of changes Defendants must make, Defendants cannot fully comply

with the preliminary injunction by the Court-ordered deadline of December 13. After conferring

with third-party vendors, faculty, and staff, Defendants believe at this time that they can comply

with the Order with respect to the rebrand "D" by January 31, 2025. (Spiller Decl. ¶ 17). Therefore,

Defendants respectfully request that the Court extend their deadline to comply with the Court's

Order until January 31, 2025, as this is the shortest possible timeframe in which Defendants can

fully comply with the Court's Order.  For the reasons set forth above, good cause exists for

Defendants' request.  In addition, pushing the deadline by only seven weeks during the holiday

---

[2] In its Order, the Court required Drake to remit a bond in the amount of $25,000. (ECF Dkt. 87 at 43). At this point, Defendants have already surpassed this amount to comply with the preliminary injunction and estimate they will spend no less than $400,000 to fully comply with the Order. (Spiller Decl. ¶ 18).

season—for a mark that has been in use since October 2023—will avoid burdening the Court with unnecessary disputes about Defendants' compliance with the injunction.

### B. Defendants Respectfully Seek Clarification Regarding the Scope of the Preliminary Injunction.

#### 1. Legal Standard for Fed. R. Civ. P 65(d)

Every injunction must (1) state the reasons why it issued, (2) state its terms specifically, and (3) describe in reasonable detail, and by not referring to another document, the act or acts retrained. Fed. R. Civ. P. 65(d)(1). "[I]t is basic to the intent of Rule 65(d) that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits." *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir. 1987). "The Rule is designed to prevent uncertainty and confusion on the part of those to whom the injunction is directed, to avoid the possible founding of contempt citations on an order that is too vague to be understood, and to ascertain that the appellate court knows precisely what it is reviewing." *Rhone-Poulenc Rorer Pharmaceuticals, Inc. v. Marion Merrell Dow*, 93 F.3d 511, 517 (8th Cir. 1996) (internal quotations and citation omitted).

#### 2. The Preliminary Injunction Should Not Include Defendants' Long-Standing Uses of a Block-Style D in Blue and/or White.

As written, the Court's Order can arguably be interpreted as enjoining Defendants' uses of block-style "Ds" that existed and were in use years prior to Defendants' rebrand in 2023—despite the Court's finding that such uses are "fundamentally different" and "distinct" and Drake not seeking relief on those long-standing uses. (*See* ECF Dkt. 87 at 40). Examples of DMACC's prior uses include its block-style letter "D" with a bear paw in the middle of the "D" (that is part of DMACC's federally registered campus recreation trademark), its "D" on the Boone DMACC

campus gym floor that was installed in 2019, and a mural in the Boone campus gym installed in

2021 with images dating back to 2013. (Spiller Decl. ¶¶ 15-16).





ECF No. 23-2 at 22                 Exhibit 1                          Exhibit 2



ECF Dkt. 30 at 6

Because the Court did not consider DMACC's prior uses of a standalone "D" compelling

when assessing Drake's delay in filing suit (and, in turn, Drake's ability to obtain a preliminary

injunction), it is Defendants' understanding that these prior uses are not included in the Court's

entered injunction.  (*See* ECF Dkt. 87 at 40).  In other words, it is Defendants' understanding that

the injunction is limited to the 2023 rebrand "D" and Defendants are **not** required to remove and

replace block-style "Ds" in blue and/or white that have existed for years prior—uses that Drake

never contested. (*See* ECF Dkt. 30 at 7). Pursuant to Rule 65(d), Defendants respectfully seek clarification from the Court that their understanding is correct.

If, however, the Court intended to include Defendants' pre-rebrand block-style "Ds" in blue and/or white within the scope of the ordered injunction, Defendants will require additional time beyond January 31, 2025 to comply because many of these long-standing uses are fixed and will require more work to update, *e.g.*, the gym floor and mural on the Boone campus, etc.

## III.     CONCLUSION

For the forgoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Extend the Deadline to Comply with the Court's Preliminary Injunction Order and allow the Defendants until January 31, 2025, to certify compliance with the Order. Defendants also respectfully request that the Court grant Defendants' Motion for Clarification of the Preliminary Injunction Order and clarify that the Order does not apply to Defendants' uses of block-style "Ds" in blue and/or white that predate Defendants' October 2023 rebrand.

Respectfully submitted,

Date: December 5, 2024

*/s/ R. Scott Johnson*
_____

R. Scott Johnson (#AT0004007)
Cara S. Donels (#AT0014198)
Erin M. Boggess (#AT0015950)
FREDRIKSON & BYRON, P.A.
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone:  (515) 242-8900
E-mail:  RSJohnson@fredlaw.com
         CDonels@fredlaw.com
         EBoggess@fredlaw.com

Laura L. Myers (Minn. #0387116)
(admitted *Pro Hac Vice*)
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  (612) 492-7000
E-mail:  LMyers@fredlaw.com

**Attorneys for Defendants and**
**Counterclaim Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2024, I electronically filed the *Defendants and Counterclaim Plaintiffs Des Moines Area Community College and Des Moines Area Community College Foundation's Brief in Support of Defendants' Motion to Extend Deadline to Comply with the Court's Preliminary Injunction Order and to Clarify the Scope of the Preliminary Injunction* with the Clerk of Court using the CM/ECF system, who in turn sent notice to the following:

> Joshua J. Conley, Esq.
>   jconley@zarleyconley.com
> John D. Gilbertson, Esq.
>   jgilbertson@zarleyconley.com
> ZARLEYCONLEY PLC
> 580 Market Street, Suite 101
> West Des Moines, IA  50266
>
> *Attorneys for Plaintiff and*
> *Counterclaim Defendant*

/s/ Erica Palmer
Erica Palmer