IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>　　　　Defendants.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>　　　　Counterclaim Plaintiffs,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br><br>　　　　Counterclaim Defendant. | Case No. 4:24-CV-00227-SMR-SBJ<br><br>**DEFENDANTS AND COUNTERCLAIM PLAINTIFFS DES MOINES AREA COMMUNITY COLLEGE AND DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXTEND DEADLINE TO COMPLY WITH PRELIMINARY INJUNCTION ORDER and TO CLARIFY SCOPE OF PRELIMINARY INJUNCTION**<br><br>**EXPEDITED RELIEF REQUESTED** |

Defendants' Motion to Extend Deadline to Comply with Preliminary Injunction Order and to Clarify the Scope of the Preliminary Injunction seeks exactly the relief it requests: 1) to extend the deadline to fully comply with the Court's Order and 2) to clarify the scope of the preliminary injunction. Defendants are not, as Drake dramatically states, "asking for sweeping and detrimental modifications to the Court's Order to permit time to deploy new infringing branding rather than seeking compliance with the Court's Order." Drake assumes there is some nefarious purpose

underlying DMACC's motion.[1] Yet this Motion is nothing more than Defendants asking for *permission* to extend the Court's deadline, rather than forgiveness when DMACC fails to do that which cannot be done—fully comply with the Court's order by December 13. Good cause exists for Defendants' motion to be granted.

I.  **DEFENDANTS CANNOT COMPLY WITH THE COURT'S ORDER BY DECEMBER 13, 2024.**

In support of their Motion, Defendants submitted a declaration attesting under 28 U.S.C. § 1746 to the fact that they **cannot** certify compliance by the Court's deadline of December 13, 2024. Rather than submitting an itemized list, Defendants seek an extension of the deadline overall. Defendants are working diligently ensure no enjoined marks fall through the cracks. However, DMACC is a multi-county educational institution serving *thousands* of students. DMACC has extensive promotional products and advertising. A complete overhaul of a logo that has been in use for over a year is no small feat.[2]

Further, Defendants rely on third-party vendors to provide many of their promotional products, including their public signage, billboards, uniforms[3], and vehicle wraps. These vendors have communicated their own limitations for compliance which impact Defendants' ability to comply with the Court's preliminary injunction deadline. Defendants are in ongoing conversations with third-party vendors regarding timelines and deadlines. When it first became clear that

---

[1] Drake's Resistance is predicated on some abstract, ongoing irreparable harm. Drake has not shown any actual harm occurring and has instead relied on the presumption of harm for success at this stage. Drake has failed to show how this minimal extension will inflict actual harm onto Drake.

[2] However, it is Defendants' intent to ensure all internal products and advertising will be fully compliant with the Court's injunction by December 13, 2024.

[3] DMACC understands Drake's position to be that DMACC basketball players may wear the shorts with the rebrand-D if the jersey or waste band covers the D. DMACC will instruct its players to wear the shorts in this manner until new uniforms can be delivered.

Defendants would not be able to fully comply with the order, they promptly advised the Court through this Motion. Defendants are not trying to circumvent the Court's Order.[4] Defendants simply and plainly cannot meet the 21-day deadline imposed by the Court and would rather ask for permission than forgiveness.

**II.   DEFENDANTS SEEK CLARIFICATION REGARDING THE MARKS IN USE PRIOR TO THE OCTOBER 2023 REBRAND.**

Defendants' Motion to Clarify is warranted: DMACC needs to know which logos are covered by the preliminary injunction in order to comply with it. From Drake's Resistance, it is clear Drake now also seeks to enjoin the bear paw logo—which it knew of during preliminary injunction briefing and did not include in its preliminary injunction briefing. Drake was made aware of DMACC's prior use of the bear paw "D" during preliminary injunction briefing. (*See* ECF 23-2 at p. 3-4). Drake chose not to address this mark in its reply brief. (*See generally* ECF Dkt. 38). Based on Drake's lack of reply to Defendants' argument and the Court distinguishing the bear paw "D" in its Order as fundamentally different, Defendants can only assume neither Drake nor the Court intended the injunction to apply to the bear paw "D."

