IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY, | Case No. 4:24-cv-00227-SMR-SBJ |
| Plaintiff, | |
| v. | |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE, | ORDER ON MOTION FOR EXTENSION AND CLARIFICATION |
| Defendants. | |
| DES MOINES AREA COMMUNITY COLLEGE, | |
| Counterclaimant, | |
| v. | |
| DRAKE UNIVERSITY, | |
| Counterdefendant. | |

Before the Court is a motion filed by Defendant Des Moines Area Community College and Defendant Des Moines Area Community College Foundation ("Defendants"). In the motion, Defendants ask for an extension of the deadline to comply with the preliminary injunction recently imposed by the Court. [ECF No. 97]. They also request that the Court clarify the scope of the injunction to facilitate its compliance.

First, Defendants advise that 21 days is insufficient to comply with the preliminary injunction. An affidavit submitted in support of the request states that the school's use of the now-enjoined block-style "D" is broad and the efforts necessary to cease its use are extensive. For

1

example, Defendants are currently undertaking efforts to remove it from social media platforms, PDFs, student IDs, billboards, wall murals, and the school's basketball uniforms. Replacement of these items cannot be accomplished by Defendants alone and requires the assistance of third parties. Accordingly, Defendants ask that the deadline to comply with the preliminary injunction be extended to January 31, 2025.

Drake resists the request for an extension on the basis that Defendants have not established that an extension is needed. It also takes issue with the request for a blanket extension of the deadline, particularly in the absence of an accounting of the uses needing additional time to comply. Drake further speculates that an extension of time to comply with the injunction is unnecessary and is "a ploy" to allow Defendants to adopt a new mark which will likely infringe on Drake's intellectual property. [ECF No. 99 at 6].

The second portion of Defendants' motion asks for the Court to clarify the scope of its injunction. Specifically, they point out that the injunction states that they are "ENJOINED from using a block-style 'D' trademark in conjunction with any color combination of white and blue." [ECF No. 87 at 43]. Defendants write that the school has used a "blue and white letter D" with a bear paw for many years. [ECF No. 97-1 at 2]. Drake asserts for the first time in its resistance to the pending motion that use of the "bear paw" D should be enjoined as infringing on its marks.[1]

There is no mention of DMACC's bear paw D anywhere in Drake's complaint. Rather, it clearly identifies the block-style blue and white D that DMACC began using in its 2023 rebrand

---

[1] Drake makes only a tangential reference to the "bear paw" D in its reply brief. [ECF No. 40 at 3]. It stated that the mark "did not require Drake to act" because it is used only for intramural activities and is almost always depicted with the "CAMPUS RECREATION" insignia. *Id*. at 4. Drake argued that given this, it "should be afforded some latitude to assess both the impact of another's use of an allegedly infringing trademark as well as the wisdom of pursuing litigation on the issue." *Id*. (quotation omitted). This is notably not an assertion that the "bear paw" D is itself an infringing mark.

as the "DMACC 'D.'" [ECF No. 17 ¶¶ 144–45]. Drake goes on to label the "DMACC 'D' and the New DMACC Colors and variations thereon" as "Infringing Marks of the Drake Brand." [ECF No. 17 ¶ 215]. Each count in the Complaint alleges infringement based on the "Infringing Marks." It is clear that DMACC's bear paw D was not included in Drake's complaint. Drake also fails to mention DMACC's bear paw D in their motion for preliminary injunction. As such, the Court did not conduct a *Squirt Co.* analysis of that mark. The Court reiterates its conclusion that DMACC's bear paw D is visually distinct and fundamentally different from Drake's mark. DMACC's bear paw "D" is not included within the scope of the Court's injunction.[2]

DMACC also seeks clarification about prior uses of a block-style "D" and whether those marks fall within the scope of the preliminary injunction.[3] Defendants represent that the block-style Ds found on DMACC's Boone campus cannot be replaced by an extended deadline. It appears from the briefing that the logo on the basketball court in Boone was unknown to counsel for both parties until recently. The Court accepts the representation by defense counsel that previous statements about other standalone Ds were not made with knowledge of their inaccuracy. However, an institutional client should provide reliable information to its legal counsel, particularly concerning such a conspicuous fact that goes to the heart of the litigation.[4] A logo at the center of a basketball court on campus should not be identified for the first time after five

---

[2] On a motion for preliminary injunction, findings of fact and conclusions of law "are provisional and not binding in future proceedings." *Wymore v. City of Cedar Rapids, Iowa*, 635 F. Supp. 3d 706, 710 (N.D. Iowa 2022).

[3] Defendants' motion identifies the "D" on the Boone DMACC campus gym floor (installed in 2019) and a mural in the Boone campus gym (installed in 2021) as examples of a block-style "D" which pre-dated the 2023 rebrand. [ECF No. 97-1 at 7–8].

[4] The same reasoning applies to the mural which, according to Defendants' affiant, was constructed in 2021 and contains images dating back to 2013. [ECF No. 97-2 ¶ 16].

months of litigation. These prior uses of the same block style D that DMACC rolled out in its 2023 rebrand in variations of blue and white fall cleanly within the scope of the injunction issued in this case. All prior uses of these Ds, excluding the distinct "bear paw" D, are enjoined as directed by the Court's Order.

Defendants' Motion for Extension and Clarification is GRANTED in part and DENIED in part, subject to the following conditions:

1. Defendants shall ensure all internal products and advertising is fully compliant with the Court's injunction by December 13, 2024;

2. Defendants shall submit an affidavit from a school representative attesting to the remaining displays, products, or other materials that cannot comply with the injunction by December 13, 2024. This affidavit must describe:

    a. The reason(s) why compliance with the Court's order is impossible as it relates to the specific issue;

    b. What steps are being taken in ensuring compliance; and

    c. The earlier date where full compliance is expected.

3. Defendants shall also affirm in writing that *all* uses of a standalone D have already been identified in the pleadings or preliminary injunction record. If there are outstanding standalone Ds used by Defendants, they shall be filed on the docket immediately;

4. This filing shall be submitted to the Court by **December 16, 2024**.

5. On **December 23, 2024**, Defendants shall file a status update with the Court to advise on its progress in complying with the preliminary injunction order.

6. Defendants shall file similar status updates regarding compliance every Monday until it certifies that it is fully compliant with the terms of the preliminary injunction.

IT IS SO ORDERED.

Dated this 10th day of December, 2024.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT