IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>    Defendants.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br>    Counterclaim Defendant. | No. 4:24-cv-00227<br><br>**MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH COURT ORDERS**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff and Counterclaim Defendant, Drake University ("Drake") hereby files this Motion for Order to Show Cause why Defendants and Counterclaim Plaintiffs Des Moines Area Community College and Des Moines Area Community College Foundation (collectively "DMACC" or "Defendants") should not be held in civil contempt for failure to comply with the Court's Preliminary Injunction Order (ECF No. 87), and the Court's Order on Motion for Extension and Clarification (ECF No. 101). In support, Drake states as follows:

1.    On November 22, 2024, this Court entered an Order granting Drake's Motion for Preliminary Injunction against DMACC. ECF No. 87 (the "PI Order").

2.    The PI Order states that all Defendants are "enjoined from using a block-style 'D' trademark in conjunction with any color combination of white and blue to denote their educational services, athletics, or ancillary goods and services." ECF No. 87, at 43. The PI Order further

states that DMACC "must cease use of all such trademarks within 21 days," i.e. December 13, 2024. *Id.*

3.  On December 10, 2024, the Court issued a second order clarifying the scope of, and time for compliance with, the PI Order (the "Clarification Order"). ECF No. 101.

4.  The Clarification Order states the following:

    a. "Defendants shall ensure **all internal** products and advertising is **fully compliant** with the Court's injunction by December 13, 2024." ECF No. 101, at 4 (emphasis added).

    b. "Defendants shall submit an affidavit from a school representative attesting to the remaining displays, products, or other materials which cannot comply with the injunction. . . which must describe (a) the reasons why compliance with the [PI Order] is **impossible** as it relates to the specific issue, [and] (b) what steps are being taken in ensuring compliance." *Id.* (cleaned up, emphasis added).

5.  Neither the PI Order nor the Clarification Order make allowances for *replacement* of DMACC's enjoined branding; both command *cessation* of it except in cases where cessation is "impossible." *See* ECF 87, at 43; *see also* ECF No. 101, at 4, ¶ 2(a).

6.  On December 13, 2024, DMACC filed a Declaration attesting to its compliance with the PI Order and Clarification Order (the "Certification"). ECF No. 102.

7.  The Certification lists instances of enjoined branding that had not been removed by December 13, 2024. ECF No. 102, at ¶ 3(a–k).

8.  In several instances, DMACC alleges that **cessation** of the enjoined branding is impossible because no suitable **replacement** is available. For example:

    a. "The **new** artwork for a billboard located in Perry, Iowa has been ordered, and the installation has been scheduled with third-party vendor Regan Outdoor. Estimated date of completion is before 1/31/25." ECF No. 102, at ¶ 3(a) (emphasis added).

    b. "The **new** artwork for a billboard located in Boone, Iowa has been ordered, and the installation has been scheduled with third-party vendor Legacy Billboards. Estimated date of completion is 1/10/25." ECF No. 102, at ¶ 3(b) (emphasis added).

    c. "The **new** artwork for a billboard located in Carroll, Iowa has been ordered, and the installation has been scheduled with third-party vendor Legacy Billboards. Estimated date of competition is before 1/31/25." ECF No. 102, at ¶ 3(c) (emphasis added).

    d. "Defendants have ordered a **new** vinyl banner to cover the enjoined logo, but it has not yet arrived." ECF No. 102, at ¶ 3(h) (emphasis added).

    e. "DMACC **has ordered** graphics to cover. . . [i]nternal displays in the pastry and baking area on the Newton campus, the health sciences sign in building 24 on the Ankeny campus, and the bistro wall graphic in the kitchen area of the Ankeny campus." "The estimated date for completion is before **12/31/2025**. ECF No. 102, at ¶ 3(k) (emphasis added).

9. In other instances, DMACC explains that removal of the enjoined branding is impossible because it would be **inconvenient**. For example:

    a. "Due to the age and type of [basketball] court, **the entire court must be redone** to remove the enjoined logo." "The basketball court cannot be redone until after the basketball season is completed and there are fewer students on campus." ECF No. 102, at ¶ 3(g).

    b. "The [Jordan Creek] mall staff responded they cannot remove the banner until they have a replacement due to the **difficulty in reaching the high location** within the mall. The estimated date for competition is before 1/15/2025." ECF No. 102, at ¶ 3(h) (emphasis added).

10. In still other instances, DMACC gives **no explanation** at all why compliance with the Orders is impossible. For example:

    a. "The panels next to the lecterns in the classrooms which operate the projectors have the enjoined logo. Only the instructor teaching the class can see the enjoined logo. DMACC IT department staff estimate they can remove the enjoined logo by 12/20/2024." ECF No. 102, at ¶ 3(i)

    b. "There is an enjoined logo on one of the front doors leading into the [World Pork Expo] building. The estimated date for competition is before **12/31/2025**." ECF No. 102, at ¶ 3(j) (emphasis added).

11. Because DMACC has failed to explain "why compliance with the [PI Order] is **impossible** as it relates to the specific issue[s]," DMACC is in violation of the Clarification Order, and by extension, the PI Order. ECF 101, at 4 ¶ 2(a).

12. Additionally, DMACC fails to describe the measures undertaken to ensure compliance as immediately as possible. For instance, there is no discussion of whether efforts were made to expedite remediation such as through express shipping or priority services. This is not in accordance with the Clarification Order.

13. As evidenced by DMACC's partial compliance with the PI Order and Clarification Order, DMACC knew of the Orders.

14.     Pursuant to Local Rule 7(k), counsel for Drake has conferred with counsel for DMACC, who does not consent to this motion.

**WHEREFORE**, Drake respectfully requests this Court order DMACC to show cause why they have not complied with this Court's Preliminary Injunction Order and Clarification Order, award Drake its attorney fees and costs in bringing the instance motion for compliance, consider this conduct in deeming this case "exceptional" under the Lanham Act in Drake's favor, and such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: December 19, 2024            **ZARLEYCONLEY PLC**

By:    /s/John D. Gilbertson
       John D. Gilbertson, AT0014515
       Joshua J. Conley, AT0011828
       580 Market Street, Suite 101
       West Des Moines, IA 50266
       Telephone:  (515) 558-0200
       Facsimile:  (515) 558-7790
       jgilbertson@zarleyconley.com
       jconley@zarleyconley.com
       **ATTORNEYS FOR PLAINTIFF &
       COUNTERCLAIM DEFENDANT**