# **<u>EXHIBIT G</u>**

| | |
|---|---|
| **From:** | Donels, Cara |
| **To:** | John Gilbertson; Johnson, R. Scott; Myers, Laura; Boggess, Erin; de Leon, Luke; _DMACC |
| **Cc:** | Josh Conley; Emily A. Marty; Litigation |
| **Subject:** | RE: Drake v. DMACC - Motion for Show Cause Order |
| **Date:** | Thursday, December 19, 2024 2:36:58 PM |
| **Attachments:** | image001.png |
| | image002.png |

John,

We disagree with your characterization of the declaration and are surprised by your position, given that most of the things described in the declaration were also described in DMACC's motion for an extension.

The Court's Order specifically acknowledges that "Defendants are currently undertaking efforts to remove it from social media platforms, PDFs, student IDs, billboards, wall murals, and the school's basketball uniforms. Replacement of these items cannot be accomplished by Defendants alone and requires the assistance of third parties." ECF 101 at 2. With this understanding, the Court granted in part DMACC's motion for an extension, and provided that DMACC must identify the remaining uses that could not be met by the December 13 deadline in an affidavit and provide an explanation of why, as well as steps taken for compliance. This is what DMACC did. DMACC intends to continue to comply with the Court's order.

To provide a response to the specific uses you highlight in your email: Billboards cannot be changed overnight, or by DMACC alone—a vendor was utilized, said vendor working on its timeline (not DMACC's). Of course, the billboards were discussed and acknowledged by the Court in its order. ECF 101 at 2. The lectern panel should be completed by tomorrow, and regardless, is not visible to any would-be consumer (only DMACC staff). Of course, students are also on break right now, so wouldn't see it regardless. It's unclear why Drake makes an issue of that.

As for the basketball court, is it Drake's position that students should be playing in contradiction to doctor recommendations? You appear to argue that DMACC should cancel all remaining NJCAA basketball games (i.e. cease full use of the gym) or expose student athletes to a heightened risk of injury through playing over a sticker. Please confirm this is your position. Regardless, this gym has apparently been in use with the D logo for *years,* and Drake has yet to identify a harm related to the gym. What is Drake's harm?

Regarding the World Pork Expo building, a door must be fixed. It has an estimated date of completion of 12/31. Construction projects cannot be completed overnight, and this one is moving forward quickly, despite multiple holidays. It cannot be Drake's intent to move the Court over DMACC's inability to get construction done more quickly—and of course, by the time the Court would hear this issue, the door would be fixed.

We do not consent to the filing of a motion for a show cause order, and feel this is a waste of

the parties' and the court's time and resources.

Cara

**Cara Donels (she/her)**
Attorney
cdonels@fredlaw.com
515.242.8924



This is a transmission from the law firm of Fredrikson & Byron, P.A. and may contain information that is confidential and subject to the attorney-client privilege or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number 612-492-7000. The name and biographical data provided above are for informational purposes only and are not intended to be a signature or other indication of an intent by the sender to authenticate the contents of this electronic message.

---

**From:** John Gilbertson <jgilbertson@zarleyconley.com>
**Sent:** Thursday, December 19, 2024 2:04 PM
**To:** Johnson, R. Scott <RSJohnson@fredlaw.com>; Donels, Cara <CDonels@fredlaw.com>; Myers, Laura <LMyers@fredlaw.com>; Boggess, Erin <EBoggess@fredlaw.com>; de Leon, Luke <LdeLeon@fredlaw.com>; _DMACC <DMACC@fredlaw.com>
**Cc:** Josh Conley <jconley@zarleyconley.com>; Emily A. Marty <emarty@zarleyconley.com>; Litigation <litigation@zarleyconley.com>
**Subject:** Drake v. DMACC - Motion for Show Cause Order

**CAUTION: EXTERNAL E-MAIL**

---

Counsel,

After reviewing the materials DMACC has filed to certify compliance with the Court's preliminary injunction order, we have determined that DMACC is not in compliance. In the original preliminary injunction order, the Court instructed DMACC to **cease** all use. ECF 87, at 43. In the Order on DMACC's motion to extend and clarify, the Court granted leniency only in the event such cessation was **impossible** by the December 13 deadline. ECF 101, at 4. In Ms. Spiller's declaration filed with the Court last week, she identifies approximately 11 such instances. However, upon review, almost none demonstrate impossibility of cessation.

Several statements only allege that *replacement* of the enjoined use is impossible by the deadline; they say nothing of the impossibility of ceasing it (e.g., the billboards). Other instances merely opine on the *inconvenience* of removing the enjoined branding (e.g., the

Boone basketball court).  Two of them (the lectern panels and the World Pork Expo building) provide no explanation at all as to why cessation is impossible.  None of this complies with the plain language of either Order.

Accordingly, we will be filing a motion for a show cause order as to why DMACC should not be held in civil contempt for failing to comply with the Court's Orders. We plan to file by the end of the day today.  Pursuant to LR 7(k), please advise if you consent.

Best,



John Gilbertson
Intellectual Property Attorney

| **O** | 515-558-0200 | **D** | 515-203-4329 | **W** | www.zarleyconley.com | **A** | West Des Moines, Iowa |

This email may contain confidential or privileged information. Please contact us if you received this in error.