IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>      Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>      Defendants.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>      Counterclaim Plaintiffs,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br><br>      Counterclaim Defendant. | Case No. 4:24-CV-00227-SMR-SBJ<br><br>**DEFENDANTS AND COUNTERCLAIM PLAINTIFFS DES MOINES AREA COMMUNITY COLLEGE AND DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S MOTION TO INCREASE THE PRELIMINARY INJUNCTION BOND** |

Defendants and Counterclaim Plaintiffs Des Moines Area Community College ("DMACC") and Des Moines Area Community College Foundation ("DMACCF") (together "Defendants") hereby move to increase the preliminary injunction bond. In support of this motion, Defendants state the following:

1. On November 22, 2024, the Court entered an Order enjoining Defendants from using the 2023 rebrand block-style "D" trademark in conjunction with any color combination of white and blue to denote their educational services, athletics, or ancillary goods and services. (ECF Dkt. 87).

2. The injunction includes the use of the block-style "D," even when paired with the DMACC house mark or other indicia of the college.

3. In the Order, the Court set a bond in the amount of $25,000 pursuant to Fed. R. Civ. P 65(c).

4. Defendants have already exceeded $25,000 to comply with the preliminary injunction.

5. The purpose of requiring the bond is to give "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c)

6. Courts have discretion in determining whether to increase an injunction bond, and an increase is justified when the current bond does not adequately cover potential losses or when the damages a party has or is expected to suffer from the injunction is larger than the bond amount set.

7. In Defendants' Brief in Support of its Motion and supporting exhibits, Defendants have met their burden to justify and increase by showing that 1) they have already spent more than $25,000 to comply with the injunction and 2) that they will spend over $250,000 to fully comply with the injunction.

8. Counsel for DMACC attempted to confer with counsel for Drake by doing the following:

    a. On December 20, Ms. Donels had a nearly 6-minute phone call with Mr. Gilbertson discussing the basis for DMACC's motion and requesting Drake's position. Mr. Gilbertson indicated Drake likely would oppose, but that he did not have Drake's position yet. Ms. Donels sent a follow-up email on December 20 requesting Drake provide its position by the end of the day.

    b. In light of the holiday, DMACC changed its plans and delayed filing from December 21 to December 27. On December 26, Ms. Donels emailed Mr.

      c.    Gilbertson to determine if Drake had a position regarding this motion yet. Ms. Donels received an automatic reply indicating Mr. Gilbertson was out of office through January 2.

      c.    Ms. Donels then contacted Mr. Gilbertson's colleague, Mr. Conley, on December 26, requesting his availability that afternoon to meet and confer. Mr. Conley responded on December 27 that he would "try to get back to you as soon as I am able." *See* Ex. AL. Mr. Conley later also indicated that DMACC had not met the requirements of LR 7(k) because it has not yet had a good faith meet and confer with Drake.

      d.    DMACC has made good faith attempt to confer with Drake, including a phone call and multiple follow up emails seeking Drake's position and availability to further discuss. But DMACC is not required to hold its motion in abeyance ad nauseum—DMACC has waited a week, and is entitled to file its motion.

      e.    DMACC has met its obligations under LR 7(k). *See J.S.X. v. Foxhoven*, 2019 WL 13167113 (S.D. Iowa May 21, 2019) (what is required is that DMACC "make an effort to confer with the opposing party before filing the motion, even if the effort is ultimately unsuccessful.").

WHEREFORE, Defendants respectfully request that the Court grant Defendants' Motion to increase the preliminary injunction bond to $250,000, which will adequately protect Defendants in the event of an erroneously issued preliminary injunction.

Respectfully submitted,

Date: December 27, 2024                                         */s/ R. Scott Johnson*

R. Scott Johnson (#AT0004007)
Cara S. Donels (#AT0014198)
Erin M. Boggess (#AT0015950)
FREDRIKSON & BYRON, P.A.
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone:  (515) 242-8900
E-mail:  RSJohnson@fredlaw.com
             CDonels@fredlaw.com
             EBoggess@fredlaw.com

Laura L. Myers (Minn. #0387116)
(admitted *Pro Hac Vice*)
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  (612) 492-7000
E-mail:  LMyers@fredlaw.com

***Attorneys for Defendants and Counterclaim Plaintiff***

5

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2024, I electronically filed the *Defendants and Counterclaim Plaintiffs Des Moines Area Community College and Des Moines Area Community College Foundation's Motion to Increase the Preliminary Injunction Bond* with the Clerk of Court using the CM/ECF system, who in turn sent notice to the following:

Joshua J. Conley, Esq.
  jconley@zarleyconley.com
John D. Gilbertson, Esq.
  jgilbertson@zarleyconley.com
ZARLEYCONLEY PLC
580 Market Street, Suite 101
West Des Moines, IA  50266

*Attorneys for Plaintiff and
Counterclaim Defendant*

 */s/ Michele A. Erickson*
Michele A. Erickson