IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>      Plaintiff,<br><br>      vs.<br><br>DES MOINES AREA COMMUNITY<br>COLLEGE FOUNDATION and DES<br>MOINES AREA COMMUNITY COLLEGE,<br>      Defendants. | No. 4:24-cv-00227<br><br>**REPLY BRIEF IN SUPPORT OF<br>MOTION FOR ORDER TO SHOW<br>CAUSE WHY DEFENDANTS<br>SHOULD NOT BE HELD IN CIVIL<br>CONTEMPT FOR FAILURE TO<br>COMPLY WITH COURT ORDERS**<br><br>**ORAL ARGUMENT REQUESTED** |
| DES MOINES AREA COMMUNITY<br>COLLEGE FOUNDATION and DES<br>MOINES AREA COMMUNITY COLLEGE,<br>      Counterclaim Plaintiffs,<br><br>      vs.<br><br>DRAKE UNIVERSITY,<br>      Counterclaim Defendant. | |

## I.    ARGUMENT

DMACC is not "doing everything in its power to put the rebrand 'D' behind it." ECF No. 109, at 10. It has moved for a tenfold increase in Drake's bond in case DMACC wins its interlocutory appeal of the Preliminary Injunction Order,[1] and DMACC has refused to relinquish its trademark application to register the enjoined mark with the United States Patent and Trademark Office pending the outcome of this suit.[2] By all available metrics, DMACC is dead-set on using the enjoined mark, which this Court found is causing irreparable harm to Drake. To prevent this, Drake was obligated to call attention to DMACC's failures to comply with the plain

---

[1] ECF No. 90 (Notice of Appeal); ECF No. 111 (Motion to Increase Bond).
[2] *See* Exhibit 1 (Order from Trademark Trial and Appeal Board suspending proceedings pending determination of this action).

language of the Court's Orders.  The Court should look with high skepticism on DMACC's sudden ability to comply.

### A.   DMACC's Resistance Proves Why the Present Motion was Necessary

As of December 13, 2024, approximately 11 major uses of the enjoined mark had not been removed either because (1) a replacement wasn't available, or (2) it was inconvenient.  ECF No. 107-1, at 2–3.   DMACC's declaration also neglected to include the level of explanation as to why noncompliance was "impossible" as ordered by the Court.  *Id.*

In its declaration ten days later, DMACC stated that all internal displays of the enjoined logo were rectified—conveniently—the day after this motion was filed.  ECF 108, at 2–3 ¶ 2(c), (e–g).   Compared with DMACC's December 13th declaration, its December 23rd declaration provides considerably more detail as to (1) why the remaining instances were impossible to remove prior to the Court's deadline, and (2) the steps taken to ensure compliance, both of which are express requirements of the Court's Order on Clarification and Extension.  *Cf.* ECF No. 101, at 4; ECF No. 108.

A prime example of DMACC's lax and evasive approach to compliance can be found at Paragraph 3(b)(ii)(1) of the Declaration DMACC filed on December 23, 2024, after the present motion (ECF No. 108).  In it, DMACC's Vice President of Student Affairs Erica Spiller confirms that DMACC did not even begin inquiring about the removal of the "D" from its Boone basketball court until December 11, 2024—**two days** before DMACC's compliance deadline.  *See* ECF No. 108, at 4.  This, despite DMACC disclosing the existence of the Boone basketball court back on December 5th in its Motion for Clarification and Extension (ECF No. 97-1, at 3).  While Ms.

Spiller referenced the Boone basketball court in her December 13 declaration, she conveniently omitted the December 11 date when discussions commenced. *See* ECF No. 102, at 3, ¶ 3(g).[3]

In short, DMACC's December 23rd declaration is what should have been filed on December 13th, and it should not have taken a show cause motion to prompt it. Moreover, the deadline for internal cessation was undisputedly not met. *See* ECF No. 109, at 5–6 (table).

