IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE<br>    Defendants.| Case No. 4:24-CV-00227-SMR-SBJ<br><br>**DEFENDANTS' PROPOSED ESI DISCOVERY ORDER** |
| DES MOINES AREA COMMUNITY COLLEGE,<br>    Counterclaim Plaintiff,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br>    Counterclaim Defendant. | |

Plaintiff Drake University and Defendants Des Moines Area Community College and Des Moines Area Community College Foundation (collectively the "Parties") jointly move for entry of an ESI Discovery Order. Accordingly, it is ORDERED the DMACC's proposal, below, is entered:

1.  This Order supplements all other discovery rules and orders, including but not limited to any Protective Order governing the production of confidential information entered in this case. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rules of Civil Procedure 1.

1

2. This order may be modified in the Court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Scope of Production:

a. <u>Duplication.</u> To reduce the cost of review and production, parties may choose to remove exact duplicate files from review and production. For non-email electronic files, the identification of duplicate files should be based on MD5 or SHA-1 hash values. Email duplicates should be identified based on algorithms that utilize at least the following email metadata fields: Date/Time Sent; Subject; From; To; CC; Email body. Family groups – parent and child documents – should not be separately eliminated unless both the parent and child documents are identical to another set of parent and child documents.

b. <u>Handling of System Files with No Evidentiary Value</u>. The parties shall undertake reasonable efforts to remove non-responsive system files from the ESI collection, including, as an example but not requiring, filtering the ESI collection against the National Software Reference Library (NSRL) National Institute of Technology (NIST) file listing prior to production.

c. <u>Document Family Relationships</u>: The parent-child relationships between documents and their attachments shall be maintained.

    d. <u>Password Protected Documents</u>:  The parties shall make reasonable efforts to obtain passwords for password-protected documents from the document custodian, and include such documents, to the extent they are relevant, in the production.

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

    a. <u>General Document Image Format</u>. Paper documents and electronically stored information that is conducive to being displayed in an image form shall be produced as 300 DPI CCITT Group Four compression single-page Tagged Image File Format ("TIFF" or ".tiff format" or JPEG for color images) images. JPG and GIF image files shall be produced as color images and shall be delivered in either JPEG compression TIFF or JPEG images. Additionally, the requesting party may request that a reasonable number of documents (identified by production number) be re-produced in color image format.  TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    b. <u>Document Unitization</u>:  If hard copy documents are scanned into an electronic form, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file.  For documents that contain fixed notes, the pages will be scanned with the notes and those pages will be treated as part of the same document.  The relationship of documents in a document collection (e.g., cover letter and enclosures, e-mail and attachments, binder containing multiple documents, or

other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process.

    c.    <u>Text-Searchable Documents</u>. The production shall include searchable text files (.txt) for all of the textual production documents. For documents maintained by the producing party in image or hard copy (paper) form or for electronic documents containing redacted privilege or protected information, the producing party shall create searchable text files using Optical Character Recognition ("OCR") technology. For documents maintained by the party in electronic form that haven't been redacted for privilege or protected information, the producing party shall provide the extracted text of the "native" file. The searchable text files should be created on a document level and be named to correspond to the first page bates number of the corresponding document being produced (e.g. ABC000001.txt). Searchable text files shall be in the same file folder as the associated production images..

    d.    <u>Footer</u>. Each document image shall contain a footer with a sequentially ascending production number.

    e.    <u>No Backup Restoration Required</u>. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

    f.    <u>Voicemail and Mobile Devices</u>. Absent a showing of good cause, voicemails, text messages, instant messages and chats not regularly stored or saved, PDAs, smart phones, and mobile phones are deemed not reasonably accessible and need not be collected and preserved unless specifically indicated (i.e., custodian and search terms

identified) in a discovery request. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Both parties reserve the right to object to any such discovery request for any reason allowed under the rules.

      g.      <u>Native Files</u>. All Microsoft Excel files or other worksheet or database files, 3D models (including part or assembly files), and all audio or video files shall be produced in their native format with the production number and confidentiality designation in the file name. An exception will be made for files that contain privileged information. The producing party shall have the options of producing these files in a redacted image format, or if parties agree, as a modified native file. For all other files produced in TIFF/text format as specified in Sections 5a and 5b above, a party may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format, provided such native file does not contain any privileged information. Native files shall be named to match the endorsed bates number on the corresponding tiff image placeholder page (e.g. ABC000001.xls).

