IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>    Defendants. | No. 4:24-cv-00227<br><br>**PLAINTIFF'S PROPOSED ESI DISCOVERY ORDER** |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br>    Counterclaim Defendant. | |

The parties to this Stipulated ESI Discovery Order have agreed to the terms of this Order. Accordingly, it is ORDERED:

1. This order may be modified in the Court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding modifications, the parties shall submit their competing proposals and a summary of their dispute.

2. Scope of Production:

    a. <u>Duplication.</u> To reduce the cost of review and production, parties may choose to remove exact duplicate files from review and production.

    b. <u>Handling of System Files with No Evidentiary Value</u>. The parties shall undertake reasonable efforts to remove non-responsive system files from the ESI

1

**EXHIBIT A**

collection, including, as an example but not requiring, filtering the ESI collection against the National Software Reference Library (NSRL) National Institute of Technology (NIST) file listing prior to production.

  c. <u>Document Family Relationships</u>:  The parent-child relationships between documents and their attachments shall be maintained.

  d. <u>Password Protected Documents</u>:  The parties shall make reasonable efforts to obtain passwords for password-protected documents from the document custodian, and include such documents, to the extent they are relevant, in the production.

3. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

  a. <u>General Document Format</u>.  Documents shall be produced in Portable Document Format ("PDF"), or where necessary or reasonably preferred and particularized, in native file format.  Examples of native file format include Excel spreadsheets (.xlsx files) and movies (.m4v or .mov files).

  b. <u>Document Unitization</u>:  If hard copy documents are scanned into an electronic form, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the electronic file.  For documents that contain fixed notes, the pages will be scanned with the notes and those pages will be treated as part of the same document.  The relationship of documents in a document collection (e.g., cover letter and enclosures, e-mail and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process.

      c.      <u>Text-Searchable Documents</u>. Where possible, all documents produced shall be text-searchable.

      d.      <u>No Backup Restoration Required</u>. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

      e.      <u>Processing/Production of Presentations (MS PowerPoint)</u>. Production images for presentations (PowerPoint) shall contain both the presentation slides and presentation notes.

      f.      <u>Processing/Production of Documents (MS Word)</u>. When converting documents (Word) to image format, the document shall be "printed" (converted to image format) to include track changes if the Track Changes feature has been enabled for the document.

      g.      After production of a PDF or native file, the producing party must continue to preserve the integrity of the native file, i.e., the original formatting of the document, its metadata and, where applicable, its revision history

6. Email production requests may occur after the parties have exchanged initial disclosures. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

7. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product privileged to challenge the privilege or protection.

8. Privilege:

   a. <u>Inadvertent Production</u>. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

   b. <u>Privilege Logs</u>. Documents withheld, or redactions of documents produced on privilege grounds will be identified in a privilege log.

 9. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

 10. With regard to ESI that is designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" under the Protective Order but which is not produced in paper form or not otherwise susceptible to the imprinting of a stamp that signifies its confidential nature, the producing party shall include a confidentiality designation in the file name.

**IT IS SO ORDERED,** this \_\_\_\_\_ day of _____, _____.

s/_____
**HON. STEPHEN B. JACKSON, JR.**