**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| DRAKE UNIVERSITY, | * | CIVIL NO. 4:24-cv-00227-SMR-SBJ |
| Plaintiff, | * | |
| v. | * | |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE, | * | |
| Defendants. | * | **ORDER** |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE, | * | |
| Counterclaim Plaintiffs, | * | |
| v. | * | |
| DRAKE UNIVERSITY, | * | |
| Counterclaim Defendant. | * | |

Before the Court is a Joint Motion Regarding Electronically Stored Information (Dkt. 128). As stated therein, the parties disagree on the "preferred format" for the discovery of electronically stored information ("ESI"). Plaintiff Drake University "prefers ESI be produced in PDF and/or native formats." *Id.* p. 1. Defendants Des Moines Area Community College and Des Moines Area Community College Foundation "prefer ESI be produced in Tagged Image File Format ("TIFF") with a load file and required metadata fields." *Id.* Both sides explain their positions and submitted proposed orders governing the production of ESI for this case. *Id.* pp. 2-7; Dkt. 128-1; 128-2. Although referenced within the motion, a hearing on the matter is not warranted. L.R. 7(c).

The parties' proposed orders contain some similar and even identical provisions but also contain varying provisions. Regarding format, Plaintiff's proposed order provides:

> <u>General Document Format</u>. Documents shall be produced in Portable Document Format ("PDF"), or where necessary or reasonably preferred and particularized, in native file format. Examples of native file format include Excel spreadsheets (.xlsx files) and movies (.m4v or .mov files).

Dkt. 128-1 ¶ 3(a). It is further provided: "Where possible, all documents produced shall be text-searchable." *Id.* ¶ 3(c). On the other hand, Defendants' proposed order provides:

> <u>General Document Image Format</u>. Paper documents and electronically stored information that is conducive to being displayed in an image form shall be produced as 300 DPI CCITT Group Four compression single-page Tagged Image File Format ("TIFF" or ".tiff format" or JPEG for color images) images. JPG and GIF image files shall be produced as color images and shall be delivered in either JPEG compression TIFF or JPEG images. Additionally, the requesting party may request that a reasonable number of documents (identified by production number) be re-produced in color image format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

Dkt. 128-2 ¶ 5(a). It is further provided: "The production shall include searchable text files (.txt) for all of the textual production documents." *Id.* ¶ 5(c). Defendants' proposed order also sets forth various other "parameters" including for text-searchable documents (*id.*), voicemail and mobile devices (*id.* ¶ 5(f)), native files (*id.* ¶ 5(g)), load files (*id.* ¶ 5(k)), metadata (*id.* ¶ 5(l)), and email (*id.* ¶¶ 6-11).

Upon review and consideration of the parties' positions, the Court declines to enter either party's proposed order. Neither side has presented sufficient reason or legal authority for the Court to broadly mandate that all discovery materials must be produced in PDF and/or native formats as "preferred" by Plaintiff or in TIFF as "preferred" by Defendants. In general, such formats may be acceptable and appropriate as to certain materials within the context of a certain legal action but

not as to other materials within the context of other legal actions. In addition, neither side addressed with specificity the provisions within the proposed orders which are acceptable or objectionable in whole or in part or otherwise. Without agreement by counsel, and with no binding authority cited by either party, the Court denies the joint motion to enter either one of the disputed proposed orders.

As acknowledged within the motion, the Federal Rules of Civil Procedure contain provisions governing the discovery of documents and electronically stored information, including as to specifying the form or forms in which electronically stored information is to be produced. *See* Fed. R. Civ. P. 34. Those rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Counsel must proceed accordingly and in good faith throughout the discovery process. Fed. R. Civ. P. 37(a); L.R. 37(a).

IT IS SO ORDERED.

Dated January 31, 2025.

_____
Stephen B. Jackson, Jr.
Chief U.S. Magistrate Judge