# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>    Defendants. | Case No. 4:24-CV-00227-SMR-SBJ<br><br>**DEFENDANTS AND COUNTERCLAIM PLAINTIFFS DES MOINES AREA COMMUNITY COLLEGE AND DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S POST-HEARING BRIEF ADDRESSING JURISDICTIONAL ISSUES RELATED TO MOTION TO INCREASE BOND AND SHOW CAUSE MOTION** |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br><br>    Counterclaim Defendant. | |

**I.    INTRODUCTION**

On January 27, 2025, the Court held a joint hearing on Defendant-Counterclaim Plaintiff Des Moines Area Community College Foundation and Des Moines Area Community College's (collectively, "DMACC") Motion to Increase Preliminary Injunction Bond (ECF Dkt. 111) and Plaintiff-Counterclaim Defendant Drake University's ("Drake") Motion for Order to Show Cause (ECF Dkt. 107). At the hearing, the Court inquired whether DMACC's filing of a Notice of Appeal regarding the Court's preliminary injunction order (*see* ECF Dkts. 87, 90) divested the Court of jurisdiction to decide the two motions before it.

In short, the answer to that question is "no"—the Court retains jurisdiction under Federal Rule of Civil Procedure 62(d) to modify the terms of a bond for a preliminary injunction and to supervise and enforce its preliminary injunction order during the pendency of an appeal. The Court should therefore exercise its jurisdiction and decide both motions on the merits.

## II. ARGUMENT

Generally, the filing of a notice of appeal in a federal case "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Law v. Gast*, 643 F. Supp. 3d 914, 917 (S.D. Iowa 2022) (quoting *Liddell v. Bd. of Educ.*, 73 F.3d 819, 823 (8th Cir. 1996)). However, "[t]he jurisdictional transfer principle is not absolute, and therefore there are distinct situations in which the principle does not apply." *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1031 (N.D. Iowa 2004); *see also Law*, 643 F. Supp. 3d. at 917 (recognizing "narrow exceptions" to the general rule governing jurisdictional transfer).

One exception to the jurisdictional transfer rule is Federal Rule of Civil Procedure 62(d), which provides:

> **(d) Injunction Pending an Appeal.** While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

This rule " 'codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment.' " *Knutson*, 302 F. Supp. 2d at 1033 (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2904 (2d ed. 2012)); *see also Portz v. St. Cloud State Univ.*, 470 F. Supp. 3d 979, 989 (D. Minn. 2020) ("Rule 62(d) is an exception to that general rule and a recognition of the long established right of the trial court, after an appeal, to make orders appropriate to preserve the status quo while the case is pending in the appellate court." (internal quotations and citations omitted)).

This concurrent jurisdiction of the district court to address ongoing matters related to a preliminary injunction is also recognized by Federal Rule of Appellate Procedure 8(a), which provides that a party seeking "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending" should "move first in the district court." Fed. R. App. P. 8(a)(1)(C). The Advisory Committee Notes to that rule specifically states that "[t]here appears to be no reason why matters relating to supersedeas and cost bonds should not be initially presented to the district court whenever they arise prior to the disposition of the appeal." *See id.*, 1967 Advisory Committee Notes. "By its terms, Appellate Rule 8(a) places the initial responsibility for determining the propriety of a supersedeas bond with the district court, and Rule 62(d) permits the district court to set a supersedeas bond even after a notice of appeal is filed." *Sheldon v. Munford, Inc.*, 128 F.R.D. 663, 665 (N.D. Ind. 1989).

### A. The Court Has Jurisdiction to Decide DMACC's Motion to Increase the Preliminary Injunction Bond Because the Requested Relief Does Not Materially Alter the Status of the Appeal.

As noted above, "[w]hile an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may . . . modify . . . an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). This rule aligns with the general recognition that the setting of an appropriate bond for a preliminary injunction lies within the discretion of the district court. *See* Fed. R. Civ. P. 65(c). "Although the filing of the notice of appeal divests the district court of jurisdiction over any matters dealing with the merits of the appeal, the district court retains jurisdiction over any issues relating to the enforcement of the judgment or the supersedeas bond." *Sheldon*, 128 F.R.D. at 665.

