IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>    Defendants. | No. 4:24-cv-00227<br><br>**PLAINTIFF'S BRIEF REGARDING DISTRICT COURT JURISDICTION OVER SHOW CAUSE AND BOND INCREASE MOTIONS** |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br>    Counterclaim Defendant. | |

**I.    INTRODUCTION**

During the hearing January 27, 2025, the Court requested briefing on whether it retained jurisdiction to rule on Drake's show cause motion (ECF No. 107) and DMACC's bond increase motion (ECF No. 111) while the preliminary injunction order (ECF No. 87) and supplementary order (ECF No. 101) are under appeal. In short, the Court **retains jurisdiction**.

**II.    LEGAL STANDARD**

An appeal to the circuit court generally divests the district court of jurisdiction as to those issues involved in the appeal. *In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d 372, 375 (8th Cir. 1996) (citations omitted). "[N]otwithstanding an appeal, the district court retains jurisdiction to the extent necessary to enforce its judgment which has not been stayed." *Id.; see also FutureFuel Chemical Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014) ("a district court retains

jurisdiction over collateral matters, such as attorney's fees or sanctions, while an appeal is pending."). There is no automatic stay in actions for injunctions. 11 Fed. Prac. & Proc. Civ. § 2904 (3d ed. 2024); *see also Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("[A]bsent a stay, [a party] must comply promptly with the order pending appeal."). Accordingly, the district court retains jurisdiction to modify and enforce a preliminary injunction even if appealed to secure a party's rights while maintaining the status quo and not altering the parties' rights. 11 Fed. Prac. & Proc. Civ. § 2962; *Georgia v. Biden*, No. 1:21-cv-163, 2022 WL 266186, at *2 (S.D. Ga. Jan. 21, 2022).

## III. REMARKS

This Court preliminarily enjoined DMACC from utilizing elements of its rebrand by December 13, 2024. ECF No. 87, at 43. DMACC sought interlocutory appeal. ECF No. 90. The Court issued a supplemental order regarding the injunction thereafter to which Drake appealed. ECF Nos. 101, 116. No stay has been sought or granted for either appeal.

After the deadline to cease use, Drake filed its Motion for Show Cause as to why DMACC should not be held in contempt for failure to comply with the Court's Orders. ECF No. 107. The Show Cause Motion is aimed at the preliminary injunction's enforcement—not its merits. ECF No. 107-1, at 1–2. The Show Cause Motion remains within the Court's jurisdiction to enforce its preliminary injunction absent a stay. 11 Fed. Prac. & Proc. Civ. § 2904; *In re Grand Jury Subpoenas*, 85 F.3d at 375.

Practically speaking, being found in contempt is the primary mechanism incentivizing compliance with a Court order. A preliminary injunction order involves finding that irreparable harm would occur absent the injunction; it would be incongruent to allow an enjoined party to stay enforcement of the order simply by filing a notice of appeal. *See* Fed. R. Civ. P. 62(c) (preliminary injunctions are not automatically stayed upon appeal).

Similarly, the request to modify the bond amount does not speak to the merits of the preliminary injunction. DMACC's motion remains within the Court's jurisdiction to secure the parties' rights. 11 Fed. Prac. & Proc. Civ. § 2962.

## IV. CONCLUSION

For the reasons herein, the Court retains jurisdiction to rule on the Show Cause and Bond Increase motions.

Respectfully submitted,

Dated: February 5, 2025

**ZARLEYCONLEY PLC**

By: /s/John D. Gilbertson
John D. Gilbertson, AT0014515
Joshua J. Conley, AT0011828
580 Market Street, Suite 101
West Des Moines, IA 50266
Telephone: (515) 558-0200
Facsimile: (515) 558-7790
jgilbertson@zarleyconley.com
jconley@zarleyconley.com
**ATTORNEYS FOR PLAINTIFF &
COUNTERCLAIM DEFENDANT**