IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>    Defendants.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br>    Counterclaim Defendant. | No. 4:24-cv-00227<br><br>**PLAINTIFF DRAKE UNIVERSITY'S ANSWER TO COUNTERCLAIM PLAINTIFF DES MOINES AREA COMMUNITY COLLEGE'S AMENDED ANSWER AND COUNTERCLAIMS (ECF NO. 52)** |

**THE PARTIES**

1. Admitted.

2. Admitted.

**JURISDICTION AND VENUE**

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied, and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

7. Denied, and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

8. Admitted.

9. Admitted.

## FACTUAL ALLEGATIONS
### DMACC'S HISTORY

10. Admitted.

11. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

12. Admitted to the extent that Drake partners with DMACC but otherwise Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegations.

13. Admitted.

14. Admitted to the extent that DMACC is Iowa's largest community college but otherwise Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegations.

15. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

16. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

17. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

18. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

19. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

20. Admitted.

21. Admitted to the extent that the first letter of the term "DMACC" is the letter "D" but otherwise the allegations are denied.

22. Admitted to the extent that U.S. Registration No. 4,621,044 includes a standard character claim but otherwise the allegations are denied.

23. Denied.

24. Admitted to the extent that U.S. Registration No. 4,621,044 is registered to DMACC for the services of "providing facilities for recreation activities, providing information, news, and commentary in the field of recreation and leisure activities" but otherwise Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegations.

25. Admitted to the extent that Campus Recreation at DMACC has, at some point in time, used the "D" in U.S. Registration No. 4,621,044 in blue in white with a trademark symbol, but otherwise Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegations.

26. Admitted to the extent that U.S. Registration No. 4,621,044 does not claim color as a feature of the mark, but otherwise the allegations are denied.

27. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

28. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

29. Denied.

30.     Admitted to the extent the "D" is a variation thereof that began use in 2023, but otherwise the allegations are denied.

31.     Denied. To the extent that the footnote accompanying the allegations of this Paragraph requires a response, the allegations contained in the footnote are denied.

32.     Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

## DRAKE'S REBRANDING AND COMMUNICATIONS

33.     Admitted to the extent that Drake began use of a new logo in August, 2005, but otherwise the allegations are denied.

34.     Admitted to the extent that Mr. Blank is attributed the quote in the cited material, but otherwise the allegations are denied.

35.     Admitted to the extent that Drake uses the depicted logos but otherwise the allegations are denied.

36.     Denied.

37.     Admitted to the extent that a block-style D is present on Drake's basketball court, but otherwise the allegations are denied, including the suggested incorporation of the allegations of the preceding Paragraph.

38.     Denied.

39.     Admitted to the extent that Drake had a marketing campaign referred to as the "D+ Advantage" but otherwise the allegations are denied.

40.     Admitted to the extent that the referred article exists but otherwise the allegations are denied.

41.     Admitted to the extent the article starts with the referenced image and paragraphs, but otherwise the allegations are denied.

42. Admitted to the extent that the D+ Advantage campaign used a "D" that was not used in a block style in some instances, but otherwise Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

43. Denied.

44. Admitted to the extent that the header shown in the accompanying image states "The Drake 'D'" but otherwise the allegations are denied.

45. Admitted to the extent that Griff, Drake's live mascot, is shown in a photograph wearing a jacket with a block-style D, otherwise the allegations are denied.

46. Admitted to the extent that Drake has not owned a U.S. registration for a block-style "D" alone, but otherwise the allegations are denied.

47. Drake is without knowledge and information sufficient to form a belief as to the accuracy of the quoted statement, and on that basis, denies the allegations.

48. Admitted.

49. Admitted to the extent that Drake has asserted it has priority rights in a standalone "D" for use with post-secondary educational services, athletics, and ancillary goods and services over any such use DMACC asserts in the relevant geographic area, but otherwise Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

50. Drake objects to the misrepresentation in this Paragraph 50 as DMACC has intentionally cropped the image to exclude the attribution to the Iowa Capital Dispatch. Without waiving this objection, the allegations are denied.

51.   Denied and the March 14, 2025, dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

52.   Denied and the March 14, 2025, Order dismissing DMACC's defamation claim found the allegations repeated in this Paragraph to be one among "certain misrepresentations" that the Court found to be "troubling."

53.   Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

54.   Admitted to the extent that DMACC directly and through counsel disputed the claims raised by Drake in this suit but otherwise the allegations are denied.

THIRD PARTY USE

55.   Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

56.    Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

57.   Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants and further objects on the grounds that the Paragraph suggests the referenced marks are registered for goods or services at issue in this dispute. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation

58.     Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants.  Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

59.     Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants and further on the grounds that is omits that the registration referred to is limited to use with "socks; sweat bands; rain ponchos; t-shirts; shirts; jackets; vests; sweatshirts; hoodies; sweat pants; pants; shorts; hats."  Without waiving this objection, the allegations are admitted.

60.     Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants and further on the grounds that Dowling Catholic High School is not a post-secondary educational institution.  Without waiving this objection, the allegations are admitted.

61.     Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants.  Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

62.     Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants.  Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

63.     Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants.  Without waiving this objection, Drake is without

knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

64. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

65. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

66. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

67. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

68. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

69. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

70. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

71. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

72. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

73. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

74. Denied.

## PUBLIC REACTION TO THE PRESENT MATTER

75. Denied.

76. Admitted to the extent that Mr. Finney wrote the referenced article, but otherwise the allegations are denied.

77. Admitted to the extent that Mr. Finney wrote the referenced article, but otherwise the allegations are denied.

78. Admitted to the extent comments have been made on social media about this case, but otherwise the allegations are denied.

### FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF DRAKE'S TRADEMARKS

79. This Paragraph does not require a response. Drake reincorporates its responses to all preceding paragraphs as if fully set forth herein.

80. Denied.

81. Denied.

### SECOND CLAIM FOR RELIEF – DECLARATORY JUDGEMNT OF INVALIDITY OF DRAKE'S TRADEMARKS

82. This Paragraph does not require a response. Drake reincorporates its responses to all preceding paragraphs as if fully set forth herein.

83. Denied.

84. Denied.

### THIRD CLAIM FOR RELIEF – DEFAMATION

85. This Paragraph does not require a response. Drake reincorporates its responses to all preceding paragraphs as if fully set forth herein.

86. Admitted.

87. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

88. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

89. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot. Moreover, in aforementioned Order, the Court found this allegation to be one of "certain misrepresentations" that were "troubling."

90. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

91. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

92. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

93. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

## EXCEPTIONAL CASE

94. Denied.

## RESPONSES TO REQUESTED RELIEF

Pursuant to Federal Rule of Civil Procedure 8, Drake is not required to respond to DMACC's Requested Relief. However, to the extent that any of the statements or assertions in its Requested Relief may be construed to contain any factual allegations, Drake denies every such allegation. Drake further denies that DMACC is entitled to any relief requested. Additionally, the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the relief requested related to such claims moot.

                              Respectfully submitted,

Dated: March 28, 2025                  **ZARLEYCONLEY PLC**

                    By:    <u>/s/John D. Gilbertson</u>
                         <u>/s/Joshua J. Conley</u>
                         John D. Gilbertson, AT0014515
                         Joshua J. Conley, AT0011828
                         580 Market Street, Suite 101
                         West Des Moines, IA 50266
                         Telephone:  (515) 558-0200
                         Facsimile:   (515) 558-7790
                         jgilbertson@zarleyconley.com
                         jconley@zarleyconley.com
                         **ATTORNEYS FOR PLAINTIFF**