IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>    Defendants. | No. 4:24-cv-00227<br><br>**PLAINTIFF DRAKE UNIVERSITY'S ANSWER TO COUNTERCLAIM PLAINTIFF DES MOINES AREA COMMUNITY COLLEGE FOUNDATION'S AMENDED ANSWER AND COUNTERCLAIMS (ECF NO. 74)** |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br>    Counterclaim Defendant. | |

**THE PARTIES**

1. Admitted.

2. Admitted.

3. Admitted.

**JURISDICTION AND VENUE**

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied, and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

8.    Denied, and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

9.    Admitted.

10.   Admitted.

## FACTUAL ALLEGATIONS
### DMACCF'S AND DMACC'S HISTORY

11.   Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

12.   Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

13.   Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

14.   Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

15.   Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

16.   Admitted.

17.   Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

18.   Admitted to the extent that Drake partners with DMACC but otherwise Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegations.

19.   Admitted.

20. Admitted to the extent that DMACC is Iowa's largest community college but otherwise Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegations.

21. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

22. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

23. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

24. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

25. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

26. Admitted.

27. Admitted to the extent that the first letter of the term "DMACC" is the letter "D" but otherwise the allegations are denied.

28. Admitted to the extent that U.S. Registration No. 4,621,044 includes a standard character claim but otherwise the allegations are denied.

29. Denied.

30. Admitted to the extent that U.S. Registration No. 4,621,044 is registered to DMACC for the services of "providing facilities for recreation activities, providing information, news, and commentary in the field of recreation and leisure activities" but otherwise Drake is without

knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegations.

31. Admitted to the extent that Campus Recreation at DMACC has, at some point in time, used the "D" in U.S. Registration No. 4,621,044 in blue in white with a trademark symbol, but otherwise Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegations.

32. Admitted to the extent that U.S. Registration No. 4,621,044 does not claim color as a feature of the mark, but otherwise the allegations are denied.

33. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

34. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

35. Denied.

36. Admitted to the extent the "D" is a variation thereof that began use in 2023, but otherwise the allegations are denied.

37. Admitted to the extent the "D" is a variation of U.S. Registration No. 4,621,044 and that it is the same "D" introduced by DMACC in late 2023, but otherwise the allegations are denied.

38. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations. To the extent that the footnote accompanying the allegations of this Paragraph requires a response, the allegations contained in the footnote are denied.

39. Drake is without knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies such allegations.

## DRAKE'S REBRANDING AND COMMUNICATIONS

40. Admitted to the extent that Drake began use of a new logo in August, 2005, but otherwise the allegations are denied.

41. Admitted to the extent that Mr. Blank is attributed the quote in the cited material, but otherwise the allegations are denied.

42. Admitted to the extent that Drake uses the depicted logos but otherwise the allegations are denied.

43. Denied.

44. Admitted to the extent that a block-style D is present on Drake's basketball court, but otherwise the allegations are denied, including the suggested incorporation of the allegations of the preceding Paragraph.

45. Denied.

46. Admitted to the extent that Drake had a marketing campaign referred to as the "D+ Advantage" but otherwise the allegations are denied.

47. Admitted to the extent that the referred article exists but otherwise the allegations are denied.

48. Admitted to the extent the article starts with the referenced image and paragraphs, but otherwise the allegations are denied.

49. Admitted to the extent that the D+ Advantage campaign used a "D" that was not used in a block style in some instances, but otherwise Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

50. Denied.

51.     Admitted to the extent that the header shown in the accompanying image states "The Drake 'D'" but otherwise the allegations are denied.

52.     Admitted to the extent that Griff, Drake's live mascot, is shown in a photograph wearing a jacket with a block-style D, otherwise the allegations are denied.

53.     Admitted to the extent that Drake has not owned a U.S. registration for a block-style "D" alone, but otherwise the allegations are denied.

54.     Drake is without knowledge and information sufficient to form a belief as to the accuracy of the quoted statement, and on that basis, denies the allegations.

55.     Admitted.

56.     Admitted to the extent that Drake has asserted it has priority rights in a standalone "D" for use with post-secondary educational services, athletics, and ancillary goods and services over any such use DMACC asserts in the relevant geographic area, but otherwise Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

57.     Drake objects to the misrepresentation in this Paragraph 50 as DMACCF has intentionally cropped the image to exclude the attribution to the Iowa Capital Dispatch. Without waiving this objection, the allegations are denied.

58.     Denied and the March 14, 2025, dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

59.     Denied and the March 14, 2025, Order dismissing DMACC's defamation claim found the allegations repeated in this Paragraph to be one among "certain misrepresentations" that the Court found to be "troubling."

60. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

61. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

62. Drake objects to the allegations of this Paragraph on the grounds that they incorporate a document that contains unilateral redaction. Without waiving this objection, the allegations are admitted.

