**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>    Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>    Defendants. | Case No. 4:24-CV-00227-SMR-SBJ |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br><br>    Counterclaim Defendant. | **DEFENDANTS AND COUNTERCLAIM PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING APPELLATE DECISION** |

## I.    INTRODUCTION

The parties fundamentally disagree on a central issue in this case—whether plaintiff Drake University ("Drake") has valid and enforceable common law trademark rights in a standalone block style 'D' (the "Vintage D") and the scope of such rights, to the extent they exist. That same issue is the subject of the parties' interlocutory appeals pending before the Eighth Circuit Court of Appeals. The Court should stay this matter pending the Eighth Circuit's decision so that the parties, the parties' likely experts, and the Court can benefit from that court's analysis without wasting the parties' and the Court's resources litigating the same issue in the interim.

Both parties' appeals to the Eighth Circuit stem from the Court's preliminary injunction order. Defendants Des Moines Area Community College Foundation and Des Moines Area Community College (collectively, "DMACC") appealed the preliminary injunction order on the grounds that the Court erred in concluding that Drake had valid, enforceable common law trademark rights in the Vintage D. Drake, on the other hand, appealed the Court's December 10, 2024, order clarifying the preliminary injunction and holding that DMACC's use of a block-style D with a superimposed bear-paw image was "visually distinct and fundamentally different" from the Vintage D.

The Eighth Circuit's decision on the parties' appeals will have a significant impact key issues before the Court, namely the scope and enforceability of Drake's alleged common law trademark rights. Because of the existing preliminary injunction, Drake's failure to engage in substantial discovery, and the fact that no depositions have yet been taken and no expert reports yet submitted, a stay will not unduly prejudice Drake. Instead, because a stay will simplify—or possibly eliminate—issues for trial, the Court should stay the case action pending a decision on the parties' appeals pending before the Eighth Circuit, which is anticipated early next year.

## II.    BACKGROUND

The Court is well acquainted with the parties and the underlying facts of the dispute; accordingly, this section summarizes only the facts pertinent to the present motion.

### A.    The Court's Preliminary Injunction, Clarification Order, and the Parties' Appeals Thereof.

The Court granted Drake's motion for a preliminary injunction on November 22, 2024. (*See* ECF Dkt. 87.) In its order, the Court stated that "the main issue in the case is whether Drake has a valid common law trademark for its Vintage D and whether DMACC's new logo infringes on that mark." (*Id.* at 10.) The Court answered both questions in the affirmative, concluding that

Drake had common law trademark rights in the Vintage D and was likely to succeed on the merits of its trademark infringement claim against DMACC. (ECF Dkt. 87 at 43.) As a result, the Court granted a preliminary injunction that currently enjoins DMACC "from using a block-style 'D' trademark in conjunction with any color combination of white and blue to denote their educational services, athletics, or ancillary goods and services." (*Id.*)

DMACC filed a motion seeking clarification on the scope of the Court's preliminary injunction. (ECF Dkt. 97.) On December 10, 2024, the Court entered an order clarifying the scope of the preliminary injunction, reiterating "its conclusion that the DMACC bear paw D is visually distinct and fundamentally different from Drake's mark" and outside the scope of the Court's preliminary injunction. (*See* ECF Dkt. 101 at 3.) Both parties subsequently filed interlocutory appeals to the Eighth Circuit Court of Appeals.

DMACC appealed the Court's preliminary injunction order. (ECF Dkt. 95.) In its appeal, DMACC argues that the Court erred by concluding that Drake had common law trademark rights in a standalone Vintage D when Drake had not shown current, continuous, non-sporadic use of a standalone Vintage D. (*See* Declaration of R. Scott Johnson in Support of DMACC's Motion to Stay ("Johnson Decl."), Ex. A at 29–39.) DMACC also contends that the Court abused its discretion by enjoining DMACC from using any and all block-style Ds in blue and/or white. (*See id.* at 40–46.) Drake appealed the Court's December 10 clarification order. (ECF Dkt. 116.) Drake argues that the Court abused its discretion by excluding DMACC's Bear Paw D from the scope of its preliminary injunction. (Johnson Decl., Ex. B at 54–64.)

