**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| DRAKE UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>Defendants. | Case No. 4:24-CV-00227-SMR-SBJ |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br><br>Counterclaim Plaintiffs,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br><br>Counterclaim Defendant. | **DECLARATION OF R. SCOTT JOHNSON IN SUPPORT OF DEFENDANTS AND COUNTERCLAIM PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING APPELLATE DECISION** |

I, R. Scott Johnson, declare as follows:

1. I am a shareholder at Fredrikson & Byron, P.A. and am one of the attorneys representing Defendants and Counterclaim Plaintiffs Des Moines Area Community College Foundation ("DMACCF") and Des Moines Area Community College ("DMACC") (collectively referred to herein as "Defendants") in this case. I make this declaration based on personal knowledge.

2. On November 22, 2024, the Court granted Plaintiff and Counterclaim Defendant Drake University's ("Drake" and "Plaintiff") motion for a preliminary injunction.

3. On December 10, 2024, the Court entered an order clarifying the scope of the preliminary injunction.

4. DMACC appealed the Court's preliminary injunction order.

5. Drake appealed the Court's December 10 clarification order.

6. On January 29, 2025, the Eighth Circuit consolidated the parties' appeals and entered a combined briefing schedule.

7. The parties completed briefing in accordance with that schedule on May 23.

8. The appeals have been screened for oral argument.

9. Oral argument will likely be held in the fall of 2025, and a decision will likely be published in early 2026.

10. I estimated the appellate opinion publication date using the most recent data compiled by the Administrative Office of the U.S. Court, which shows that the median time interval between "Oral Argument to Last Opinion or Final Order" in civil appeals before the Eight Circuit Court of Appeals is 3.9 months.

11. On May 14, 2025, the parties participated in a settlement conference conducted by Chief Magistrate Judge Stephen B. Jackson, Jr.

12. It has become increasingly clear that there is a fundamental disagreement over the existence and scope of Drake's alleged common law rights in the Vintage D.

13. After the settlement conference, Drake reached out to DMACC and proposed a 60-day extension of the parties' expert witness deadlines.

14. DMACC responded that same day, proposing that the parties agree to stay the case until the Eighth Circuit rules on the pending appeals.

15. Drake refused to agree to a stay pending resolution of the parties' appeals and instead countered with a proposed 90-day extension of the expert witness deadlines because Drake admitted it had yet to begin work on experts.

16. The parties met and conferred on June 2, 2025, to discuss DMACC's motion to stay pending an appellate decision.

17. During the meet and confer, Drake's counsel noted Drake's opposition to DMACC's motion to stay.

18. During the meet and confer, Drake's counsel indicated Drake would likely still move to amend the scheduling order to extend the parties' expert deadlines by 90 days, but Drake has not scheduled a meet and confer with DMACC to discuss DMACC's position on this motion.

19. Discovery in this case is far from completion.

20. Neither party has taken a single deposition, no expert discovery has taken place, and fact discovery remains open until December 1, 2025.

21. Attached hereto as **Exhibit A** is a true and correct copy of Defendants Opening Brief filed January 30, 2025, in the appellate proceedings.

22. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff and Counterclaim Defendant Drake University's ("Plaintiff") Brief filed April 1, 2025, in the appellate proceedings.

23. Attached hereto as **Exhibit C** is a true and correct copy of email correspondence between myself and Plaintiff's counsel dated between May 16, 2025 and May 21, 2025, wherein the parties discuss DMACC's request for a stay pending an appellate decision and Drake's request for an extension to the expert deadlines.

24. Attached hereto as **<u>Exhibit D</u>** is a true and correct copy of time intervals from the U.S. Courts of Appeals which calculates the median time intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit, During the 12-month period ending September 30, 2024.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of June, 2025.

*s/ R. Scott Johnson*
R. Scott Johnson

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2025, I electronically filed the ***DECLARATION OF R. SCOTT JOHNSON IN SUPPORT OF DEFENDANTS AND COUNTERCLAIM PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING APPELLATE DECISION*** with the Clerk of Court using the CM/ECF system, who in turn sent notice to the following:

Joshua J. Conley, Esq.
  jconley@zarleyconley.com
John D. Gilbertson, Esq.
  jgilbertson@zarleyconley.com
ZARLEYCONLEY PLC
580 Market Street, Suite 101
West Des Moines, IA  50266

*Attorneys for Plaintiff and Counterclaim Defendant*

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Erica Palmer*
　　　　　　　　　　　　　　　　　　　　　　　Erica Palmer

5