UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| DRAKE UNIVERSITY, | * | CIVIL NO. 4:24-cv-00227-SMR-SBJ |
| Plaintiff, | * | |
| v. | * | |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE, | * | |
| Defendants. | * | **ORDER** |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE, | * | |
| Counterclaim Plaintiffs, | * | |
| v. | * | |
| DRAKE UNIVERSITY, | * | |
| Counterclaim Defendant. | * | |

Before the Court is a Motion to Stay Proceedings Pending Appellate Decision (Dkt. 167) filed by defendants Des Moines Area Community College Foundation and Des Moines Area Community College. Defendants request a stay of these proceedings during the parties' interlocutory appeals to the United States Court of Appeals for the Eighth Circuit related to the preliminary injunction entered by Chief Judge Stephanie M. Rose. *See* Dkt. 90, 116. Defendants indicate Plaintiff opposes the motion to stay.

Three days after the filing of Defendants' motion, plaintiff Drake University filed a Motion to Extend Expert Witness Deadlines (Dkt. 168). Plaintiff requests a 90-day extension of the

deadlines for the designation of expert witnesses. Plaintiff maintains the extension will not affect the trial date. Plaintiff indicates Defendants do not consent to the extension.

The Court elects to rule on the motions without waiting for a resistance or response from either side, especially given the initial deadline for expert designations has already passed. *See* L.R. 7(e). The authority for this Court "to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also*, *e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis*, 299 U.S. at 254); *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) ("A district court has broad discretion to stay proceedings when appropriate to control its docket."). As instructed by the Supreme Court, "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

Upon weighing the interests under the particular circumstances and present posture of this litigation, the Court finds a stay of the litigation during the pendency of the parties' interlocutory appeals to the Eighth Circuit is warranted. From the Court's perspective, the resolution of the matters appealed to the Eighth Circuit will have a significant impact on the claims and defenses at issue in this case. Thus, staying the case weighs in favor of "secur[ing] the just, speedy, and inexpensive determination" by avoiding potentially unnecessary time, effort and expense by the parties, counsel, and the Court on matters to be addressed by the Eighth Circuit. Fed. R. Civ. P. 1.

In addition, there is minimal prejudice to any party, but particularly as to Plaintiff given the preliminary injunction entered in its favor and which remains in place during the appeals. And Plaintiff's own request for a 90-day extension of the deadlines for the designation of expert

witnesses will have a similar affect on the progression of the case as will an overall stay. Contrary to Plaintiff's belief, in the Court's view, the requested 90-day extension will require the resetting of the current trial date.

For those reasons, the Motion to Stay Proceedings Pending Appellate Decision (Dkt. 167) is granted and the subsequent Motion to Extend Expert Witness Deadlines (Dkt. 168) is rendered moot. This case is stayed until further order of the Court. The trial will be removed from the Court's calendar to be reset at a later date.

IT IS SO ORDERED.

Dated June 11, 2025.

_____
Stephen B. Jackson, Jr.
Chief U.S. Magistrate Judge