# EXHIBIT A

# Palmer, Erica

| | |
|---|---|
| **From:** | John Gilbertson <jgilbertson@zarleyconley.com> |
| **Sent:** | Friday, June 27, 2025 3:06 PM |
| **To:** | Johnson, R. Scott; Boggess, Erin; Donels, Cara; Myers, Laura; de Leon, Luke; _DMACC |
| **Cc:** | Josh Conley; Emily A. Marty; Litigation |
| **Subject:** | RE: Drake v. DMACC - Motion for Relief |

**CAUTION: EXTERNAL E-MAIL**

Scott,

Thank you for the clarification regarding your consent.

Regarding the standard for Rule 60(b) motions, we agree the cases you cited are relevant and we appreciate you bringing them to our attention. However, they also require that the movant had a full and fair opportunity to litigate its position, which Drake did not. Even if it did, we believe exceptional circumstances are present, namely that the stay was granted on incorrect understandings of (1) the scope of the appeals, and (2) the prejudice Drake will suffer if it is foreclosed from acting on evidence that conclusively demonstrates DMACC's intent to "cancel out Drake's D," while risking the possibility that the preliminary injunction is overturned. This is a rational and legitimate purpose for asking that the stay be lifted. We thoroughly discussed these matters on our call yesterday and no agreement was reached. We thus do not see any benefit to continued discussions and will be filing our motions this afternoon.

Best,



John Gilbertson
Partner, Intellectual Property Attorney

| **O** | 515-558-0200 | **D** | 515-203-4329 | **W** | www.zarleyconley.com | **A** | West Des Moines, Iowa |

This email may contain confidential or privileged information. Please contact us if you received this in error.

---

**From:** Johnson, R. Scott <RSJohnson@fredlaw.com>
**Sent:** Friday, June 27, 2025 8:43 AM
**To:** John Gilbertson <jgilbertson@zarleyconley.com>; Boggess, Erin <EBoggess@fredlaw.com>; Donels, Cara <CDonels@fredlaw.com>; Myers, Laura <LMyers@fredlaw.com>; de Leon, Luke <LdeLeon@fredlaw.com>; _DMACC <DMACC@fredlaw.com>
**Cc:** Josh Conley <jconley@zarleyconley.com>; Emily A. Marty <emarty@zarleyconley.com>; Litigation <litigation@zarleyconley.com>
**Subject:** RE: Drake v. DMACC - Motion for Relief

John,

I appreciate the follow-up and note your email fails to set forth any errors in our email and fails to provide any additional rational for Drake's proposed course of action. You also note the caselaw we provided is somehow distinguishable, but fail to provide any distinguishing cases (or citations for the same). As Drake has already missed the typical deadlines associated with a motion for reconsideration, we see no reason further discussions cannot be had.

1

With regard to the outstanding question you presented as to whether or not your motion or brief should be filed under seal, DMACC is unable to give a definitive answer absent a review of the proposed filings. As we assume those will not be forthcoming, we caution that any reference to the content or character of confidential materials is something DMACC believes should be maintained as confidential or AEO consistent with the Protective Order and the Court's process for sealing sensitive materials. DMACC does not object to Drake filing a motion to seal for such purposes.

Again, as a preliminary injunction is already in place and Drake has failed to identify how it is harmed by a stay of the matter pending resolution of the currently fully briefed and pending appeal, we urge Drake to reconsider filing yet another motion for no legitimate purpose. Seeking to lift the stay merely so you can continue the litigation and because Drake desires to embarrass DMACC are not grounds for relief, but are arguably grounds for sanctions.

If you believe further discussion is warranted here, please let us know and we will provide times we can discuss via phone or virtual conference.

