IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| DRAKE UNIVERSITY,<br>  Plaintiff,<br><br>vs.<br><br>DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>  Defendants. | No. 4:24-cv-00227<br><br>**REPLY TO MOTION FOR REVISION OF ORDER STAYING PROCEEDINGS PENDING APPELLATE DECISION PURSUANT TO FED. R. CIV. P. 54(b) OR, IN THE ALTERNATIVE, MOTION TO LIFT STAY** |
| DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,<br>  Counterclaim Plaintiffs,<br><br>vs.<br><br>DRAKE UNIVERSITY,<br>  Counterclaim Defendant. | |

## TABLE OF CONTENTS

I.  Argument .................................................................................................................... 2

   A.  DMACC is Using the Confidentiality of the Settlement Conference Offensively .......... 2

   B.  The Local Rules Do Not Preclude the Relief Drake Seeks ............................................ 2

   C.  Relief Under Rule 54(b) is Available ............................................................................ 2

   D.  DMACC Fails to Answer "Why Now" ......................................................................... 3

   E.  DMACC Fails to Articulate a Real Effect From the Pending Appeal ............................ 3

   F.  Drake's Motion Is Not An Improper Attempt to Garner Public Support ........................ 4

II. Conclusion ................................................................................................................... 6

I.   **ARGUMENT**

   A.   **DMACC is Using the Confidentiality of the Settlement Conference Offensively**

   At the Settlement Conference on May 14, 2025, the Court directed all parties that the substance of the conference was to be treated as strictly confidential and would not aid or injure either party in these proceedings. Yet DMACC relies upon Drake's participation at the settlement conference as an appropriate foundation to stay this litigation. *See* ECF No. 178, at 15 ("DMACC's motion to stay was prompted by the May 14 settlement conference"); ECF No. 186, at 13 n.10 ("It was during the May 14th settlement conference that the parties' fundamental disagreement over the applicable trademark law came to light"). If the impetus to stay proceedings is derived from the settlement conference, it should be so stated.

   B.   **The Local Rules Do Not Preclude the Relief Drake Seeks**

   DMACC alleges Drake's only avenue for relief is via Local Rules 7(e) and 72A, which set forth time windows during which reconsideration of an order may be sought. ECF No. 185, at 1–2. These time periods are at odds with the language of Fed. R. Civ. P. 54(b), which provides that interlocutory orders "may be revised at any time before judgment." ECF 182, at 3. "[I]t is axiomatic that the Federal Rules of Civil Procedure trump inconsistent interpretations of local rules." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). Local Rules 7(e) and 72A do not preclude the Court from granting Drake's requested relief under Rule 54(b) and/or its inherent authority.

   C.   **Relief Under Rule 54(b) is Available**

   DMACC alleges that Rule 54(b) forecloses modification or clarification to the stay order because Drake had the opportunity to present its arguments previously. DMACC's motion was granted before Drake was able to resist, and as such, none of the cases DMACC cites to support

this allegation are applicable. Two involved fully-briefed motions[1] (one of which involved a motion to reconsider an order denying a motion to reconsider), and the third involved a party raising new arguments on appeal of a summary judgment order, which was fully briefed.[2]

### D.  DMACC Fails to Answer "Why Now"

DMACC declined to seek a stay for six months following the preliminary injunction—yet moved to do so two weeks after Drake began asking questions about ECF No. 175[3] and other similar documents. The only explanation DMACC offers for the unusual timing of its request is the settlement conference which, for reasons articulated *supra*, should not be able to affect either party. Given the significant ramifications of a stay, both Drake and the Court deserve an explanation for this delay.

### E.  DMACC Fails to Articulate a Real Effect From the Pending Appeal

While the parties dispute the nature of the cross-appeals, the fact remains the Eighth Circuit is reviewing preliminary findings which will not be binding on this Court at summary judgment or trial. *See Univ. of Texas v. Camenisch*, 415 U.S. 390, 394 (1981) ("the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits."). The record is roughly 100 times more voluminous now than it was at the preliminary injunction stage. But even if the record remained exactly the same, this Court could render a different conclusion in the future than it did at the preliminary injunction stage. For example, if the Eighth Circuit finds this Court did not abuse its discretion in granting the preliminary

---

[1] *Woody v. Jasper Cnty. Animal Rescue*, 436 F.Supp.3d 1239 (S.D. Iowa 2020); *Jones v. Casey's General Stores*, 551 F.Supp.2d 848, 850 (S.D. Iowa 2008)

[2] *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407 (8th Cir. 1988).