Further, when Defendants took inventory of any standalone "Ds" *without* the DMACC house brand underneath them, they were looking for standalone "Ds" that went into use after the October 2023 rebrand. Now, after reading the Court's order enjoining *all* block-style "Ds," Defendants seek to clarify what use is enjoined by the Order. Defendants did not appreciate that there were older "Ds" until they began an inventory to comply with the Court's Order.[5] Defendants

---

[4] Drake's Opposition implies Defendants are attempting to rebrand their public signage and billboards to the bear paw "D." The artwork Defendants submitted to their third-party vendors for their public signage does not use the bear paw "D" or any other stand-alone "D." Drake's arguments otherwise are unsubstantiated.

[5] Counsel for Defendants is cognizant of its duty of candor to the Court. At the time counsel made statements regarding the removal of the stand alone "D's", counsel was unaware

are currently investigating what can be done to ensure the Boone campus "Ds"—which pre-date the rebrand—can be modified to ensure compliance if the Court states even those "Ds" are enjoined.[6] Had Defendants been aware of these older stand-alone D's, Defendants' preliminary injunction opposition would only have been *strengthened*. While Drake complains that it did not know of these prior uses, it is noteworthy that they would only have aided *Defendants* by further establishing the lack of confusion, as apparently the Boone campus has been using a standalone, blue and/or white block-style D since as early as 2005, and Drake did not seek an injunction until almost 20 years later. As it stands, Defendants do not have the benefit of these prior stand-alone "Ds" in opposing Drake's preliminary injunction, but they need to know what to do with them now. Defendants respectfully request the Court clarify whether its preliminary injunction extends beyond the 2023 rebrand "Ds."

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant their Motion to Extend the Deadline to Comply with the Preliminary Injunction Order and to Clarify the Scope of the Preliminary Injunction.

---

of any block-style D (other than the bear paw D) predating the rebrand. Defendants have now informed the Court of the additional D's it is (now) aware of that predate the 2023 rebrand D.

[6] The Boone basketball court is an older court, and Defendants are unsure whether a sticker can be used to cover up the "D." The mural in the Boone campus spans three hallways and there are likely over 100 block-style "Ds" in the images making up the mural. This cannot easily be covered up.

Respectfully submitted,

Date: December 9, 2024

*/s/ R. Scott Johnson*

R. Scott Johnson (#AT0004007)
Cara S. Donels (#AT0014198)
Erin M. Boggess (#AT0015950)
FREDRIKSON & BYRON, P.A.
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone:  (515) 242-8900
E-mail:  RSJohnson@fredlaw.com
             CDonels@fredlaw.com
             EBoggess@fredlaw.com

Laura L. Myers (Minn. #0387116)
(admitted *Pro Hac Vice*)
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  (612) 492-7000
E-mail:  LMyers@fredlaw.com

***Attorneys for Defendants and Counterclaim Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2024, I electronically filed the *Defendants and Counterclaim Plaintiffs Des Moines Area Community College and Des Moines Area Community College Foundation's Reply Brief in Support of its Motion to Extend the Deadline to Comply with Preliminary Injunction Order and to Clarify Scope of Preliminary Injunction* with the Clerk of Court using the CM/ECF system, who in turn sent notice to the following:

    Joshua J. Conley, Esq.
     jconley@zarleyconley.com
    John D. Gilbertson, Esq.
     jgilbertson@zarleyconley.com
    ZARLEYCONLEY PLC
    580 Market Street, Suite 101
    West Des Moines, IA  50266

    *Attorneys for Plaintiff and*
    *Counterclaim Defendant*

    */s/ Erica Palmer*
    Erica Palmer