### B.    DMACC Demonstrates a Lack of Candor, Again

In what has become a theme in these proceedings, DMACC's December 13th compliance declaration contains a material misrepresentation. Namely, the Jordan Creek Mall banner, which DMACC declared under penalty of perjury could not be removed "until [mall staff] have the replacement due to the difficulty in reaching the high location within the mall." ECF No. 102, at 4 ¶ 3(h)(c); *see also* Exhibit 2. Banners in that specific location, however, are raised (and lowered) by a motorized winch:



*Excerpt of Exhibit 3*

---

[3] Drake has not had an opportunity to review in detail DMACC's Motion for Bond Increase (ECF No. 111), which appends numerous invoices and additional details that may be relevant to its compliance efforts. To the extent such materials provide further grounds for granting the present motion, Drake will be prepared to discuss the same at a hearing hereon.

The convenience of such a system undermines DMACC's declaration that the banner's removal was "impossible" because it was so difficult to reach.  ECF No. 102, at ¶ 3(h).  The plain implication is that DMACC wanted to keep the enjoined banner in place until a replacement could be hung.

DMACC's counsel did not mention the banner had been removed in their December 19 email, which suggests it had not been removed prior to the present motion being filed.  ECF No. 109-9, at 2–3.  DMACC had also earlier declared that the banner may not come down until mid-January.  ECF No. 102, at ¶ 3(h).  This abrupt change, in light of the ease with which the banner could have been removed, suggests that the banner was taken down not in the natural course, but in response to the present motion.

### C.   Drake Did Not Violate Local Rule 7(k)

DMACC alleges that the present motion could have been avoided if only DMACC's compliance could have been explained in a phone call with counsel.  ECF No. 109, at 9–10.  Yet, in a six-paragraph response to Drake's December 19 email requesting consent per Rule 7(k), DMACC's counsel failed to mention any.  ECF No. 109-9, at 2–3.  Instead, DMACC's counsel rebutted the substance of the present motion with specificity, and unambiguously stated that DMACC did not consent.  *Id*.  A phone call would not have changed that.  And in any event, Local Rule 7(k) does not require one.  *See J.S.X. v. Foxhoven*, 2019 WL 13167113, at *2 (S.D. Iowa, May 21, 2019) (rule can be met with phone call or email).

Given the clear articulation by both parties of their positions, as well as the time-sensitive nature of the present motion given the irreparable harm occurring as a result of DMACC's failure to comply, a phone call would not have rendered the motion unnecessary.  This is especially true given that Drake's basis for the present motion is **not** DMACC's genuine inability to remove instances by the deadline if "impossible"; rather, it was DMACC's unilateral decision to delay

compliance until (1) suitable **replacements** were developed, and (2) replacement was **convenient**, as well as its failure to provide the required level of detail necessary to comply with the Court's Order. *See generally* ECF No. 107-1. These omissions were already in place prior to December 19, thus any phone call on the subject would be fruitless.

## II.    CONCLUSION

The reason for the present motion is simple: the Court did not order DMACC to **replace** instances of the enjoined mark; it ordered DMACC to **remove** them. The leniency allowed by the Court was not without limitation. All internal products and advertisements were ordered to cease by December 13, 2024; they were not. *See, e.g.,* ECF No. 102, at ¶¶ 3(f), (g), (k), 4. The affidavit explaining the reasons why cessation was impossible, the steps taken to ensure compliance, and the earlier date by which compliance is expected failed to meet the level of detail plainly expected by the Court's Order—though conveniently, the resistance to this Motion did.

Even if the Court deems DMACC to be in substantial compliance now, Defendants nonetheless did not comply with the Court's Order. Drake urges the Court to craft a sanction which is sufficient to dissuade DMACC from playing fast and loose with the facts as well as this Court's directives.

//

//

//

//

//

//

//

Respectfully submitted,

Dated: December 30, 2024                    **ZARLEYCONLEY PLC**

By:    /s/John D. Gilbertson
       John D. Gilbertson, AT0014515
       Joshua J. Conley, AT0011828
       580 Market Street, Suite 101
       West Des Moines, IA 50266
       Telephone:  (515) 558-0200
       Facsimile:   (515) 558-7790
       jgilbertson@zarleyconley.com
       jconley@zarleyconley.com
       **ATTORNEYS FOR PLAINTIFF &
       COUNTERCLAIM DEFENDANT**