      h.      <u>Processing/Production of Presentations (MS PowerPoint)</u>. Production images for presentations (PowerPoint) shall contain both the presentation slides and presentation notes.

      i.      <u>Processing/Production of Documents (MS Word)</u>. When converting documents (Word) to image format, the document shall be "printed" (converted to image format) to include track changes if the Track Changes feature has been enabled for the document.

j.      After production of an image or native file, the producing party must continue to preserve the integrity of the native file, i.e., the original formatting of the document, its metadata and, where applicable, its revision history

k.      Each production set shall be accompanied by a load file that unitizes the production images into their logical document and document attachment boundaries. Fredrikson & Byron prefers a standard Concordance delimited load file format, that contains an OPT and a DAT load file with each production set. Sample OPT image loadfile:

ABC000001,,\001\ABC000001.TIF,Y,,,

ABC000002,,\001\ABC000002.TIF,,,,

ABC000003,,\001\ABC000003.TIF,,,,

l.      <u>Metadata:</u> The exchange of select metadata fields significantly enhances the usability and search characteristics of the production set. Documents should be produced with available metadata. Absent an agreement to the contrary, the following metadata fields (or equivalent) and confidential designation information shall be provided in a delimited file for any production documents:

| 1) BegProd | Beginning Production # (all documents) |
|---|---|
| 2) EndProd | Ending Production # (all documents) |
| 3) BegAttach | Beginning Attachment # (all documents) |
| 4) EndAttach | Ending Attachment # (all documents) |
| 5) ParentID | Parent Production # (all documents) |
| 6) ProtectiveDeclaration | Confidentiality Designation (all documents) |
| 7) PageCount | Page Count (all documents) |
| 8) Custodian | Custodian (all documents) |
| 9) Author | Author (electronic documents) |

| 10) DateLastModified | Last Modified Date (electronic documents) |
|---|---|
| 11) DateReceived | Received Date (email documents) |
| 12) DateSent | Sent Date (email documents) |
| 13) DocExtension | File Extension (email and electronic documents) |
| 14) EmailSubject | Email Subject (email documents) |
| 15) Filename | Filename (electronic documents) |
| 16) DateCreated | Date Created (electronic documents) |
| 17) Filesize | Filesize (email and electronic documents) |
| 18) Folder | Folder (email and electronic documents) |
| 19) MD5Hash | MD5 Hash Value (email and electronic documents) |
| 20) People – BCC | BCC (email documents) |
| 21) People – CC | CC (email documents) |
| 22) People – From | From (email documents) |
| 23) People – To | To (email documents) |
| 24) TimeReceived | Received Time (email documents) |
| 25) TimeSent | Sent Time (email documents) |
| 26) Title | Title (electronic documents) |
| 27) NativePath | Native File Path (email and electronic documents) |
| 28) TextPath | Text File Path (all documents) |

6.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests.

7.  Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests may occur after the parties have exchanged initial disclosures. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper timeframe.

10. Each requesting party shall limit its email production requests to a total of five custodians per side for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians per producing side, upon showing a distinct need based on the size, complexity, and issues of this specific case.

11. Each requesting side shall limit its email production requests to a total of five search terms per custodian. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are likely inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "trademark") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same or a similar word. Use of narrowing search criteria (e.g., "and," "but not,"

"w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product privileged to challenge the privilege or protection.

13. Privilege:

   a. <u>Inadvertent Production</u>. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

   b. <u>Privilege Logs</u>. Documents withheld, or redactions of documents produced on privilege grounds will be identified in a privilege log.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

15. With regard to ESI that is designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" under the Protective Order but which is not produced in paper form or not otherwise susceptible to the imprinting of a stamp that signifies its confidential nature, the producing party shall produce all such materials with a cover letter/email, a cover label or such other acceptable method of designating the confidential nature of the ESI materials either "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" as may be agreed upon by the parties.

16. Artificial Intelligence. The Parties may use artificial intelligence ("AI"), including autonomous system or machine learning, to review ESI for responsiveness and privilege, including predictive coding and other forms of machine learning.  However, AI can only be used to review documents produced by other parties in a closed-source system like Relativity.  The receiving party will not feed, disclose, input, or otherwise enter any "CONFIDENTIAL" or "ATTORNEY EYES

9

ONLY" designated document(s) or information produced in this case into an open AI system, such as ChatGPT, Bing, and Bard.

**IT IS SO ORDERED,** this _____ day of _____, _____.

s/ _____
**HON. STEPHEN B. JACKSON, JR.**