District courts across the country have exercised jurisdiction to decide a motion to increase or modify a bond amount while an underlying judgment or decision was on appeal. *See, e.g.*,

*Luminara Worldwide, LLC v. Liown Elecs. Co.*, No. 14-CV-3103 SRN/FLN, 2015 WL 3559273, at *9 (D. Minn. May 27, 2015) (district court exercised jurisdiction to decide defendants' motion to increase preliminary injunction bond during pendency of appeal); *Zwerin v. 533 Short N. LLC*, No. 2:10-CV-488, 2013 WL 12373848, at *3 (S.D. Ohio Dec. 18, 2013) ("This Court has jurisdiction to determine whether to increase the bond despite the fact that this case is on appeal."); *Ruff v. Cnty. of Kings*, No. CVF05631OWWGSA, 2010 WL 2612329, at *9 (E.D. Cal. June 24, 2010) ("Increasing the amount of Defendants' security for the judgment pending appeal is collateral; it does not involve the merits of the Judgment or Plaintiff's appeal."); *Acacia Research Corp. v. National Union Fire Ins. Co.*, 2008 WL 4381649 (C.D. Cal., Sept.9, 2008) (district court increased amount of supersedeas bond after notice of appeal filed to include amount awarded as attorney's fees).

Here, DMACC's motion seeks to increase the bond amount from $25,000 to $250,000 as security for the damages that DMACC has suffered and will continue to suffer to comply with the current preliminary injunction. The requested amount is necessary to compensate DMACC if the injunction is reversed by the Eighth Circuit or if Drakes fails to prove its trademark infringement claims at trial. (*See* ECF Dkt. 111-1 at 8.) Nothing in DMACC's motion seeks to materially alter the scope or enforceability of the court's preliminary injunction; it merely seeks to account for the actual costs that DMACC has or will incur to comply with the preliminary injunction. (*See id.* at 4-7 (outlining specific costs and estimates related to compliance with preliminary injunction)). Because setting the appropriate bond amount for a preliminary injunction falls within the discretion and jurisdiction of the district court, the Court should exercise such jurisdiction and grant DMACC's motion on the merits.

### B. The Court Has Jurisdiction to Decide Drake's Show Cause Motion Under the Court's Continuing Supervisory Authority to Enforce its Judgment.

The Court also has jurisdiction to decide Drake's show cause motion. "Even when an appeal is pending, a district court retains jurisdiction to . . . 'act to enforce its judgment so long as the judgment has not been stayed or superseded.'" *Knutson*, 302 F. Supp. at 1032 (quoting *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 n.2 (5th Cir. 1984)); *see also Island Creek Coal Sales Co. v. City of Gainesville*, 764 F.2d 437, 439 (6th Cir. 1985)*, cert. denied,* 474 U.S. 948 (1985) (concluding that district court is not, by virtue of a pending appeal, divested of ability to supervise its judgment). Preliminary injunction orders require the district court to supervise a course of conduct of the enjoined party, and an appeal of preliminary injunction "does not divest the district court of jurisdiction to continue its supervision." *Hoffman v. Beer Drivers & Salesmen's Loc. Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976).

While DMACC vigorously opposes Drake's show cause motion, DMACC is not currently aware of authority to suggest that the parties' cross-appeals on the scope of the preliminary injunction divested the Court of jurisdiction to decide Drake's motion.

## III. CONCLUSION

For the foregoing reasons, DMACC respectfully requests that the Court find that it has jurisdiction to grant DMACC's motion to raise the preliminary injunction bond (ECF Dkt. 111) to reflect the actual costs that DMACC has incurred and to deny Drake's motion (Dkt. 107) either on the merits and for failure to adhere to this District's local rules.

Respectfully submitted,

Date: February 5, 2025     */s/ R. Scott Johnson*

R. Scott Johnson (#AT0004007)
Cara S. Donels (#AT0014198)
Erin M. Boggess (#AT0015950)
FREDRIKSON & BYRON, P.A.
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone:  (515) 242-8900
E-mail:  RSJohnson@fredlaw.com
         CDonels@fredlaw.com
         EBoggess@fredlaw.com

Laura L. Myers (Minn. #0387116)
(admitted *Pro Hac Vice*)
Luke P. de Leon (Minn. #0401756)
(admitted *Pro Hac Vice*)
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  (612) 492-7000
E-mail:  LMyers@fredlaw.com
         LdeLeon@fredlaw.com

***Attorneys for Defendants and Counterclaim Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2025, I electronically filed the *DEFENDANTS AND COUNTERCLAIM PLAINTIFFS DES MOINES AREA COMMUNITY COLLEGE AND DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S POST-HEARING BRIEF ADDRESSING JURISDICTIONAL ISSUES RELATED TO MOTION TO INCREASE BOND AND SHOW CAUSE MOTION* with the Clerk of Court using the CM/ECF system, who in turn sent notice to the following:

Joshua J. Conley, Esq.
  jconley@zarleyconley.com
John D. Gilbertson, Esq.
  jgilbertson@zarleyconley.com
ZARLEYCONLEY PLC
580 Market Street, Suite 101
West Des Moines, IA  50266

*Attorneys for Plaintiff and Counterclaim Defendant*

                                           */s/ Erica Palmer*
                                           Erica Palmer