63. Drake objects to the allegations of this Paragraph on the grounds that they incorporate a document that contains unilateral redaction. Without waiving this objection, the allegations are admitted to the extent that the cited document states "Read this carefully please…. Sad situation. It appears to Denise and met that the DMACC marketing leadership responsible for the rebranding didn't do enough due diligence before making the decision to move forward with a 'D' logo that closely resembles both Drake and frankly Duke University as well.. Do this task force run everything through a respected brand marketing research firm and large legal firm who are experts in patent/intellectual property law before moving forward on the transition? I would guess not… It's become a hot conversation topic among a lot of Central Iowa residents. Most folks love both institutions but nearly all I've heard give more credence to Drake's position especially after nearly a Century of 'use' precedence. They look too similar. I really hope this doesn't make it to a public trial or court decision." Otherwise, the remaining allegations of this Paragraph are denied, subject to and without waiving the aforementioned objection.

64. Admitted to the extent that DMACC directly and through counsel disputed the claims raised by Drake in this suit but otherwise the allegations are denied.

## THIRD PARTY USE

65. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

66. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

67. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants and further objects on the grounds that the Paragraph suggests the referenced marks are registered for goods or services at issue in this dispute. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation

68. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

69. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants and further on the grounds that is omits that the registration referred to is limited to use with "socks; sweat bands; rain ponchos; t-shirts; shirts; jackets; vests; sweatshirts; hoodies; sweat pants; pants; shorts; hats." Without waiving this objection, the allegations are admitted.

70.     Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants and further on the grounds that Dowling Catholic High School is not a post-secondary educational institution.  Without waiving this objection, the allegations are admitted.

71.     Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants.  Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

72.     Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants.  Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

73.     Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants.  Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

74.     Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants.  Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

75.     Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants.  Without waiving this objection, Drake is without

knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

76. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

77. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

78. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

79. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

80. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

81. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

82. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

83. Drake objects to the allegations of this Paragraph on the grounds that third-party use of a mark is irrelevant to its dispute with Defendants. Without waiving this objection, Drake is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegation.

84. Denied.

PUBLIC REACTION TO THE PRESENT MATTER

85. Denied.

86. Admitted to the extent that Mr. Finney wrote the referenced article, but otherwise the allegations are denied.

87. Admitted to the extent that Mr. Finney wrote the referenced article, but otherwise the allegations are denied.

88. Admitted to the extent comments have been made on social media about this case, but otherwise the allegations are denied.

**FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF DRAKE'S TRADEMARKS**

89.     This Paragraph does not require a response. Drake reincorporates its responses to all preceding paragraphs as if fully set forth herein.

90.     Denied.

91.     Denied.

**SECOND CLAIM FOR RELIEF – DECLARATORY JUDGEMNT OF INVALIDITY OF DRAKE'S TRADEMARKS**

92.     This Paragraph does not require a response. Drake reincorporates its responses to all preceding paragraphs as if fully set forth herein.

93.     Denied.

94.     Denied.

**THIRD CLAIM FOR RELIEF – DEFAMATION**

95.     This Paragraph does not require a response. Drake reincorporates its responses to all preceding paragraphs as if fully set forth herein.

96.     Admitted.

97.     Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

98.     Denied and the March 14, 2025, Order dismiss DMACC's defamation claim found the allegations repeated in this Paragraph to be one among "certain misrepresentations" that the Court found to be "troubling."

99.     Admitted.

100.    Denied.

101.    Denied and the March 14, 2025, Order dismiss DMACC's defamation claim found the allegations repeated in this Paragraph to be one among "certain misrepresentations" that the Court found to be "troubling."

102. Denied.

103. Admitted to the extent that the referenced email includes the quoted phrase, but otherwise the allegations are denied.

104. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

105. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

106. Denied and the March 14, 2025, Order dismiss DMACC's defamation claim found the allegations related to Drake altering DMACC and DMACCF's logo an referred to in this Paragraph to be one among "certain misrepresentations" that the Court found to be "troubling."

107. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

108. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

109. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

110. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

111. Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

112. Admitted to the extent that the referred to email includes the word "embarrassing," but otherwise the allegations are denied.

113.    Admitted to the extent that the referred to email includes the statement, "Most folks love both institutions but nearly all I've heard give more credence to Drake's position especially after nearly a Century of 'use' precedence," but otherwise the allegations are denied.

114.    Denied.

115.    Denied.

116.    Denied and the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the allegations moot.

## EXCEPTIONAL CASE

117.    Denied.

## RESPONSES TO REQUESTED RELIEF

Pursuant to Federal Rule of Civil Procedure 8, Drake is not required to respond to DMACCF's Requested Relief.  However, to the extent that any of the statements or assertions in its Requested Relief may be construed to contain any factual allegations, Drake denies every such allegation. Drake further denies that DMACCF is entitled to any relief requested.  Additionally, the March 14, 2025, Order dismissing asserted claims of defamation as "objectively unreasonable" renders the relief requested related to such claims moot

//

//

//

//

//

//

//

//

                            Respectfully submitted,

Dated: March 28, 2025                      **ZARLEYCONLEY PLC**

                          By:    /s/John D. Gilbertson
                                  /s/Joshua J. Conley
                                  John D. Gilbertson, AT0014515
                                  Joshua J. Conley, AT0011828
                                  580 Market Street, Suite 101
                                  West Des Moines, IA 50266
                                  Telephone:  (515) 558-0200
                                  Facsimile:   (515) 558-7790
                                  jgilbertson@zarleyconley.com
                                  jconley@zarleyconley.com
                                  **ATTORNEYS FOR PLAINTIFF**