On January 29, 2025, the Eighth Circuit consolidated the parties' appeals and entered a combined briefing schedule. (*See* Johnson Decl., ¶ 6.) The parties completed briefing in

accordance with that schedule on May 23. (*See* Johnson Decl., ¶ 7.) The appeals have been screened for oral argument which will be held in the coming months.[1]

### B.    The Parties' Settlement Efforts and Status of Proceedings

Litigation continued during the pendency of the parties' appeals. Throughout the ongoing litigation, it has become increasingly clear that there is a fundamental disagreement over the existence and scope of Drake's alleged common law rights in the Vintage D. (*See* Johnson Decl., ¶ 12.) On May 14, 2025, the parties participated in a settlement conference conducted by Chief Magistrate Judge Stephen B. Jackson, Jr. (ECF Dkt. 163.) The settlement conference lasted six and half hours. (*Id.*) The parties were unable to reach an agreement to settle the case. (*Id.*)

According to the Court's scheduling order, expert discovery begins on June 9, with each party designating experts and disclosing written reports related to the issues for which they have the burden of proof. (ECF Dkt. 80.) After the settlement conference, Drake reached out to DMACC and proposed a 60-day extension of the parties' expert witness deadlines. (Johnson Decl., Ex. C at 4.) DMACC responded that same day, proposing that the parties agree to stay the case until the Eighth Circuit rules on the pending appeals. (*Id.* at 3.) Drake refused to agree to a stay pending resolution of the parties' appeals, and instead countered with a proposed 90-day extension of the expert witness deadlines because Drake admitted it had yet to begin work on experts. (*Id.* at 1.) The parties met and conferred on June 2, 2025, in which the parties discussed

---

[1] The most recent data compiled by the Administrative Office of the U.S. Court show that the median time interval between "Oral Argument to Last Opinion or Final Order" in civil appeals before the Eight Circuit Court of Appeals is 3.9 months. (*See* Johnson Decl, Ex. D (Table B4-A, U.S. Courts of Appeals—Median Times for Civil and Criminal Cases Terminated on the Merits— During the 12-Month Periods Ending September 30, 2023 and 2024, https://www.uscourts.gov/sites/default/files/2025-01/jb_b4a_0930.2024.pdf (last accessed May 28, 2025)).) Based on these statistics, assuming the oral argument occurs in September 2025, DMACC would expect the parties to receive a decision from the Eighth Circuit by January 2026.

DMACC's motion for a stay. (Johnson Decl., ¶ 16.)  Drake remains opposed to the stay, necessitating the present motion. (Johnson Decl., ¶ 17.)

## III.    LEGAL STANDARD

Whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 237 n.6 (8th Cir. 1979) (quoting *Landis*, 299 U.S. at 254).

In deciding a motion to stay, courts in this district consider the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Middleton, Inc. v. Minnesota Mining & Mfg. Co.*, No. 4:03-CV-40493, 2004 WL 1968669, at *3 (S.D. Iowa Aug. 24, 2004) (internal citation omitted).  At least one court in this circuit has stayed district court proceedings during the pendency of an appeal of a preliminary injunction to the Eighth Circuit Court of Appeals.  *See Dordt Coll. v. Burwell,* No. C 13-4100-MWB, 2014 WL 5454649, at *2 (N.D. Iowa Oct. 27, 2014).[2]

---

[2]    At least two other district courts have stayed district court proceedings following an appeal of a decision on a preliminary injunction. *See, e.g.*, *University of Notre Dame v. Sebelius*, No. 3:13-cv-01276, Dkt. No. 54 (N.D. Ind. Jan. 2, 2014) (staying all district court proceedings "during the pendency of the appeal to the Seventh Circuit of the denial of Notre Dame's request for a preliminary injunction"); *Diocese of Cheyenne v. U.S. Dept't of HHS Sec'y*, No. 2:14-cv-00021, Dkt. No. 54 (D. Wyo. June 2, 2014) (staying all district court proceedings "pending the Tenth Circuit's adjudication of the Plaintiffs' appeal or upon further order of this Court").

## IV.    ARGUMENT

### A.    Drake Will Not Suffer Any Prejudice or Tactical Disadvantage from a Stay

Drake will not suffer any undue prejudice or be disadvantaged by a stay.  First, Drake is not suffering any ongoing harm because DMACC is complying with the Court's preliminary injunction order and has ceased all use of a block-style D in association with its educational and related services.  DMACC underwent pain-staking efforts to cover or permanently remove all block-style Ds from its campuses, marketing materials, uniforms, website, and online presence. (*See* ECF Dkt. 165.)

Second, Drake suffers no tactical disadvantage (and, indeed, benefits) from a stay.  Absent a stay or other extension of the present deadlines, Drake will need to identify its liability and damages experts and disclose their written reports on June 9.   (ECF Dkt. 80.)   Drake has acknowledged that it elected not to "expend the considerable resources that are necessary to engage experts in trademark cases" while the parties were contemplating settlement.  (*See* Johnson Decl., Ex. C at 1.)  Following the settlement conference, it was Drake who first reached out to DMACC to propose an extension of the parties' expert witness deadlines.  (*Id*. at 4)   Thus, staying this litigation is advantageous to Drake as it allows further time for it to engage and prepare its expert witnesses if it chooses to do so.

### B.    A Stay Promotes Judicial Economy and Prevents Unnecessary Litigation.

A stay pending the Eighth Circuit's decision on the parties' appeals will also simplify the issues, conserve the parties' resources, and aid the Court in deciding disputed issues at trial.  The scope of remaining discovery, including fact and expert discovery, will be narrowed and the parties' arguments will be better crafted based on the Eighth Circuit's analysis of the existence, scope, and enforceability of Drake's alleged common law trademark rights in the Vintage D.