-Scott

**R. Scott Johnson |** Shareholder **|** Intellectual Property Litigation

**Fredrikson**

111 E. Grand Avenue, Suite 301 | Des Moines, IA  50309
Main: 515.242.8900 | Direct: 515.242.8930 | rsjohnson@fredlaw.com

**This is a transmission from the law firm of Fredrikson & Byron, P.A. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately.**

**From:** John Gilbertson <jgilbertson@zarleyconley.com>
**Sent:** Thursday, June 26, 2025 5:13 PM
**To:** Johnson, R. Scott <RSJohnson@fredlaw.com>; Boggess, Erin <EBoggess@fredlaw.com>; Donels, Cara <CDonels@fredlaw.com>; Myers, Laura <LMyers@fredlaw.com>; de Leon, Luke <LdeLeon@fredlaw.com>; _DMACC <DMACC@fredlaw.com>
**Cc:** Josh Conley <jconley@zarleyconley.com>; Emily A. Marty <emarty@zarleyconley.com>; Litigation <litigation@zarleyconley.com>
**Subject:** RE: Drake v. DMACC - Motion for Relief

**CAUTION: EXTERNAL E-MAIL**

Scott,

Thank you for your email. Your enumerated list of Drake's bases is partially correct, though it is incomplete and mischaracterized and we thus cannot accede to them as written. The full scope of our bases will be set forth with particularity in the motion.

We have reviewed the case law you have provided. We believe they are distinguishable from the present circumstances, though we will apprise the Court of their existence.

We note DMACC's position that it does not consent to the Rule 60 motion, and that it will not be removing confidentiality restrictions from the documents listed in my June 25 email below. Accordingly, we will be

contemporaneously filing a motion for leave to file those documents under seal as Exhibits to the Rule 60 motion.

There is room for interpretation in your email as to what precisely DMACC is consenting to with regard to the motion to seal ("please file the same and any related briefing under seal with our consent to do so."). While the documents are vaguely referenced in the Rule 60 motion, they are not reproduced therein. Please confirm our understanding that (1) the Rule 60 motion will **not** be filed under seal, (2) the Motion for Leave to File Documents Under Seal will be filed as an unopposed motion, and (3) upon grant of the motion to seal, the documents will be filed under seal.

Best,



John Gilbertson
Partner, Intellectual Property Attorney

**O**  515-558-0200    **D**  515-203-4329    **W**  www.zarleyconley.com    **A**  West Des Moines, Iowa

This email may contain confidential or privileged information. Please contact us if you received this in error.

---

**From:** Johnson, R. Scott <RSJohnson@fredlaw.com>
**Sent:** Thursday, June 26, 2025 11:41 AM
**To:** John Gilbertson <jgilbertson@zarleyconley.com>; Boggess, Erin <EBoggess@fredlaw.com>; Donels, Cara <CDonels@fredlaw.com>; Myers, Laura <LMyers@fredlaw.com>; de Leon, Luke <LdeLeon@fredlaw.com>; _DMACC <DMACC@fredlaw.com>
**Cc:** Josh Conley <jconley@zarleyconley.com>; Emily A. Marty <emarty@zarleyconley.com>; Litigation <litigation@zarleyconley.com>
**Subject:** RE: Drake v. DMACC - Motion for Relief

John,

Thank you for the time this morning. We understand Drake is seeking reconsideration of the Court's June 11, 2025 order staying the present case pending an appellate decision (Dkt. No. 169). DMACC continues to struggle with the purpose and basis for Drake's motion, which you outlined this morning as:

1. Drake seeks relief because it believes was not heard in response to DMACC's stay motion;
2. Drake wants the litigation to proceed;
3. Drake is concerned about memories fading and President Denson's upcoming retirement in December; and
4. Drake wants to show the public the evidence it had back in March which it believes DMACC is designating as "confidential" because it is somehow "embarrassing" despite the fact the documents are internal business planning documents which parties typically keep confidential during proceedings through Protective Orders.

Initially, please note Drake missed its deadline to seek reconsideration under Rule 7(e) (deadline was 7 days after the stay order) and failed to properly object to the Magistrate Judge's order under Rule 72(a) (deadline to object was 14 days after the stay order). You did not mention any reason Drake missed both of these other opportunities during our call this morning.