[3] DMACC's resistance is silent with respect to this document.

injunction, the Court would not be bound to reach the same conclusion at summary judgment. *Id.* DMACC fails to address this.

### F. Drake's Motion Is Not An Improper Attempt to Garner Public Support

DMACC accuses Drake of seeking the relief sought herein purely to garner public support. ECF No. 185, at 11. This allegation is untrue and mischaracterized.

The allegation is untrue because lifting the stay will not, in and of itself, cause DMACC any undue burden or embarrassment. The only source of such hardship DMACC references is the *potential* de-designation of documents it has (improperly) marked as confidential or attorneys' eyes only. *Id.* Drake has not yet sought this relief, and lifting the stay would only open the door for Drake to seek it—it is by no means guaranteed to receive it. Also untrue are DMACC's allegations of statements made by Drake's counsel.[4]

DMACC's allegations are mischaracterized for three reasons. The first is the mis-designated documents are not "irrelevant" as DMACC claims—on the contrary, they are highly relevant to elements of Drake's claims it must prove at trial. ███████████████████████████████████████████████████████ is indisputable proof of both (1) that DMACC itself associates a standalone D with Drake (which demonstrates the existence of trademark rights therein and thereby extinguishes DMACC's primary defense), and (2) that DMACC unquestionably intended to infringe Drake's rights:



Excerpt of ECF No. 175

---

[4] Declaration of John D. Gilbertson, at ¶ 3–4.

This is far from irrelevant. *See First Bank v. First Bank Sys., Inc.*, 84 F.3d 1040, 1044 (8th Cir. 1996) (noting requirement that relevant public associate the mark with the plaintiff); *see also SquirtCo. v. Seven-Up Co.*, 628 F.2d 1086, 1091 (8th Cir. 1980) (noting defendant's intent as infringement factors).

The second way DMACC mischaracterizes its "publicity" allegation is its reliance on *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*¸ 9 F.4th 768, 791 (8th Cir. 2021). In *Bair*, Eighth Circuit held that the district court did not abuse its discretion when it permitted filings under seal which contained "sensitive business and strategic planning information." 9 F.4th 768, 791 (8th Cir. 2021). In upholding the district court's action, the Eighth Circuit cited its decision in *IDT Corp. v. eBay*, 709 F.3d 1220 (8th Cir. 2013). *Id.*, at 792. The *IDT* decision provides a useful framework for evaluating the propriety of confidentiality designations, namely, that documents "fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *IDT*, 709 F.3d, at 1223 (citations omitted). The document above, and others like it, fall squarely into the category of documents which directly affect the adjudication of this case, thus undermining any good-faith basis to seal. *See In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) ("only the most compelling reasons can justify non-disclosure of judicial records.").

There is simply no good-faith argument that ECF No. 175 and others like it can be construed as "sensitive business and strategic planning information" when the very purpose of that planning is to usurp Drake's trademark rights protected under federal law, the violation of which gives rise to liability for, *inter alia*, trademark infringement, which DMACC stands expressly accused of. Drake cannot be faulted for asking the Court to allow it to pursue this evidence in furtherance of its case. To the extent DMACC's concern about public reaction is relevant at all, it

would only be relevant to a motion to remove confidentiality designations, which is not before the Court.

Finally, DMACC's allegations are disingenuous. It has previously argued vigorously in support of maintaining public access to the materials in this case. *See* ECF No. 27, at 1–2 (arguing motions to seal based on party's desire to "shield the weaknesses of its case from the public" are improper).

## II.    CONCLUSION

For the reasons herein, Drake respectfully requests that the Court lift the stay presently in place, or in the alternative, modify or amend the stay order (ECF No. 169) to articulate (1) how the pending appeals will resolve or clarify any substantive issue before this Court, and (2) how a stay will not unfairly burden Drake under the circumstances.

                              Respectfully submitted,

Dated: September 2, 2025                **ZARLEYCONLEY PLC**

                        By:    /s/John D. Gilbertson
                                  John D. Gilbertson, AT0014515
                                  Joshua J. Conley, AT0011828
                                  580 Market Street, Suite 101
                                  West Des Moines, IA 50266
                                  Telephone:  (515) 558-0200
                                  Facsimile:   (515) 558-7790
                                  jgilbertson@zarleyconley.com
                                  jconley@zarleyconley.com
                                  **ATTORNEYS FOR PLAINTIFF & COUNTERCLAIM DEFENDANT**