If the litigation continues without a stay, there is a significant risk of wasting judicial and party resources. *See Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 926 (D. Minn. 2016) (finding that where liability may be clearer following an appellate decision, a stay was justified to simplify disputed issues, conserve judicial resources, clarify the law, aid the Court in making a decision on the merits, and better guide the scope of discovery following the stay); *see also In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085–86 (9th Cir. 2024) (identifying "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" as a factor to consider in deciding whether or not to issue a stay) (citation omitted).

Here, the Court has already made clear that "the main issue is whether Drake has a valid common law trademark for its Vintage D." (*See* ECF Dkt. 87 at 10.)  That issue is squarely before the Eight Circuit.  Even if the Eighth Circuit does not definitively resolve the issue, an appellate court's analysis of that issue will clarify the applicable law and simplify the issues in dispute.  *See Dordt Coll.*, 2014 WL 5454649, at *2 (explaining that "the Eighth Circuit Court of Appeals will decide the question of likelihood of success on the merits when affirming or reversing [the Court's] preliminary injunction").  Meanwhile, without a stay, the parties will be forced to engage in expert discovery, prepare summary judgment motions, and potentially prepare for trial, all of which could be drastically impacted or mooted by the Eighth Circuit's decision.  The possibility of such inefficiencies strongly supports a stay.

### C.    Discovery Is Ongoing and the Trial Date is Over a Year Away

The early state of discovery and the fact that trial is well in the future both favor a stay. "Where a trial date has been set and discovery has proceeded nearly to completion, the scale tips in favor of denying a motion to stay." *City of W. Des Moines, Iowa v. Philadelphia Indem. Ins. Co.*, No. 4:23-CV-00466-SMR-WPK, 2024 WL 4815157, at *3 (S.D. Iowa Aug. 9, 2024) (quoting

*CRST Expedited, Inc. v. Swift Transp. Co. of Ariz., LLC*, No. 17-CV-25-CJW, 2018 WL 3966961, at *3 (N.D. Iowa Aug. 17, 2018)).

Although a trial date has been set, discovery in this case is far from completion.  Neither party has taken a single deposition, no expert discovery has taken place, and fact discovery remains open until December 1, 2025.  (Johnson Decl., ¶ 19–20.)  While the parties have spent a considerable amount of time and money on the pending litigation to date, it is not "too far along the road to justify halting the journey while the defendant explores an alternate route."  *Middleton*, 2004 WL 1968669, at *6.  Entering a stay of these proceedings will save the parties considerable expenses associated with expert discovery, dispositive motion practice, or trial that could be obviated by the Eighth Circuit's decision.

## V.    CONCLUSION

There is no reason why the parties or the Court should expend resources litigating the same legal issue that is on appeal to the Eighth Circuit.  With the preliminary injunction in place, Drake is suffering no ongoing harm.  Plus, parties, and the Court only stand to benefit from the Eighth Circuit's analysis on the existence and scope of Drake's alleged common law trademark rights in the Vintage D.  For these reasons, DMACC respectfully requests that the Court stay the district court proceedings pending the Eight Circuit's decision on the parties' appeals related to the preliminary injunction.

Respectfully submitted,

Date: June 3, 2025

_/s/ R. Scott Johnson_

R. Scott Johnson (#AT0004007)
Cara S. Donels (#AT0014198)
Erin M. Boggess (#AT0015950)
FREDRIKSON & BYRON, P.A.
111 East Grand Avenue, Suite 301
Des Moines, IA  50309-1977
Telephone:  (515) 242-8900
E-mail:  RSJohnson@fredlaw.com
          CDonels@fredlaw.com
          EBoggess@fredlaw.com

Laura L. Myers (Minn. #0387116)
(admitted _Pro Hac Vice_)
Luke P. de Leon (Minn. #0401756)
(admitted _Pro Hac Vice_)
FREDRIKSON & BYRON, P.A.
60 South 6th Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  (612) 492-7000
E-mail:  LMyers@fredlaw.com
          LdeLeon@fredlaw.com

**_Attorneys for Defendants and_**
**_Counterclaim Plaintiffs_**

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2025, I electronically filed *DEFENDANTS AND COUNTERCLAIM PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING APPELLATE DECISION* with the Clerk of Court using the CM/ECF system, who in turn sent notice to the following:

> Joshua J. Conley, Esq.
>   jconley@zarleyconley.com
> John D. Gilbertson, Esq.
>   jgilbertson@zarleyconley.com
> ZARLEYCONLEY PLC
> 580 Market Street, Suite 101
> West Des Moines, IA  50266
>
> *Attorneys for Plaintiff and
> Counterclaim Defendant*

/s/ Erica Palmer
Erica Palmer