You confirmed during the call this morning that Drake is instead preparing to move the Court for relief under Rule 60(b) – we note you did not indicate which subsection you believe is applicable (we assume it must be subsection 60(b)(6)). As I pointed out on the call, Drake must show exceptional circumstances exist for such relief. *See Quality Off. Furnishings, Inc. v. Allsteel, Inc.*, No. 3:17-CV-00041-JEG, 2018 WL 7077066, at *2

(S.D. Iowa Dec. 18, 2018); *Johnson v. S.C. Johnson & Son, Inc.*, No. 414CV00203SMRCFB, 2015 WL 11112559, at *7 (S.D. Iowa Jan. 28, 2015) ("The Eighth Circuit, however, has declared 'relief under rule 60(b)(6) remains an extraordinary remedy for exceptional circumstances.'"). Copies of these cases are attached for your review. If you have research suggesting this is not the case as your email indicates, we are happy to review the cases you intend to rely on as well. Please provided them for our consideration.

Otherwise, DMACC does not believe the reasons Drake has enunciated thus far (essentially just wanting continued litigation despite a preliminary injunction) rise to the level of the required exceptional circumstances. If you have additional reasoning you would like DMACC to consider, please let us know.

As the Court noted, the deadline for Drake's expert reports has passed. DMACC believes Drake has failed to provide much of the discovery DMACC has sought to date. Re-opening discovery will thus begin with re-opening the issues surrounding Drake's responses to DMACC's discovery requests (we refer you to our May 28 letter and the related correspondence). Given Drake's responses to these issues thus far and the meet and confer that was requested shortly before the stay went into effect, these issues will likely lead to additional motion practice, which the Court has indicated a strong preference against. A stay is the better course.

DMACC remains committed to minimizing the costs and expense of this litigation for both parties and continues to believe a stay pending the outcome of appeal was and is the proper course. Your call this morning failed to provide any rational that would change DMACC's position and we oppose Drake's efforts to force the parties back into expensive litigation discovery. If you choose instead to proceed with your motion and seek to provide the confidential or attorneys' eyes only documents referenced in your prior emails, please file the same and any related briefing under seal with our consent to do so.

Let us know if you believe further discussions on these points would be beneficial and we will provide our availability for a follow-up call.

-Scott

**R. Scott Johnson |** Shareholder **|** Intellectual Property Litigation

**Fredrikson**

111 E. Grand Avenue, Suite 301 | Des Moines, IA  50309
Main: 515.242.8900 | Direct: 515.242.8930 | rsjohnson@fredlaw.com

**This is a transmission from the law firm of Fredrikson & Byron, P.A. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately.**

**From:** John Gilbertson <jgilbertson@zarleyconley.com>
**Sent:** Thursday, June 26, 2025 11:06 AM
**To:** Boggess, Erin <EBoggess@fredlaw.com>; Johnson, R. Scott <RSJohnson@fredlaw.com>; Donels, Cara <CDonels@fredlaw.com>; Myers, Laura <LMyers@fredlaw.com>; de Leon, Luke <LdeLeon@fredlaw.com>; _DMACC <DMACC@fredlaw.com>
**Cc:** Josh Conley <jconley@zarleyconley.com>; Emily A. Marty <emarty@zarleyconley.com>; Litigation <litigation@zarleyconley.com>
**Subject:** RE: Drake v. DMACC - Motion for Relief

**CAUTION: EXTERNAL E-MAIL**

Scott & Erin,

On our call this morning, you referenced a case stating Drake must show "exceptional circumstances" to prevail on a Rule 60 motion. Our research suggests this is not the standard. Nevertheless, to ensure we are abreast of all relevant authorities, I would be happy to review the case. You stated you would email it over after we got off the phone. We have not yet received that. Please advise whether that will be forthcoming.

Best,

 John Gilbertson
Partner, Intellectual Property Attorney

**O** 515-558-0200    **D** 515-203-4329    **W** www.zarleyconley.com    **A** West Des Moines, Iowa

This email may contain confidential or privileged information. Please contact us if you received this in error.

---

**From:** Boggess, Erin <EBoggess@fredlaw.com>
**Sent:** Wednesday, June 25, 2025 1:16 PM
**To:** John Gilbertson <jgilbertson@zarleyconley.com>; Johnson, R. Scott <RSJohnson@fredlaw.com>; Donels, Cara <CDonels@fredlaw.com>; Myers, Laura <LMyers@fredlaw.com>; de Leon, Luke <LdeLeon@fredlaw.com>; _DMACC <DMACC@fredlaw.com>
**Cc:** Josh Conley <jconley@zarleyconley.com>; Emily A. Marty <emarty@zarleyconley.com>; Litigation <litigation@zarleyconley.com>
**Subject:** RE: Drake v. DMACC - Motion for Relief

John,

Counsel for DMACC is available to meet at 9 am tomorrow regarding your motion. In preparation for the call, can you please advise what rule you are bringing your "Motion for Relief" under?

Best,
Erin

**Erin Boggess (She/Her)**
**Fredrikson & Byron P.A.**
**111 E. Grand Ave, Suite 301**
**Des Moines, IA  50309**
**515-242-8967 (direct)**
**515-242-8950 (fax)**
**eboggess@fredlaw.com**



**\*\*This is a transmission from the law firm of Fredrikson & Byron, P.A. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (612) 492-7000. The name and biographical data provided above are for informational purposes only and are not intended to be a signature or other indication of an intent by the sender to authenticate the contents of this electronic message.\*\***

---

**From:** John Gilbertson <jgilbertson@zarleyconley.com>
**Sent:** Wednesday, June 25, 2025 11:47 AM
**To:** Johnson, R. Scott <RSJohnson@fredlaw.com>; Donels, Cara <CDonels@fredlaw.com>; Myers, Laura <LMyers@fredlaw.com>; Boggess, Erin <EBoggess@fredlaw.com>; de Leon, Luke <LdeLeon@fredlaw.com>

**Cc:** Josh Conley <jconley@zarleyconley.com>; Emily A. Marty <emarty@zarleyconley.com>; Litigation <litigation@zarleyconley.com>
**Subject:** Drake v. DMACC - Motion for Relief

**CAUTION: EXTERNAL E-MAIL**

Counsel,

We are preparing to file a Motion for Relief from the Order granting DMACC's motion to stay.  Our bases for this motion are (1) that the appeal will not resolve anything other than nonbinding preliminary matters, and (2) that Drake was not afforded the opportunity to articulate the prejudice it will face as a result of a stay.  Pursuant to Local Rule 7(k), please advise whether you consent to this motion.  Should you wish to speak via phone, please provide some times today or tomorrow which work for you.

To illustrate the prejudice to Drake, in the motion we will be referring to a handful of DMACC's documents which are presently marked with confidentiality designations, set forth below.  Based on our prior correspondence and meet and confers, our understanding is that DMACC is unwilling to remove these designations without court intervention on the basis that these documents are "internal documents," per your May 28 letter.  We have previously articulated our position that this is insufficient to meet the requirements under Rule 26(c), namely that the Rule cannot be used to conceal evidence of a party's culpability of the claims against it, which is precisely what these documents represent:

DMACC001425–27
DMACC001508
DMACC001578
DMACC009172–73

We are thus requesting one final time that DMACC consent to strip the above-referenced documents of any confidentiality designations without the Court's involvement.  Should you refuse, we request your consent to file the documents under seal.  Please let us know DMACC's position on both of these requests so that any contemporaneous filing for said documents can be submitted.  We are available today and tomorrow to discuss via phone if you would like.

Best,



John Gilbertson
Partner, Intellectual Property Attorney

**O**   515-558-0200   **D**   515-203-4329   **W**   www.zarleyconley.com   **A**   West Des Moines, Iowa

This email may contain confidential or privileged information. Please contact us if you received this in error.